# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☑ **Superior**
☐ **State**

**County** FULTON

**Docket #** 2004CV 94553

**Date Filed** ____________
MM-DD-YYYY

**Plaintiff(s)**

WARE, TONY L
Last First Middle I Suffix Prefix Maiden

T L WARE BOTTLING COMPANY, INC
Last First Middle I Suffix Prefix Maiden

Last First Middle I Suffix Prefix Maiden

Last First Middle I Suffix Prefix Maiden

**Defendant(s)**

FLEETBOSTON FINANCIAL CORPORATION
Last First Middle I Suffix Prefix Maiden

Last First Middle I Suffix Prefix Maiden

Last First Middle I Suffix Prefix Maiden

Last First Middle I Suffix Prefix Maiden

**No. of Plaintiffs** 2

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney** ☐ **Pro Se**

Johnson Sr Michael R
Last First Middle I Suffix

**Bar #** 395056

FILED IN OFFICE
DEC - 7 2004
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GA

**Check Primary Type** (Check only **ONE**)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Personal Property
☑ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgment Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☑ Tort (If tort fill in right column)
☑ Other General Civil Specify RICO, Fraud, Unfair Business Practices and etc

**If Tort is Case Type:**
(Check no more than **TWO**)

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☑ Other Specify RICO, Fraud, Unfair Business Practices and etc

**Are Punitive Damages Pleaded?** ☑ **Yes** ☐ **No**

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

TONY L WARE, CEO and
T.L WARE BOTTLING COMPANY, INC.

**PLAINTIFFS,** CIVIL ACTION

**vs.** FILE NO __________________.

FLEETBOSTON FINANCIAL CORP.

**DEFENDANT.**

# SUMMONS

TO THE ABOVE NAMED DEFENDANT

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs' attorneys whose names and addresses is

**MR MICHAEL R JOHNSON, SR., Esq**
**JOHNSON & ASSOCIATES**
**340 W Peachtree Street, Suite 200**
**ATLANTA, GEORGIA 30308**

**MR TONY L WARE, CEO**
**T L WARE BOTTLING CO**
**1033 Kipling Street, SE**
**ATLANTA, GEORGIA 30315**

an answer to the complaint which is herewith served upon you within 30 days after the service of this summons upon you, exclusive of the day of service If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint

This 7, day of DEC, 20 04

Juanita Hicks
Clerk of Superior Court

By ____________________
**Deputy Clerk**

To Defendant upon whom this petition is served

This copy of the complaint and Summons was served upon you ______________, 20_____

____________________________ Deputy Sheriff

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

FILED IN OFFICE
DEC - 7 2004
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GA

**TONY L. WARE, CEO and**
**T. L. WARE BOTTLING CO., INC.,**

**Plaintiffs,**

**vs.**

**FLEETBOSTON FINANCIAL CORP.**
**F/K/A BANKBOSTON CORP.**

**Defendant.**

**CIVIL ACTION FILE NUMBER:** 2004CV 94553.

**VERIFIED COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

---

**COMPLAINT FOR DAMAGES, INJUNCTION, FRAUD, RICO AND GROSS NEGLIGENCE**

**COMES NOW, TONY L. WARE, CEO** and **T. L. WARE BOTTLING COMPANY, INC.,** known as the Plaintiffs in the above-styled civil action and files this Complaint against the above-named Defendant **FLEETBOSTON FINANCIAL CORP., F/K/A BANKBOSTON CORP.,** within the statute of limitation pursuant to 18 U S C § 1961, O C G A § 16-14-6, O C G A § 9-3-34 and shows this Honorable Court by stating their Complaint as follows

## I. PRELIMINARY STATEMENT

1 This is a civil action for damages, injunction, RICO, fraud and gross negligence brought by Tony L Ware, CEO and T L Ware Bottling Company, Inc , against the Defendant FleetBoston Financial Corporation and for the Defendant's participation in the illegal actions committed by its former agent named Fidelity Acceptance Corporation against the Plaintiffs and also for Defendant's aiding and abiding in the continuing torts, trespass, unlawful levies, abusive and oppressive behavior by its former agents and subsidiaries namely Fidelity Acceptance

Corporation, Fidelity Financial Services, Inc , Admiral Life Insurance Company and American Lender Service Company The acts by the Defendant were very deceptive to the Plaintiffs and were a fraud against them With other illegal actions done by the Defendant, the Defendant violated both the Georgia and Federal (RICO Acts) See, O C G A § 16-14-1 the Racketeer Influenced and Corrupt Organization Act while in the scope of Defendant's business Therefore, the Defendant is also in violation of Federal Law 18 U S C § 1832(a) (relating to Theft of Trade Secrets) and pursuant Georgia Laws O C G A § 51-6-1(relating to Fraud), O C G A § 51-10-3 (relating to Trespass), O C G A § 16-8-1(A) & (B) (relating to Theft), O C G A § 40-3-90(3) & (4) and all other laws stated herein this Complaint

## II. PARTIES

2 The above-named Plaintiff T L WARE BOTTLING COMPANY, INC is a Georgia Corporation with its attorney address at 340 West Peachtree Street, N E , Suite 200, Atlanta, Georgia 30308 and may by served with any notices or other services in this action at its attorneys address of record in this action Therefore, this Plaintiff is subject to the jurisdiction of this Honorable Court

3 The above-named Plaintiff Tony L Ware mailing address is located at P O Box 150524-Dept 0227, Atlanta, Georgia 30315-0188 and he may by served with any notices or other services in this action at this address of record in this action Therefore, this Plaintiff is subject to the jurisdiction of this Honorable Court

4 The above-named Defendant FLEETBOSTON FINANCIAL CORP , is a foreign corporation withdrawn form doing business in this state pursuant to O C G A § 14-2-1520(c) and can be served with process of the Summons and Complaint at its registered agent by law who is Cathy Cox, Secretary of State located at 2 Martin Luther King Jr Drive, N E , Suite 315, Atlanta, Georgia 30334 Therefore, Defendant is subject to the jurisdiction of this Honorable Court See, Exhibit "A" attached hereto

## III. JURISDICTION AND VENUE

5 Jurisdiction and venue pursuant to O C G A § 14-2-510(b)(1) and O C G A § 14-2-1520(c) are vested in this Court This action is based upon RICO violations in which the Defendant has engaged in and thus venue is proper in this Court as a

matter of law Therefore, jurisdiction and venue of this Court also arises under the legal doctrine of pendent jurisdiction as set forth in ***United Mine Worker v. Gibb***, 383 U S. 715 (1966) Venue is placed in this County because is where all parties may be served with service of process and it is where such events complained of occurred

## IV. FACTUAL ALLEGATIONS

6 The Plaintiffs avers that the illegal actions alleged herein concerning the Defendant are continuing torts, frauds, thefts, trespasses and RICO violations against the Plaintiffs, their officers and agents through a described pattern of racketeering activity to which the Plaintiff begins this cause of action These illegal actions done by this Defendant began on June 4th, 1994 to the present date of filing this complaint

7 In March 1993 Plaintiff Tony L Ware, Chairman and CEO financed a vehicle with the Defendant's subsidiary Fidelity Financial Services, Inc See, Exhibit "B" attached hereto This vehicle was then lease by Mr Ware to Plaintiff T L Ware Bottling Company, Inc , under an agreement with the Plaintiff by Tony L Ware

8 On June 4th, 1994 Defendant aided and abided with its agents American Lender Service Company, Fidelity Acceptance Corporation and Fidelity Financial Services, Inc , by illegally repossessing the Plaintiffs' vehicle with the Plaintiffs' personal and corporate property contain in the vehicle at the time of Defendant's illegal repossession Defendant and its agent Fidelity Acceptance Corporation on or about August 28th, 1994 and October 26, 1994 aided and abetted with Fidelity Financial Services, Inc , a dummy corporation controlled by the Defendant and with the help of American Lender Service Company of Atlanta (also controlled by the Defendant) engaged in the illegal levy of the Plaintiffs' personal and corporate property, by Defendant knowing of its agents Fidelity Acceptance Corporation and Fidelity Financial Services, Inc , to illegally withhold the Plaintiffs' property either permanently and/or temporarily Defendant's former agents Fidelity Acceptance Corporation and Fidelity Financial Services, Inc , are now holding the Plaintiffs' property without any legal right or legal justification to do so

9 The Plaintiffs' property that is being illegally held because of Defendant's illegal action and assistance to its former officers and agents are listed as follows

**(a) Plaintiff's U.S. Patent Pending Documents; (c) Invention Documents, (d) Corporation Documents and other Confidential Property, (e) Corporate Stocks and (f) Plaintiff's leased vehicle.**

10 Because of Defendant's aiding and abiding in these illegal actions by its former agents , said property of the Plaintiffs' may have been disposed of by Defendant's agents Fidelity Acceptance Corporation and Fidelity Financial Services, Inc , so as to make it unlikely that the Plaintiffs' will never recover their property because of Defendant's thefts which constitute a pattern of racketeering activity **See, Exhibit "C"** attached hereto

11 The Defendant acted in this illegal trespass and theft by its conduct, actions and words of its officers, agents, servants and managers of its former dummy corporations Fidelity Acceptance Corporation and Fidelity Financial Services, Inc The perpetration of Defendant's aiding and abiding in the illegal trespass and theft of the Plaintiffs' property was a fraud against the Plaintiffs Therefore, the Defendant is liable equally with the actual trespass and thefts done by its dummy corporations that are Fidelity Acceptance Corporation and Fidelity Financial Services, Inc , and American Lender Services Company of Atlanta See, Exhibit "E" attached hereto

12 The value of the Plaintiffs' personal and corporate property exceeds $500,000,000 00 to which these Plaintiffs may no longer recover such property in this civil action The Defendant also acted in the wrongful and illegal levy of the Plaintiffs' property on or about June 14th, 1994 The actions by this Defendant, its agents and managers were malicious, wanton, bad faith, willful misconduct and a fraud to the Plaintiffs

13 Defendant never had a relationship with the Plaintiffs contractually or otherwise The Defendant would have its subsidiaries namely Fidelity Acceptance Corporation and Fidelity Financial Services, Inc , to enter into all contracts with Plaintiff' Tony L Ware as a sham and to defraud the Plaintiffs and their officers, servants and agents Thereafter, Defendant's subsidiaries would then contact credit-reporting agencies to report false debts on Plaintiff' Tony L Ware after securing such

contracts under fraud with Mr Ware These actions have continued over 5 years concerning other consumers which affects interstate commerce and trade

14 Defendant allowed Fidelity Acceptance Corporation to harassed and swindled the Plaintiffs, their officers and agents and others out of their money Defendant's agents and officers knowingly used the United States Mails to further its illegal schemes by threatening to do further illegal actions to the Plaintiffs, their offices and agents after being notified by the Plaintiffs to cease further illegal actions or damage to the Plaintiffs' property

15 The Defendant through a pattern of racketeering activity would control dummy corporations, such as Fidelity Financial Services, Inc , and American Lender Services Company Thereafter, Defendant would have its agents and managers of these dummy corporations to finance low income people or people with bad credit when they were buying a new or used car in Georgia The dummy corporation of Fidelity Financial Services, Inc , were under the control of the Defendant These dummy corporations would charge very high interest rates at 30% to 39% in violation of Georgia Law **O.C G A § 7-4-18** the Criminal Loan Sharking Statute

16 The Defendant would tell its officers and agents of these dummy corporations that when customers got behind on his or her car note that they would accept late payments The Defendant would then order the managers or agents of both Fidelity Acceptance Corporation and Fidelity Financial Services, Inc , to repossess customers vehicles without a notice contrary to Georgia Law Thereafter the Defendant's dummy corporation such as Fidelity Acceptance Corporation and Fidelity Financial Services, Inc , would contact these customers stating that they owed the balance of their car note The Defendant has ordered the managers and agents of its dummy corporations Fidelity Acceptance Corporation and Fidelity Financial Services, Inc , to repossess customer's vehicles and property without a cause or legal right even though some customers were not in default or late on their car note This is what happened to the Plaintiffs lease vehicle

17 By Defendant aiding and abiding in these thefts, such a constitute a willful trespass of Plaintiff's corporate property The Defendant's thefts and trespasses

were a harassment and damage to Plaintiff's property Defendant's abuse was to engage in a conduct of natural consequence, which was to harass, oppress and abuse the Plaintiffs' property This was in connection with the collection of false debts from the Plaintiffs' and their officers and agents

18 Defendant also aided and abided its subsidiary Fidelity Acceptance Corporation by illegally allowing Fidelity Acceptance Corporation to act as a collection agency in Georgia without filing a $50,000 00 bond that is required by Georgia Law On September 18th, 1996 Plaintiff' Tony L Ware went to the Clerk of Superior Court of Fulton County to see whether the Defendant Fidelity Acceptance Corporation had filed the required bond of $50,000 00 dollars as required by Georgia Law when Plaintiff' Tony L Ware found that no such bond was filed with the Clerk of Superior Court of Fulton County in order for the Defendant's subsidiary Fidelity Acceptance Corporation to transact any business in this State by collecting money in this State Nor was Defendant's agent Fidelity Acceptance Corporation authorized to collect any money from Plaintiffs This again was willful misconduct, bad faith and a fraud to the Plaintiffs and their officers and agents

19 The Plaintiffs found no such record of a bond filed in the Clark of Superior Court of Fulton County or in any county in this State that this Defendant's agent Fidelity had ever filed a $50,000 00 dollars bond while collecting and receiving money for payment to third persons in this State and purchasing retail installment contracts that require local performance Defendant violated of Georgia Law by way of transacting business in this State without having a certificate of authority from the Secretary of State during August 1993 to April 1999 and was therefore unauthorized to transact any business in this State until it first obtains a certificate of authority from the Secretary of State as a matter of law

20 Because of Defendant's illegal actions, threats, false representations, frauds, oppression, wanton, thefts, trespass and abuse of their collection practices and its illegal actions to the Plaintiffs, their personal property and because of the force and impact of these illegal actions thereof, the Plaintiffs sustained property damages under and pursuant to Georgia Law and these losses are as follows.

(a) Plaintiffs' U S Patent Pending Documents,
(b) Invention Documents,
(c) Corporation Documents,
(d) Stock Value,
(e) Corporate Stocks,
(f) Plaintiff's soft drink formulas,
(g) Property rights and or its use thereof,
(h) Loss of good will, and
(i) Loss of Business Profits for the year of 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002 and 2003

21 The Plaintiffs lost corporate income in the amount and sum of $35,850,960 00 or more concerning its property and income The Plaintiffs further had losses of business investments in the amount of $45,500,000 00 or more due to investments which could have been made to the Plaintiffs However, the Defendant and its agents stop the Plaintiffs from receiving loans, selling its corporate stocks and from opening up checking or saving accounts banks in the State of Georgia due to the false credit reporting by Defendant's agents

22 The Plaintiff has made settlement attempts with this Defendant and made a unliquidated demand for damages to the Defendant by U S Certified Mail and further by telephone calls but the Defendant failed to respond to such demands and has acted in bad faith with willful misconduct in not settling the Plaintiffs' legal claims which is required by law

23. Under these circumstances the Plaintiffs are entitled to verdict and judgment as a matter of law Therefore, all damages amounts stated in this Complaint shall be deemed liquidated damages and or punitive damages as a matter of law if not objected to by said Defendant Defendant is liable to the Plaintiffs in the damages stated herein

24 The Defendant intentionally committed theft by deception to the Plaintiffs by creating or confirming another's impression of an existing fact or past event which is false and which this accused Defendant knows or believes to be false thereby fails to correct a false impression of an existing fact or past event which Defendant has previously created or confirmed and prevents the Plaintiffs from acquiring information pertinent to the disposition of the Plaintiffs' property involved in Defendant's thefts

## V. CAUSE OF ACTION

25 Plaintiffs repeats, realleges and incorporates by reference paragraphs one though twenty-four 1-24 as stated herein above in this complaint

## COUNT ONE:

## (TRANSACTING BUSINESS WITHOUT AUTHORITY)

26 The Defendant intentionally violated Georgia Law O C G A § 14-2-1501(a) the Georgia Business Corporation Code, Act Ga Law 1988, page 1070 by failing to obtain a certificate of authority to transact business in this State from the Georgia Secretary of State from June 1992 to April 1999 Defendant illegally transacted business in this State without having a certificate of authority and is therefore was unauthorized to collect any debts from Plaintiffs or their officers, agents and servants Defendant may not transact any business in this State until it first obtains a certificate of authority from the Secretary of State that is required by law

## COUNT TWO:

## (RICO RACKETEERING)

27 The Defendant intentionally violated Federal Law 18 U S C § 1961 and Georgia Law O C G A § 16-14-1of the Racketeer Influenced and Corrupt Organization Acts by committing the following

28 The knowing and the intentional failure of the Defendant, its officers and agents namely Fidelity Acceptance Corporation, Fidelity Financial Services, Inc , and American Lender Services Company to disclose material facts about the Plaintiffs' property and Defendant's deliberate misrepresentations of these material facts which constitute a fraud against the Plaintiffs in conjunction with Defendant's aiding and abiding in the thefts and other illegal actions against the Plaintiffs and others like them Defendant aided and abided its agent to illegally send other documents and remittances to the Plaintiffs through the United States Mails as described above which constitute repeated violations of Federal Law 18 U S C § 641 relating to mail fraud and violated Georgia Law O C G A § 16-8-1(A) and (B), § 16-8-2 relating to

thefts which further constitute acts of racketeering activity as those terms are defined under Federal Law 18 U S C § 1961

29 As stated herein, Defendant controlled dummy corporations that were Fidelity Acceptance Corporation, Fidelity Financial Services, Inc , and American Lender Service Company of Atlanta and aided and abided them to conduct their illegal trespasses and thefts against the Plaintiffs and other like them Defendant's agents has continued to withhold Plaintiffs' property by such illegal actions done by the Defendant Defendant had no legal justification or right to have its agents to permanently or temporarily hold the Plaintiffs' property The following are deemed the property losses by the Plaintiffs

**(a) Plaintiffs' U.S. Patent Pending Documents, (c) Invention Documents, (d) Corporation Documents and Property, (e) Corporate Stocks and (f) plaintiff's leased vehicle.**

30 The Defendant intentionally disposed of Plaintiffs' property so as to make it unlikely that the Plaintiffs will ever recover it though a pattern of racketeering activity

31 As averred herein Defendant had its agents and managers to finance people with bad credit when they were buying a new or used car in Georgia The dummy corporation Fidelity Financial Services, Inc , under the control of the Defendant would charge very high interest rates of 30% to 39% The Defendant would then tell its agents of the dummy corporation that when customers get behind on their car notes that they would accept late payments and thus declare them in default The Defendant would then order the managers or agents of Fidelity Financial Services, Inc , to repossess their cars without a legal notice that such person is in default

32 The Defendant has intentionally ordered its agents of its dummy corporation Fidelity Financial Services, Inc to repossess customer's vehicles without any cause or legal right to do so These thefts constitute acts of racketeering activity as that term is defined in of Federal Law 18 U S C 1964(a)(b)(c)

33 Defendant conducted and participated in the conduct of each of the enterprises and corporations stated herein through the above-described pattern of

racketeering activity which their activity has affected interstate commerce in violation of both Federal Law 18 U S C § 1964(a)(b)(c) and Georgia Law O C G A § 16-14-4(a)(b)(c) See, Exhibits attached hereto

34 Defendant FleetBoston Financial Corporation intentionally conspired with Fidelity Acceptance Corporation, Fidelity Financial Services, Inc , and American Lender Service Company to violate Federal and State RICO Law Defendant acquired and maintained an interest in and was in total control of its dummy corporations namely Fidelity Acceptance Corporation and Fidelity Financial Services Inc , to violate 18 U S C § 1964 See, Exhibit "C" attached hereto

35 Defendant intentionally and unlawfully obtained property and proceeds from the Plaintiffs and others like them through a pattern of racketeering activity in this State and by using the proceeds derived therefrom to acquire or maintain, directly or indirectly, their interest in or control of their enterprise and other personal property of the Plaintiffs of any nature, including money

**COUNT THREE:**

**(THEFT BY DECEPTION, TAKING AND RECEVING)**

36 Defendant intentionally violated of O C G A § 16-8-3(a)(b)(1)(2)(3) and § 16-8-7 by creating or confirming another's impression of an existing fact or a past event which Defendant knows to be false and which the Defendant knows or believes to be false thereby fails to correct a false impression of an existing fact or past event which Defendant has previously created or confirmed and prevents the Plaintiff form acquiring information pertinent to the disposition of their property involved and Defendant's aiding and abiding in the theft by receiving stolen property from the Plaintiffs to which Defendant knows or should have known that it was the lawful property of the Plaintiff, and that the Defendant should have restored said property to the Plaintiffs as a matter of law

**COUNT FOUR:**

**(CONSPIRACY TO COMMIT A CRIME)**

37 Defendant intentionally violated Georgia Law **O.C.G A § 16-4-8** by conspiring with their dummy corporations and disusing on their premises for the

purpose of committing a crime and for the purpose of depriving, directly or indirectly Plaintiffs' property and their equal protection of their property rights under the laws of this State and the Plaintiffs' equal privileges and immunities of its officers and agents under the law Defendant intentionally committed these crimes as averred in this Complaint by the Plaintiffs in the State of Georgia

**COUNT FIVE:**

**(THEFT OF TRADE SECRETS)**

38 Defendant intentionally violated Federal Law 18 U S C § 1832(a)(1)(2)(3)(5) by committing the offense of theft of trade secrets from the Plaintiffs and by stealing the Plaintiffs' trade secrets without the Plaintiffs' authorization and by appropriating their property by carrying it away to another location and for the purpose of concealing the same by fraud, artifice, or by deception. Defendant did through its agents had possession such property and information of the Plaintiffs and knowing the same to have been stolen or appropriated, obtained, or converted without the Plaintiffs' authorization

**COUNT SIX:**

**(DECEPTIVE PRACTICES)**

39 Defendant intentionally violated of Georgia Law O C G A §§ 10-1-393, 10-1-399(a) by intentionally causing confusion or actual misunderstanding as to the connection with other companies, committing fraud against the Plaintiffs and selling bad and defective products and or services through its dummy corporations

**COUNT SEVEN:**

**(GROSS NEGLIGENCE)**

40 The Defendant's acts amount to gross negligence by not having a degree of care that every man of common sense exercises under the same or similar circumstances In absence of such care by the Defendant, Defendant's acts are termed gross negligence as a matter of law

41 The reckless indifference by the Defendant against the Plaintiffs caused the Defendant to act with actual and imputed knowledge of the inevitable or probable

consequence of its illegal action and that Defendant knew its conduct would inflict injury to the Plaintiffs and the fact that Defendant's actions to aid and abide in the trespass and thefts was an abuse to the Plaintiffs Defendant harassed, oppressed and/or damage the Plaintiffs' property and trade secrets in the connection with its illegal actions done against the Plaintiffs

**COUNT EIGHT:**

**(FAILURE TO FILE BOND TO COLLECT PAYMENTS)**

42 The Defendant intentionally violated Georgia Law O C G A § 10-6-100 the Georgia Law, Ga Law 1976, page 558 by failing to file a $50,000 00 bond in the Superior Court of Fulton County while acting as a collection agency with its agents in this State as required by law named herein

**COUNT NINE:**

**(FRAUD, BAD FAITH, AND MALICE AND WILLFUL MISCONDUCT)**

43 The Defendant intentionally made representations to the Plaintiffs (a) that it was authorized to transact business in the State of Georgia from 1992 to 1999 and that its agent Fidelity Financial Services, Inc, did not have possession of the Plaintiffs' property, (b) the Plaintiffs relied of these false representations made to the Plaintiffs, (c) the Plaintiffs acted on said representations by contacting their office when ever the Plaintiffs needed assistance from the Defendant concerning their property and Defendant's illegal actions to the Plaintiffs, (d) thereafter the Plaintiffs has been injured as a result of such false and misleading representations and that (e) the Plaintiffs have had losses of their property and their interest in such property

**COUNT TEN:**

**(TRESPASS AGAINST PROPERTY)**

44 Defendant violated of Georgia Law O C G A § 51-10-3 by an unlawful abuse and damage done to the personal property of the Plaintiff's which constitutes a trespass against the Plaintiffs' property and property rights The illegal trespass by the Defendant against the Plaintiffs caused damages to their property and their property rights **See,** ***King vs. Citizens Bank***, 88 **Ga. App** 40, 76 **SE2d** 86 (1953)

## VI. FIRST CLAIM FOR RELIEF

45 The Plaintiffs repeats and reallege and incorporates by reference paragraphs one though forty-four **1-44** as stated herein this complaint

46 All actions taken by said Defendant FleetBoston Financial Corporation warrant the amount and sum of all damages including punitive damages stated herein this complaint as a matter of law

## STATUTORY PROPERTY DAMAGES

47 The Plaintiffs are demanding liquidated/compensatory damages from the Defendant in the amount and sum of **$75,507,000.00** (SEVENEY-FIVE MILLION FIVE HINDERED AND SEVEN THOUSAND DOLLARS) for their economic loss of business profits, loss of corporate stock value, property loss, its property interest and property rights and that said damages be tripled pursuant to O C G A § 16-14-6(c) and Federal Law 18 U S C § 1964(c) the **(RICO) Acts** from this Defendant and for the loss and/or destruction of the Plaintiffs' property and their property rights with Defendant's deliberate disregard of the Plaintiffs' property rights under the law

## PUNITIVE DAMAGES

48 The Plaintiffs are also demanding punitive damages against the Defendant for their unlawful acts and liability caused by Defendant's willful intent to cause harm to the Plaintiffs, their property and their property rights and for Defendant's willful misconduct, malice, wanton, racketeering violations, thefts, trespass and frauds Because of Defendant's willful intent to cause harm to the Plaintiffs, the Plaintiffs are demanding the amount of **$95,000,000 00** (NINTY-FIVE MILLION DOLLARS) in punitive damages

## PRE INTEREST JUDGMENT

49 The Plaintiffs are also demanding pre interest judgment from **June 4th, 1994,** until the date of final judgment in this action

## VII. SECOND CLAIM FOR INJUNCTIVE RELIEF

50 The Plaintiffs repeats and reallege and incorporates by reference paragraphs one though forty-nine **1-49** as stated herein this complaint

51 All actions taken by said Defendant FleetBoston Financial Corporation warrant the Court issuing a writ of injunction against the Defendant in favor of the Plaintiffs as stated herein this Complaint as a matter of law

52 Give the forgoing illegal actions and violation of the Federal and State laws as herein averred by the Plaintiffs, and because the Plaintiffs believes that other future torts, illegal action and fraud will take place against the Plaintiffs because of the filing of this action and the outcome thereof

53 The Plaintiffs has no other remedy at law and demands that the Defendant be restrained and enjoined from the following acts to wit

(a) That the Defendant be permanently enjoined and restrained from assisting any of its subsidiaries, its officers, agents and servants from performing any acts averred herein by the Plaintiffs and deemed by the Court to be illegal and a fraud to the Plaintiffs and other consumers in the State of Georgia,

(b) That the Defendant be permanently enjoined and restrained from operating in this State without a Certificate of Authority from the Georgia Secretary of State and

(c) That the Defendant be permanently enjoined and restrained committing any further torts against the Plaintiffs as stated in this Complaint

## VIII. THRID CLAIM FOR BILL OF PEACE RELEIF

54 The Plaintiffs repeats and reallege and incorporates by reference paragraphs one though fifty-three **1-53** as stated herein this complaint

55 The Plaintiffs avers that if they are successful in their claims against the Defendant FleetBostion Financial Corporation, the Plaintiffs demands that this Court issue a bill of peace against the Defendant, its officers, agents, attorneys, servants, and assigns by settling all claims and further enjoining them from filling any motions, pleadings or appeals for the purpose of delay of any rights adjudicated by the Court in this civil action

## PLAINTIFFS' PRAYER FOR RELIEF

**WHEREFORE,** THE Plaintiffs hereby prays and demands full Judgment against the Defendant known as FleetBoston Financial Corporation f/k/a BankBoston Corporation for relief to the Plaintiffs stated in this Complaint as follows

(1) Property damages in the amount of **($75,507,000 00)** and that they be tripled pursuant to Federal Law 18 U S C § 1964(c) and O C G A § 16-14-6(c) (RICO) Acts for Plaintiff's economic losses and or destruction of the Plaintiffs' personal property with deliberate disregard of the Plaintiffs' property and for violations of Georgia Law O C G A §10-1-393(a), § 10-1-399

(2) Punitive damages against the Defendant FleetBoston Financial Corporation in the amount and sum of **($95,000,000.00)** and that they be tripled for Defendant's, RICO violations, its willful misconduct, illegal actions, thefts, trespass, wanton, frauds and failing to negotiate a settlement with the Plaintiffs pursuant to 18 U S C § 1964(c) and O C G A § 16-14-6(c) (RICO) Acts,

(3) The Plaintiffs demands that the Defendant be enjoined and restrained from the following acts to wit

> (a) That the Defendant be enjoined and restrained from assisting any of its subsidiaries, its officers, agents and servants from performing any acts alleged herein by the Plaintiffs and that is deemed by the Court to be illegal and a fraud against the Plaintiffs and all other consumers in the State of Georgia,
>
> (b) That the Defendant be enjoined and restrained from operating in this State without a Certificate of Authority from the Georgia Secretary of State and
>
> (c) That the Defendant be enjoined and restrained from committing any further torts against the Plaintiffs as stated in this Complaint

(4) The Plaintiffs avers that if they are successful in their claims against the Defendant FleetBostion Financial Corporation, the Plaintiffs demands that this Court issue a bill of peace against the Defendant, its officers, agents, attorneys, servants, and assigns by settling all claims and rights of the Plaintiffs and further enjoining Defendant from filling any motions, pleadings or appeals for the

purpose of delay of any rights adjudicated by the Court in this civil action

(5) Award all attorney fees to the Plaintiffs, pre interest judgment at **(12%)** per annum from **June 4th, 1994** until the date final judgment is entered in this action plus all Court Costs

**This** 01 Dec **day of** December **, 2004.**

**Respectfully Submitted,**

**Michael R. Johnson, Sr.**
**Attorneys for the Plaintiff**
**Georgia Bar No. 395056**

**Respectfully Submitted,**

**Dr. Tony L. Ware, Chairman & CEO**
**Plaintiff, Pro Se**

Plaintiffs Mailing Addresses:

**Johnson & Associates, P. C.**
**340 West Peachtree Street, N.E.**
**Suite 200**
**Atlanta, Georgia 30308**
**(404) 688-7100**

**Dr. Tony L. Ware, PhD, JD**
**P.O. Box 150524-Dept. 0227**
**Atlanta, Georgia 30315-0188**
**(404) 945-0342**

**PLAINTIFFS'**

# EXHIBIT




**Document Attached:**

Records of FleetBoston Financial Corp.
From the
Georgia Secretary of State




Cathy Cox
Secretary of State
State of Georgia

GEORGIA SECRETARY OF STATE
Corporations Division
Suite 315, West Tower
2 Martin Luther King Jr , Drive
Atlanta, Georgia 30334-1530
(404) 656-2817

Warren H Rary
Director

| | |
|---|---|
| CONTROL NUMBER | K919525 |
| DATE INC/AUTH/FILED | 05/11/1999 |
| JURISDICTION | DELAWARE |
| PRINT DATE | 12/04/2004 |
| FORM NUMBER | 220 |

**BUSINESS INFORMATION PRINTOUT**

This information is provided without certification from the business registration database maintained by the Secretary of State as of the print date on the following entity

**FLEETBOSTON FINANCIAL CORPORATION**
**A FOREIGN PROFIT COMPANY**

ADDRESS
1209 N ORANGE ST
WILMINGTON , DE 198011120

CEO
M A FERRUCCI

CFO
A M HORNE

SEC
KIM E LUTTHANS

REGISTERED AGENT & OFFICE
C T CORPORATION SYSTEM
1201 PEACHTREE ST
ATLANTA , GA 30361

| | |
|---|---|
| Date of last annual registration | 03/23/2004 |
| Status | WITHDRAWN (FOREIGN) |
| Status Date | 07/21/2004 |

# Secretary of State

**Corporations Division**
**315 West Tower**
**#2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

CONTROL NUMBER: K919525
EFFECTIVE DATE 05/11/1999
JURISDICTION : DELAWARE
REFERENCE . 0045
PRINT DATE 05/11/1999
FORM NUMBER : 316

CT CORPORATION SYSTEM
RUDENE REMBERT
1201 PEACHTREE STREET, NE
ATLANTA, GA 30361

**CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS**

I, Cathy Cox, the Secretary of State and the Corporations Commissioner of the State of Georgia, do hereby certify under the seal of my office that

**FLEET BOSTON CORPORATION**
**A FOREIGN PROFIT CORPORATION**

has been duly incorporated under the laws of the jurisdiction set forth above and has filed an application meeting the requirements of Georgia law to transact business as a foreign corporation in this state

WHEREFORE, by the authority vested in me as Corporations Commissioner, the above named corporation is hereby granted, on the effective date stated above, a certificate of authority to transact business in the State of Georgia as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on the date set forth above.




Cathy Cox
Cathy Cox
Secretary of State



Secretary of State
Lewis A. Massey

CORPORATIONS DIVISION
Suite 315, West Tower
2 Martin Luther King Jr., Drive
Atlanta, Georgia 30334-1530
(404) 657-1375

# APPLICATION FOR CERTIFICATE OF AUTHORITY

DO NOT WRITE IN SHADED AREA - SOS USE ONLY

DOCKET # K9131092[illegible] PENDING CONTROL # P917521 CONTROL # K919525

Docket Code 316 Name Reservation # ______ Corporation Type FP

Date Filed 5-11-99 Amount Received $ 370.00 Check/Receipt # ______

Jurisdiction (State/Country) Code DE

Examiner 45 Date Completed ______

NOTICE TO APPLICANT: PRINT PLAINLY OR TYPE REMAINDER OF THIS FORM.
INSTRUCTIONS ARE ON THE BACK OF THIS FORM.

1. Fleer Boston Corporation
Corporate Name

April 26, 1999
Date Business Commenced (or Proposed) in Georgia — Check One: [X] Profit [ ] Non-Profit

2. CT Corporation System - Nicole Roble
Applicant / Attorney — Telephone Number

2 Oliver St.
Address

Boston — MA — 02109
City — State — Zip Code

3. Delaware — April 20, 1999 — Perpetual
Jurisdiction (Home State/Country) — Date of Incorporation — Period of Duration

Corporation Trust Center, 1209 Orange Street
Principal Office Mailing Address of Corporation

4. Wilmington, Delaware 19801
City — State — Zip Code

5. C T Corporation System
Name of Registered Agent in Georgia

c/o C T Corporation System, 1201 Peachtree Street, N.E.
Registered Office Street Address in Georgia

Atlanta — Fulton — GA — 30361
City — County — State — Zip Code

6. See attached list of officers
Officer/CEO — Address/City, State, Zip

Officer/CFO — Address/City, State, Zip

Officer/SEC — [illegible]Ferrucci, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 — Address/City, State, Zip

Director — [illegible]Horne, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 — Address/City, State, Zip

Director — [illegible]Lutthans, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 — Address/City, State, Zip

Director — Address/City, State, Zip

7. NOTICE: Mail or deliver an original and one copy of this form and the Secretary of State filing fee (profit - $170; nonprofit - $70) to the Secretary of State at the above address. FEES ARE NON-REFUNDABLE. A certificate of existence, certified by the home state or country within 90 days of filing in Georgia, must be filed with this application. Photostated or faxed documents will not be accepted.

Authorized Signature: Nicole Roble Date: 5/7/99
Nicole Roble

Appendix to Georgia
Application for Certificate of Authority

# Officers of Fleet Boston Corporation

1. M. A. Ferrucci, President
Corporation Trust Center, 1209 Orange Street
Wilmington, Delaware 19801

2. A. M. Horne, Vice President, Treasurer, Assistant Secretary
Corporation Trust Center, 1209 Orange Street
Wilmington, Delaware 19801

3. Kim E. Lutthans, Vice President, Secretary, Assistant Treasurer
Corporation Trust Center, 1209 Orange Street
Wilmington, Delaware 19801

4. C.M. Denny, Vice President, Assistant Secretary
Corporation Trust Center, 1209 Orange Street
Wilmington, Delaware 19801

5. Nicole Robie, Vice President
Corporation Trust Center, 1209 Orange Street
Wilmington, Delaware 19801

6. Kristen Betzger, Assistant Secretary
Corporation Trust Center, 1209 Orange Street
Wilmington, Delaware 19801

*State of Delaware*

*Office of the Secretary of State*



I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "FLEET BOSTON CORPORATION" IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-FIRST DAY OF APRIL, A.D. 1999.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE NOT BEEN ASSESSED TO DATE.

*Edward J Freel, Secretary of State*

3032309 8300

991155870

AUTHENTICATION 9698328

DATE 04-21-99

SECRETARY OF STATE
BUSINESS INFORMATION AND SERVICES
SUITE 315, WEST TOWER
2 MARTIN LUTHER KING JR. DRIVE
ATLANTA, GA 30334-1530

EXPEDITE REQUEST

NAME OF CORPORATION

See Attached

DOCUMENTS BEING EXPEDITED:

Qualify

NAME OF REQUESTOR: Rudene Rembert

C T CORPORATION SYSTEM
1201 PEACHTREE STREET
ATLANTA, GA 30361
PH.: 404-888-6498

**Secretary of State**
**Corporations Division**
**315 West Tower**
**#2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

DOCKET NUMBER : K93080001
CONTROL NUMBER : K919525
DATE AUTHORIZED : 05/11/1999
JURISDICTION : DELAWARE
EFFECTIVE DATE : 11/03/1999
REFERENCE 0048
PRINT DATE : 11/04/1999
FORM NUMBER 626

CT CORPORATION SYSTEM
PATTIE HARDY
1201 PEACHTREE STREET, NE
ATLANTA, GA 30361

**AMENDED CERTIFICATE OF AUTHORITY WITH NAME CHANGE**

I, Cathy Cox, the Secretary of State and Corporations Commissioner of the State of Georgia, do hereby certify under the seal of my office that

**FLEET BOSTON CORPORATION**
**A FOREIGN PROFIT CORPORATION**

incorporated under the laws of the jurisdiction stated above and authorized to transact business in Georgia on the date stated above, has amended its application to transact business by the filing of an amendment changing its name to

**FLEETBOSTON FINANCIAL CORPORATION**

and by the paying of fees as required by Title 14 of the Official Code of Georgia Annotated Attached hereto is a true and correct copy of said application

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on the date set forth above




Cathy Cox
Secretary of State

K93080001



Cathy Cox
Secretary of State

CORPORATIONS DIVISION
Suite 315 West Tower
2 Martin Luther King Jr. Dr
Atlanta, Georgia 30334-1530
(404) 656-2817

CT CORPORATION SYSTEM
PATTIE HARDY
1201 PEACHTREE STREET NE
ATLANTA, GA 30361

Reservation Number : K93510313
Control Number : K919535
Date Authorized : 08/11/1993
Jurisdiction : DELAWARE
Amount Due : $20 00
Print Date : 10/26/1999
Form Number : 316

APPLICATION FOR AMENDED CERTIFICATE OF AUTHORITY
OF

FLEET BOSTON CORPORATION
A FOREIGN PROFIT CORPORATION

An amended certificate of authority must be obtained only if a foreign corporation changes its corporate name, its period of duration, or the state or country of its incorporation. Attach a certificate issued by an official of the corporation's jurisdiction of incorporation attesting to the occurrence of the amendment. Photostated or faxed copies of the certificates will not be accepted

Complete (where applicable) and return all copies of this form with a check made payable to the Secretary of State for the amount due above which represents the filing fee and (if due) the annual fees

The name by which the corporation will hereafter be known is

FLEETBOSTON FINANCIAL CORPORATION

NOV 3 3 15 PM '99
SECRETARY OF STATE

NEW PERIOD OF DURATION : ______

NEW JURISDICTION : ______

[signature] Signature of Corporate Officer

10/29/99 Date

| CORPORATION NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| FLEET BOSTON CORPORATION | 1209 ORANGE STREET | WILMINGTON | DE | 19801 |
| MAILING ADDRESS CHANGE TO | | | | |
| CEO: M. A. FERRUCCI | 1209 ORANGE ST | WILMINGTON | DE | 19801 |
| CFO: A. H. MOHNE | 1209 ORANGE ST | WILMINGTON | DE | 19801 |
| SEC: KIM B. BUTTRAMS | 1209 ORANGE ST. | WILMINGTON | DE | 19801 |
| AGT. C T CORPORATION SYSTEM | 1201 PEACHTREE ST. | ATLANTA | GA | 30361 |

| MAKE CORRECTIONS OR CHANGES BELOW (TYPE OR PRINT) | STREET ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| CEO: | | | | |
| CFO: | | | | |
| SEC: | | | | |
| AGT | P O BOX NOT ACCEPTABLE | | GA | |

I HEREBY CERTIFY THAT I AM AUTHORIZED TO SIGN THIS FORM, THE INFORMATION IS TRUE AND CORRECT
AUTHORIZED SIGNATURE DATE
TITLE: PHONE #
[signature]

FEIN:
* Enter correction here ->
FEIN CORRECTION
COUNTY OF FOLDER
REGISTERED OFFICE:
COUNTY
CHANGE OR CORRECTION

FEE:$.00 DC K919535 FP

BR316(12-98) 1999 CORPORATION ANNUAL REGISTRATION

TOTAL P.02

*State of Delaware*

*Office of the Secretary of State*



I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "FLEET BOSTON CORPORATION", FILED A CERTIFICATE OF AMENDMENT, CHANGING ITS NAME TO "FLEETBOSTON FINANCIAL CORPORATION", THE TWENTY-SIXTH DAY OF OCTOBER, A D 1999, AT 1 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

*Edward J. Freel, Secretary of State*

3032309 8320

991453609

AUTHENTICATION 0046623

DATE 10-26-99

SECRETARY OF STATE
BUSINESS INFORMATION AND SERVICES
SUITE 315, WEST TOWER
2 MARTIN LUTHER KING JR. DRIVE
ATLANTA, GA 30334-1530

is
658101017

EXPEDITE REQUEST

NAME OF CORPORATION

See Attached

DOCUMENTS BEING EXPEDITED:

Amendment

NAME OF REQUESTOR: RUDENE REMBERT
C T CORPORATION SYSTEM
1201 PEACHTREE STREET
ATLANTA, GA 30361
PH. # 404-888-6488

**Secretary of State**
**Corporations Division**
**315 West Tower**
**#2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

DOCKET NUMBER : 042080698
CONTROL NUMBER : K919525
DATE AUTHORIZED: 05/11/1999
JURISDICTION : DELAWARE
EFFECTIVE DATE : 07/21/2004
REFERENCE : 0077
PRINT DATE : 07/26/2004
FORM NUMBER : 127

C T CORPORATION SYSTEM
RUDENE REMBERT
1201 PEACHTREE STREET, NE
ATLANTA, GA 30361

**CERTIFICATE OF WITHDRAWAL**

I, Cathy Cox, the Secretary of State and Corporations Commissioner of the State of Georgia, do hereby certify under the seal of my office that

**FLEETBOSTON FINANCIAL CORPORATION**
**A FOREIGN PROFIT CORPORATION**

incorporated under the laws of the jurisdiction stated above and authorized to transact business in Georgia on the date stated above, has filed an application for withdrawal in the Office of the Secretary of State and has paid the required fees pursuant to Title 14 of the Official Code of Georgia Annotated and the Rules and Regulations promulgated thereunder. Therefore, the authority of said corporation to transact business in Georgia is hereby terminated Attached hereto is a true and correct copy of said application.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on the date set forth above

STATE OF GEORGIA 1776

Cathy Cox
Cathy Cox
Secretary of State



Cathy Cox
Secretary of State

**CORPORATIONS DIVISION**
Suite 315 West Tower
2 Martin Luther King Jr Dr
Atlanta, Georgia 30334-1530
(404) 656-2817

CT CORPORATION SYSTEM
JENNIFER SCHWARTZ
1209 ORANGE ST
WILMINGTON, DE 19801

| | | |
|---|---|---|
| Docket Number | : | 041890774 |
| Control Number | : | K919525 |
| Date Filed | : | 05/11/1999 |
| Jurisdiction | : | DELAWARE |
| Amount Due | | $20.00 |
| Print Date | | 07/07/2004 |
| Form Number | | 238 |

**APPLICATION FOR WITHDRAWAL OF**

FLEETBOSTON FINANCIAL CORPORATION
A FOREIGN PROFIT CORPORATION

The above named corporation is not transacting business in Georgia and hereby surrenders its authority to transact business in this state The corporation revokes the authority of its registered agent and consents that service of process may be made on said corporation by service upon the Secretary of State The address listed below is the street address where the corporation may be served legal process. The corporation also acknowledges its legal obligation to notify the Secretary of State of any change in mailing address.

Complete and return all copies of this form with a check made payable to the Secretary of State for the amount due above which represents the filing fee and (if due) the annual fees

LEGAL SERVICE ADDRESS:

Rebecca Francis
Bank of America
50 Kennedy Plaza, 16th Floor Providence, RI 02903

Signature of Corporate Officer [signature]    Date 7/15/04

SECRETARY OF STATE
2004 JUL 21 P 2:33
CORPORATIONS DIVISION

| CORPORATION NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| FLEETBOSTON FINANCIAL CORPORATION | 1209 N ORANGE ST | WILMINGTON | DE | 198011120 |