# PLAINTIFFS'

# EXHIBIT

# "D"

## Document Attached

## Documents which supports
## the Plaintiffs' legal Claims



Office of the Governor

# Office of Consumer Affairs

April 20, 1993

Barry W. Reid
ADMINISTRATOR

404-656-3790
FAX: 404-651-9018

Mr. James Bostwick
3136 Desert Drive
Apartment #4
East Point, Georgia 30344

RE:  Our Reference File No.  921215-03F-43
     Consumer Name:  James Bostwick
     Business Name:  Fidelity Financial Services

Dear Mr. Bostwick:

        Thank  you for your letter of April 2, 1993 concerning your
complaint with the above named business.

        After  reviewing your letter and other documents it appears
at   this   time   that   the  facts  you  have  alleged  require
substantiation  through  other  complaints  showing  a pattern of
practice  on  the  part  of the business before this office could
assist  you.   We  do  not  have such a pattern of practice from
complaints  at  this  time.   We  will  monitor  this business's
activities  and  may  recontact  you  at  a  later date if such a
pattern appears.

        Since  you  allege  that  documents  have been falsified or
forged  you  may  wish to seek legal advice, since this allegation
may be criminal.

        Thank you for bringing this matter to our attention.

                              Sincerely,


                              Michael A. Kaiser
                              Investigator

MAK/bdw



2 M.L. King, Jr. Dr.  •  Plaza Level East  •  Atlanta, Georgia 30334-4600

3136 Desert Drive, Apt. 4
East Point, GA 30344

April 2, 1993


Office of the Governor
Office of Consumer Affairs
2 Martin Luther King, Jr. Dr.
Plaza Level East
Atlanta, GA 30334-4600

                              Re: #921215-03F-43
                              Business:  Fidelity Financial Services

Dear Mr. Karsh:

In reply to your correspondence dated March 30, 1993, I wish to state that documents
pertaining to the purchase of my car were indeed falsified at Fidelity Financial
Services.  The falsified documents should already be in the file at your office.

The first act of falsification concerned the changing of the odometer mileage to make
it look like the car was new.  While Mr. Fleenor stated in his March 26, 1993 letter
that the warranty was done by the warranty company, this particular document was
actually done by an employee at Fidelity Financial Services.  It seems absurd that
while the warranty company is located in Texas, Mr. Fleenor wants everyone to believe
that the document in question was initiated in that State.

Additional falsification concerns the naming of Auto Analyst as the selling dealer.
Auto Analyst is in fact a marketing company which is part of the finance company.
If Auto Analyst is the selling dealer, then why was I not asked to take my car there
for the numerous needed electrical repairs?

Mr. Fleenor seems to want you to believe that I benefited from the "warranty".  In
the first place I did not even want a warranty.  I was made to feel that if I didn't
take the warranty, then the car could not have been financed.  If I had wanted a
warranty, I would have wanted one issued by the Ford Motor Company.  Secondly, none
of the electrical problems were ever corrected, even though there was this great
"warranty".  Finally, had I been issued a used car warranty, the cost of that warranty
would have decreased the amount of money that has to be repaid to the finance
company.  The cost of the non existent "new car warranty" was added to the amount of
money that had to be financed.  As I said in an earlier letter, I am still paying
for a useless warranty.

In the copy of the letter forwarded to your office by Mr. Brian Bakst, which,
incidentally, I don't believe was ever forwarded to my home, the writer refers to me
as one of the "financially substandard clients".  If I am so "substandard," then
why has Fidelity Financial Services received all monthly payments in much more
than a timely manner?

The letter head itself reveals that Auto Analyst is part of the finance company.
Because of what appears to be so obvious, I cannot believe that any business can be
allowed to continue such gross misrepresentation.  Mr. Bakst states how proud he is



PLAINTIFF'S
EXHIBIT
"K"

Letter to Mr. Karsh (Cont'd)
April 2, 1993

-2-

of Auto Analyst's record with the Better Business Bureau and the State Department of
Consumer Affairs.  In a conversation with personnel at the BBB just prior to the
filing of my complaint, I do believe that I was told that Auto Analyst is not listed
with that organization.

I would like for both Auto Analyst and Financial Services management level personnel
to know that despite their arrogant and insulting literary tones, I will continue
to pursue this issue because some serious and illegal acts have occurred.

Sincerely,

James H. Bostwick

3136 Desert   Ave, Apt. 4
East Point, GA 30344

November 15, 1992


First Extended Service Corporation
13601 Preston Road, Suite 501 ,
East Dallas, Texas 75240

                    Re:   NE4-GM1-301234

Sir:

Over the past several months I have come to realize that the
Extended Service Warranty on my car is worthless.  I have
reached this conclusion not only because each time there is a
problem I am sent to a gas station for repairs as opposed to a
dealer, but also because I am frequently told that things that
are covered under the terms of the warranty are not.  Consequently
I have had to pay for all repairs.

When my car breaks down it is supposed to be repaired by the
selling dealer, which is Neal Pope Ford.  Yet I am forced to
call Auto Analyst which, in fact, is not a dealer but an exten-
sion of Fidelity Financial Services.

Since purchasing the vehicle I have been plagued with numerous
electrical problems.  I have had to replace four Halogen head-
lamp bulbs on the right, and this has been an expense within
itself.  I might add here that the most recent burnout of the
headlamp bulb in that area endangered my life, as wires were
burned underneath the hood.  A similar incident occurred with
the third brake light that is located in the rear window.  The
wires were burning and they had to be disconnected in order to
stop the fire.  In addition to these problems, I have had to
watch the coolant light and the brake light come on all too
often; I have been bothered with a horn that blows only when it
wants to; and I have had to watch the light from the radio go
on and off.  It seems to me that will all of these electrical
problems, it should be quite lucid that something is wrong with
the wiring.

Besides the problems that I've already mentioned, less than
six months after I bought the car, a major defect was found with
the Air Conditioning System.  The repair cost was over $300, and
the only way that I avoided paying the money was because the
dealer did not phone me prior to making the repairs.

NOV 18 1992

-2-

To First Extended Service Corporation (Cont'd)
November 15, 1992


The electrical problems still exist, and I plan to have the
wiring repaired.  However, I do not intend to take my car to
one of the gas stations that Auto Analyst has referred me to in
the past.  The car needs to go to a Ford Dealer, and that's
where it's going.

Because I have had to pay out so much money for repairs, and
because I must pay out more, I am requesting that the Extended
Service Warranty be cancelled, and that the money due me be
refunded, as it is not my nature to pay for something that I am
obviously not getting.

Sincerely,

James H. Bostwick

NOV 18 1992

3136 Desert Drive, Apt.   4
East Point, GA 30344

November 26, 1992


Auto Analyst
3845 North Druid Hills Road,   #101
Decatur, GA 30033

Sir or Madam:

Enclosed is a copy of a letter that I mailed to First Extended Service
Corporation requesting cancellation of the Extended Service Agreement.   Their
response is also enclosed.

The reasons for this request are outlined in that letter; therefore, I do not
feel the need to write you another.   Regardless of the steps necessary for me to
take in order to cancel the agreement, I am willing to take each one, as I have
numerous concerns regarding the legitimacy of the entire agreement.

Sincerely,

James H. Bostwick

( 1ct-94-0023 )

CONSUMER REPORT

DATE: 4.19.94

NAME: Anthony Fontain          TELEPHONE NO.  404.908.9866 +

CITY: Atlanta, GA                                     717-6677 u

                                                      703-6352 pa

The subject of this report is

LOAN COMPANY NAME: Fidelity Financial

PLAINTIFF'S EXHIBIT "L"

ADDRESS: 3845 N. Druid Hills Rd. Ste. 104

CITY: Decatur, GA              TELEPHONE NO.  404.321.3373

Describe fully, using dates and location whenever possible the events leading
up to filing this report       (# 5120372 ) Lynelk fountain

MAde SAks Finance loan on 4-2893, Terms 42 months.
At $161.82. Amt $4400. Financ Total $6796.44.
PAidOff 9-16.93 Pangoff wAs Approximately $5800.-
He MAde 4 payments And payoff wAs still $5800.-
Ker Johnson told him when he made loan that he would
be charged $400." if paid within 4 months. Is this
Pangoff figured properly?

How resolved  Terry O'Balle, Administration Specialist
4.19.94 Phoned MArty Lane, Mgr. Advised him of (complint
Reviewed loan to figure prepay charge. And Refunds.
FinAnce charges $2396.44. when pAidoff 9-16 93
Refunds $932.84 Finance chg. 1/2 Finance charge. Payoff $5410
$1610 [corrct] correct payoff figure - prepaymt penalty in contract
1/2 Rule of 78s Refund - DIF 7.78
4.19.94 phoned Mr. Fountin. Advised him of contract + Refunds are
correct. 7D

11-8

*L··· 94.0019*

CONSUMER REPORT

DATE: _3.29.94_

NAME: _Eric Greaser_          TELEPHONE NO. _404.344.2148_

CITY: _Atlanta, GA_

The subject of this report is

LOAN COMPANY NAME. _Fidelity Financial_

ADDRESS: _3845 N. Druid Hills Rd. Stc ion_

CITY. _Decatur, GA_          TELEPHONE NO. _404. 321.3373_

Describe fully, using dates and location whenever possible the events leading up to filing this report

_Financed an Automobile from Nalleys in 1991 - Automobile Insurance through outside Agency, lapsed Feb 28, 1993 thru March 3, 1993. So Forced Place Aut Insurance on loan in the Amt of $420.00 payed loan off March 1, 1994. Branch is saying he owes $420.00 for ins. coverage + won't release title._

How resolved _Tom D. Butts, Administrator Specialist_
_3-29-94 Talked to Ms Johnson, AMgr, she Advised he was on A&H and it expired And payed thru 3-1-94. Balance on loan is $420.00. On May 3, 1993 ins. was charged on loan for $440.55 on Sept 3, 1993 Refund was given $220.52. They have contacted HO to try to correct will Adv me me 3-29-94 Marilyn Lane phone no. he advised that he is checking on things HO I will Advise 3-30-94 TDK 3-30-94 phone $295 Refund will be a back up SI Auto- remaining $134.61. Admin, LK. Reviewing for_

# PLAINTIFFS'

# EXHIBIT

# "E"

## Document Attached

## Documents which supports
## the Plaintiffs' legal Claims

# SCOTT BLVD. MOTORS INC.
1670 Scott Blvd • Decatur, Georgia 30033
(404) 633-9656

## MOTOR VEHICLE PURCHASE AGREEMENT / BILL OF SALE

| Sold To | S. S. #: | | Street | | |
|---|---|---|---|---|---|
| FIDELITY FIN. SERVICES | | | 3845 NORTH DRUID HILLS ROAD | | |
| City/State/Zip | County of Residence | | Phone | Salesperson | Date |
| DECATUR, GA 30033 | DEKALB | | | BD | 10/28/94 |

### DESCRIPTION OF PURCHASE

| Year | Make | | Model |
|---|---|---|---|
| 89 | PLYMOUTH | | ACCLAIM |
| Body Type | Color | Mileage | |
| 4 DR | BLUE | 97081 | |

Vehicle ID or Serial No
1P3BA46K8KF488829

| License or Title No | Lienholder's Name |
|---|---|
| AMN-776 | |
| Lienholder's Address | |

### DESCRIPTION OF TRADE-IN

| Year | Make | Model |
|---|---|---|
| | | |
| Body Type | Color | Mileage |
| | | Ø |

Vehicle ID or Serial No

| License or Title No | Lienholder's Name |
|---|---|
| | |
| Lienholder's Address | |

### WARRANTY AND AGREEMENT

SOLD AS IS I hereby make this purchase knowingly without any guarantee expressed or implied, by this dealer or his agent

(                    ) Buyer's Initials (if applicable)

NOTICE THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT INFORMATION ON THE WINDOW OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE

Buyer acknowledges that this agreement includes all of the terms and conditions pertaining to this purchase on both the face and reverse side, and no other agreement or promise of any kind (verbal or written) will be recognized. Upon failure or refusal of the buyer to complete this agreement, all or part of the cash deposit may be retained as liquidated damages. The buyer certifies he/she is of legal age and acknowledges herewith receipt of a copy of this agreement. Not valid unless accepted by Authorized Representatives.

#### Buyer's Agreement

Buyer agrees to buy tag & pay advalorem taxes on purchased vehicle. Scott Blvd Motors Inc may obtain tag, if necessary but buyer agrees to pay for same, plus $25.00 service fee

### SETTLEMENT

| | | |
|---|---|---|
| Total Price | | 693.00 |
| Net Trade In Allowance | | 0.00 |
| Balance | | 693.00 |
| Sales Tax | | 0.00 |
| | | 0.00 |
| Total | | 693.00 |
| Deposit (Rec No        ) | | |
| Cash on Delivery | | 60.00 |
| Balance Due | | 0.00 |

X _____ Buyer's Signature

X _____ Salesperson

X _____ Dealer Acceptance

### ODOMETER DISCLOSURE STATEMENT

Federal law (and state law if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I (Transferor's Name PRINT) _____ PLYM. ACCLAIM

state that the odometer (of the vehicle described below) now reads _____ (No Tenths) miles and to the best of my knowledge reflects the actual mileage of the vehicle described below unless one of the following statements is checked

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits
☐ (2) I hereby certify that the odometer reading is NOT the actual mileage WARNING—ODOMETER DISCREPANCY

### ODOMETER DISCLOSURE STATEMENT

Federal law (and state law if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I (Transferor's Name PRINT) _____

state that the odometer (of the vehicle described below) now reads _____ (No Tenths) miles and to the best of my knowledge reflects the actual mileage of the vehicle described below unless one of the following statements is checked

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits
☐ (2) I hereby certify that the odometer reading is NOT the actual mileage WARNING—ODOMETER DISCREPANCY

### PURCHASE

| Make | Body Type | | Model |
|---|---|---|---|
| PLYMOUTH | 4 DR | | ACCLAIM |

| Vehicle ID Number | | Stock Number |
|---|---|---|
| 1P3BA46K8KF488829 | | 4691 |

| Color | Trim | Year |
|---|---|---|
| BLUE | | 89 |

Transferor's PRINTED Name (Seller)
## Scott Blvd Motors, Inc.
Transferor's Street Address
## 1670 Scott Blvd.

| City | State | Zip |
|---|---|---|
| Decatur | GA | 30033 |

### TRADE-IN

| Make | Body Type | Model |
|---|---|---|
| | | |

| Vehicle ID Number | | Stock Number |
|---|---|---|
| | | |

| Color | Trim | Year |
|---|---|---|
| | | |

Transferor's PRINTED Name (Seller)

Transferor's Street Address

| City | State | Zip |
|---|---|---|
| | | |

PLAINTIFF EXHIBIT "E"

FIDELITY FINANCIAL
SERVICES

PLAINTIFF'S
EXHIBIT
E-20

| CHECK NUMBER |
|---|
| 581820762 |

| PAY TO THE ORDER OF | | DATE | CHECK AMOUNT | 75-46 |
|---|---|---|---|---|
| SCOTT BLVD MOTORS INC | | * 10/24/94 | $693.00** | |

NOT VALID OVER $15,000 WITHOUT TWO SIGNATURES
NORWEST BANK RED WING N A
RED WING MN 55066

FOR
REFUND FOR AUTO TONY WARE PER RON

BY _____
AUTHORIZED SIGNATURE

BY _____
AUTHORIZED SIGNATURE

⑆581820762⑆ ⑉091900465⑉ 2366⑊

**SCOTT BLVD MOTORS, INC.**
1670 SCOTT BLVD
DECATUR  GEORGIA 30033
(404) 633 9656

53747

DATE 10-28- 19 94

RECEIVED FROM Fidelity Financial Services   $693.00

DOLLARS

FOR 4691

| AMOUNT OF ACCOUNT | | | ☐ CASH |
| THIS PAYMENT | 693 | 00 | ☑ CHECK |
| BALANCE DUE | | | ☐ M O |

BY

5818209162

*Thank You*

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

TONY L. WARE          *

          Petitioner,          *

                              *

          vs          *          CIVIL ACTION

                              *          FILE NUMBER _____

                              *

NATIONAL LENDER SERVICE, CO.          *

          Respondent.          *

          _____

AN ORDER

To any State Police Officer, Sheriff, Sheriff Deputy, Constable, Marshal, Deputy Marshal, County or City Police Officers. GREETING

          You are hereby commanded to assist the Petitioner, Tony L. Ware in the above-captured civil action by allowing said petitioner or his agent to take into possession of his said vehicle Tag Number beening AMN776 Blue Plymouth Acclaim 4 Door I. D  1P3BA46K8KF466829 which may be located at Scott Bolevard Motors, 1c60 or 1640 Scott Bolevard, Decatur, Georgia 30033 or wherever said vehicle can be found and any violation of this order by any officer or person shall be in contempt of this Court pursuant to Georgia Law Title 15 O.C.G.A. Code §15-1-4(a).

          IT IS FURTHER ORDERED, That you are also commanded to file a notice with this Court that such order by this Court has been carry out and that Petitioner, Tony L. Ware be allowed to make certified copies of this order without cost.

          IT IS SO ORDERED, This The ___1st___ Day Of __Nov 1994__

1994

          _____
          JUDGE OF SUPERIOR COURT
          SUPERIOR COURT OF FULTON COUNTY

Prepared and Presented By:

_____
Tony L. Ware, PETITIONER

FILED IN OFFICE

NOV - 1 1994

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

TONY L. WARE

     Petitioner,

VS.

AMERICAN LENDER SERVICE, CO

     Respondent.

\* \* \* \* \* \* \* \* \* \* \* \*

CIVIL ACTION

FILE NUMBER: E 2 9 1 5 9

FILED IN OFFICE

AUG 2 5 1994

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GA

## J U D G M E N T  and  O R D E R

     This action having become in default on July 9th, 1994 by failure of the respondent to file its answer or other defensive pleading, and fifteen (15) days having elapesd from the date of the default and the default not having been opened as a matter of right or by order of the Court, and the issue of damages having tried before the Court without a jury and a decision having been rendered by this Court for the petitionor and againts respondent and its principal by granting petitionor petition as prayed for by ordering the immediate release of petitionor vehicle tag being AMN776 Blue Plymouth Acclaim 4 Door I.D. Number 1P3BA46K8KF488829 pursuant to Georgia Law Title 9 Code 89-11-55(a).

     IT IS FURTHER ORDERED, That a new Certificate of Title be issued to said Tony L. Ware, Petitionor without any liens on said vehicle and that old title is declared null, void and having no effect.

     IT IS SO ORDERED AND ADJUDGED, That petitionor vehicle be release immediately into the hands of Tony L. Ware, Petitionor or his agents, and that a certificate of title also be issued immediately.



PLAINTIFF'S
EXHIBIT
C

BOOK    PAGE
03073 - 187

This The _____ 25 _____ Day Of _____ Aug _____, 1994.


_____

JUDGE OF SUPERIOR COURT
SUPERIOR COURT OF FULTON COUNTY


Prepared and presented by:

_____

Tony L. Ware, Petitioner & Claimant



1479 Moury Avenue, S.W.
Suite 227
Atlanta, Georgia 30315-3546

(404)622-1594


BOOK        PAGE
03073 - 130

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

|  |  |
|---|---|
| | ) |
| **TONY L. WARE, CEO AND** | ) |
| **T. L. WARE BOTTLING CO., INC.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| **vs.** | ) **CIVIL ACTION FILE NUMBER:** |
| | ) |
| **FLEETBOSTON FINANCIAL CORP.** | ) _____. |
| **F/K/A BANKBOSTON CORP.** | ) **VERIFICATION TO COMPLAINT** |
| | ) |
| **Defendant.** | ) **DEMAND FOR TRIAL BY JURY** |

**STATE OF GEORGIA   )**
                                    **) ss.**
**COUNTY OF FULTON )**

## VERIFICATION

**PERSONALLY APPEARED** before me, the undersigned attesting officer duly authorized by law to administer oaths is, **DR. TONY L. WARE,** Chairman & CEO of **T.L. WARE BOTTLING COMPANY, INC.,** in the above-styled action after being duly sworn in deposes and states under oath the following

1 That I am Plaintiff **TONY L. WARE,** Chairman & CEO of **T.L. WARE BOTTLING COMPANY, INC.,** also known as the Plaintiff in this action and that I hereby further state that I am over the age of the legal majority in the United States and is competent to give this affidavit on behalf of myself and my Corporation

2 That I further certify that all allegations made in the Complaint for Damages and the Exhibits attached thereto are deemed true and correct to the best of my personal knowledge, information and belief

**IN WITNESS AND TESTIMONY HEREOF,** This affidavit is made under oath and is true and correct to the best of my personal knowledge, information and belief  Further Affiant say not

*This the_____ O I _____ day of_____December_____ , 2004.*

*Respectfully Submitted,*

*Dr. Tony L. Ware, Affiant*

*Sworn to and Subscribed before Me,*
*This the  O I   day of  DEC  , 2004.*

**STATE NOTARY PUBLIC OFFICE**

MICHAEL P  CHRISON SR
Notary Pub...
My Commission ... 2005

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

FILED IN OFFICE

DEC - 7 2004

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
)
      Plaintiffs, )
)
vs. ) CIVIL ACTION FILE NUMBER:
)
FLEETBOSTON FINANCIAL CORP. ) 2004CV94553 .
F/K/A BANKBOSTON CORP. ) REQUEST FOR ADMISSIONS
)
      Defendant. ) DEMAND FOR TRIAL BY JURY

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

**COMES NOW, TONY L. WARE, CEO** and **T.L. WARE BOTTLING COMPANY, INC.,** the Plaintiffs in the above-styled civil matter proceeding pursuant to **O C.G.A. § 9-11-36(a)** and hereby personally serves the Defendant **FLEETBOSTION FINANCIAL CORP.** Defendant is required to answer, object or deny said admissions and file its responses with the Court not more then (45) days after service of the Summons and Complaint thereof as required by **O.C.G.A. § 9-11-36(a)** If Defendant's responses, answers or objections are not filed with the Court within 45 days after service upon the Defendant, then Defendant will have admitted and made the following admissions to wit

    1 The Defendant FLEETBOSTION FINANCIAL CORP , admits that it have been properly serve with process of Summons and Complaint and further states that Cathy Cox and her agents is the Defendant's Agent for service of process and all other services and notices in the above-styled civil action

2  The Defendant FLEETBOSTION FINANCIAL CORP , admits that it has committed all acts stated in the Plaintiffs' Complaint and that all exhibits attached thereto are also admitted as true

3  The Defendant FLEETBOSTION FINANCIAL CORP , admits to the Court or the Jury that the Plaintiffs is entitled to the statutory damages of not less then the amount and sum stated in the Plaintiffs' Complaint and further waives all other defects in this civil action

4  The Defendant FLEETBOSTION FINANCIAL CORP , admits to the Court or the Jury that the Plaintiffs are entitled to statutory property damages in the Complaint not less than the amount of **$75,507,000.00** [Seventy-five Million Five Hundred and Seven Thousand Dollars] and further waives all other defects and objections to the contrary in this civil action

5  The Defendant FLEETBOSTION FINANCIAL CORP , admits to the Court or the Jury that the Plaintiffs are entitled to punitive damages of not less than the amount of **$95,000,000.00** [Ninety-five Million Dollars] and further waives all other defects and objections to the contrary in this civil action

6  The Defendant FLEETBOSTION FINANCIAL CORP , admits to the Court or the Jury that Plaintiff is entitled to pre interest judgment from June 4th, 1994 until the date final judgment is entered and further waives all other defects and objections to the contrary in this civil action

7  The Defendant FLEETBOSTION FINANCIAL CORP , admits that these admissions shall be govern by the holdings in **_G.H. Bass & Co., v. Fulton County Board of Tax Assessors_**, 268 **Ga.** 327, 486 (2000) **SE2d** 810 (1997) and **_Solis v Lamb_**, 244 **Ga App** 8, 534 **SE2d** 582 (2000)

8  The Defendant FLEETBOSTION FINANCIAL CORP , admits that the Plaintiffs' Complaint for damages states a legal claim to which relief can be granted by the Court and that a motion to dismiss such Complaint or to set aside any final judgment under O C G A  § 9-11-60(d) based upon such grounds would be without merit by the Defendant   Therefore, the Complaint states a legal claim for relief and is deemed true and correct without any objections made by the Defendant

9  The Defendant FLEETBOSTION FINANCIAL CORP , admits that there are no genuine issues as to any material facts as to liability and damages and that the Plaintiffs are entitled judgment to a Summary Judgment on the issue of liability and damages as a matter of law and waives any defects or objections to the contrary

10  The Defendant FLEETBOSTION FINANCIAL CORP  admits to the Court or the jury that no other testimony, affidavits, evidence which is contrary to these admissions shall not supersede these admissions during any hearing or trial and either before and after entry of any verdict or final judgment

11  The Defendant FLEETBOSTION FINANCIAL CORP , admits that any amendments or withdrawal of these admissions by the Court or by the Defendant concerning the matters admitted would cause the Plaintiffs an undue burden and would be prejudice to them  and the case will not be best served

**WHEREFORE,** The Plaintiffs prays and demand that the Defendant in this action answer, object or deny the forgoing admissions within **(45)** days from the date of service with the Summons and Complaint or said admissions will be taken as true by the Defendant by the operation of law

**This** _01_ **day of** _December_ _____, **2004.**

**Respectfully Submitted,**

**Michael R. Johnson, Sr.**
**Attorneys for the Plaintiff**
**Georgia Bar No. 395056**

**Respectfully Submitted,**

**Dr. Tony L. Ware, Chairman & CEO**
**Plaintiff, Pro Se**

Page 3

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

FILED IN OFFICE
JAN 1 1 2005
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
)
      Plaintiffs, )
    vs. ) CIVIL ACTION
) FILE NUMBER: <u>2004CV94553</u>
FLEETBOSTON FINANCIAL CORP. )
F/K/A BANKBOSTON CORP. ) AFFIDAIVT OF SERVICE OF PROCESS
)
     Defendant. )

---

## AFFIDAVIT OF SERVICE OF PROCESS

**COMES NOW, TONY L. WARE, Plaintiff** in the above-styled civil action and files this AFFIDAVIT OF SERVICE OF PROCESS on behalf of the Plaintiffs concerning the Defendant **FLEETBOSTON FINANCIAL CORPORTION** f/k/a **BANKBOSTON CORPORATION** pursuant O.C.G.A. § 14-2-1520(c) by stating the following under oath to wit.

1 That I am **TONY L. WARE, CEO,** Plaintiff of the Plaintiff **T.L. WARE BOTTLING COMPANY, INC.,** and that I do certify under oath that I have personally served the above-named Defendant on **December 10TH, 2004** with a copy of the Summons, Complaint and Plaintiffs' Request for Admissions by serving Defendant's last known CEO at the following address to wit.

**M. A. FERRUCCI, President & CEO**
**FLEETBOSTION FINANCIAL CORPORATION**
**50 Kennedy Plaza, 16th, Floor**
**Providence, RI 02903**

See, Exhibit "A" attached hereto

Page 1

**IN WITNESS AND TESTIMONY HEREOF,** This AFFIDAVIT OF SERVICE is made under oath and is true and correct and is further made upon my personal knowledge, information and belief.  Further Affiant say Not.

On this ___2 3 rd___ , day of ___Dec___ , 2004.

Respectfully Submitted,

Tony L. Ware, CEO & Plaintiff

**Plaintiff's Address:**

**TONY L. WARE, Chairman & CEO**
**T.L. WARE BOTTLING COMPANY, INC.**
**P.O. BOX 150524-DEPT. 0227**
**ATLANTA, GEORGIA 30315-0188**
**(404) 945-0342**

Sworn to and Subscribed before Me,
This ___23rd___ day of___Dec___, 2004.

**STATE NOTARY PUBLIC OFFICER**
MICHAEL R JOHNSON SR
Notary Public DeKalb ... ...
My Commission Expires April 29, 2005

**My Commission Expire On.**

# Exhibit "A"



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**O F F I C I A L   U S E**

PROVIDENCE RI 02903

| | |
|---|---|
| Postage | $3.85 |
| Certified Fee | $2.30 |
| Return Reciept Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $3.50 |
| Total Postage & Fees | $ $11.40 |

Sent To  Mr. M.A. Ferrucci, CEO
Street Apt No.; or PO Box No.  50 Kennedy Plaza, 16th Fl
City State Zip  Providence, RI 02903

PS Form 3800 June 2002                    See Reverse for Instructions

---

**U S POSTAL SERVICE    CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL  DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From
TONY L. WARE
P.O. Box 150524
ATL, GA 30315

One piece of ordinary mail addressed to
Mr. M.A. Ferruccie, CEO
50 Kennedy Plaza 16th
Providence, RI 02903

PS Form 3817  Mar 1989



# T. L. WARE BOTTLING COMPANY, INC.

## VIA – U.S. CERTIFIED MAIL

December 10th, 2004

Mr M A Ferrucci, CEO
FleetBoston Financial Corporation
50 Kennedy Plaza, 16th, Floor
Providence, RI 02903

**Reference:  Summons and Complaint.**

Dear Mr Ferrucci

        This letter is also in reference to our legal claims we have against your company   Enclosed you will find copies of the Summons, Complaint and Request for Admission concerning a lawsuit we filed against your Company in the Superior Court of Fulton County in the State of Georgia which require an answers by FleetBoston Financial Corporation

        Thank you for your time concerning our claims

*Respectfully yours,*
*T  L  Ware Bottling Company, Inc.*

*Dr  Tony L  Ware, PhD, JD*
*Chairman and CEO*

TLW/iw

cc     Michael R  Johnson, Esq

Enclosure



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

Petitioner.                    )        CIVIL ACTION NO
                               )
HARRY J  MATHIS                )
                               )

ORDER

The Petition for Appointment of  HARRY J  MATHIS,

for Permanent Process Server having been read and considered,

IT IS HEREBY ORDERED  That HARRY J  MATHIS,

Shall be, and hereby is, Appointed Permanent Process Server for

Matters pertaining to this Court

This _____ 2nd _____ day of _____ August 2001

CHIEF JUDGE, ELIZABETH E  LONG
Fulton County Superior Court
Atlanta Judicial Circuit

**BOOK 5004    PAGE 147**

Exhibit "A"

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

```
FILED IN OFFICE
JAN 1 4 2005
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GA
```

|  |  |
|---|---|
| TONY L. WARE, CEO and | ) |
| T. L. WARE BOTTLING CO., INC., | ) |
|  | ) |
| **Plaintiffs,** | ) |
| vs. | ) CIVIL ACTION |
|  | ) FILE NUMBER: <u>2004CV94553</u> |
| FLEETBOSTON FINANCIAL CORP. | ) |
| F/K/A BANKBOSTON CORP. | ) RETURN OF SERVICE OF PROCESS |
|  | ) |
| **Defendant.** | ) |

---

## <u>RETURN OF SERVICE OF PROCESS</u>

**COMES NOW, HARRY J. MATHIS,** Court Appointed Process Server in the above-styled civil action and files this RETURN OF SERVICE OF PROCESS on the above-named Defendant **FLEETBOSTON FINANCIAL CORPORTION** f/k/a **BANKBOSTON CORPORATION** within the statute of limitation and pursuant to the law of this State under O C G A § 14-2-1520(c) by stating the following under oath to wit

1 That I am **HARRY J. MATHIS** and that I do certify under oath that I have personally served the above-named Defendant on **December 10TH, 2004** with the Summons, Complaint and Plaintiffs' Request for Admissions by serving the Georgia Secretary of State at the following address to wit

FLEETBOSTON FINANCIAL CORPORTION f/k/a
BANKBOSTON CORPORATION
c/o Cathy Cox, Georgia Secretary of State
2 Martin Luther King Jr., Drive, N.E., Suite 315
ATLANTA, GEORGIA 30334

**IN WITNESS AND TESTIMONY HEREOF,** This RETRUN OF SERVICE is made under oath and is true and correct and is further made upon my personal knowledge, information and belief  Further Affiant say Not

On this ___29 th___, day of ___December___, 2004.

**Respectfully Submitted,**

*Harry J Mathis*

**Harry J. Mathis, Process Server**

**Process Server's Address:**

*HARRY J. MATHIS*
*5490 Hunters Forest Lane*
*COLLEGE PARK, GEORIGA 30349*

**Sworn to and Subscribed before Me,**
**This** ___29th___ **day of** ___December___, **2004.**

*Sylvia R. Harris*

**STATE NOTARY PUBLIC OFFICER**
SYLVIA R HARRISON
Notary Public, Clayton County, Georgia
My Commission Expires March 19, 2007

_____

**My Commission Expire On.**

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

FILED IN OFFICE

JAN 2 5 2005

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
)
      Plaintiffs, )
vs. ) CIVIL ACTION
) FILE NUMBER: 2004CV94553
FLEETBOSTON FINANCIAL CORP. )
F/K/A BANKBOSTON CORP. ) AFFIDAVIT OF PRE INTEREST
)
      Defendant. )

STATE OF GEORGIA )
             ) ss.
COUNTY OF FULTON )

## AFFIDAVIT OF PRE JUDGMENT INTEREST

**PERSONALLY APPEARED** before me, the undersigned attesting officer duly authorized by law to administer oaths is, **DR. TONY L. WARE, CEO** Plaintiff of **T.L. WARE BOTTLING COMPANY, INC.,** in the above-styled action after being duly sworn in deposes and states under oath the following

-1-

That I am **DR. TONY L. WARE, CEO** and that I am over the age of the legal majority and is competent to give this affidavit    I further state that all statements made in this affidavit are made on my personal knowledge, information and belief

-2-

I am qualified as an expert witness to give this affidavit concerning the amount of Pre Judgment Interest and that I also have a PhD and a MBA in business Administration and that I will give testimony as it relates to the pre judgment interest that have accrued on **$226,521,000 00** from June 4th, 1994 until January 4th, 2005

Page 1

-3-

That pursuant to O C G A § 51-12-14(c) pre judgment interest is given to a Plaintiff at the prime interest rate published by the STATISICAL RELEASE H 15 Board of Governors of the Federal Reserve Systems a/k/a the Federal Reserve Bank at the time a Plaintiff makes a unliquidated demand concerning any legal claims

-4-

As of June 4th, 1994 the Prime Interest Rate published by the STATISICAL RELEASE H 15 Board of Governors of the Federal Reserve Systems a/k/a the Federal Reserve Bank at the time the Plaintiffs made their demand was at the legal rate of 7 25%   See, **Exhibit "A"** attached hereto   Pursuant to O C G A § 51-12-14(c) 3% is also add to the prime interest rate, which makes the total pre judgment interest for the Plaintiffs in this action is **10 25%**

-5-

I have calculated the interest on **$226,521,000.00** at the rate of **10 25%** for 10 6 years that is to say (from June 4th, 1994 to January 4th, 2005) which leads to a total amount of Pre Judgment Interest of **$410,746.265.24.**

**IN WITNESS AND TESTIMONY HEREOF,** This affidavit is made under oath and is true and correct and is further made on my personal knowledge, information and belief   Further Affiant sayeth not

**This** _25 th_ **day of** _Jan_ _____, 2005.**

**Respectfully Submitted,**

**Dr. Tony L. Ware, CEO, Affiant**

**Sworn to and Subscribed before Me,**
**This** _25_ **day of** _January_ _____, 2005.**

**STATE NOTARY PUBLIC OFFICER**
My commission
Expires June 17, 2006

Page 2

# STATISICAL RELEASE H. 15

**Pursuant to O.C.G.A. § 51-12-14(c)**

Prime Interest Rates from Jan 1994 to Dec 2004

|      | 1994  | 1995  | 1996  | 1997  | 1998  | 1999  | 2000  | 2001  | 2002  | 2003  | 2004  |
|------|-------|-------|-------|-------|-------|-------|-------|-------|-------|-------|-------|
| Jan  | 6 00% | 8 50% | 8 50% | 8 25% | 8 50% | 7 75% | 8 50% | 9 50% | 4 75% | 4 25% | 4 00% |
| Feb  | 6 00% | 9 00% | 8 25% | 8 25% | 8 50% | 7 75% | 8 50% | 8 50% | 4 75% | 4 25% | 4 00% |
| Mar  | 6 00% | 9 00% | 8 25% | 8 25% | 8 50% | 7 75% | 8 75% | 8 50% | 4 75% | 4 25% | 4 00% |
| Apr  | 6 25% | 9 00% | 8 25% | 8 50% | 8 50% | 7 75% | 9 00% | 8 00% | 4 75% | 4 25% | 4 00% |
| May  | 6 75% | 9 00% | 8 25% | 8 50% | 8 50% | 7 75% | 9 00% | 7 50% | 4 75% | 4 25% | 4 00% |
| Jun  | 7 25% | 9 00% | 8 25% | 8 50% | 8 50% | 7 75% | 9 50% | 7 00% | 4 75% | 4 25% | 4 00% |
| Jul  | 7 25% | 9 00% | 8 25% | 8 50% | 8 50% | 8 00% | 9 50% | 6 75% | 4 75% | 4 00% | 4 25% |
| Aug  | 7 25% | 8 75% | 8 25% | 8 50% | 8 50% | 8 00% | 9 50% | 6 75% | 4 75% | 4 00% | 4 50% |
| Sep  | 7 75% | 8 75% | 8 25% | 8 50% | 8 50% | 8 25% | 9 50% | 6 50% | 4 75% | 4 00% | 4 75% |
| Oct  | 7 75% | 8 75% | 8 25% | 8 50% | 8 25% | 8 25% | 9 50% | 6 00% | 4 75% | 4 00% | 4 75% |
| Nov  | 7 75% | 8 75% | 8 25% | 8 50% | 8 00% | 8 25% | 9 50% | 5 50% | 4 75% | 4 00% | 5 00% |
| Dec  | 8 50% | 8 75% | 8 25% | 8 50% | 7 75% | 8 50% | 9 50% | 5 00% | 4 25% | 4 00% | 5 00% |

**According to the**

## Board of Governors of the Federal Reserve Systems
## f/k/a the Federal Reserve Bank

© Copyright 2004 by T.L. Ware Bottling Company, Inc.

# EXHIBIT "A"

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

TONY L. WARE, CEO and
T. L. WARE BOTTLING CO., INC.,

       Plaintiffs,

   vs.

FLEETBOSTON FINANCIAL CORP.
F/K/A BANKBOSTON CORP.

     Defendant.

FILED IN C

JAN 2 7 2005

DEPUTY CLERK SUPER
FULTON COURT

) CIVIL ACTION
) FILE NUMBER: <u>2004CV94553</u>

)     **CERTIFICATE OF DEFAULT**

## <u>CERTIFICATE OF DEFAULT</u>

**COMES NOW, TONY L. WARE,** Plaintiff of **T.L. WARE BOTTLING COMPANY, INC.,** Plaintiff also on its behalf pursuant to the Uniform Superior Court Rules, Rule 15 and certify under oath the following matters

1   That upon review of the record in the above-styled civil matter there has been no defensive pleadings or answer filed in response to the Plaintiff's Complaint for Damages after proper service of process on the Defendant

2   That the Defendant was properly served on December 10th, 2004 by Harry J Mathis a Court Appointed Process Server

3   That the Defendant is in default and (15) days having passed since the day of Defendant's default

4   That the parties Plaintiffs has or will agree to the entry of a consent Final Judgment and Decree in the above-styled civil action

**IN WITNESS AND TESTIMONY HEREOF,** This affidavit is made under oath and is true and correct and is further made on my personal knowledge, information and belief   Further Affiant sayeth not

This _26th_ day of _Jan_ , 2005.

Respectfully Submitted,

Dr. Tony L. Ware, CEO, Affiant

Sworn to and Subscribed before Me,
This _26th_ day of _January_ , 2005.

**STATE NOTARY PUBLIC OFFICER**

MIC...
Notary P...
My Com...

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

FILED IN OFFICE

JAN 2 7 2005

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GA

|  |  |
|---|---|
| TONY L. WARE, CEO and | ) |
| T. L. WARE BOTTLING CO., INC., | ) |
|  | ) |
|       **Plaintiffs,** | ) |
|   **vs.** | ) CIVIL ACTION |
|  | ) FILE NUMBER: <u>2004CV94553</u> |
| FLEETBOSTON FINANCIAL CORP. | ) |
| F/K/A BANKBOSTON CORP. | ) MOTION FOR DEFAULT JUDGMENT |
|  | ) |
|     **Defendant.** | )   ADMISSIONS FILED IN SUPPORT |

## <u>MOTION FOR DEFAULT JUDGMENT AND</u>
## <u>SUMMARY JUDGMENT</u>

**COMES NOW, TONY L. WARE, CEO** and **T.L. WARE BOTTLING COMPANY, INC.,** the Plaintiffs and files their Joint Motion for Default Judgment pursuant to **O.C G.A § 9-11-55(a)** and for Summary Judgment on the issue of damages pursuant to **O.C.G.A. § 9-11-56(a)** against the above-named Defendant **FLEETBOSTON FINANCIAL CORPORATION.** Based upon the record in this action, the Defendant's admissions and applicable State, the Plaintiffs is entitled to judgment as a matter of law  The Plaintiffs shows the Court the following

### I. STATEMENT OF FACTS

The Plaintiffs Tony L Ware, CEO and T L Ware Bottling Company, Inc , brought this civil action on December 7th, 2004 based upon their ten count Complaint for Damages, Injunction, RICO violations, Fraud, Gross Negligence and other violations of both Federal and State laws and further requesting injunctive and other equitable relief concerning all other claims and disputes against the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation

Defendant FleetBostion is a foreign corporation having withdrawn from doing business in this State pursuant to O C G A § 14-2-1520(b)   After proper service of process of the Summons, Complaint and Request for Admissions on the Defendant on December 10th 2004 by Harry J Mathis a Court Appointed Process Server, See Docket No E4 the Defendant FleetBoston Financial failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005

There has been fifteen **(15)** days having elapsed from the date of this default and the default not having been opened as a matter of right or by an order of this Court and hence the Plaintiffs are clearly entitled to a judgment by default against the Defendant as a matter of law   The Plaintiffs avers that there are no just reasons for delay of the entry of this final judgment and therefore enters final judgment for the Plaintiffs' as to all claims pursuant to O C G A § 9-11-54(b)

## II. DISCUSSION

There is no dispute that Defendant FleetBostion is a foreign corporation withdrawn from doing business in this State pursuant to O C G A § 14-2-1520(b) See, (Plaintiffs' Complaint Exhibit "A") and that proper service of process was made on the Defendant by a Court Appointed Process Server by serving the Georgia Secretary of State pursuant to O C G A § 14-2-1520(c)   See, Return of Service at Docket No E4   Defendant failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005   The Plaintiffs having filed their joint Motion for Default and Summary Judgment on the issue of Damages, such motion can be heard by the Court   Therefore, since Defendant is in default liability is establish by the operation of law   See, O C G A § 9-11-55(a)

## III. ARGUMENT AND CITATION OF AUTHORITY

The only issue that remain in this civil action are the issue of damages   With the consent of the Plaintiffs, the Court should entertain our joint Motion for Default Judgment and Summary Judgment on the issue of damages   Defendant has legally waived all further notices in this action pursuant to O C G A § 9-11-5(a)   Defendant is not entitled to any notice of the final hearing on the Plaintiffs' joint motion

There has been a long line of cases rendered by our Georgia Supreme Court that holds that the failure of a Defendant to file pleadings in an action is deemed a waiver by that Defendant of all further notices to the Defendant in the action  This includes all notices of time and place of trial and the issuing of any final decree in the action  See, *Harris v. Harris*, 258 **Ga** 496, 371 **SE2d** 399 (1988), *Hardwick v. Hardwick*, 245 **Ga** 570, 266 **SE2d** 184 (1980), *Brooks v. Brooks*, 242 **Ga** 444, 249 **SE2d** 244 (1978), *Gibson v. Gibson*, 234 **Ga.** 528, 216 **SE2d** 825 (1975)

Thus, this waiver of further notices of a hearing and the time and place of trial provided by **O C.G.A § 9-11-5(a)** would control over any conflicting Court Rules  See, *Hulsey Pool Co. v. Troutman*, 167 **Ga. App.** 192, 306 **SE2d** 83 (1983)

Therefore, the Defendant in this action has waived all notices of the entry of this final judgment as a matter of law

### (a) DEFENDANT FLEETBOSTION'S ADMISSIONS

When the Plaintiffs served the Defendant with their Complaint for Damages they also served the Defendant with a copy of "Plaintiffs' Request for Admissions"  See, Docket No E4  Defendant also failed to answer the Plaintiffs' request for admissions in this action  See, Docket No E3  Under O C G A § 9-11-36(a) all matters which are not denied or objected to by a Defendant shall be deemed admitted if not denied by a Defendant within the time permitted for answering a request for admissions  Because Defendant FleetBostion did not answer, object or deny the Plaintiffs' request for admissions, the Defendant FleetBostion therefore made the following judicial admissions to wit

> "2  The Defendant FLEETBOSTION FINANCIAL CORP , admits that it has committed all acts stated in the Plaintiffs' Complaint and that all exhibits attached thereto are also admitted as true "

> "4  The Defendant FLEETBOSTION FINANCIAL CORP , admits to the Court or the Jury that the Plaintiffs are entitled to statutory property damages in the Complaint not less than the amount of **$75,507,000.00** [Seventy-five Million Five Hundred and Seven Thousand Dollars] and further waives all other defects and objections to the contrary in this civil action "

"5   The  Defendant  FLEETBOSTION  FINANCIAL CORP , admits to the Court or the Jury that the Plaintiffs are entitled to punitive damages of not less than the amount of **$95,000,000.00** [Ninety-five Million Dollars] and further waives all other defects and objections to the contrary in this civil action "

"6   The  Defendant  FLEETBOSTION  FINANCIAL CORP , admits to the Court or the Jury that Plaintiff is entitled to pre interest judgment from June 4th, 1994 until the date final judgment is entered and further waives all other defects and objections to the contrary in this civil action "

"8   The  Defendant  FLEETBOSTION  FINANCIAL CORP , admits that the Plaintiffs' Complaint for damages states a legal claim to which relief can be granted by the Court and that a motion to dismiss Plaintiffs' Complaint or to set aside any final judgment under O C G A  § 9-11-60(d) based upon such grounds would be without merit by the Defendant  Therefore, the Complaint states a legal claim for relief and is deemed true and correct without any objections made by the Defendant "

"9   The  Defendant  FLEETBOSTION  FINANCIAL CORP , admits that there are no genuine issues as to any material facts as to liability and damages and that the Plaintiffs are entitled judgment to a Summary Judgment on the issue of liability and damages as a matter of law and waives any defects or objections to the contrary "

"11   The  Defendant  FLEETBOSTION  FINANCIAL CORP , admits that any amendments or withdrawal of these admissions by the Court or by the Defendant concerning the matters admitted would cause the Plaintiffs an undue burden and would be prejudice to them and the case will not be best served "

These  un-withdrawn  admissions  made  by  the  Defendant  FleetBoston Financial Corporation are deemed judicial admissions and cannot be overlooked or set aside by this Court  See, O C G A  § 9-11-36(b)

The statute reads in part that

> "(b) Effect of admission.  Any matter admitted under this Code Section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission."

### (b) TRIAL COURT'S DISCRETION

This Court will only have discretion under **O.C.G.A § 9-11-36(b)** when a party moves to determine the sufficiency of the answers or objections filed in response to a request for admissions   See, ***Mountain View Enters, Inc. v. Diversified Systems***. 133 **Ga. App.** 249, 211 **SE2d** 186 (1974)   Defendant should have moved to amend or withdraw its admissions in order for this Court to use its discretion   However, without such a timely motion made by the Defendant FleetBoston to withdraw or amend its admissions this Court as a matter of law is without discretion. authority or jurisdiction to set aside or amend Defendant's admissions on its own motion

### (c) GEORGIA'S SUPREME COURT RULE ON ADMISSION

This Court is also bound by the holding made by our Georgia Supreme Court in ***G.H. Bass & Co. v. Fulton County Bd. Of Tax Assessors***, 268 Ga. 327, 486 **SE2d** 810 (1997) holding that a Defendant's un-withdrawn admissions are deemed admitted when not denied   The Georgia Supreme Court held in part that

> "The [Defendant] did not move the trial court to allow the withdrawal or amendment of its admissions either before or after [the Plaintiffs] raised the legal effect of the [Defendant's] failure to respond to its requests and did not offer any justification for its failure to respond which would have authorized the trial court to exercise its discretion under O.C.G.A. § 9-11-36(b) to relieve the [Defendant] from the consequence of its admissions.  Because the [Defendant] did not avail itself of any of the variety of the responses available under O.C.G.A. § 9-11-36 and chose not to seek the liberal remedies afforded to parties under the statute to avoid the consequences of a failure to respond, we hold that the subject matter of [Plaintiffs'] requests for admission stood admitted "

> "The language in O.C.G.A § 9-11-36(a) is clear, unambiguous, and unequivocal and means just what it says.  One must comply strictly and literally with the

terms of the statute upon the peril of having his response construed to be an admission."

"While we recognize that the result on the [Defendant] may be criticized as harsh or draconian, our holding benefits both bench and bar in that it promotes constancy and stability in the law by clarifying that the plain language of a civil practice statute will be applied consistently to all parties; hence, all practitioners will be able to govern their behavior accordingly."

"Because the admissions were not withdrawn or amended, the Court of Appeals erred by holding that the [Defendant's] failure to respond was a matter of no consequence."

"Judgment reversed."

With emphases supplied and citations omitted   Thus our Georgia Court of Appeals has echoed the Georgia Supreme Court holding in its opinions in *Mays v. Ed Voyles Chrysler-Plymouth, Inc* , 255 **Ga. App** 357, 565 **SE2d** 515 (2002), *Solis v. Lamb*, 244 **Ga. App.** 8, 534 **SE2d** 582 (2000)   The Georgia Court of Appeals has ruled in *Mays v. Ed Voyles Chrysler-Plymouth, Inc* , Supra, that

"A matter admitted in response to requests for admission under O.C.G.A. § 9-11-36 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission.... Such a solemn admission in judicio is conclusive as a matter of law on the matter stated and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion "

Because Defendant has already admitted that the Plaintiffs are entitled to not less than $75,507 000 00 in property damages, $95,000,000 00 in punitive damages and pre interest judgment from June 4th, 1994 until the date final judgment is entered in this civil action   There are no genuine issue as to any material fact concerning the amount of damages and that the Plaintiffs are entitled to Summary Judgment on the issue of damages as a matter of law   See, *Mays v. Ed Voyles Chrysler-Plymouth, Inc* , 255 **Ga. App.** 357, 565 **SE2d** 515 (2002)   A final judgment should be granted to the Plaintiffs based upon Defendant's judicial admissions along

## IV. CONCLUSIONS

For the reasons stated herein the Plaintiffs conclude that they made proper service of process on Defendant FleetBoston Financial Corporation with the Summons, Complaint and Request for Admissions by serving the Georgia Secretary of State pursuant to **O.C.G.A. § 14-2-1520(c)**  See, Docket No  E4

They further conclude that the Defendant is in default as a matter of law and that Defendant FleetBostion has legally waived all further notices in this action pursuant to **O C.G.A  § 9-11-5(a)**   This also include notice of time and place of trial and the issuing of any final judgment and decree in this civil action

They further conclude that the admissions made by the Defendant FleetBoston Financial Corporation as to the amount of damages are deemed judicial admissions and cannot be overlooked by this Court and is therefore binding on this Court  See, **O.C.G.A. § 9-11-36(b)**.  Because of Defendant's solemn admissions in judicio are binding, they are conclusive on the issue of damages and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion

Therefore, the Plaintiffs are entitled to relief sought and that this Court has jurisdiction to grant the Plaintiffs' request for relief concerning their joint Motion for Default Judgment and Summary Judgment on the issue of damages in this civil action  See, Georgia Constitution, Article VI Section IV Paragraph I, **O.C G.A. § 9-11-55(a)** and **O.C G A. § 9-11-56(a)**

**WHEREFORE,** The Plaintiffs hereby prays and demands that this Court enter a final Default judgment and Summary judgment on the issue of damages because the Plaintiffs are entitled to such relief as a matter of law  The Plaintiffs request that the Court further grant the following relief to wit

> 1  That a final judgment be entered in favor of the Plaintiffs Tony L  Ware, CEO and  T L  Ware Bottling Company, Inc , against the Defendant FleetBoston Financial Corporation in the amount of $75,507,000 00 in property damages which damages are to be tripled pursuant to O C G A  § 16-14-6(c) the (Georgia RICO Act) and 18 U S C § 1964(c) the (Federal RICO Act) resulting in a total amount of **$226,521,000.00** in favor of the Plaintiffs against Defendant FleetBoston Financial Corporation

2   That the Plaintiffs be awarded punitive damages against the Defendant for its illegal actions, frauds, willful misconduct, wanton, illegal thefts and RICO violations in the amount of $95,000,000 00 in punitive damages which damages are to be tripled pursuant to O C G A § 16-14-6(c) the Georgia RICO Act and 18 U S C § 1964(c) the Federal RICO Act resulting in a total amount of **$285,000,000.00** in favor of the Plaintiffs against Defendant FleetBostion

3   That the Plaintiffs be awarded pre judgment interest against the Defendant FleetBoston Financial Corporation concerning the Plaintiffs' property damage claims from June 4th, 1994 upon entry of such final judgment in the amount of **$410,746,265.24** pursuant to O C G A § 51-12-14(c)   See, Affidavit at Docket No  E6   Thus, the Plaintiffs should have a total final judgment against Defendant FleetBoston Financial Corporation in the principle amount of **$511,521,000.00** and pre interest in the amount of **$410,746,265.24.**

4   That the Defendant pay any and all post judgment interest that accrues on this final judgment after the entry of this final judgment pursuant to **O C G.A § 7-4-12.**

5   That the Clerk of this Court be order to issue a Writ of Execution (Fi Fa) in the principle amount of **$511,521,000.00** with interest in the amount of **$410,746,265.24** and the Court cost of this action   Upon the Clerk issuing the Writ of Execution (Fi Fa), Defendant FleetBoston Financial Corporation formerly known as BanKBoston Corporation shall immediately pay and satisfy the final judgment of this Court as stated in such Writ of Execution (Fi Fa) and upon Defendant receiving a certified copy of this final judgment and the Writ of Execution

6   That unless the Defendant show good cause to this Court why it cannot pay or satisfy the final judgment of this Court with pre judgment interest, or if the Defendant fails or refuses to make payment of the final judgment including pre judgment interest to the Plaintiffs within 7 days upon receipt of a copy its order, then the Court adjudges the Defendant in civil contempt of this Court   See, ***Griggers v. Bryant,*** 239 **Ga.** 244, 236 **SE2d** 599 (1977), ***Wagner v  Commercial, Inc.,*** 203 **Ga.** 1, 45 **SE2d** 205 (1945)

7  That the Court orders that Defendant shall be subject to pay the Plaintiffs in addition to the final judgment and post judgment interest, a civil penalty of $25,000 00 per day until the Defendant purges itself of such contempt by complying with the terms of this final judgment  See, **In re Harvy**, 219 **Ga. App** 76, 464 **SE2d** 34 (**1995**)  This civil penalty will only apply if the Defendant fails to comply with the terms of this order within (7) days upon receiving notice of this order by the Court or by the Plaintiffs  The Defendant, its subsidiaries that are operating in this State, their officers and agents will be subject to further civil and criminal penalties and a writ of injunction that will enjoin them from operating in this State until Defendant has complied with the terms of this final judgment

8  That the Sheriffs of this State and their lawful Deputies be ordered to take all actions needed to seize all monies, property and assets which is not exempt by law held by any persons, corporations, partnerships, banks or holding companies held on behalf of the Defendant or that is in the possession of the Defendant located within the jurisdiction of this State

9  That the Defendant be required to post supersede bonds in the amount of **$511,521,000.00** representing the principal and **$410,746,265.24** representing the pre judgment interest before the Defendant can file any pleadings, motions or appeals in this action  The Clerk of this Court is hereby directed not to file any motions, appeal or any other documents into this Court on behalf of the Defendant except an affidavit by the Defendant's CEO explaining why the Defendant cannot post the supersede bonds stated in this decree  Nor shall the Clerk of this Court set any hearings on any other matter before any other Judge of this Court until said Defendant has posted a total of **$922,267,265.24** in supersede bonds with the Clerk of this Court

10  That the Defendant, its officers, agents, its servants, its assigns and its successors (such as Bank of America) or any other person, corporation, insurance company, bank or partnership acting under the authority of the Defendant FleetBoston Financial Corporation are hereby permanently enjoined and restrained from the following

(a) That the Defendant be hereby permanently enjoined and restrained from assisting or aid and aiding its subsidiaries,

its officers, agents and servants in performing any illegal acts averred by the Plaintiffs and deemed by the Court to be illegal and a fraud against the Plaintiffs and other consumers in the State of Georgia,

(b) That the Defendant be hereby permanently enjoined and restrained from operating in this State without a Certificate of Authority from the Georgia Secretary of State,

(c) That the Defendant, its officers, agents and its attorneys be permanently enjoined and restrained from filling any motions, pleadings or appeals for the purpose of delaying any rights adjudicated by this Court in favor of the Plaintiffs in this civil action  Nor shall the Defendant or its attorneys acting on behalf of the Defendant file any motions, pleadings or appeals for the purpose of harassing the Plaintiffs of any rights adjudicated by the Court and

(d) That the Defendant its officers, agents and its attorneys be permanently enjoined and restrained from harassing the Plaintiffs in any discovery or post judgment discovery matters by asking questions in a matter which is deemed irrelevant to the case so adjudicated by this Court or that such questions has no legal value to the Plaintiffs` claims at issue  Nor shall Defendant's attorneys file any motions or pleadings in any other Court having jurisdiction on matters already admitted to by the Defendant and matters adjudicated by this Court in this civil action  .

This ___27 th___, day of ___January___, 2005.

**Agreed and Consented to By:**

_____
Michael R. Johnson, Sr.
Attorney for the Plaintiff
Georgia Bar No. 395056
Johnson & Associates, P. C.
340 West Peachtree Street, N.E.
Suite 200
Atlanta, Georgia 30308
(404) 688-7100

**Agreed and Consented to By:**

_____
Tony L. Ware, JD, Plaintiff
Chairman & CEO
1033 Kipling Street S.E.
Atlanta, Georgia 30315-7030
(404) 945-0342

Page 10