# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA



TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
)
      **Plaintiffs,** )
      **vs.** ) **CIVIL ACTION**
) **FILE NUMBER: 2004CV94553**
FLEETBOSTON FINANCIAL CORP. )
F/K/A BANKBOSTON CORP. ) **STIPULATIONS TO FINAL JUDGMENT**
)
      **Defendant.** )

---

## STIPULATIONS TO ENTRY OF FINAL JUDGMENT

**COMES NOW, TONY L. WARE, CEO** and **T.L. WARE BOTTLING COMPANY, INC.,** the Plaintiffs and files their legal Stipulations with the Court Based upon the record in this action, the evidence presented to the Court by the Plaintiffs and with the consent of the Plaintiffs and applicable State law    See, O C G A § 9-11-55(a)   The parties do hereby stipulate to the following matters

   1  The Plaintiffs do hereby stipulate and consent to the entry of the Final Judgment and Decree as it is signed by the Plaintiffs in its printed form

   2  The Plaintiffs do hereby stipulate and consent to the Final Judgment's legal findings of fact and conclusions of law contain therein the Final Judgment

   3  The Plaintiffs further stipulate and consent to any Presiding Judge of this Court to hear the Plaintiffs' Joint Motion for Default Judgment and Summary Judgment and further consent to a final hearing and the entry of such Consent Final Judgment on the Plaintiffs' motion

   4  The Plaintiffs waive their right to a trial by jury on the issue of damages contingent upon the Consent Judgment being entered by the Court as signed by the Plaintiffs without being set aside by any Appeals Court

This _27th_, day of _January_____, 2005.

**Agreed and Consented to By:**                **Agreed and Consented to By:**

Michael R. Johnson, Sr.                        Tony L. Ware, JD, Plaintiff
**Attorney for the Plaintiff**                 **Chairman & CEO**
**Georgia Bar No. 395056**                     **1033 Kipling Street S.E.**
**Johnson & Associates, P. C.**                **Atlanta, Georgia 30315-7030**
**340 West Peachtree Street, N.E.**            **(404) 945-0342**
**Suite 200**
**Atlanta, Georgia 30308**
**(404) 688-7100**

Page 2

113195

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
)
Plaintiffs, )
vs. ) CIVIL ACTION
) FILE NUMBER: 2004CV94553
FLEETBOSTON FINANCIAL CORP. )
F/K/A BANKBOSTON CORP. ) FINAL JUDGMENT AND DECREE
)
Defendant. ) PRESIDING JUDGE BROGDON

FILED IN OFFICE
JAN 2 8 2005
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GA

## FINAL JUDGMENT AND DECREE

This civil matter having come before this Court on a final hearing on the Plaintiffs' Joint Motion for Default Judgment pursuant to O.C.G.A § 9-11-55(a) and their Joint Motion for Summary Judgment on the issue of damages pursuant to O C G.A. § 9-11-56(a) with the consent of the Plaintiffs in this action Based upon the record in this action, the evidence presented to the Court by the parties and applicable State law the Court finds that as a matter of law sufficient grounds exist for the granting thereof  The Court hereby GRANT the Plaintiffs' Joint Motion for Default Judgment and Summary Judgment and enters final judgment as follows

### I. FINDINGS OF FACT

The Court makes the following findings of fact

The Plaintiffs Tony L Ware, CEO and T L Ware Bottling Company, Inc , brought this civil action on December 7th, 2004 based upon their ten count Complaint for Damages, Injunction, RICO violations, Fraud, Gross Negligence and other violations of both Federal and State laws and further requesting injunctive and other equitable relief concerning all other claims and disputes against the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation

Defendant FleetBoston is a foreign corporation having withdrawn from doing business in this State pursuant to O C G A § 14-2-1520(b)  After proper service of process of the Summons and Complaint on December 10th, 2004 on the Defendant by a Court Appointed Process Server, the Defendant failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005

The Court finds that fifteen (15) days having elapsed from the date of this default and the default not having been opened as a matter of right or by an order of this Court and hence the Plaintiffs are clearly entitled to a judgment by default against the Defendant as a matter of law  The Plaintiffs has submitted to the Court their joint Motion for Default Judgment and Summary Judgment on the issue of damages with stipulations filed by the parties Plaintiffs  The Court finds that there are no just reasons for delay of the entry of this final judgment and therefore enters final judgment for the Plaintiffs as to all claims pursuant to O C G A § 9-11-54(b)

## II. DISCUSSION

There is no dispute that Defendant FleetBoston is a foreign corporation withdrawn from doing business in this State pursuant to O C G A § 14-2-1520(b)  See, (Plaintiffs' Complaint Exhibit "A") and that proper service of process was made on the Defendant by a Court Appointed Process Server by serving the Georgia Secretary of State pursuant to O C G A § 14-2-1520(c)  See, Return of Service at Docket No E4  Defendant failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005  The Plaintiffs having filed their joint Motion for Default and Summary Judgment on the issue of Damages, such motion can be heard by the Court  Therefore, the Court holds that since Defendant is in default liability is establish by the operation of law  See, O C G A § 9-11-55(a)

## III. HEARING ON THE ISSUE OF DAMAGES

The only issue that remain in this civil action are the issue of damages  With the consent of the Plaintiffs, the Court will entertain their joint Motion for Default Judgment and Summary Judgment on the issue of damages  Defendant has legally waived all further notices in this action pursuant to O C G A § 9-11-5(a)  Defendant is not entitled to any notice of the final hearing on the Plaintiffs' joint motion

Page 2

1        There has been a long line of cases rendered by our Georgia Supreme Court
2   which holds that the failure of a Defendant to file pleadings in an action is deemed a
3   waiver by that Defendant of all further notices to that Defendant in the civil action
    This includes all notices of time and place of trial and the issuing of any final decree
4   in the action   See. *Lucas v. Lucas,* 273 **Ga**  240, 539 **SE2d** 807 (2000). *Harris v*
5   *Harris,* 258 **Ga**  496, 371 **SE2d** 399 (1988), *Hardwick v  Hardwick,* 245 **Ga**  579.
6   266 **SE2d** 184 (1980), *Brooks v Brooks,* 242 **Ga**  444, 249 SE2d 244 (1978)

7        Thus, this waiver of further notices of a hearing and the time and place of trial
    provided by O.C **G A**  § **9-11-5(a)** would control over any conflicting Court Rules
8   See. *Hulsey Pool Co v Troutman* 167 **Ga App** 192 306 **SE2d** 83 (1983)

9        Therefore, the Court holds that Defendant in this action has waived all notices
10  of the entry of this final judgment as a matter of law and that the Court will turn its
11  attention to the Plaintiff's Motion for Default Judgment, Summary Judgment on the
12  issue of damages and the record in this civil proceeding

## (a) DEFENDANT FLEETBOSTION'S ADMISSIONS

13       When the Plaintiffs served the Defendant with their Complaint for Damages
14  they also served the Defendant with a copy of "Plaintiffs' Request for Admissions "
15  See. Docket No  E4   Defendant also failed to answer the Plaintiffs' request for
16  admissions in this action   See, Docket No  E3   Under O C G A  § 9-11-36(a) all
    matters which are not denied or objected to by a Defendant shall be deemed
17  admitted if not denied by a Defendant within the time permitted for answering a
18  request for admissions  Because Defendant FleetBostion did not answer, object or
19  deny the Plaintiffs' request for admissions, the Court holds that the Defendant
20  FleetBostion made the following judicial admissions to wit

21         "2   The Defendant FLEETBOSTION FINANCIAL
    CORP , admits that it has committed all acts stated in the
    Plaintiffs' Complaint and that all exhibits attached thereto are
22  also admitted as true "

23         "4   The Defendant FLEETBOSTION FINANCIAL
24  CORP , admits to the Court or the Jury that the Plaintiffs are
    entitled to statutory property damages in the Complaint not
25  less than the amount of **$75,507,000.00** [Seventy-five Million

Five Hundred and Seven Thousand Dollars] and further waives all other defects and objections to the contrary in this civil action "

"5   The Defendant FLEETBOSTION FINANCIAL CORP , admits to the Court or the Jury that the Plaintiff's are entitled to punitive damages of not less than the amount of **$95,000,000 00** [Ninety-five Million Dollars] and further waives all other defects and objections to the contrary in this civil action "

"6   The Defendant FLEETBOSTION FINANCIAL CORP , admits to the Court or the Jury that Plaintiff is entitled to pre interest judgment from June 4th, 1994 until the date final judgment is entered and further waives all other defects and objections to the contrary in this civil action "

"8   The Defendant FLEETBOSTION FINANCIAL CORP , admits that the Plaintiffs' Complaint for damages states a legal claim to which relief can be granted by the Court and that a motion to dismiss Plaintiffs' Complaint or to set aside any final judgment under O C G A  § 9-11-60(d) based upon such grounds would be without merit by the Defendant  Therefore, the Complaint states a legal claim for relief and is deemed true and correct without any objections made by the Defendant."

"9   The Defendant FLEETBOSTION FINANCIAL CORP , admits that there are no genuine issues as to any material facts as to liability and damages and that the Plaintiffs are entitled judgment to a Summary Judgment on the issue of liability and damages as a matter of law and waives any defects or objections to the contrary "

'11   The Defendant FLEETBOSTION FINANCIAL CORP , admits that any amendments or withdrawal of these admissions by the Court or by the Defendant concerning the matters admitted would cause the Plaintiffs an undue burden and would be prejudice to them and the case will not be best served "

These un-withdrawn admissions made by the Defendant FleetBoston Financial Corporation are deemed judicial admissions and cannot be overlooked or set aside by this Court  See, O C G A  § 9-11-36(b)  The statute reads in part that

> "(b) Effect of admission   Any matter admitted under this Code Section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission "

### (b) TRIAL COURT'S DISCRETION

This Court will only have discretion under O.C.G.A. § 9-11-36(b) when a party moves to determine the sufficiency of the answers or objections filed in response to a request for admissions   See. *Mountain View Enters, Inc. v. Diversified Systems*. 133 Ga App 249, 211 SE2d 186 (1974)   Defendant should have moved to amend or withdraw its admissions in order for this Court to use its discretion   However, without such a timely motion made by the Defendant FleetBoston to withdraw or amend its admissions this Court as a matter of law is without discretion, authority or jurisdiction to set aside or amend Defendant's admissions on its own motion

### (c) GEORGIA'S SUPREME COURT RULE ON ADMISSION

This Court is also bound by the holding made by our Georgia Supreme Court in *G.H. Bass & Co v. Fulton County Bd Of Tax Assessors*, 268 Ga 327, 486 SE2d 810 (1997) holding that a Defendant's un-withdrawn admissions are deemed admitted when not denied   The Georgia Supreme Court held in part that

> "The [Defendant] did not move the trial court to allow the withdrawal or amendment of its admissions either before or after [the Plaintiffs] raised the legal effect of the [Defendant's] failure to respond to its requests and did not offer any justification for its failure to respond which would have authorized the trial court to exercise its discretion under O C.G.A. § 9-11-36(b) to relieve the [Defendant] from the consequence of its admissions   Because the [Defendant] did not avail itself of any of the variety of the responses available under O C.G.A. § 9-11-36 and chose not to seek the liberal remedies afforded to parties under the statute to avoid the consequences of a failure to respond, we hold that the subject matter of [Plaintiffs'] requests for admission stood admitted "

> "The language in O.C G A  § 9-11-36(a) is clear, unambiguous, and unequivocal and means just what it says   One must comply strictly and literally with the

terms of the statute upon the peril of having his response construed to be an admission."

"While we recognize that the result on the [Defendant] may be criticized as harsh or draconian, our holding benefits both bench and bar in that it promotes constancy and stability in the law by clarifying that the plain language of a civil practice statute will be applied consistently to all parties; hence, all practitioners will be able to govern their behavior accordingly "

"Because the admissions were not withdrawn or amended, the Court of Appeals erred by holding that the [Defendant's] failure to respond was a matter of no consequence "

"Judgment reversed "

With emphases supplied and citations omitted   Thus our Georgia Court of Appeals has echoed the Georgia Supreme Court holding in its opinions in *Mays v Ed Voyles Chrysler-Plymouth, Inc* , 255 Ga. App  357, 565 SE2d 515 (2002), *Solis v Lamb*, 244 Ga. App. 8, 534 SE2d 582 (2000)   The Georgia Court of Appeals has ruled in *Mays v Ed Voyles Chrysler-Plymouth, Inc* , Supra, that

"A matter admitted in response to requests for admission under O.C.G.A. § 9-11-36 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission.... Such a solemn admission in judicio is conclusive as a matter of law on the matter stated and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion."

Because this Court has already found that the Defendant has admitted that the Plaintiffs are entitled to not less than $75,507 000 00  in property damages, $95,000,000 00 in punitive damages and pre judgment interest from June 4th, 1994 until the date final judgment is entered in this civil action

The Court holds that there are no genuine issue as to any material fact concerning the amount of damages and that the Plaintiffs are entitled to Summary Judgment on the issue of damages as a matter of law   See, *Mays v Ed Voyles Chrysler-Plymouth, Inc* , 255 Ga. App. 357, 565 SE2d 515 (2002)

## IV. CONCLUSIONS OF LAW

The Court conclude that the Plaintiffs made proper service of process on Defendant FleetBoston Financial Corporation with the Summons, Complaint and Request for Admissions by serving the Georgia Secretary of State pursuant to O.C.G.A § 14-2-1520(c) the law of this State   See, Docket No  E3

The Court further conclude that the Defendant is in default as a matter of law and that Defendant FleetBoston has legally waived all further notices in this action pursuant to O C G A  § 9-11-5(a)   This also includes notice of time and place of trial and the issuing of any final judgment and decree in this civil action

The Court further conclude that the admissions made by the Defendant FleetBoston Financial Corporation as to the amount of damages are deemed judicial admissions and cannot be overlooked by this Court and is therefore binding on this Court   See, O.C G.A. § 9-11-36(b)   Because of Defendant's solemn admissions in judicio are binding, they are conclusive on the issue of damages and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion

Therefore, the Plaintiffs are entitled to relief sought and that this Court has jurisdiction to grant the Plaintiffs' request for relief concerning their joint Motion for Default Judgment and Summary Judgment on the issue of damages in this civil action   See, **Georgia Constitution, Article VI Section IV Paragraph I, O.C.G.A. § 9-11-55(a) and O C.G.A. § 9-11-56(a)**

Therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED,** That final judgment is entered in favor of the Plaintiffs Tony L Ware, CEO and T L Ware Bottling Company, Inc , against the Defendant FleetBoston Financial Corporation in the amount of $75,507,000 00 in property damages which damages are tripled pursuant to O C G A  § 16-14-6(c) the (Georgia RICO Act) and 18 U S C  § 1964(c) the (Federal RICO Act) resulting in a total amount of **$226,521,000.00** in favor of the Plaintiffs against Defendant FleetBoston Financial Corporation

.   **IT IS FURTHER ORDERED,** That the Plaintiffs shall have punitive damages against the Defendant for its illegal actions, frauds, willful misconduct,

Page 7

1  wanton, illegal thefts and RICO violations in the amount of $95,000,000 00 in punitive
2  damages which damages are tripled pursuant to O C.G A  § 16-14-6(c) the Georgia
3  RICO Act and 18 U S C  § 1964(c) the Federal RICO Act resulting in a total amount
4  of **$285,000,000.00** in favor of the Plaintiffs against Defendant FleetBoston

5      **IT IS FURTHER ORDERED,** That the Plaintiffs shall have pre judgment
6  interest against the Defendant FleetBoston Financial Corporation concerning the
   Plaintiffs' property damage claims from June 4th, 1994 upon entry of this judgment in
7  the amount of **$410,746,265.24** pursuant to O C G A  § 51-12-14(c)  See, Affidavit
8  at Docket No  E6  Thus, the Plaintiffs shall have a total final judgment against
9  Defendant  FleetBoston  Financial  Corporation  in  the  principle  amount  of
   **$511,521,000.00** and pre judgment interest in the amount of **$410,746,265.24.**
10
      **IT IS FURTHER ORDERED,** That the Defendant shall pay any and all post
11 judgment interest that accrues on this final judgment after the entry of this final
12 judgment pursuant to **O.C G A  § 7-4-12.**

13     **IT IS FURTHER ORDERED,** That the Clerk of this Court shall issue a Writ
14 of Execution (Fi Fa) in the principle amount of **$511,521,000.00** with interest in the
15 amount of **$410,746,265.24** and the Court cost of this action  Upon the Clerk
16 issuing the Writ of Execution (Fi Fa), Defendant FleetBoston Financial Corporation
17 formerly known as BankBoston Corporation shall immediately pay and satisfy the
   final judgment of this Court as stated in such Writ of Execution (Fi Fa) and upon
18 Defendant receiving a certified copy of this final judgment and the Writ of Execution

19     **IT IS FURTHER ORDERED,** By this Court that unless the Defendant show
20 good cause to this Court why it cannot pay or satisfy the final judgment of this Court
21 with pre judgment interest, or if the Defendant fails or refuses to make payment of the
22 final judgment including pre judgment interest to the Plaintiffs within 7 days upon
23 receipt of a copy this order, then the Court hereby adjudges the Defendant in civil
   contempt of this Court  See, *Griggers v Bryant,* 239 **Ga.** 244, 236 **SE2d** 599
24 (1977). *Wagner v  Commercial, Inc* , 203 **Ga.** 1, 45 **SE2d** 205 (1945)
25

**Page 8**

**IT IS FURTHER ORDERED,** By this Court that the Defendant shall be subject to pay the Plaintiff in addition to, the final judgment and post judgment interest. a civil penalty of **$25,000.00** per day until the Defendant purges itself of such contempt by complying with the terms of this final judgment   See, *In re Harvy*, 219 Ga  App. 76, 464 **SE2d** 34 (1995)   This civil penalty will only apply if the Defendant fails to comply with the terms of this order within (7) days upon receiving notice of this order by the Court or by the Plaintiffs   The Defendant, its subsidiaries that are operating in his State, their officers and agents will be subject to further civil and criminal penalties and a writ of injunction that will enjoin them from operating in this State until Defendant has complied with the terms of this final judgment

**IT IS FURTHER ORDERED,** That the Sheriffs of this State and their lawful Deputies are hereby ordered to take all actions needed to seize all monies, property and assets which is not exempt by law held by any persons, corporations, partnerships, banks or holding companies held on behalf of the Defendant or that is in the possession of the Defendant located within the jurisdiction of this State

**IT IS FURTHER ORDERED,** By this Court that the Defendant shall post supersede bonds in the amount of **$511,521,000.00** representing the principal and **$410,746,265.24** representing the pre judgment interest before the Defendant can file any pleadings, motions or appeals in this action   The Clerk of this Court is hereby directed not to file any motions, appeal or any other documents into this Court on behalf of the Defendant except an affidavit by the Defendant's CEO explaining why the Defendant cannot post the supersede bonds stated in this decree   Nor shall the Clerk of this Court set any hearings on any other matter before any other Judge of this Court until said Defendant has posted a total of **$922,267,265.24** in supersede bonds with the Clerk of this Court

**IT IS FURTHER ORDERED,** By this Court that the Clerk of this Court is also directed to served a certified copy of the Writ of Execution (Fi Fa) and this final judgment entered on the Defendant FleetBoston Financial Corporation by U S Certified Mail pursuant to **O C.G.A. § 14-2-1520(c)** addressed to

M A. FERRUCCI, President & CEO
FLEETBOSTION FINANCIAL CORPORATION
c/o Cathy Cox, Secretary of State
2 Martin Luther King Jr., Drive, Suite 315
Atlanta, Georgia 30334-1530

**IT IS FURTHER ORDERED,** By this Court that the Plaintiffs shall also be authorized to prefect service of a copy of this final judgment and the Writ of Execution (Fi Fa) on the Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation by U S Certified Mail at any of the other addresses of the Defendant listed in the office of the North Carolina's Secretary of State  Any service made by the Clerk of this Court or the Plaintiffs in this action pursuant to this order shall be deemed perfected on the Defendant pursuant to **O.C G.A. § 14-2-1520(c)**

## V. BILL OF PEACE AND INJUNCTION

**IT IS HEREBY ORDERED,** By this Court that the Defendant, its officers agents, its servants, its assigns and its successors (such as Bank of America) or any other person, corporation, insurance company, bank or partnership acting under the authority of the Defendant FleetBoston Financial Corporation are hereby permanently enjoined and restrained from the following

(a) The Defendant is hereby permanently enjoined and restrained from assisting or aid and aiding its subsidiaries, its officers, agents and servants in performing any illegal acts averred by the Plaintiffs and deemed by the Court to be illegal and a fraud against the Plaintiffs and other consumers in the State of Georgia,

(b) The Defendant is hereby permanently enjoined and restrained from operating in this State without a Certificate of Authority from the Georgia Secretary of State,

(c) The Defendant, its officers, agents and its attorneys are permanently enjoined and restrained committing any further torts against the Plaintiffs as stated in their Complaint,

(d) The Defendant, its officers, agents and its attorneys are hereby permanently enjoined and restrained from filling any

Page 10

motions, pleadings or appeals for the purpose of delaying any rights adjudicated by this Court in favor of the Plaintiffs in this civil action Nor shall the Defendant or its attorneys acting on behalf of the Defendant file any motions, pleadings or appeals for the purpose of harassing the Plaintiffs of any rights adjudicated by the Court and

(e) Defendant its officers, agents and its attorneys are hereby permanently enjoined and restrained from harassing the Plaintiffs in any discovery or post judgment discovery matters by asking questions in a matter which is deemed irrelevant to the case so adjudicated by this Court or that such questions has no legal value to the Plaintiffs' claims at issue   Nor shall Defendant's attorneys file any motions or pleadings in any other Court having jurisdiction on matters already admitted to by the Defendant and matters adjudicated by this Court in this civil action

## VI. ENFOCEMENT PROVISIONS OF FINAL JUDGMENT

**IT IS FURTHER ORDERED,** By this Court that it shall be the duty of the Sheriffs of th s State located within their legal jurisdiction where all provisions of this final judgment can be enforced against the Defendant FleetBoston and that said officer or officers shall take all actions and proper steps needed when requested to do so by the Plaintiffs in enforcing this final judgment by performing the following

    a  Arrest anyone who may resisting or interfering with the enforcement of this final judgment in the present of such officer(s) as legal contempt of this Court,

    b  Make any Police report and document all claims in such report when requested by the Plaintiffs or their authorized agents concerning any violations of the laws of this State

    c  Take possession of Defendant's assets which may be in the legal possession of any banks, holding company, corporation, partnership or insurance company and,

    d  Perform any other act which may ad in the enforcement of this final judgment provided however that such act may not conflict with the laws of this State

Page 11

**IT IS FURTHER ORDERED,** That when assistance is requested by the Plaintiffs for the enforcement of any provisions of this final judgment said officer or officers shall assist the Plaintiffs and enforce the provisions of this final judgment

**IT IS FURTHER ORDERED,** That the Plaintiffs has consented to the total payment and satisfaction of this judgment to be made payable to the Plaintiff T L Ware Bottling Company Inc, by the Defendant   Furthermore, this consent final judgment shall not be amended, modified or set aside by the parties or the Court without the consent of the parties Plaintiffs or without a notice of a hearing to the Plaintiffs by the Clerk of this Court at the Plaintiffs' address of record in this action

**IT IS FURTHER ORDERED,** That this final judgment shall be a standing order of this Court in the above-styled civil matter and is entered as final judgment pursuant to O.C.G.A § 9-11-54(b) unless reversed, modified or set aside by any of the appellate Courts in this State

**IT IS SO ORDERED, This** _28th_ **day of** _JAN_ , **2005.**

_____
**Hon. M. GINO BROGDON, Presiding Judge**
**SUPERIOR COURT OF FULTON COUNTY**

**IT IS HEREBY AGREED TO BY THE PARTIES,**

| **Agreed and Consented to By:** | **Agreed and Consented to By:** |
|---|---|
| **Michael R. Johnson, Sr.** | **Dr. Tony L. Ware, JD, Plaintiff** |
| **Attorney for the Plaintiff** | **Chairman & CEO** |
| **Georgia Bar No. 395056** | **P.O. Box 150524-Dept. 0227** |
| **Johnson & Associates, P. C.** | **Atlanta, Georgia 30315-0168** |
| **340 West Peachtree Street, N.E.** | **(404) 945-0342** |
| **Suite 200** | |
| **Atlanta, Georgia 30308** | |
| **(404) 688-7100** | |

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

TONY L WARE, CEO, and
T.L. WARE BOTTLING CO , INC.,

Plaintiff.

Vs.

Civil Action 2004 CV 94553
Judge Bensonetta Tipton Lane

FLEETBOSTON FINANCIAL CORP.,
f/k/a BANKBOSTON CORP.,

Defendant

## ORDER VACATING JUDGMENT AND SETTING HEARING

The Final Judgment and Decree entered January 28. 2005, by the Presiding Judge is

hereby **VACATED** The Court will hear argument regarding the plaintiff's motion for default

judgment and the scope of any appropriate relief on **Wednesday, February 16. 2005 at 10:00**

**A.M.** in Courtroom 1-D, 185 Central Avenue SW, Atlanta, GA 30303 This hearing is specially

set No continuances will be granted except upon written motion and for legal cause

SO ORDERED, this ___2___ day of February, 2005

BENSONETTA TIPTON LANE, JUDGE
Fulton Superior Court
Atlanta Judicial Circuit

Please serve

Mr Michael Robert Johnson
Johnson & Associates, P C
340 W Peachtree Street , Suite 200
Atlanta. GA 30308-3517
Phone 404-688-7100
Fax 404-230-2858

Dr Tony L Ware
P O Box 150524-Dept 0227

2004 cv 94553

# CIVIL MOTIONS & STATUS CONFERENCE CALENDAR
## FEBRUARY 16, 2005
## JUDGE BENSONETTA TIPTON LANE

The Court will hear argument in each of the matters listed below on **February 16, 2005, at the times listed** in Courtroom 1-D, 185 Central Avenue SW, Atlanta, GA 30303  These hearings are specially set  **Attendance is mandatory.**  Unless a party has been excused from reporting for this hearing its failure to appear may result in the dismissal of its action or counterclaim for want of prosecution or in the striking of its answer  No continuances will be granted except upon written motion and for legal cause  The fact that the parties may not believe a status conference or hearing is not needed at this time does not constitute legal cause, **do not** seek to be excused from this calendar absent such factors as genuine hardship or the settlement of the underlying case  Any supplemental pleadings not previously due which the parties wish to submit in connection with this hearing must be filed by **February 14, 2005,** with a courtesy copy to the Court in chambers, in order to be considered by the Court

The parties should be prepared to discuss the status of the case, including the following issues  a) whether there are any pending motions and, if so, if they require a hearing, b) the merits of any pending motions that are ripe for consideration, c) the status of discovery, d) whether mediation would be helpful/appropriate, and, e) when the case can be ready for trial

All correspondence and phone inquiries regarding this calendar should be directed to Staff Attorney Georgia Lord at (Phone) 404/302-8537, (Facsimile) 404/335-2864, Chambers of Judge Bensonetta Tipton Lane, 185 Central Avenue SW, Room T-1955, Atlanta, GA 30303

This Thursday, February 03, 2005

FILED IN OFFICE

FEB 0 4 2005

DEPUTY CLERK  COURT
FULTON  GA

Georgia Kay Lord
Staff Attorney for
Judge Bensonetta Tipton Lane
Fulton County Superior Court

Copies to
All Listed Individuals

| Time | Case Number | Case Name | Purpose of Hearing | Counsel |
|---|---|---|---|---|
| 09 30 A M | 2003cv75769 | Colonial Shoe Co v Kingo Shoes USA | Status Conference | **Mr. Lee S. Goldstein**<br>Hassett Cohen Goldstein Port & Gottlieb<br>One Lakeside Commons, Suite 990<br>990 Hammond Drive<br>Atlanta, GA 30328<br>Phone 770-393-0990<br>Fax 770-901-9417<br>E-Mail<br>lgoldstein@internetlegal com<br><br>**Mr Mark David Hackett**<br>**Mr David B. Tieman**<br>Husch & Eppenberger<br>The Heritage Center<br>736 Georgia Ave, Suite 300<br>Chattanooga, TN 37402-2059<br>Phone 423-266-5500<br>Fax 423-266-5499<br>E-Mail<br>mark hackett@husch com |
| 09 30 A M | 2003cv79446 | Microbilt Corporation v Fidelity Nat'l Financial | Status Conference, Pending Request for Extension of Discovery | **Mr Halsey George Knapp Jr**<br>**Mr. Kevin H Hudson**<br>Foltz Martin LLC<br>Five Piedmont Center, Suite 750<br>Atlanta, GA 30305-1509<br>Phone 404-231-9397<br>Fax 404-237-1659<br><br>**Mr David Leslie Pardue**<br>**Ms. Alycia K. Jastrebski**<br>Hartman, Simons, Spielman & Wood, LLP<br>6400 Powers Ferry Rd , N W , Suite 400<br>Atlanta, GA 30339-2949<br>Phone 770-226-1347<br>Fax 770-858-1095<br>E-Mail dpardue@hssw com |
| 09 45 A M | 2002cv49078 | Francine R Meyer and Thomas S Wickson v Steven B Waite and Elizabeth E Waite | Status Conference | **Mr. Stanley M. Lefco**<br>Law Offices Stanley M Lefco P C<br>4651 Roswell Rd , G-602<br>Atlanta, GA 30342<br>Phone 404-843-9666<br>Fax 404-843-9667<br>E-Mail losml@aol com<br><br>**Mr. Peter L. Lublin** |

| | | | | |
|---|---|---|---|---|
| | | | | McCalla Raymer Padrick Cobb Nichols & Clark, LLC 1544 Old Alabama Road Roswell, GA 30076-2102 Phone 770-643-7200 Fax 770-643-4062 E-Mail pll@mccalla.com |
| 09 45 A M | 2004CV94220 | THE CONCOURSE IV ASSOC VS FULTON COUNTY BOARD OF TAX ASSESSORS | Status Conference | **Mr Samuel W Johnson** Property Tax Consulting, LLC P O Box 421185 Atlanta, GA 30342-1185 Phone 404-943-0300 Fax 404-257-8770<br><br>**Mr Robert L. Martin** **Mr. R. David Ware** Fulton County Attorney's Office 141 Pryor Street, S W , Suite 4038 Atlanta, GA 30303 Phone 404-730-7750 Fax 404-730-6324 E-Mail rlmjam@mindspring.com |
| 10 00 A M | 2004cv94553 | TONY L WARE, CEO, et al , v FLEET BOSTON FINANCIAL CORP f/k/a BANKBOSTON CORP | Plaintiff's Motion for Default Judgment | **Mr. Michael Robert Johnson** Johnson & Associates, P C 340 W Peachtree Street , Suite 200 Atlanta, GA 30308-3517 Phone 404-688-7100 Fax 404-688-7100<br><br>**FleetBoston Financial Corporation** c/o Mr M A Ferrucci 1209 Orange Street Wilmington, DE 19801<br><br>**FleetBoston Financial Corporation** c/o Mr M A Ferrucci, CEO 50 Kennedy Plaza, 16th Floor Providence, RI 02903 |
| 11 30 A M | HC00324 | Johnah Peterson v Timothy C Ward, Warden | Status Conference -- Habeas Corpus Petition | **Mr. Johnah Peterson** GDC # 934975 Atlanta Men's Transitional Center 332 Ponce de Leon Avenue, NE Atlanta, GA 30308<br><br>**Mr Daniel Melvin King Jr** Daniel M King, Jr , LLC P O Box 4329 Dublin, GA 31040 Phone 478-275-2255 Fax 478-275-2250 |

| | | | | Ms Anne Green<br>Assistant District Attorney for Fulton County<br>136 Pryor Street<br>Atlanta, GA 30303<br>Phone 404-302-8515<br>Fax 404-730-5398 |
|---|---|---|---|---|
| 12 00<br>Noon | 2003cv79080 | Fulton County v 0 292 Acres of Land | Status Conferences For Cases on Feb 28th Trial Calendar | **Mr. Beryl Harold Weiner**<br>**Mr. Thomas C Dempsey**<br>Weiner,Yancey, Dempsey & Diggs LLP<br>South Tower Suite 990<br>1718 Peachtree St , N W<br>Atlanta, GA 30309-2409<br>Phone 404-870-9990<br>Fax 404-870-9919<br><br>Mr Richard N Hubert<br>Chamberlain Hrdlicka White Williams<br>& Martin<br>191 Peachtree St , N E , 9th Floor<br>Atlanta, GA 30303-1747<br>Phone 404-659-1410<br>Fax 404-659-1852 |
| 12 00<br>Noon | 2004cv81032 | Companian, Inc v The Luckie Group | Status Conferences For Cases on Feb 28th Trial Calendar | **Mr. John Trotti**<br>The Trotti Law Firm LLC<br>17 Executive Park Drive, Suite 420<br>Atlanta, GA 30329<br>Phone 404-296-6002<br>Fax 404-420-2138<br>E-Mail jtrotti@trotti-law com<br><br>**Mr. John C. Pennington**<br>P O Box 275<br>Helen, GA 30545<br>Phone 706-878-0033<br>Fax 706-878-9916<br>E-Mail jcppc@linkamerica net |
| 12 00<br>Noon | 2004CV91417 | Robert B Seamon and Pamela A Seamon vs George H Seamon | Status Conferences For Cases on Feb 28th Trial Calendar | **Mr. Michael P. Froman**<br>235 Peachtree Street, Suite 400<br>Atlanta, GA 30303-1400<br>Phone 404-880-9200<br>Fax 404-880-4662<br>E-Mail<br>fromanattorney@mindspring com<br><br>**Mr Ronald F. Degranski, II**<br>321 Creekstone Ridge<br>Woodstock, GA 30188 |

| 12 00 Noon | 2004cv84071 | Kenneth R Rogers and Wanda S Rogers F Fulton County Bd Of Tax Assessors | Status Conferences For Cases on Feb 28th Trial Calendar | **Ms. Becky W. Adelman** Dixon Law Firm, P C 590 Means Street, Suite 200 P O Box 93664 Atlanta, GA 30377-0664 Phone 404-892-3551 Fax 404-892-4611 E-Mail bwadelman@mindspring com<br><br>**Ms. Valerie Anne Ross** Fulton County Attorney's Office 141 Pryor Street, S W , Suite 4038 Atlanta, GA 30303 Phone 404-730-7750 Fax E-Mail rossvalerie@yahoo com |
|---|---|---|---|---|
| 12 00 Noon | 2004cv84709 | Educational Visions Inc vs Hewlett Packard Company, Compaq Computer Corporation and Custom Edge Inc | Status Conferences For Cases on Feb 28th Trial Calendar | **Mr Richard J. Storrs** 1355 Peachtree Street, Suite 1570 Atlanta, GA 30309 Phone 404-888-9600 Fax 404-888-0996 E-Mail rstorrs@storrslaw com<br><br>**Mr. Derek C. Abbott** **Mr Gilbert R. Saydah, Jr** 1201 North Market Street Wilmington, DE 19801 Phone 302-575-7357 Fax 302-425-4664<br><br>**Mr G. Wayne Hillis Jr** Parker, Hudson, Rainer & Dobbs 1500 Marquis Two Tower 285 Peachtree Ctr Ave , N E Atlanta, GA 30303<br><br>Phone 404-420-5547 Fax 404-522-8409 E-Mail whillis@phrd com |
| 12 00 Noon | 2004cv88841 | Walter C Woodyard, II v Michael Glover | Status Conferences For Cases on Feb 28th Trial Calendar | **Mr Kwame Lateef Townes** Kwame Lateef Townes & Associates, LLC P O Box 2235 Stone Mountain, GA 30086 Phone 404-964-9022 Fax 770-498-5202<br><br>**Mr Richard S. Alembik** Richard S Alembik, P C 315 West Ponce de Leon Avenue, Ste 250 Decatur, GA 30030-2433 Phone 404-373-0205 Fax 404-795-8999 |

| | | | | E-Mail  rick@alembik com |
|---|---|---|---|---|
| 2 00 P M | 2005cv96581 | WASHINGTON MUTUAL BANK, F A , vs EMBORG FOODS, USA, INC , KNUD AAGAARD-SVENDSEN and IRENA AAGAARD-SVENDSEN | Motion for Preliminary Injunction | **Mr  John E  Robinson** **Mr. Gregory H  Blazer** McLarty, Robinson & Van Voorhies One Decatur Towncenter, Suite 330 150 E  Ponce de Leon Avenue Decatur, GA 30030-2553 Phone  404-377-6464 Fax  404-377-3658 E-Mail  jer@mcrovvlaw com  **Emborg Foods, USA, Inc.** c/o Corporation Service Company 40 Technology Parkway South, #300 Norcross, GA  30092  **Mr  Knud Aagaard-Svendsen** **Ms. Irena Aagaard-Svendsen** 110 Kiveton Park Drive Roswell, GA  30075 |
| 2 30 P M | 2004cv93092 | YONG CUCCIA V HYONJU YI | Request for Restraining Order | **Ms. Yong H. Cuccia**  **Mrs  Hyonchu Yi** |
| 3 00 P M | 2003cv68267 | B  Roper, LLC v Georgia Aerospace Manufacturing Systems, Inc | Status Conference and Argument on Pending Motions | **Mr. Christopher Nolan Smith** 130 North Crest Blvd , Suite B Macon, GA 31210-1876 Phone  478-477-8145 Fax  478-477-7823  **Mr. R. Gary Spencer** R  Gary Spencer, P C 1800 Peachtree Street, Suite 300 Atlanta, GA 30309 Phone  404-355-9717 Fax  404-352-5636 E-Mail  gary@rgaryspencer com |

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

```
FILED IN OFFICE
NO  FEB - 8 2005
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GA
```

TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
)
Plaintiffs, )
)
vs. ) CIVIL ACTION
) FILE NUMBER: 2004CV94553
)
FLEETBOSTON FINANCIAL CORP. )
F/K/A BANKBOSTON CORP. ) NOTICE OF APPEAL
)
Defendant. )

## NOTICE OF APPEAL

**COMES NOW, TONY L. WARE, CEO,** Plaintiff proceeding by his attorneys in the above-styled civil action matter and hereby files his Notice of Appeal pursuant to **O.C.G.A. § 5-6-34(b)** which the Plaintiff hereby appeals to the Georgia Supreme Court from final judgment entered on January 28th, 2005 and any other orders as it relates to the final judgment in this civil action

Therefore, the Clerk of this court shall please omit nothing in the record pertaining to Plaintiff's appeal   Furthermore, Appellant states that there are no transcripts of evidence of the proceedings to be filed for the inclusion of the record on Plaintiff's appeal

You are required to prepare transmit the entire record on Plaintiff's appeal to the Georgia Supreme Court within (20) days from the date of filing this notice of appeal   The Georgia Supreme Court has jurisdiction of this appeal rather then Georgia Court of Appeal as it involves an action concerning an injunction and equitable relief and some errors of law pursuant to **O.C.G.A. § 5-6-34(a)**.  A copy of said final judgment is attached hereto as **Exhibit "A"**.

**This** _____8th_____ **, day of** _____Feb_____ **, 2005.**

KdCo Alled
10 27  2/8/05

Respectfully Submitted,

**Dr. Tony L. Ware, Appellant**

**P.O. Box 150524-Dept. 0227**
**Atlanta, Georgia 30315-0188**
**(404) 945-0342**

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
)
Plaintiffs, )
vs. ) CIVIL ACTION
) FILE NUMBER: 2004CV94553
FLEETBOSTON FINANCIAL CORP. )
F/K/A BANKBOSTON CORP. ) CERTIFICATE OF SERVICE
)
Defendant. )

FILED IN OFFICE
FEB 8 2005
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY GA

## CERTIFICATE OF SERVICE

**COMES NOW, TONY L. WARE, CEO,** Plaintiff proceeding by his attorneys in the above-styled civil action matter and hereby certify that I have served the above-name Plaintiff **T.L. WARE BOTTLING COMPANY, INC**, at its attorney addressed to the following.

Michael R. Johnson, Sr., Esq.
JOHNSON & ASSOCIATES, P.C.
340 West Peachtree Street, N.E.
Suite 200
Atlanta, Georgia 30308

This _____ 8th _____, day of _____ Feb _____, 2005.

Respectfully Submitted,

_____

**Dr. Tony L. Ware, Appellant**



## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
)
    Plaintiffs, )
vs. ) CIVIL ACTION
) FILE NUMBER: <u>2004CV94553</u>
FLEETBOSTON FINANCIAL CORP )
F/K/A BANKBOSTON CORP., )
) **ORDER ON MOTION**
    Defendant. )
) PRESIDING JUDGE BAXTER

FILED IN OFFICE
FEB - 7 2005
DEPUT... C... ...NIOR COURT
FULTON COUNTY, GA

## ORDER

The Plaintiffs in this civil matter having come before this Court for a hearing on their Motion to Set Aside an Order pursuant to **O.C.G.A § 9-11-60(a)** and **(d)(1)** with their consent in this action  Based upon the record in this action, the evidence presented to the Court by the parties and applicable State law the Court finds that as a matter of law sufficient grounds exist for the granting thereof  The Court hereby GRANT the Plaintiffs' joint Motion to Set Aside this Court's Order entered on February 2nd, 2005 vacating this Court's final judgment on January 28th, 2005 as follows·

### I. FINDINGS OF FACT

The Court makes the following findings of fact.

The Plaintiffs Tony L  Ware, CEO and T L. Ware Bottling Company, Inc , brought this civil action on December 7th, 2004 based upon their ten count *Complaint for Damages, Injunction, RICO violations, Fraud, Gross Negligence* and other violations of both Federal and State laws and further requesting injunctive and other equitable relief concerning all other claims and disputes against the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation

**Page 1**

After proper service of process of the Summons and Complaint on the Defendant on December 10th, 2004 by a Court Appointed Process Server, the Defendant failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005.

On January 28th, 2005 this Court entered a Final Judgment and Decree in favor of the Plaintiffs See, Docket No 10 Before any party could appeal such final judgment this Court entered a order vacating said final judgment on its own motion without a showing of any meritorious reason. See, Docket No 11

Contrary to the final judgment of this Court the Order vacating the final judgment did not state whether or not said final judgment was void or whether there were any nonamendable defects which may appear on the face of the record The Court further finds that the final judgment entered in this action was not void for lack of jurisdiction over the parties or the subject matter in this case Nor are there any nonamedable defects which would authorized this Court to set aside or vacate the final judgment entered by this Court

Thus the final judgment entered on January 28th, 2005 limited this Court's own inherent power and jurisdiction to amend, modify or set aside the final judgment as it relates to this case without first giving the Plaintiffs a notice of a hearing and a right to be heard by the Court prior to vacating and setting aside the final judgment of this Court See, Docket No. 10 Final Judgment at Page 12

Therefore this Court finds that as a matter of law, there are no meritorious reasons to vacate the final judgment entered on January 28th, 2005 and the Order vacating such final judgment is void on its face for lack of jurisdiction

## II. DISCUSSION

Notwithstanding this Court's inherent authority over judgments within the same term of Court the final judgment entered in this action was rendered in chambers pursuant to **O.C.G.A. § 9-11-55(a)** This Court never exercised any legal discretion to vacate its final judgment nor did the Court give the Plaintiffs any meritorious reasons for vacating the final judgment See, Docket No 11 Order vacating judgment Our Georgia Supreme Court has made it clear in **Pope v. Pope**, 277 **Ga.** 333, 588 **SE2d** 736 (2003) by stating the following·

"A trial court's discretion in setting aside a judgment will not be disturbed unless manifestly abused. However, trial Court's discretion to set aside a judgment during the term it was entered is not without limits, and should be exercised for some meritorious reason."

Thus the Order attempting to vacate the final judgment in this manner did not show that the Court exercised any legal discretion by showing a meritorious reason   The Georgia Supreme Court has also held in *Hurt Bldg., Inc. v. Atlanta Trust Co.*, 181 **Ga.** 274, 182 **SE** 187 (1935) that

"While a motion to set aside a judgment a judgment is addressed to the sound discretion of the judge, it should not, although made during the term at which the judgment was rendered, be granted unless some meritorious reason is given thereof.   The rule appears to have been generally adopted in almost all jurisdictions, that the power of control even during the term should be exercised only upon sufficient cause shown, and where the matter appeals to an exercise of sound legal discretion."

As stated herein the final judgment entered on January 28th, 2005 limited this Court's own power and jurisdiction to amend, modify or set aside the final judgment by first giving the Plaintiffs the right to a notice of a hearing and a right to be heard prior to the Court vacating or setting aside the final judgment of this Court   See, Docket No  10 Final Judgment at Page 12 which reads in part that·

"IT IS FURTHER ORDERED, That the Plaintiffs has consented to the total payment and satisfaction of this judgment to be made payable to the Plaintiff T L  Ware Bottling Company, Inc , by the Defendant   **Furthermore, this consent final judgment shall not be amended, modified or set aside by the parties or the Court without the consent of the parties Plaintiffs or without a notice of a hearing to the Plaintiffs by the Clerk of this Court at the Plaintiffs' address of record in this action."

Page 3

### III. CONCLUSION OF LAW

This provision of the final judgment was binding on this Court   Therefore, the Court concludes that there are no meritorious reasons to vacate the final judgment entered on January 28th, 2005 and the Order vacating such final judgment without notice to the Plaintiffs and without their consent pursuant to the above stated provision of the final judgment is deemed void on its face for lack of jurisdiction   The Georgia Supreme Court has further held that

> **"A void judgment is no judgment. By it no rights are divested; from it no rights can be obtained. Being worthless in itself, all proceeding founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void."**

See, **_Steward vs. Golden_**, 98 **Ga** 479, 25 **SE** 538 (1896) and also see **_Shotgun vs. State_**, 73 **Ga. App.** 136, 35 **SE2d** 556 (1945) cert denied, 329 **U.S.** 740, 67 **S.Ct.** 56, 91 **L.Ed** 638 (1946)   See, **O.C.G.A. § 9-11-60(a)** and **O.C.G.A. § 9-12-16**   The Georgia Supreme Court has made it clear by stating·

> **"When a party has been afforded an opportunity to be heard, the court cannot suspend or vacate its judgment merely to let in a defense which should have been offered before the judgment was entered."**

See, **_Hurt Bldg., Inc. v. Atlanta Trust Co._**, Supra   This Court further concludes that the Order vacating the final judgment without having a meritorious reason and without notice to the Plaintiffs prior to vacating the final judgment violates the Plaintiffs Federal Constitutional rights to due process under law

**ORDERED, ADJUDGED, AND DECREED,** That the Order vacating the final judgment entered on February 2nd, 2005 is hereby set aside and vacated and said order is deemed null and void on its face for lack of jurisdiction and because of a nonamendable defect which appears on the face of the record such as lack of notice of a hearing to the Plaintiffs concerning the Court's own motion to vacate the final judgment without having a meritorious reason

**IT IS FURTHER ORDERED,** By this Court that the final judgment entered on January 28th, 2005 by the Honorable M. Gino Brogdon is effective and binding on this Court and all parties and is therefore the law of this case

**IT IS FURTHER ORDERED,** By this Court that the Defendant and the Clerk of this Court is further directed to comply with all of the terms of the final judgment entered on January 28th, 2005 by the Honorable M Gino Brogdon, Presiding Judge and that any further orders or judgments (except any orders of the Georgia Supreme Court or the Georgia Court of Appeals) which is entered in violation of the final judgment shall be deemed null and void as a matter of law

**IT IS FURTHER ORDERED,** By this Court that this order shall be made part of the final judgment of this Court and shall not be vacated or set aside by the Court without prior notice of a hearing to the Plaintiffs The Plaintiffs shall have a right to file a motion for contempt for any persons violating this Order and the final judgment entered on January 28th, 2005 by this Court

**IT IS SO ORDERED, This _____ day of _____, 2005.**

_____
**Hon. JERRY W. BAXTER, Presiding Judge**
**SUPERIOR COURT OF FULTON COUNTY**

**IT IS HEREBY CONSENTED TO BY THE PARTIES,**

**Consented to By:**

**Michael R. Johnson, Sr.**
**Attorney for the Plaintiff**
**Georgia Bar No. 395056**
**Johnson & Associates, P. C.**
**340 West Peachtree Street, N.E.**
**Suite 200**
**Atlanta, Georgia 30308**
**(404) 688-7100**

**Consented to By:**

**Dr. Tony L. Ware, JD, Plaintiff**
**Chairman & CEO**
**P.O. Box 150524-Dept. 0227**
**Atlanta, Georgia 30315-0188**
**(404) 945-0342**

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA



TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
                                )
         Plaintiffs,            )
    vs.                         ) CIVIL ACTION
                                ) FILE NUMBER: 2004CV94553
FLEETBOSTON FINANCIAL CORP. )
F/K/A BANKBOSTON CORP.          )   MOTION TO SET ASIDE ORDER
                                )
         Defendant.             )

---

## MOTION TO SET ASIDE ORDER

**COMES NOW, TONY L. WARE, CEO** and **T.L. WARE BOTTLING COMPANY, INC.,** the Plaintiffs and files their Joint Motion to Set Aside Order entered on Febuary 2nd, 2005 as void and lack of notice pursuant to **O.C.G.A. § 9-11-60(a)** and (d)(1)(3) against the above-named Defendant **FLEETBOSTON FINANCIAL CORPORATION.** Based upon the record in this action, the Defendant's admissions and applicable State, the Plaintiffs is entitled to judgment as a matter of law   The Plaintiffs shows the Court the following

### I. STATEMENT OF FACTS

The Plaintiffs Tony L Ware, CEO and T L Ware Bottling Company, Inc, brought this civil action on December 7th, 2004 based upon their ten count Complaint for Damages, Injunction, RICO violations, Fraud, Gross Negligence and other violations of both Federal and State laws and further requesting injunctive and other equitable relief concerning all other claims and disputes against the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation

Page 1

After proper service of process of the Summons and Complaint on the Defendant on December 10th, 2004 by a Court Appointed Process Server, the Defendant failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005

On January 28th, 2005 this Court entered a Final Judgment and Decree in favor of the Plaintiffs  See, Docket No 10  Before any party could appeal such final judgment this Court entered a order vacating said final judgment on its own motion without a showing of any meritorious reason  See, Docket No 11

Contrary to the final judgment of this Court the Order vacating the final judgment did not state whether or not said final judgment was void or whether there were any nonamendable defects which may appear on the face of the record  The Plaintiffs further avers that the final judgment entered in this action was not void for lack of jurisdiction over the parties or the subject matter in this case  Nor are there any nonamedable defects which would authorized this Court to set aside or vacate the final judgment entered by this Court

Thus the final judgment entered on January 28th, 2005 limited this Court's own inherent power and jurisdiction to amend, modify or set aside the final judgment as it relates to this case without first giving the Plaintiffs a notice of a hearing and a right to be heard by the Court prior to vacating and setting aside the final judgment of this Court  See, Docket No 10 Final Judgment at Page 12

Therefore Plaintiffs avers that as a matter of law, there are no meritorious reasons to vacate the final judgment entered on January 28th, 2005 and the Order vacating such final judgment is void on its face for lack of jurisdiction

## II. DISCUSSION

Notwithstanding this Court's inherent authority over judgments within the same term of Court the final judgment entered in this action was rendered in chambers pursuant to **O.C.G.A. § 9-11-55(a)**  This Court never exercised any legal discretion to vacate its final judgment nor did the Court give the Plaintiffs any meritorious reasons for vacating the final judgment   See, Docket No  11 Order vacating

judgment   Our Georgia Supreme Court has made is clear in **_Pope v. Pope_**, 277 **Ga.**
333, 588 **SE2d** 736 (2003) by stating the following

> **"A trial court's discretion in setting aside a judgment will not be disturbed unless manifestly abused. However, trial Court's discretion to set aside a judgment during the term it was entered is not without limits, and should be exercised for some meritorious reason."**

Thus the Order attempting to vacate the final judgment in this manner do not show that the Court exercised any legal discretion by showing a meritorious reason The Georgia Supreme Court has also held in **_Hurt Bldg., Inc. v. Atlanta Trust Co._**, 181 **Ga.** 274, 182 **SE** 187 (1935) that

> **"While a motion to set aside a judgment a judgment is addressed to the sound discretion of the judge, <u>it should not</u>, although made during the term at which the judgment was rendered, be granted unless some meritorious reason is given thereof.   The rule appears to have been generally adopted in almost all jurisdictions, that the power of control even during the term should be exercised only upon sufficient cause shown, and where the matter appeals to an exercise of sound legal discretion."**

As stated herein the final judgment entered on January 28th, 2005 limited this Court's own power and jurisdiction to amend, modify or set aside the final judgment by first giving the Plaintiffs a notice of a hearing and a right to be heard before the Court before vacating or setting aside the final judgment of this Court   See, Docket No 10 Final Judgment at Page 12 which reads in part that

> **"IT IS FURTHER ORDERED,** That the Plaintiffs has consented to the total payment and satisfaction of this judgment to be made payable to the Plaintiff T L Ware Bottling Company, Inc , by the Defendant   **<u>Furthermore, this consent final judgment shall not be amended, modified or set aside by the parties or the Court without the consent of the parties Plaintiffs or without a notice of a hearing to the Plaintiffs by the Clerk of this Court at the Plaintiffs' address of record in this action."</u>**

## III. ARGUMENT AND CITATION OF AUTHORITY

This provision of the final judgment was binding on this Court   Therefore, the Plaintiffs concludes that there are no meritorious reasons to vacate the final judgment entered on January 28th, 2005 and the Order vacating such final judgment without notice to the Plaintiffs and without their consent pursuant to the above stated provision of the final judgment is deemed void on its face for lack of jurisdiction   The Georgia Supreme Court has further held that

> **"A void judgment is no judgment.  By it no rights are divested; from it no rights can be obtained. Being worthless in itself, all proceeding founded upon it are equally worthless.  It neither binds nor bars any one.   All acts performed under it and all claims flowing out of it are void."**

See, *Steward vs. Golden*, 98 **Ga.** 479, 25 **SE** 538 (1896) and also see *Shotgun vs. State*, 73 **Ga.** App. 136, 35 **SE2d** 556 (1945) cert  denied, 329 **U.S.** 740, 67 **S.Ct.** 56, 91 **L.Ed** 638 (1946)   See, **O.C.G.A. § 9-11-60(a)** and **O.C.G.A. § 9-12-16**   The Georgia Supreme Court has made it clear by stating

> **"When  a  party  has  been  afforded  an opportunity to be heard, the court cannot suspend or vacate its judgment merely to let in a defense which should have been offered before the judgment was entered."**

See, *Hurt Bldg., Inc. v. Atlanta Trust Co.*, Supra   This Court further concludes that the Order vacating the final judgment without having a meritorious reason and without notice to the Plaintiffs prior to vacating the final judgment violates the Plaintiffs Federal Constitutional rights to due process under law

**WHEREFORE,** The Plaintiffs hereby prays and demands that this Court enter an ORDER setting aside and vacating the order of February 2nd, 2005 for lack of jurisdiction and notices the Plaintiffs as a matter of law   The Plaintiffs request that the Court further grant the following relief to wit

1  That the Court set aside and vacate the final judgment entered on February 2nd, 2005 which is deemed null and void on its face for lack of

jurisdiction and because of a nonamendable defect which appears on the face of the record such as lack of notice of a hearing to the Plaintiffs concerning the Court's own motion to vacate the final judgment without having a meritorious reason

2  That the final judgment entered on January 28th, 2005 by the Honorable M  Gino Brogdon be effective and binding on this Court and all parties and is therefore the law of this case

3  That the Defendant and the Clerk of this Court be directed to comply with all of the terms of the final judgment entered on January 28th, 2005 by the Honorable M  Gino Brogdon, Presiding Judge and that any further orders or judgments (except any orders of the Georgia Supreme Court or the Georgia Court of Appeals) which is entered in violation of the final judgment shall be deemed null and void as a matter of law and,

4  That this order shall be made part of the final judgment of this Court and shall not be vacated or set aside by the Court without prior notice of a hearing to the Plaintiffs  Furthermore, the Plaintiffs shall have a right to file a motion for contempt for any persons violating this Order and the final judgment entered on January 28th, 2005 by this Court

This ___7th___ , day of ___Feb_____ , 2005.

**Agreed and Consented to By:**               **Agreed and Consented to By:**

**Michael R. Johnson, Sr.**                    **Tony L. Ware, JD, Plaintiff**
**Attorney for the Plaintiff**                 **Chairman & CEO**
**Georgia Bar No. 395056**                     **1033 Kipling Street S.E.**
**Johnson & Associates, P. C.**                **Atlanta, Georgia 30315-7030**
**340 West Peachtree Street, N.E.**            **(404) 945-0342**
**Suite 200**
**Atlanta, Georgia 30308**
**(404) 688-7100**

Page 5

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** upon all parties to this matter by causing to be deposited in the U.S. Mail, proper postage prepaid, a true copy of same addressed as follows:

> Michael R. Johnson, Sr **(also served via courier)**
> Johnson & Associates, P C.
> 340 West Peachtree Street, N.E
> Suite 200
> Atlanta, Georgia 30308

> Dr. Tony L. Ware, PhD, JD
> Post Office Box 150524 - Dept 0227
> Atlanta, Georgia 30315

This _15TH_ day of February, 2005.

William J Holley, II