FILED IN CLERK'S OFFICE
J.S.D.C.-Atlanta

FEB 22 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and<br>T. L. WARE BOTTLING<br>COMPANY, INC.<br><br>Plaintiffs,<br><br>v.<br><br>FLEETBOSTON FINANCIAL<br>CORP.,<br>f/k/a BANKBOSTON CORP.,<br><br>Defendant. | Civil Action<br>File No. 1:05-CV-0426MHS |

### NOTICE OF FILING ORIGINAL
### AFFIDAVIT OF THE HONORABLE JERRY W. BAXTER

Defendant FleetBoston Financial Corporation hereby gives notice of filing the original of the February 21, 2005 affidavit of the Honorable Jerry W. Baxter. FleetBoston Financial Corporation files this notice by special appearance while preserving all defenses and objections, including but not limited to, lack of personal jurisdiction and insufficient service of process.

Respectfully submitted,

**PARKER, HUDSON, RAINER & DOBBS LLP**

By: _____
William J. Holley, II
Georgia Bar No. 362310
Nancy H. Baughan
Georgia Bar No. 042575
Michael D. Grider
Georgia Bar No. 310473

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404)523-5300 (telephone)
(404)420-5549 (facsimile)    Attorneys for FleetBoston Financial Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and <br> T. L. WARE BOTTLING COMPANY, INC. <br><br> Plaintiffs, <br><br> v. <br><br> FLEETBOSTON FINANCIAL CORP., <br> f/k/a BANKBOSTON CORP., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action <br> ) File No. 1:05-CV-0426MHS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### AFFIDAVIT OF THE HONORABLE JERRY W. BAXTER

The Honorable Jerry W. Baxter, after being duly sworn, states and deposes:

**1.**

I am over 18 years of age and am otherwise competent to give this affidavit which I make on personal knowledge.

**2.**

I am a Judge for the Superior Court of Fulton County, State of Georgia.

**3.**

Superior Court Judges in Fulton County share the duties of "presiding judge" on a rotating basis. During the week beginning February 7, 2005, I was assigned to act as "presiding

judge" for matters brought to the Superior Court of Fulton County.

**4.**

I have reviewed the copy of the order attached hereto as Exhibit 1 (the "Order") and verify that the original of the Order contains my signature as presiding judge as of February 7, 2005, the date I signed the Order. Just below my signature is the statement "IT IS HEREBY CONSENTED TO BY THE PARTIES." I would not have signed the Order but for the fact that I was told by the presenters of the Order that it was an Order that was agreed to by all parties, Plaintiffs and Defendant. I would not have signed the Order if I knew that the Defendant was unaware of the Order or had not consented to it.

**5.**

The Order attached as Exhibit 1 was not prepared by me or at my direction. The caption of the Order identifies a Superior Court Civil Action File Number (2004-CV-94553) that is not a matter for which I was the assigned judge. But for my duty as presiding judge, I would not have considered the Order in Civil Action File Number 2004-CV-94553. I now understand that Judge Bensonetta Tipton Lane was the assigned judge for the Civil Action File relating to the Order.

**7.**

Because the Order was presented to me as a consent order between all parties, I did not spend time reviewing its contents. Now that I have reviewed the Order, I am sure that I would not have entered it had I known that the Defendant was unaware of and had not consented to the Order. Contrary to the statements in the Order, I did not conduct a hearing on a "Motion to Set Aside an Order pursuant to O.C.G.A. 9-11-60(a) and (d)(1)." I did not take any evidence related to the subject matter of the Order. I did not make any findings of fact related to the subject matter of the Order. I did not make any conclusions of law regarding the subject matter of the Order. I did not knowingly intend to vacate any existing order that had been entered by Judge Lane.

**8.**

In summary, the only fact that I relied upon to sign the attached Order was the express representation made to me that the Order was the product of consent by all parties, Plaintiffs and Defendant. But for this representation made to the Court, I never would have signed the Order.

**FURTHER AFFIANT SAYETH NOT.**

_____
The Honorable Jerry W. Baxter
Judge, Superior Court of Fulton County

Sworn to and subscribed
before me this _2/st_ day
of _February_____, 2005.

_Susan D Hozer_____
Notary Public

My Commission Expires: _September 12, 2005_

_____
(AFFIX NOTARIAL SEAL)

395467_1.DOC

4

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
)
      Plaintiffs, )
vs. ) CIVIL ACTION
) FILE NUMBER: <u>2004CV94553</u>
FLEETBOSTON FINANCIAL CORP. )
F/K/A BANKBOSTON CORP., )
) **ORDER ON MOTION**
      Defendant. )
) PRESIDING JUDGE BAXTER

FILED IN OFFICE
FEB - 7 2005
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## ORDER

The Plaintiffs in this civil matter having come before this Court for a hearing on their Motion to Set Aside an Order pursuant to O.C.G.A. § 9-11-60(a) and (d)(1) with their consent in this action. Based upon the record in this action, the evidence presented to the Court by the parties and applicable State law the Court finds that as a matter of law sufficient grounds exist for the granting thereof. The Court hereby GRANT the Plaintiffs' joint Motion to Set Aside this Court's Order entered on February 2nd, 2005 vacating this Court's final judgment on January 28th, 2005 as follows:

### I. FINDINGS OF FACT

The Court makes the following findings of fact:

The Plaintiffs Tony L. Ware, CEO and T.L. Ware Bottling Company, Inc., brought this civil action on December 7th, 2004 based upon their ten count Complaint for Damages, Injunction, RICO violations, Fraud, Gross Negligence and other violations of both Federal and State laws and further requesting injunctive and other equitable relief concerning all other claims and disputes against the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation.

Page 1

Exhibit #1

After proper service of process of the Summons and Complaint on the Defendant on December 10th, 2004 by a Court Appointed Process Server, the Defendant failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005.

On January 28th, 2005 this Court entered a Final Judgment and Decree in favor of the Plaintiffs. See, Docket No. 10. Before any party could appeal such final judgment this Court entered a order vacating said final judgment on its own motion without a showing of any meritorious reason. See, Docket No. 11.

Contrary to the final judgment of this Court the Order vacating the final judgment did not state whether or not said final judgment was void or whether there were any nonamendable defects which may appear on the face of the record. The Court further finds that the final judgment entered in this action was not void for lack of jurisdiction over the parties or the subject matter in this case. Nor are there any nonamedable defects which would authorized this Court to set aside or vacate the final judgment entered by this Court.

Thus the final judgment entered on January 28th, 2005 limited this Court's own inherent power and jurisdiction to amend, modify or set aside the final judgment as it relates to this case without first giving the Plaintiffs a notice of a hearing and a right to be heard by the Court prior to vacating and setting aside the final judgment of this Court. See, Docket No. 10 Final Judgment at Page 12.

Therefore this Court finds that as a matter of law, there are no meritorious reasons to vacate the final judgment entered on January 28th, 2005 and the Order vacating such final judgment is void on its face for lack of jurisdiction.

## II. DISCUSSION

Notwithstanding this Court's inherent authority over judgments within the same term of Court the final judgment entered in this action was rendered in chambers pursuant to O.C.G.A. § 9-11-55(a). This Court never exercised any legal discretion to vacate its final judgment nor did the Court give the Plaintiffs any meritorious reasons for vacating the final judgment. See, Docket No. 11 Order vacating judgment. Our Georgia Supreme Court has made it clear in *Pope v. Pope*, 277 Ga. 333, 588 SE2d 736 (2003) by stating the following:

> "A trial court's discretion in setting aside a judgment will not be disturbed unless manifestly abused. However, trial Court's discretion to set aside a judgment during the term it was entered is not without limits, and should be exercised for some meritorious reason."

Thus the Order attempting to vacate the final judgment in this manner did not show that the Court exercised any legal discretion by showing a meritorious reason. The Georgia Supreme Court has also held in *Hurt Bldg., Inc. v. Atlanta Trust Co.*, 181 Ga. 274, 182 SE 187 (1935) that:

> "While a motion to set aside a judgment a judgment is addressed to the sound discretion of the judge, it should not, although made during the term at which the judgment was rendered, be granted unless some meritorious reason is given thereof. The rule appears to have been generally adopted in almost all jurisdictions, that the power of control even during the term should be exercised only upon sufficient cause shown, and where the matter appeals to an exercise of sound legal discretion."

As stated herein the final judgment entered on January 28th, 2005 limited this Court's own power and jurisdiction to amend, modify or set aside the final judgment by first giving the Plaintiffs the right to a notice of a hearing and a right to be heard prior to the Court vacating or setting aside the final judgment of this Court. See, Docket No. 10 Final Judgment at Page 12 which reads in part that:

> "IT IS FURTHER ORDERED, That the Plaintiffs has consented to the total payment and satisfaction of this judgment to be made payable to the Plaintiff T.L. Ware Bottling Company, Inc., by the Defendant. **Furthermore, this consent final judgment shall not be amended, modified or set aside by the parties or the Court without the consent of the parties Plaintiffs or without a notice of a hearing to the Plaintiffs by the Clerk of this Court at the Plaintiffs' address of record in this action.**"

Page 3

### III. CONCLUSION OF LAW

This provision of the final judgment was binding on this Court. Therefore, the Court concludes that there are no meritorious reasons to vacate the final judgment entered on January 28th, 2005 and the Order vacating such final judgment without notice to the Plaintiffs and without their consent pursuant to the above stated provision of the final judgment is deemed void on its face for lack of jurisdiction. The Georgia Supreme Court has further held that:

> "A void judgment is no judgment. By it no rights are divested; from it no rights can be obtained. Being worthless in itself, all proceeding founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void."

See, *Steward vs. Golden*, 98 Ga. 479, 25 SE 538 (1896) and also see *Shotgun vs. State*, 73 Ga. App. 136, 35 SE2d 556 (1945) cert. denied, 329 U.S. 740, 67 S.Ct. 56, 91 L.Ed 638 (1946). See, O.C.G.A. § 9-11-60(a) and O.C.G.A. § 9-12-16. The Georgia Supreme Court has made it clear by stating:

> "When a party has been afforded an opportunity to be heard, the court cannot suspend or vacate its judgment merely to let in a defense which should have been offered before the judgment was entered."

See, *Hurt Bldg., Inc. v. Atlanta Trust Co.*, Supra. This Court further concludes that the Order vacating the final judgment without having a meritorious reason and without notice to the Plaintiffs prior to vacating the final judgment violates the Plaintiffs Federal Constitutional rights to due process under law.

**ORDERED, ADJUDGED, AND DECREED,** That the Order vacating the final judgment entered on February 2nd, 2005 is hereby set aside and vacated and said order is deemed null and void on its face for lack of jurisdiction and because of a nonamendable defect which appears on the face of the record such as lack of notice of a hearing to the Plaintiffs concerning the Court's own motion to vacate the final judgment without having a meritorious reason.

**IT IS FURTHER ORDERED,** By this Court that the final judgment entered on January 28th, 2005 by the Honorable M. Gino Brogdon is effective and binding on this Court and all parties and is therefore the law of this case.

**IT IS FURTHER ORDERED,** By this Court that the Defendant and the Clerk of this Court is further directed to comply with all of the terms of the final judgment entered on January 28th, 2005 by the Honorable M. Gino Brogdon, Presiding Judge and that any further orders or judgments (except any orders of the Georgia Supreme Court or the Georgia Court of Appeals) which is entered in violation of the final judgment shall be deemed null and void as a matter of law.

**IT IS FURTHER ORDERED,** By this Court that this order shall be made part of the final judgment of this Court and shall not be vacated or set aside by the Court without prior notice of a hearing to the Plaintiffs. The Plaintiffs shall have a right to file a motion for contempt for any persons violating this Order and the final judgment entered on January 28th, 2005 by this Court.

**IT IS SO ORDERED, This _____ day of _____, 2005.**

_____
**Hon. JERRY W. BAXTER, Presiding Judge**
**SUPERIOR COURT OF FULTON COUNTY**

**IT IS HEREBY CONSENTED TO BY THE PARTIES,**

Consented to By:

Michael R. Johnson, Sr.
Attorney for the Plaintiff
Georgia Bar No. 395056
Johnson & Associates, P. C.
340 West Peachtree Street, N.E.
Suite 200
Atlanta, Georgia 30308
(404) 688-7100

Consented to By:

Dr. Tony L. Ware, JD, Plaintiff
Chairman & CEO
P.O. Box 150524-Dept. 0227
Atlanta, Georgia 30315-0188
(404) 945-0342

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF FILING ORIGINAL AFFIDAVIT OF THE HONORABLE JERRY W. BAXTER** upon all parties to this matter by causing to be deposited in the U.S. Mail, proper postage prepaid, a true copy of same addressed as follows:

>Michael R. Johnson, Sr. **(also served via courier)**
>Johnson & Associates, P.C.
>340 West Peachtree Street, N.E.
>Suite 200
>Atlanta, Georgia 30308
>
>Dr. Tony L. Ware, PhD, JD
>Post Office Box 150524 - Dept. 0227
>Atlanta, Georgia 30315

This 22nd day of February, 2005.

_____
William J. Holley, II

394898_1.DOC