FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

FEB 22 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and <br> T. L. WARE BOTTLING <br> COMPANY, INC. <br><br> Plaintiffs, <br><br> v. <br><br> FLEETBOSTON FINANCIAL <br> CORP., <br> f/k/a BANKBOSTON CORP., <br><br> Defendant. | Civil Action File No. <br> File No. 1:05-CV-0426MHS |

## NOTICE OF FILING ORIGINAL
## SECOND AFFIDAVIT OF MARTHA R. FRANCIS

Defendant FleetBoston Financial Corporation hereby gives notice of filing the original of the February 10, 2005 second affidavit of Martha R. Francis. FleetBoston Financial Corporation files this notice by special appearance while preserving all defenses and objections, including but not limited to, lack of personal jurisdiction and insufficient service of process.

Respectfully submitted,

**PARKER, HUDSON, RAINER & DOBBS LLP**

By: _____
William J. Holley, II
Georgia Bar No. 362310
Nancy H. Baughan
Georgia Bar No. 042575
Michael D. Grider
Georgia Bar No. 310473

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404)523-5300 (telephone)
(404)420-5549 (facsimile)          Attorneys for FleetBoston Financial Corporation

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and<br>T. L. WARE BOTTLING COMPANY, INC.<br><br>    Plaintiffs,<br><br>v.<br><br>FLEETBOSTON FINANCIAL CORP.,<br>f/k/a BANKBOSTON CORP.,<br><br>    Defendant. | Civil Action<br>File No. 1:05-CV-0426MHS |

### SECOND AFFIDAVIT OF MARTHA R. FRANCIS

Martha R. Francis, after being duly sworn, states and deposes:

1. I am over 18 years of age and am otherwise competent to give this affidavit which I make on personal knowledge unless otherwise specifically stated herein.

2. I am an Assistant Corporate Secretary in Bank of America Corporation's Legal Department and, as set forth below, from my personal review of corporate records in the custody of Bank of America Corporation and my personal actions, I have personal knowledge of the facts stated herein.

3. On February 9, 2005, I first saw a copy of Plaintiff's Complaint in this action. The entity that appeared to be identified as Defendant in the Complaint and that is identified in many of the documents contained as Exhibit A to the Complaint is a corporation that was organized and existed under the laws of the state of Delaware under the name FleetBoston Financial Corporation (hereinafter referred to as "FBC(Del)").

4. I know FBC(Del) to be a "placeholder corporation." In other words, while the entity was organized under Delaware law and registered in multiple states, including Georgia, the entity never transacted any banking business or held assets of any significant value. Contrary to the

caption of Plaintiff's Complaint, FBC(Del) is not the successor to BankBoston Corporation. Most important, FBC(Del) never held the assets of or ever was the successor in any way to the Fidelity Acceptance Corporation.

5. Certain documents contained within Exhibit A to the Complaint identify persons who were at one time officers of FBC(Del), including M.A. Ferrucci. Mr. Ferrucci and the other persons identified were employees of CT Corporation System who prepared the paperwork for and acted as officers of FBC(Del) in its placeholder status. Mr. Ferrucci ceased being an employee of CT Corporation System more than two years ago the President of FBC(Del) was changed to Victor A. Duva.

6. FBC(Del) was legally dissolved in the state of Delaware on July 13, 2004. A true and correct copy of the certified Certificate of Dissolution is attached hereto as Exhibit 1.

7. I am personally familiar with the application for withdrawal of FBC(Del)'s registration in Georgia. Attached hereto as Exhibit 2 (and in the same form included within Exhibit A to Plaintiffs' Complaint) are true and correct copies of FBC(Del)'s application for withdrawal of registration filed on July 21, 2004 with the Georgia Secretary of State and the Certificate of Withdrawal issued by the Georgia Secretary of State effective July 21, 2004. I am the "Rebecca Francis" identified in the application for withdrawal. My address for receipt of process is identified correctly on the application for withdrawal as "Bank of America, 50 Kennedy Plaza, 16th Floor, Providence, RI 02903."

8. For approximately 12 years prior to my employment by Bank of America, I was employed in Fleet National Bank's Legal Department. My duties and responsibilities caused me to have knowledge of the activities of FBC(Del) and its status as a "placeholder corporation." I know that from its inception in 1999 through July 13, 2004, FBC(DEL) never actively engaged

2

in the business of banking and never transacted business in Georgia. Moreover, I am certain that after its dissolution on July 13, 2004, FBC(Del) has not transacted business in any state.

9. I have been and am the person responsible for receiving service of process of legal papers upon FBC(Del). To the best of my knowledge and after a diligent search, FBC(Del) never received service of Plaintiff's Complaint or any discovery requests.

10. The first time I became aware of Plaintiffs' lawsuit (but not Plaintiffs' Complaint) was when I received a mailing from the chambers of Judge Bensonetta Tipton Lane of the Fulton Superior Court enclosing copies of a January 28, 2005 default judgment and a February 2, 2005 Order signed by Judge Lane vacating the January 28, 2005 judgment. The envelope in which the documents were received was saved and a true and correct copy is attached hereto as Exhibit 3. Of note, although the address references M.A. Ferrucci who is not currently an employee of FBC(Del) or Bank of America, the address line also includes the name of "FleetBoston Financial Corporation."

11. In contrast to the mailing sent by Judge Lane's chambers, I note that the registered mail receipt for Plaintiffs' alleged service of its Complaint did not include identification of "Bank of America" or "FleetBoston Financial Corporation." Moreover, upon information and belief, the registered receipt was traced to the United States Post Office and I understand that the mail was returned to the sender, Plaintiff Tony L. Ware, as undeliverable on December 20, 2004.

12. On February 9, 2005 I learned from the Georgia Secretary of State's office that it did not attempt to mail any documents it received in connection with this case (including Plaintiffs' Complaint) to anyone. Instead, I was told that the Secretary of State simply retains legal process served upon it for an undetermined period of time and relies upon Plaintiffs to achieve actual service of complaints and other papers on withdrawn corporations.

3

FURTHER AFFIANT SAYETH NOT.

_Martha R. Francis_
Martha R. Francis

Sworn to and subscribed
before me this 10th day
of February, 2005.

_Anita Maruffi_
Notary Public

My Commission Expires:
7-20-08

(AFFIX NOTARIAL SEAL)

ANITA MARUFFI
NOTARY PUBLIC
MY COMMISSION EXPIRES JULY 20, 2008

#861599

4