ORIGINAL

REC IN CLERKS OFFICE

FEB 2 3 2005

~~~~~~ Clerk
Dep'ty Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY L. WARE, CEO and          )
T. L. WARE BOTTLING COMPANY,   )
INC.                           )
                               )
            Plaintiffs,        )
                               )
v.                             )     Civil Action
                               )     File No. 1:05-CV-0426MHS
FLEETBOSTON FINANCIAL CORP.,   )
f/k/a BANKBOSTON CORP.,        )
                               )
            Defendant.         )
                               )
_____)

BRIEF IN SUPPORT OF DEFENDANT'S RULE 60(b) MOTION
TO SET ASIDE ORDERS

## I.    INTRODUCTION

Through blatant misrepresentation Plaintiffs obtained two orders from presiding duty judges in the Fulton Superior Court. The first "consent" order (the "Brogdon Order") purported to adjudge a $922 million default upon FleetBoston Financial Corporation (hereinafter "FBF") and the second "consent" order (the "Baxter Order") purported to reinstate the default - yet both were entered prior to FBF ever receiving the initial pleading in this case.  This Court should vacate the orders pursuant to Fed. R. Civ. P. 60(b)(3) because they were procured by fraud, misrepresentation and other misconduct and pursuant to Fed. R. Civ. P. 60(b)(4) because they were entered without due

process. Further, this Court should levy the strongest sanctions available on Plaintiffs and their counsel for their conduct in procuring the false orders.

## I. **FACTUAL BACKGROUND**

### A. **Plaintiffs' Claims and the Prior Action.**

Plaintiffs' claims all arise from the alleged wrongful June 1994 repossession of an automobile that was leased from an entity called Fidelity Financial Services, Inc. (Compl. at ¶¶ 6-9 and Exhibits B, D). Plaintiffs allege that the repossession was committed with the assistance of an entity named Fidelity Acceptance Corporation and that, while Plaintiffs had no relationship with FBF, Plaintiffs contend that Fidelity Acceptance Corporation and Fidelity Financial Services, Inc. through an entity called "BankBoston Corp.," are somehow predecessors to or subsidiaries of FBF. (Compl. at ¶¶ 8, 13). From the lease relationship and alleged wrongful repossession, Plaintiffs have set forth "counts" for a variety of state and federal torts and statutory violations and Plaintiffs seek damages in excess of $170,000,000. (Compl. at ¶¶ 25-48).

In November 1994, Plaintiff Ware filed a lawsuit styled Tony L. Ware v. Fidelity Acceptance Corp., Fidelity Financial Services, Inc., Admiral Life Insurance Company, and Martin L. Lane, Civil Action File No. E32381 in the Superior Court of

Fulton County (the "Prior Action").  (Certified copies of the
pleadings filed in the Prior Action are at Appendix, Exhibit A).[1]
In the Prior Action, Plaintiff complained of the same June 1994
repossession complained of now and asserted a variety of state
and federal tort and statutory claims against Fidelity Financial
Services, Inc. and Fidelity Acceptance Corporation arising from
their alleged actions in connection with the lease and
repossession.   (Prior Action Compl. at ¶¶ 5, 12, 20-24).
Indeed, attached as Exhibit B to the current Complaint and
Exhibit C to the Prior Complaint is the same financing agreement
with Fidelity Financial Services, Inc. for the 1989 Plymouth
Acclaim.  (Compl., Ex. B, Prior Compl., Ex. C).

The Prior Action terminated adverse to Plaintiff when the
Superior Court of Fulton County entered a directed verdict in
favor of the Defendants.   (A certified copy of the Directed
Verdict Order is at Appendix, Ex. B).   After Plaintiff Ware
appealed the Directed Verdict Order, the Court of Appeals
affirmed the trial court's ruling.  See Tony L. Ware v. Fidelity

---

[1] All references to "Appendix" in this brief are references to
the previously filed Appendix in Support of Defendant's Rules 12
and 60 Motions.

Acceptance Corp., et al., 225 Ga. App. 41, 482 S.E.2d 536 (1997).[2]

### B.   Facts Related to FBF.

FBF is a dissolved Delaware corporation. (Second Affidavit of Martha R. Francis, copied at Appendix, Ex. D ("Francis Aff.") at ¶ 4). FBF was incorporated on April 20, 1999 as a "placeholder corporation" to save a corporate name should the incorporators desire to conduct banking business through a Delaware corporation. (Id. at ¶ 4; Application for Certificate of Authority at Ex. A to Compl.) FBF never held assets of significant value. (Francis Aff. at ¶ 4). Although FBF was registered to conduct business in multiple states, including Georgia, the corporation never transacted any business in Georgia. (Id. at ¶¶ 4, 8). FBF was legally dissolved in the State of Delaware on July 13, 2004. (Id. at ¶ 6, Ex. 1). FBF applied to withdraw its registration to do business in Georgia and the Georgia Secretary of State issued a Certificate of Withdrawal effective July 21, 2004. (Id. at ¶ 7, Ex. 2).

---

[2] While Plaintiffs' attorney, Michael R. Johnson, did not represent Ware in the Prior Action, Johnson was actually aware of the Prior Action as it was cited at page 2 of a February 25, 2003 brief served on Attorney Johnson by attorneys for the Honorable Alice D. Bonner. Apparently Ware, with Johnson's assistance, sued Judge Bonner when she declined to order a $1.25 billion default judgment against Microsoft. (Judge Bonner's Appellee Brief is copied at Appendix, Ex. C).

Contrary to the caption of Plaintiffs' complaint, FBF is not the successor to BankBoston Corporation.  (Id. at ¶ 4). Indeed, FBF is not the successor to any business entities. Further, neither Fidelity Financial Services, Inc. nor Fidelity Acceptance Corporation are now or ever have been subsidiaries of FBF.  (Id.)  Indeed, FBF never had any subsidiaries.

### C.  Facts Regarding Service of Process.

FBF has never received service of the Complaint, discovery or any other paper from Plaintiffs.  (Francis Aff. at ¶ 9).  The "LEGAL SERVICE ADDRESS" identified by FBF in its July 21, 2004 Application for Withdrawal of Registration is:  Rebecca Francis, Bank of America, 50 Kennedy Plaza, 16th Floor, Providence, RI 02903.  (Id. at ¶ 7, Ex. 2).

According to Plaintiffs' "Affidavit of Service of Process" executed under oath on December 23, 2004 and filed in the Superior Court of Fulton County on January 14, 2005, Plaintiff Ware "personally served" FBF on December 10, 2004 with a copy of the "Summons, Complaint, and Plaintiffs' Requests for Admissions by serving Defendant's last known CEO at the following address to wit:  M.A. Ferucci, CEO, FleetBoston Financial Corporation, 50 Kennedy Plaza, 16th, Floor, Providence, RI 02903." (Plaintiffs' Affidavit of Service of Process, previously filed with the Notice of Removal, is copied at Appendix, Ex. E).

Contrary to Plaintiffs' "personal service" allegation, attached to the affidavit were the "sender" portions of a certified mail receipt showing that Plaintiffs sent a package on December 10, 2004 addressed to "Mr. M.A. Ferucci, CEO, 50 Kennedy Plaza, 16th, Providence, RI 02903." (Id.) Although Plaintiffs also alleged delivery of the same materials to the Georgia Secretary of State, the Georgia Secretary of State does not make service, rather it relies on plaintiffs to achieve actual service. (Francis Aff. at ¶ 12).

FBF first received a copy of Plaintiffs' Complaint from its counsel on February 8, 2005. (Affidavit of Attorney William J. Holley, II, copied at Appendix, Ex. F, at ¶ 4). On February 9, 2005, a legal assistant researched the certified mail receipt attached to Plaintiffs' affidavit of service using publicly available documents from the United States Postal Service. (Affidavit of Cristina Sanabria, copied at Appendix, Ex. G, at ¶¶ 3-4). With this information FBF learned that the package referenced in Plaintiffs' affidavit of service was returned to Plaintiff Ware on December 20, 2004 for the reason "ADDRESSEE UNKNOWN." (Id. at ¶ 5, Ex. 2). Moreover, the same Tony Ware that signed the affidavit attesting to personal service on December 23, 2004, signed on December 20, 2004 the receipt

evidencing return of the package and knew that no service had in fact been made. (Id. at ¶ 6, Ex. 3).

**D. Plaintiffs' Fraudulently Obtained Orders.**

Plaintiffs filed a "Certificate of Default" on January 27, 2005 stating, under oath, that FBF was served on December 10, 2004 by a court appointed process server. (Plaintiffs' Certificate of Default, previously filed with the Notice of Removal, is copied at Appendix, Ex. H). In truth, Plaintiffs knew, no later than December 20, 2004, that the package containing the Complaint was returned, "ADDRESSEE UNKNOWN."[3]

Undeterred by the true facts, on January 28, 2005 Plaintiffs presented a "consent" final judgment and decree (the "Brogdon Order") to Judge Gino Brogdon, the presiding duty judge, rather than to Judge Bensonetta Tipton Lane, the judge assigned to the case. (The Brogdon Order, previously filed with the Notice of Removal, is copied at Appendix, Ex. I). Rather than informing Judge Brogdon that no service had in fact been received by FBF, Plaintiffs falsely represented that proper

---

[3] Plaintiffs' abuse of legal process is particularly inexcusable as Ware is no stranger to the legal system. See, e.g., Ware v. Bonner, ___ Ga. ___, 585 S.E.2d 621 (2003); Ware v. Scott Boulevard Motors, Inc., No. S97C0182, 1997 Ga. LEXIS 243 (Ga. Jan. 31, 1997); Ware v. Handy Storage, 222 Ga. App. 339, 474 S.E.2d 240 (1996); Ware v. Vaughn, 225 Ga. App. 303, 483 S.E.2d 698 (1997); and Ware v. Fidelity Acceptance Corp., 225 Ga. App. 41, 482 S.E.2d 536 (1997).

service of process had been achieved on December 10, 2004. (Id. at p. 2). The Brogdon Order purported to set an award of $922,267,265.24 in favor of Plaintiffs. (Id. at p. 9). Further, the Brogdon Order purported to pre-adjudicate a contempt citation against FBF and set a penalty of $25,000 per day. (Id. at pp. 8-9). Further, the Brogdon Order purported to direct all Georgia sheriffs and deputies to immediately seize monies, property and assets held by FBF. (Id. at p. 9). Further, the Brogdon Order purported to enjoin FBF from filing any "motions, pleadings or appeals" related to the Order. (Id. at pp. 10-11). Finally, the Brogdon Order purported to authorize the immediate arrest of any persons who resisted enforcement of the $922 million judgment. (Id. at p. 11).

On February 2, 2005, Judge Lane sua sponte entered an order (the "Lane Order") vacating the Brogdon Order. (The Lane Order, previously filed with the Notice of Removal, is copied at Appendix, Ex. J). Thankfully, Judge Lane sent a copy of her Order and the Brogdon Order to FBF at Ms. Francis' address and FBF was alerted, for the first time, to the existence of Plaintiffs' current suit. (Francis Aff. at ¶¶ 10-11).

Undeterred by the Lane Order, on February 7, 2005, Plaintiffs approached Judge Jerry Baxter, the then presiding duty judge, and presented a "consent" order (the "Baxter Order")

reinstating the Brogdon Order and vacating the Lane Order. (The Baxter Order, previously filed with the Notice of Removal, is copied at Appendix, Ex. K). The Baxter Order was prepared by Plaintiffs and their counsel and contained, just below the signature block for the Judge, the bold misrepresentation "IT IS HEREBY CONSENTED TO BY THE PARTIES." (Id. at p. 5). Plaintiffs falsely told Judge Baxter that the order presented to him was the product of consent by all parties, Plaintiffs and FBF. (Affidavit of the Honorable Jerry W. Baxter, copied at Appendix, Ex. L (hereinafter "Judge Baxter Aff.") at ¶¶ 4, 7-8). Had Judge Baxter known the truth - that FBF had not consented to and was unaware of the order - Judge Baxter would not have signed the Baxter Order.

Knowing that Judge Lane certainly would vacate the Baxter Order and likely discipline Plaintiffs and their counsel, on February 8, 2005, Plaintiffs filed a "Notice of Appeal" in an attempt to divest Judge Lane's jurisdiction. (Plaintiffs' Notice of Appeal, previously filed with the Notice of Removal, is copied at Appendix, Ex. M). Appellate costs set by the Fulton County Superior Court at $194.00 remained unpaid at the

time of removal. (A copy of the Fulton County Superior Court docket for this case is at Appendix, Ex. N).[4]

Plaintiffs' pleading machinations are not new. Instead, frivolous and abusive litigation is Ware's modus operandi. In April 2000 Ware filed a "Complaint for Damages, Fraud, RICO Injunction and Gross Negligence" against Microsoft Corporation, indexed as Fulton County Superior Court Civil Action File Number 2000-CV-21568. Ware filed several motions for a $1.25 billion default judgment that were denied by Judge Alice Bonner. Next, Ware, assisted by his present counsel, sued Judge Bonner. Ware v. Bonner, ___ Ga. ___, 585 S.E.2d 621 (2003); see also Appendix, Exhibit C. In the Prior Action, Ware filed a "Motion for Proof of Authority," a "Motion to Strike and Dismiss All Defendants' Answers" and a "Motion To Set Aside Orders." Ware v. Fidelity Acceptance Corp., 225 Ga. App. 41, 42, 482 S.E.2d 536, 537 (1997). In Ware v. Handy Storage, 222 Ga. App. 339, 474 S.E.2d 240 (1996), the trial court denied Ware's attempt to obtain a $14 million default judgment. In Ware v. Vaughan, 225 Ga. App. 303, 306, 483 S.E.2d 698, 700-01 (1997), the Georgia Court of Appeals commented:

---

[4] Although Plaintiffs apparently filed an "Affidavit of Indigence" on February 14, 2005, the trial court had not yet conducted a hearing on the propriety of the Affidavit before removal and the case remained pending in the trial court at the time of removal.

[W]e find this appeal and the entire appeal procedure used by Ware to be wholly and egregiously frivolous and abusive, and we find that the appeal has been litigiously pursued for the purpose of harassment, and we impose a penalty of $1 against Tony L. Ware pursuant to Court of Appeals Rule 15(b), as amended, this sum being appropriate inasmuch as he has declared himself to be a pauper.   We direct that this opinion be published in the Georgia Appeals Reports.   Finally, we direct that the matters and proceedings and actions stated herein be considered cumulative and aggravating circumstances to any further and future action by Tony L. Ware which this Court deems to be improper, frivolous, abusive, or excessive litigation.

## II.   DISCUSSION

### A.   This Court May and Should Properly Set Aside The Brogdon Order and the Baxter Order.

This Court has the jurisdiction and a duty to reconsider and set aside the Brodgon Order and the Baxter Order.  As the Eleventh Circuit has explained, "[a]fter removal, state court proceedings are treated as those of the district court, and the district court naturally is able to reexamine its own proceedings."  Jackson v. American Savings Mortgage Corp., 924 F.2d 195, 198 (11$^{th}$ Cir. 1991) (citing Savell v. Southern Ry., 93 F.2d 377, 379 (5$^{th}$ Cir. 1937)).  For this reason, "a state court judgment in a case removed to federal court does not foreclose proceedings in the case in federal court," in which "a federal district court may dissolve...orders and all other proceedings which have taken place prior to removal."  Jackson, 924 F.2d at

198 (quoting Maseda v. Honda Motor Co., 861 F.2d 1248, 1252 (11th Cir. 1988).

The Brogdon Order adjudged a $922 million default and the Baxter Order purported to reinstate the default.  The proper and exclusive method for attacking default judgments in federal district court is by way of a motion under Federal Rule of Civil Procedure 60(b).  Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1507 (11th Cir. 1984) (quoting Federal Rule of Civil Procedure 55(c)); See also Butner v. Neustadter, 324 F.2d 783, 786-87 (9th Cir. 1963) (holding that a district court abused its discretion in applying Rule 60(b) after removal by refusing to vacate a default judgment entered by a state court).  Parties attacking default judgments under Rule 60(b) must show either: that they have a meritorious defense to the action that might have affected the outcome and granting the motion would not result in prejudice to the non-defaulting party, Gulf Coast Fans, Inc., 740 F.2d at 1511; or, that the default judgment was entered without due process of law.  See Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 84-87, 108 S.Ct. 896, 898-900 (1988)(party entitled to have judgment set aside where he did not have service of process); see also, Gulf Coast Fans, Inc., 740 F.2d at 1512 (trial court

was required to set aside default judgment and decide a challenge to personal jurisdiction).

In this case, the evidence clearly establishes that the two presiding duty judge orders were entered as a result of fraud. Furthermore, Plaintiffs are attempting to litigate eleven-year old, time-barred claims that were the subject of a prior litigation lost by Plaintiffs and that arose before FBF existed. Thus, FBF has numerous meritorious defenses to this action, including collateral estoppel, res judicata, statutes of limitations and failure to state a claim, each of which would affect the outcome of the litigation. Finally, because FBF never received notice of this lawsuit prior to the entry of the default judgment, and because FBF is not subject to personal jurisdiction in Georgia, the orders were entered without FBF being accorded due process of law as required by the Fourteenth Amendment. Therefore, FBF absolutely meets and exceeds all Rule 60(b) prerequisites for the Brogdon Order and Baxter Order to be set aside.

## B. The Orders Were Procured By Fraud, Misrepresentation and Misconduct.

Pursuant to Red. R. Civ. P. 60(b)(3), the Court may relieve a party of a final judgment or order because of fraud, misrepresentation, or other misconduct of the adverse party.

"Rule 60(b)(3) is aimed at judgments which were unfairly obtained . . .." De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000) A Rule 60(b)(3) motion should be granted if the moving party proves that the judgment was obtained by fraud, misrepresentation, or other misconduct, and the conduct complained of prevented the losing party from fully and fairly presenting his case or defense. Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978).

Due to the deliberate and egregious nature of Plaintiffs' misrepresentations and misconduct in this matter, FBF can find no legal precedent analyzing conduct even remotely similar to the conduct at issue. However, there is no doubt that the two orders entered by the presiding duty judges of the Superior Court of Fulton County should be set aside pursuant to Rule 60(b)(3). The evidence, including the affidavit of one of the defrauded Judges, demonstrates that Plaintiffs and/or their counsel have engaged in a fraudulent scheme to deceive FBF and the Court since day one of this litigation.[5] This scheme is both well documented and unmistakable.

---

[5] Even the initial filing of the Complaint was improper because, as known by Plaintiffs and their counsel, Plaintiffs previously litigated and lost the same claims. See Tony L. Ware v. Fidelity Acceptance, Corp., Fidelity Financial Services, Inc., Admiral Life Insurance Company, and Martin L. Lane, Superior Court of Fulton County, Civil Action No. E32381.

First, Plaintiffs falsely represented that FBF had received service of the Complaint.  On December 23, 2004, Plaintiffs executed an Affidavit of Service of Process, which represented that FBF was "personally served" on December 10, 2004 with a copy of the "Summons, Complaint, and Plaintiffs' Request for Admissions . . .."  (Appendix, Ex. E).  Contrary to this misrepresentation, Plaintiffs had actual knowledge that FBF was not served with these documents because the package containing said documents was returned by the United States Postal Service to Plaintiff Ware on December 20, 2004 for the reason "ADDRESSEE UNKNOWN."  (Sanabria Aff. at ¶ 5).  Plaintiff Ware even signed a receipt evidencing return of his package and that no service had been made upon FBF.  (Id. at ¶ 6, Exhibit 3).  Regardless, Ware deceptively executed the Affidavit of Service of Process three days later and filed the same with the Superior Court of Fulton County on January 14, 2005, in an effort to procure a bogus default judgment against FBF.  Plaintiffs filed a "Certificate of Default" on January 27, 2005 stating, under oath, that FBF was served on December 10, 2004 by a court appointed process server.  (Appendix, Ex. H).

Plaintiffs' fraudulent misconduct did not stop there.  On January 28, 2005 Plaintiffs and their counsel presented the Judgment to Judge Gino Brogdon and requested an award against

FBF for $922,267,265.24. (Appendix, Ex. I). In addition to falsely representing that FBF had been properly served on December 10, 2004, the Judgment purported to be a "consent judgment." (Id. at p. 12). In fact, while the Judgment boldly states that "IT IS HEREBY AGREED TO BY THE PARTIES," Plaintiffs knew that FBF was incapable of knowing consent - FBF's service copy of the Complaint and discovery were then in Plaintiff Ware's possession!

Not once but twice, Plaintiffs and their counsel unscrupulously tried to advance their claims through the presentment of sham "consent" orders. After Judge Lane sua sponte entered an order vacating the Judgment on February 2, 2005, Plaintiffs and their counsel presented another fake consent order to Judge Jerry Baxter on February 7, 2005 reinstating the Judgment and vacating Judge Lane's Order. Again, the February 7, 2005 order contained the false statement that "IT IS HEREBY CONSENTED TO BY THE PARTIES." (Appendix, Ex. K, p. 5; Ex. L, ¶ 4).

To simply say that Plaintiffs' and their counsel's conduct was misleading is a gross understatement. FBF had no receipt of Plaintiffs' Complaint until, on February 8, 2005, its counsel retrieved a copy from the Superior Court Clerk. By knowingly misrepresenting to the Superior Court of Fulton County that

16

service had been achieved upon FBF, when in reality FBF had no knowledge of the lawsuit, Plaintiffs deprived FBF of any opportunity to defend itself in this matter.   See Rozier, 573 F.2d at 1339.

## C.   FBF Has Numerous Meritorious Defenses And Opening Default Could Not Prejudice The Plaintiffs.

### 1.   FBF's Meritorious Defenses

As set forth more fully in FBF's Brief in Support of Defendant's Rule 12(b) Motion to Dismiss Complaint ("Rule 12(b) Brief"), FBF has a number of case dispositive, meritorious defenses to Plaintiffs' claims.   (Rule 12(b) Brief at pp. 13-24).   First, all of Plaintiffs' claims are barred by res judicata or collateral estoppel.   O.C.G.A. § 9-12-40; Mahan v. Watkins, 256 Ga. App. 260, 568 S.E.2d 130, 131 (2002) ("The doctrine of res judicata prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated action.").   The Prior Action, premised on the same vehicle repossession and financing agreement at issue in the present action, was fully litigated and dismissed after the Superior Court of Fulton County entered a directed verdict for the defendants on all claims.   (Appendix, Ex. B).   Thus, at the onset Plaintiffs' claims had no legal merit.

Second, Plaintiffs' claims all are barred by applicable two, four or five year statutes of limitation. (Rule 12(b) Brief at pp. 15-16). Plaintiffs' allegations all arise from a lease financing agreement consummated in March 1993 and terminated with repossession in June 1994. (Compl. at ¶¶ 7-8). Because Plaintiffs' eleven-year old claims don't come close to falling within any of the controlling limitations periods, the Complaint is time-barred by operation of law.

### 2.   Plaintiffs Could Not Be Prejudiced If the False Orders are Set Aside.

As set forth above, because the meritorious defenses of FBF completely bar any recovery by the Plaintiffs, even the filing of the Complaint is in violation of law.   Fed. R. Civ. P. 11; O.C.G.A. § 51-7-81.   Moreover, the challenged Orders were procured through Plaintiffs' active misconduct.   Under these circumstances there is no room for Plaintiffs to argue "prejudice" from vacation of Orders procured only through their own fraud.   See Gulf Coast Fans, Inc., 740 F.2d at 1511.

### D.   The Default Orders Are Void Because They Were Entered Without Affording FBF Due Process Of Law.

When default orders are entered without due process of law, the orders are void and must be set aside.   Peralta v. Heights, Medical Center, Inc., 485 U.S. 80, 86-87, 108 S.Ct. 896, 900 (1988).   This is true both when the defendant did not receive

notice through effective service of process, Id., and when the court entering the judgment did not have personal jurisdiction over the defendant. See In re Sheppard, 173 B.R. 799, 801-805 (N.D. Ga. Bankr. 1994) (voiding default judgments entered in state and bankruptcy courts as void for lack of personal jurisdiction); Gulf Coast Fans, 740 F.2d at 1511-13 (setting aside default judgment and requiring the district court to resolve jurisdictional issues); see also Jackson v. FIE Corp., 302 F.3d 515, 527-31(5th Cir. 2002) (default judgment entered without personal jurisdiction was void).

First, FBF was not afforded due process of law in this case because it did not receive any service and because it is not subject to personal jurisdiction in Georgia. (Rule 12(b) Brief at pp. 6-8, 17-19). "[F]ailure to provide notice "violates due process and is insufficient service as a matter of law." Mitsubishi Motors Credit of America, Inc. v Robinson and Stephens, Inc., 263 Ga. App. 168, 170-71, 587 S.E.2d 146, 149 (2003), cert. denied, ___ Ga. ___ (Jan. 20, 2004). To this date, Plaintiffs have not served FBF with notice. Further, FBF is not amenable to jurisdiction in Georgia. (Rule 12(b) Brief at pp. 5-6, 19-24). FBF never transacted business in Georgia and is not the successor to the entity that financed a lease with Ware eleven years ago. (Francis Aff. at ¶¶ 4, 8).

Second, the "process" recited in the fraudulently obtained Orders is false. Contrary to these Orders, no hearings were conducted; no findings of fact were made; and no conclusions of law were rendered. (Appendix, Ex. L, Judge Baxter Aff. at ¶ 7). Plaintiffs' fraud in obtaining the Orders is compounded by Plaintiffs' fraudulent recitations of process within the Orders. In sum, FBF was the victim of fraud in total derogation of due process.

### III. CONCLUSION

Plaintiffs have attempted to make a mockery of the judicial system. As known by Plaintiffs and their counsel, the Complaint is devoid of legal merit. Perhaps most troubling, Plaintiffs used the sham Complaint to obtain an illegal judgment on false grounds and then compounded their misconduct to attempt to save the void judgment. Plaintiffs and their counsel obtained the Brogdon Order and the Baxter Order under false pretense of "consent." The Orders recite false process and contain illegal provisions. The Court should vacate the illegal orders obtained by Plaintiffs, dismiss the Complaint with prejudice and apply the strongest sanctions available to Plaintiffs and their counsel.

Respectfully submitted,

**PARKER, HUDSON, RAINER & DOBBS LLP**

By: _____
William J. Holley, II
Georgia Bar No. 362310
Nancy H. Baughan
Georgia Bar No.  042575
Michael D. Grider
Georgia Bar No. 310473

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404)523-5300 (telephone)
(404)420-5549 (facsimile)       Attorneys for FleetBoston
                                Financial Corporation

### CERTIFICATE OF COMPLIANCE WITH RULE 5.1B

In accordance with Local Rule 7.1D, N.D.Ga., I hereby certify that the foregoing **BRIEF IN SUPPORT OF DEFENDANT'S RULE 60(b) MOTION TO SET ASIDE ORDERS** has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B, N.D.Ga.  This document was prepared using New Courier (12 pt.)

By:  _____
William J. Holley, II
Georgia Bar No. 362310
Nancy H. Baughan
Georgia Bar No.  042575
Michael D. Grider
Georgia Bar No. 310473

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **BRIEF IN SUPPORT OF DEFENDANT'S RULE 60(b) MOTION TO SET ASIDE ORDERS** upon all parties to this matter by causing to be deposited in the U.S. Mail, proper postage prepaid, a true copy of same addressed as follows:

> Michael R. Johnson, Sr.
> Johnson & Associates, P.C.
> 340 West Peachtree Street, N.E.
> Suite 200
> Atlanta, Georgia 30308
>
> Dr. Tony L. Ware, PhD, JD
> Post Office Box 150524 - Dept. 0227
> Atlanta, Georgia 30315

This _23rd_ day of February, 2005.

William J. Holley, II

395329.1
001204-00415