ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 15 2005

LUTHER D. THOMAS, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and <br> T. L. WARE BOTTLING CO., INC., <br><br> Plaintiffs, <br> vs. <br><br> FLEETBOSTON FINANCIAL CORP. <br> F/K/A BANKBOSTON CORP. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE NUMBER: <br> ) **1: 0 5 - C V - 0 4 2 6 - M H S** <br> ) <br> ) **MOTION TO DISMISS AND REMAND** <br> ) <br> ) MEMORANDUM OF LAW IN SUPPORT |

## MOTION TO DISMISS AND REMAND CASE

**COMES NOW, TONY L. WARE, CEO** and **T.L. WARE BOTTLING COMPANY, INC.,** the Plaintiffs and files their Joint Motion to Dismiss and Remand Case pursuant to the **Federal Rules of Civil Procedures, Rule 12(h)(3)** against the above-named Defendant **FLEETBOSTON FINANCIAL CORPORATION.** The Court must remand on Plaintiffs' motion pursuant to **28 U.S.C. § 1447(c)** this civil action back to the Superior Court of Fulton County on the following grounds to wit:

1. The Court is required to remand this civil matter because the Notice of Removal is legally insufficient as it is untimely under **28 U.S.C. §1446(b)** filed 34 days late after Defendant FleetBoston of Rhode Island was served of the initial Summons and Complaint on **December 10th, 2004.** Therefore, the Court must remand this case back to the Superior Court of Fulton County because the Notice of Removal is untimely.

2. This civil action is against FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation and not FleetBoston Financial Corporation a Delaware corporation which such

corporation is a "Shell or Dummy" corporation used by the above named Defendant to mislead the Plaintiff, the Court and the general public.

Therefore, since the Plaintiffs were under the impression that both corporations were deemed one corporation due to these corporations use of the same corporate name "FleetBoston Financial Corporation" in commerce and trade at the time of service of process. Both corporations were properly served with Summons and Complaint because both corporations had withdrawn from doing business in this State and had legally appointed the Georgia Secretary of State to be their agent for all service of process. Only Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation had the right to remove this case as a matter of law. Thus, if FleetBoston Financial Corporation of Delaware had wished to intervene in this action, it should have done so in the trial Court below. It is now too late to intervene after the case has been improperly removed. Furthermore, FleetBoston Financial Corporation of Delaware needed FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island consent prior to removal of this case under the unanimity rule set by the Court of Appeals for the Eleventh Circuit. See, **In re Bethsda Mem'l Hosp., Inc.**, 123 **F.3d** 1407, 1410 n.2 (11th, **Cir 1997**) ("The failure to join all defendants in the petition is a defect in the removal procedure").

3. The Court lacks subject matter jurisdiction over this civil matter because it lacks removal jurisdiction. Because the State Court enjoys concurrent jurisdiction with District Courts over Federal RICO claims this Court does not have original jurisdiction over Federal RICO claims under 28 U.S.C. § 1331 (federal question). See, **Cogdell v. Wyeth**, 366 **F.3d** 1245, 1247 (11th, **Cir 2004**).[1]

---

[1] Thus *Cogdell* Supra held that ("Thus, one prerequisite for removal jurisdiction is that the case originated in the state court. Another is that the defendant remove the case to the proper federal district court. A third is that the federal district court have original jurisdiction to entertain the law suit. If any one of these prerequisites is lacking, the district court can be said to lack removal jurisdiction").

4. The Court lacks subject matter jurisdiction over this civil matter because the Notice of Appeal to the Supreme Court of Georgia made the Notice of Removal moot as a matter of law. Plaintiff Tony L. Ware was appealing the final judgment and all orders issued in this action and his appeal was subject to review by the Georgia Supreme Court. FleetBoston Financial Corporation of Delaware knew that such appeal was pending before the Georgia Supreme Court prior to removal. Therefore this Court lacks subject matter jurisdiction to remove appellate jurisdiction from the Georgia Supreme Court.

5. That both FleetBoston Financial Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware are barred from bringing and maintaining any removal proceeding without having first obtained a new Certificates of Authority from the Georgia Secretary of State pursuant to O.C.G.A. § 14-2-1502(a).

**WHEREFORE,** The Plaintiffs hereby prays and demands that this Court enter a FINAL ORDER dismissing Defendant's claims for lack of subject matter jurisdiction and remand this civil action back to the Superior Court of Fulton County and the Georgia Supreme Court so that the Plaintiffs in this matter can protect their legal rights as a matter of law. The Plaintiffs request any further relief deemed proper and just by the Court: Plaintiff's Attorney request all attorney fees and Costs.

This _15th_, day of _MARCH_, 2005.

**Agreed and Consented to By:**

_/s/ Michael R. Johnson_
Michael R. Johnson, Sr.
**Attorney for the Plaintiff**
Georgia Bar No. 395056
Johnson & Associates, P. C.
340 West Peachtree Street, N.E.
Suite 200
Atlanta, Georgia 30308
(404) 688-7100

**Agreed and Consented to By:**

_/s/ Tony L. Ware_
Tony L. Ware, JD, Plaintiff
**Chairman & CEO**
P. O. Box 150524-Dept. 0227
Atlanta, Georgia 30315-0188
(404) 945-0342