IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and <br> T. L. WARE BOTTLING CO., INC., <br><br> Plaintiffs, <br> vs. <br><br> FLEETBOSTON FINANCIAL CORP. <br> F/K/A BANKBOSTON CORP. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE NUMBER: <br> ) 1:05-CV-0426-MHS <br> ) <br> ) AFFIDAVIT OF MICHAEL R. JOHNSON, SR <br> ) <br> ) FILED IN SUPPORT OF MOTON |

## AFFIDAVIT OF MICHAEL R. JOHNSON, SR. ATTORNEY FOR PLAINTIFF T.L. WARE BOTTLING CO., INC.

**PERSONALLY APPEARED** before me, the undersigned attesting officer duly authorized by law to administer oaths is, **MICHAEL R. JOHNSON, Sr.**, Attorney for the Plaintiff **T.L. WARE BOTTLING COMPANY, INC.**, in the above-styled action after being duly sworn in deposes and states under oath the following:

1. That my name is **MICHAEL R. JOHNSON, SR.**, and that I am over the age of the legal majority and is competent to give this affidavit. I further state that all statements made in this affidavit are made on my personal knowledge, information and belief. I am qualified as an attorney at law to give legal advice to the Plaintiff in this civil action.

2. On February 7th, 2005 I instructed Plaintiff Tony L. Ware who is also my law clerk to present our proposed Order and Motion to Set Aside the order of February 2nd, 2005 before Presiding Judge Jerry W. Baxter. We prepared a consent order for the Plaintiffs in this action only. I or my law clerk Plaintiff Tony L. Ware did not

Page 1

personally talk with Judge Baxter or personally told him that our consent order was singed by or consented to by the Defendant FleetBoston Financial Corporation f/k/a BankBoston a Rhode Island corporation.

4. I have been a Federal and State prosecutor and I have never presented any improper orders to a Judge for their signature. In fact our law firm always sends a cover letter attached to our motion and proposed order. See, **Exhibit "A"** attached hereto. The Affidavit of Judge Baxter is the product of an illegal Ex parte communication by FleetBoston of Delaware's attorneys while this case was pending removal to this Court a clear violation of **Uniform Superior Court Rules, Rule 4.1**

5. At the time Judge Baxter gave his affidavit, the Plaintiff and I were unaware of any communications by FleetBoston's Attorneys and their acts of improperly drafting an affidavit for Judge Baxter to sign. Thus said affidavit must be stricken as improper evidence and cannot be considered as a matter of law pursuant to the **Uniform Superior Court Rules, Rule 4.1.** Rule 4.1 reads as follows:

> **"Except as authorized by law or by rule, judges shall neither initiate nor consider ex parte communications by interested parties or their attorneys concerning a pending or impending proceeding."**

6. In all my years as an attorney I have never heard of a Judge claiming that he or she did not know what they were singing or did not read an order submitted to them for singing. Clearly Judge Baxter did understand and read the order he signed. Because of Judge Baxter prohibited ex parte communications with the Attorneys of FleetBoston, this Court must not consider this evidence as a matter of Federal Law. FleetBoston has no right to ask this Court to set aside a perfectly legal and binding order of the Superior Court of Fulton County. See, **Huntter v. Geroge**, 265 Ga. 573, 458 **SE2d** 830 **(1995)**.

7. The February 7th, 2005 Order clearly shows only the Plaintiffs consented. There are not errors in this order. However, even if it were true that the Plaintiffs and I made a representation to the Court that all parties had consented to the February 7th, 2005 Order, such representation would still be true because of Defendant's implied consent was given due to its default in this action. See, **O.C.G.A. § 9-11-5(a)** (a

Defendant waives of all notices of any hearings in the action while in default). Furthermore, if any error was made by Judge Baxter in singing the Order the February 7th, 2005 such error would be deemed a "Harmless Error."

See, **O.C.G.A. § 9-11-61** which reads as follows:

**"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for the setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."**

8. It is clear from the record that the Plaintiffs brought their action against FleetBoston Financial Corporation f/k/a/ BankBoston Corporation a Rhode Island corporation and did not name FleetBoston Financial Corporation of Delaware which has improperly removed this action.

9. The unlawful use of the same corporate name **"FLEEBOSTON FINANCIAL CORPORATION"** in the State of Georgia, mislead me, the Plaintiffs, public and the Court in an attempt to defeat Plaintiffs claims and to evade Service of Process.

10. It was both Defendant FleetBoston of Rhode Island and FleetBoston of Delaware own fault by committing fraud in the use of a corporate name.

11. These corporations were both grossly negligent in causing Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation of Rhode Island to received a Default judgment against it. These corporations cannot now come into a court of equity with unclean hands and seek the protection of the Court. See, **O.C.G.A. § 23-2-56** which reads as follows:

*"Fraud may be consummated by signs or tricks, or through agents employed to deceive, or by any other unfair way used to cheat another.*

**IN WITNESS AND TESTIMONY HEREOF,** This affidavit is made under oath and is true, correct and is made on my personal knowledge, information and belief. Further Affiant sayeth not.

This \_\_\_15th\_\_\_ day of \_\_\_March\_\_\_, 2005.

Respectfully Submitted,

*Michael R. Johnson*

MICHAEL R. JOHNSON, SR., Affiant

Sworn to and Subscribed before Me,
This \_\_\_15th\_\_\_ day of \_\_\_Mar\_\_\_, 2005.

_____
STATE NOTARY PUBLIC OFFICER

My Comm Exp. 4-7-07

**ATTORNEY Michael R. Johnson, SR.,'s**

# EXHIBIT "A"

# Johnson & Associates, P.C.

Attorneys at Law
340 West Peachtree Street, N. W., Suite 200
Atlanta, Georgia 30308
Telephone: (404) 688-7100
Fax: (404) 688-7100
yp.bellsouth.com/sites/atty person

---

**MICHAEL R. JOHNSON, SR.**                                                                 *OF COUNSEL: GARY G. MIMS*

**VIA-HAND DELIVERY**

February 7th, 2005

Honorable Jerry W. Baxter
Presiding Judge
Superior Court of Fulton County
185 Central Avenue, S.W.
Atlanta, Georgia 30303

> Reference: **Tony L. Ware, CEO and T.L. Ware Bottling Company, Inc. v. FleetBoston Financial Corporaton f/k/a BankBoston Corp., Civil Action File No. 2004CV94553**

Dear Judge Baxter:

The parties Plaintiffs in the above-entitled civil action has consented to the entry of the consent order attached to this letter in this uncontested matter by submitting their joint Motion to Set Aside the Court Order.

Pursuant to the Local Procedures of the Atlanta Judicial Circuit (AJC) Rule 110(a)(h) the Presiding Judge can enter any consent order in any uncontested matter pending in this Court. Our request to enter a consent order should be submitted to the Presiding Judge of the week pursuant to the Local Rules.

Please sign and enter our consent order so that we can file it with the Court or else you can file the same and send the parties a copy of the order at their address of record on the enclosed final judgment attached to this letter. Thank you for your time concerning this matter.

Respectfully Submitted,

*/s/ Michael R. Johnson*

Michael R. Johnson, Sr.
Attorney for the Plaintiff
Georgia Bar No. 395056

MJ/tw
cc: Tony L. Ware, PhD, JD
Enclosure: Order

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 15 2005

LUTHER D. THOMAS, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and <br> T. L. WARE BOTTLING CO., INC., <br><br> Plaintiffs, <br><br> vs. <br><br> FLEETBOSTON FINANCIAL CORP. <br> F/K/A BANKBOSTON CORP. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE NUMBER: <br> ) <br> ) 1:05-CV-0426-MHS <br> ) <br> ) CERTIFICATE OF SERVICE <br> ) |

## CERTIFICATE OF SERVICE

**COMES NOW, MICHAEL R. JOHNSON, SR.,** Attorney for the Plaintiff T.L. Ware Bottling Company, Inc., with the consent of Plaintiff Tony L. Ware and certify that I have served FleetBoston Financial Corporation of Delaware with a copies of Plaintiffs' MOTION TO DISMISS AND REMAND, MEMERANDUM OF LAW, Affidavits, and other documents filed by the Plaintiffs in this action on the following person:

Mr. William J. Holley, Esq.
285 Peachtree Center Ave, N.E., 1500 Marquis Tower
ATLANTA, GEORGIA 30303

This ____15th____, day of ____March____, 2005.

Respectfully Submitted,

_/s/ Michael R. Johnson_

Michael R. Johnson, Sr.
Attorneys for the Plaintiff
Georgia Bar No. 395056