ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 1 5 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| TONY L. WARE, CEO and | ) |
| T. L. WARE BOTTLING CO., INC., | ) |
|  | ) |
| **Plaintiffs,** | ) |
| vs. | ) **CIVIL ACTION FILE NUMBER:** |
|  | ) **1 : 0 5 – C V – 0 4 2 6 – M H S** |
| FLEETBOSTON FINANCIAL CORP. | ) |
| F/K/A BANKBOSTON CORP. | ) **BRIEF AND MENORADUM OF LAW** |
|  | ) |
| **Defendant.** | ) FILED IN SUPPORT MOTION TO DISMSS |

## BREIF AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND REMAND CASE

**COMES NOW, TONY L. WARE, CEO** and **T.L. WARE BOTTLING COMPANY, INC.,** the Plaintiffs and files their BRIEF AND MEMORANDUM OF LAW in support of the Plaintiffs' joint Motion to Dismiss and Remand Case pursuant to the **Federal Rules of Civil Procedures, Rule 12(h)(3)** against the above-named Defendant **FLEETBOSTON FINANCIAL CORPORATION.** The Court must remand on Plaintiffs' motion pursuant to **28 U.S.C. § 1447(c)** this civil action back to the Superior Court of Fulton County because of the following:

### I. STATEMENT OF FACTS

The Plaintiffs Tony L. Ware, CEO and T.L. Ware Bottling Company, Inc., brought this civil action on December 7th, 2004 based upon their ten count Complaint for Damages, Injunction, RICO violations, Fraud, Gross Negligence and other violations of both Federal and State laws and further requesting injunctive and other equitable relief concerning all other claims and disputes against the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation.

After proper service of process of the Summons and Complaint on the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation a Rhode Island corporation on December 10th, 2004 by Harry J. Mathis a (Court Appointed Process Server), the Defendant failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005. See, **Exhibits "A" and "B"** attached hereto. Proper Service of Process was also made on Defendant by the Plaintiff Tony L. Ware by U.S. Certified Mail on December 10th, 2004. See also, **Exhibit "C"**. Defendant FleetBoston became in default on January 11th, 2005.

On January 28th, 2005 after a final hearing of the case, the trial Court entered a Final Judgment and Decree in favor of the Plaintiffs. See, **Exhibit "D"** attached hereto. Before any party could appeal such final judgment, five days later the trial Court entered an order vacating said final judgment on its own motion without a showing of any meritorious reason and without the consent of the Plaintiffs in violation of the final judgment. See, **Exhibit "E"** attached hereto.

Contrary to this final judgment of the Court the Order vacating the final judgment did not state whether or not said final judgment was void or whether there were any nonamendable defects which may appear on the face of the record.

On January 7th 2005 the Plaintiffs filed a Motion to Set Aside the February 2nd, 2005 Order and the Court heard the Plaintiffs motion and granted their motion by vacating and setting aside the Order of February 2nd, 2005 thereby reinstating the final judgment of January 28th, 2005.[1] See, **Exhibit "F"** attached hereto.

On February 8th, Plaintiff Tony L. Ware, CEO acting pro se filed a Notice of Appeal in the trial Court to protect his rights on appeal and until he could find a proper attorney to represent his legal interest in the final judgment. See, **Exhibit "G"**.

On February 15th, 2005 FleetBoston Financial Corporation of Delaware, not legally a Defendant in this action and without the consent of Defendant FleetBoston Financial Corporation of Rhode Island, illegally and untimely filed a Notice of Removal to this Court while an appeal was pending before the Georgia Supreme Court in violation of Plaintiff Tony L. Ware constitutional rights to appeal.

---

[1] The Order signed by Judge Baxter was proper and legal as a matter of law.

Both Defendant FleetBoston Financial Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware filed Applications for Withdrawal with the Georgia Secretary of State.  The Georgia Secretary of State is their legal agent for all legal service of process pursuant to **O.C.G.A. § 14-2-1520(b).**  See, **Exhibit "H"** attached hereto.  Both FleetBoston Financial Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware were personally served with Summons, Complaint and Request for Admissions on **December 10th, 2004** through the Georgia Secretary of State as their legal agent for service of process.  See, **Exhibits "A" and "B"** attached hereto.  Both the Defendant FleetBoston Financial Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware had until January 10th, 2005 to remove this action before the issuing of any final judgment in this action.  They filed no legal removal in this action.

FleetBoston Financial Corporation of Delaware is not a Defendant in this action because it was never made a party defendant.  The Plaintiffs did believed at the time of service that FleetBoston Financial Corporation of Delaware merged into FleetBoston Financial Corporation of Rhode Island before FleetBoston Financial Corporation of Delaware filed this improper removal to this Court.  Because FleetBoston Financial Corporation of Delaware uses the same corporate name in commerce and trade to defraud the public, it has no standing to remove this action.

## II. DICUSSION

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under **28 U.S.C. § 1446(a).**  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Federal Rule 11 and Appellate Rule 38 legally prevents parties like FleetBoston Financial Corporation of Delaware from filing frivolous and baseless notices of removal and any poorly grounded appeals from final judgment already issued in a State Court.  This renders a statutory bar on review of remand orders.

Rule 11 do authorizes the district Courts to sanction attorneys, law firms, or parties for presenting to the court papers that lack evidentiary support or that make

1  legal contentions not "warranted by existing law. An improper Notice of Removal,
2  filed merely to harass or to cause unnecessary delay is not authorized by law. See,
3  **Fed. R.Civ.P. 11(b)(c).** Rule 11 applies to all "papers" filed with the district court
   (other than discovery-related papers), including notices of removal, *see, e.g.,*
4  ***Unanue-Casal v. Unanue-Casal***, 898 **F.2d** 839, 841-43 (**1st Cir. 1990**).

5  ### III. ARGUMENT AND CITATION OF AUTHORITY

6  Under **Fed.R.Civ.P., Rule 12(h)(3)** if at any stage of the proceeding any party
7  can properly show the Court that it lacks subject matter jurisdiction, the Court must
   dismiss the action. See, **Rule 12(h)(3)** which read as follows:
8
9  > **"(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."**
10

11  #### (A) <u>THE NOTICE OF REMOVAL IS UNTIMELY</u>

    The Notice of Removal is untimely as it was filed more then 34 days late (on
12  February 15th, 2005 by the wrong party and without the consent of Defendant
13  FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island)
14  after receipt of the initial Summons, Complaint and Request for Admissions on
15  December 10th, 2004 by the Georgia Secretary of State as Defendant's legal agent.

    Under **28 U.S.C. § 1446(b)** said notice must be filed within 30 days. Section
16  1446(b) reads as follows:
17
18  > **"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."**
19
20
21
22

23  The United States Supreme Court has held in ***Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.***, 526 **U.S.** 344, 119 **S.Ct.** 1322, 143 **L.Ed.2d** 448
24  (**1999**) the following to wit:

25

**"First, if the summons and complaint are served
together, the 30 day period for removal runs at once."**

As averred herein both Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation and FleetBoston Financial Corporation a Delaware Corporation filed Certificates of withdrawal from doing business in this State pursuant to **O.C.G.A. § 14-2-1520(b)** which legally appoints the Georgia Secretary of State to be their legal agent for all service of process in this action pursuant to **O.C.G.A. § 14-2-1520(c).**

A Court Appointed Process Server, Mr. Harry J. Mathis served both corporations by serving the Georgia Secretary of State on **December 10th, 2004.** See, filed Return of Service and Amended Return of Service.

Therefore, service of process was perfected on Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware Corporation when the Georgia Secretary of State received a copy of the Summons, Complaint and Request for Admissions on **December 10th, 2005**. The Georgia Secretary of State has legally Acknowledged Receipt of this Service of Process. See, **Exhibit "J"** attached hereto. Under Georgia Law any legal service of process on the Georgia Secretary of State is deemed legal service of process on any withdrawn foreign corporation pursuant to **O.C.G. A. § 14-2-1520(c)** which reads as follows:

> **"(c)** <u>**After the withdrawal of the corporation is effective, service of process on the Secretary of State under this Code section is service on the foreign corporation.**</u>  Any party that serves process upon the Secretary of State in accordance with this subsection shall also mail a copy of the process to the chief executive officer, chief financial officer, the secretary of the foreign corporation, or a person holding a comparable position, at the mailing address set forth under subsection (b) of this Code section."

Under this code section it is only when the Georgia Secretary of State receives the Summon, Complaint and Request for Admissions that service is perfected and not

when a Defendant receives its copy by mail which starts the 30 day response time to which a named party can remove a civil case to a Federal District Court.

Both the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware both corporations had (30) days or until (**January 10th, 2005**) after receipt by the Georgia Secretary of State of the Summons, Complaint and Request for Admissions to file their Notice of Removal with this Court pursuant to **28 U.S.C. § 1446(b)** with the consent of all party Defendants pursuant to **28 U.S.C. § 1441(a).**

Therefore, the January 28th, 2005 Final Judgment's findings of fact and conclusions of law, holding that proper and legal service of process was made on the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation of Rhode Island through the Georgia Secretary of State, must be deemed final by this Court as a matter of law.  As averred by the Plaintiffs, this civil action, is against FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation and not FleetBoston Financial Corporation a Delaware corporation which is only a "Shell or Dummy" corporation used by Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation of Rhode Island to mislead the Plaintiff, the Court and the general public. They also tried to evade service of process.

### (B) MISREPRESENTATION AND FRAUD TO EVADE PROCESS

Defendant FleetBoston Financial Corporation of Rhode Island used its dummy corporation FleetBoston Financial Corporation of Delaware to evade process and legal liability.  This was a fraud to the Plaintiffs in this action and the general public.

In attempting to mislead the Plaintiff, the Court and the general public, FleetBoston Financial Corporation of Delaware was unlawfully using the corporate name of FleetBoston Financial Corporation f/k/a BankBoston of Rhode Island. FleetBoston of Delaware failed to file a required Affidavit of Consent from FleetBoston Financial Corporation of Rhode Island with the Georgia Secretary of State when it filed its application for Certificate of Authority.  Pursuant to Georgia Law **O.C.G.A. § 14-4-22** it barred the use of the same name without an affidavit of consent from the owner of the real corporate name.   See, **O.C.G.A. § 14-4-22** which reads as follows:

**"Whenever application is made to the Secretary of State to obtain a charter or authorization of articles of incorporation for any purpose, it shall be unlawful for the applicant either to use the name of any person, order, lodge, or corporation as a corporate name or to mention any such name in connection with the purpose of such proposed organization without furnishing at the time of application an affidavit of consent executed by such person, order, lodge, society or corporation."**

No such Affidavit of Consent was ever filed with the Georgia Secretary of State when FleetBoston Financial Corporation of Delaware filed its application for Certificate of Authority. (See, Complaint). Since the Plaintiffs were mislead and were under the impression that both corporations were the same corporate entity both corporations are deemed properly served with Summons and Complaint through the Georgia Secretary of State. Service was proper since both corporations had withdrawn from doing business in this State and had appointed the Georgia Secretary of State to be their agent for all service of process. See, Amended Return of Service of Process.

### (C) DEFENDANT FLEETBOSTON FINANCIAL CORPORATION F/K/A BANKBOSTON CORPORATION HAS NOT CONSENTED TO THE REMOVAL IN THIS ACTION

Additionally, the unanimity rule requires that all named defendants consent to the removal. See, ***Russell Corp., v. Am Home Assurance Co***., 264 **F.3d** 1040 (11th, **Cir 2001**); ***Holder v. City of Atlanta***, 925 **F.Supp**. 783 (**N.D. Ga. 1996**).

In this civil action only Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation had the right to remove this case to the proper Federal District Court as a matter of law.

Thus, if FleetBoston Financial Corporation of Delaware had wished to intervene in this action, and be properly named as a party Defendant, it should have done so in the trial Court below. It's now too late to intervene in this action after this case had been improperly removed. Furthermore, FleetBoston Financial Corporation of Delaware needed FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island consent prior to removal of this case under the unanimity rule set by

the Court of Appeals for the Eleventh Circuit.  Thus in *Russell Corp., v. Am Home Assurance Co*., Supra, the Eleventh Circuit concluded the following:

> "...The law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court.  Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction."

Thus, the lack of this consent constitute a legal defect in the removal process. See, *In re Bethsda Mem'l Hosp., Inc*., 123 **F.3d** 1407, 1410 n.2 (11th, Cir 1997) ("The failure to join all defendants in the petition is a defect in the removal procedure").  The record in this civil action shows no such consent by FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island.[2]

### (D) THE COURT LACKS SUBJECT MATTER JURISDICTION

First the Court lacks subject matter jurisdiction because it lacks removal jurisdiction.  Because the Plaintiffs' State and Federal RICO claims in this action involve no original jurisdiction.  This Court lacks subject matter jurisdiction to hear this removal.  In this case the Plaintiffs have brought their State Court claims under both State and Federal RICO Acts.  Both the State Court and Federal Courts enjoy and possess concurrent jurisdiction over Federal RICO claims.

A clear reading of the Complaint clearly shows that most of all of Plaintiffs'' claims arises under State laws such as Fraud, Theft, Continuing Torts, Trespass, Damage to Property, Conversion and State RICO claims which joins the Federal RICO claims in this action.  The removal statute should be construed narrowly.

This Court must take judicial notice of Plaintiffs' State Law claims and further note that the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  See, *Diaz v. Sheppard*, 85 **F.3d** 1502 at 1505 (11th Cir 1996) quoting *Merrell Dow Pharmaceuticals, Inc., v.*

---

[2] Thus, FleetBoston Financial Corporation of Delaware and its attorneys are trying to mislead this Court with its untimely attempt to remove this case from the Superior Court of Fulton Count and by having illegal ex parte communications and secrete meetings with the judges of that Court.  The Plaintiffs intents to move this court later for the appropriate sanctions under Rule 11.

*Thompson*, 478 **U.S.** 804, 106 **S.Ct.** 3229, 92 **L.Ed.2d** 650 (**1986**).  Thus, there is no substantial question of federal law must be answered to determine the Plaintiffs' claims in this matter and federal jurisdiction is lacking.  See also ***Ray v. Tennessee Valley Authority***, 677 **F.2d** 818 at 825-826 (**11th, Cir 1982**).

The Plaintiffs' Federal RICO claims are connected with Plaintiff's State RICO claims.  The United States Supreme Court has made this determination very clear in ***Tafflin v. Levitt***, 493 **U.S.** 455, 110 **S.Ct.** 792, 107 **L.Ed.2d** 887 (**1990**) by holding that:

> **"Under this system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." "As we noted in** _Claflin v. House_**, 93 U.S. 130 (1876), if exclusive jurisdiction be neither express nor implied, the State Courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it." "For all of the above reasons, we hold that state courts have concurrent jurisdiction to consider civil claims arising under RICO.   Nothing in the language, structure, legislative history, or underlying policies of RICO suggests that Congress intended otherwise.   The judgment of the Court of Appeal is accordingly Affirmed."**

Since Plaintiffs' RICO claims are not one which comes within this Court's original jurisdiction, this Court clearly lacks removal jurisdiction.  See, ***Cogdell v. Wyeth***, 366 **F.3d** 1245, 1247 (**11th, Cir 2004**) the Eleventh Circuit has held:

> **"Thus, one prerequisite for removal jurisdiction is that the case originated in the state court.  Another is that the defendant removes the case to the proper federal district court.  A third is that the federal district court have original jurisdiction to entertain the law suit.  If any one of these prerequisites is lacking, the district court can be said to lack removal jurisdiction."**
> **"Finally a district court could lack removal jurisdiction under § 1441 if the case is not one over which the court has original jurisdiction.  Only in this final example would a lack of removal jurisdiction coincide with a lack of subject matter jurisdiction...."**

The U.S. Supreme Court has noted that "[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." See, *Younger v. Harris*, 401 U.S. 37, 43 (**1971**). While **28 U.S.C. § 1441(a)** authorizes the removal of any case that could have originally been brought in federal Court, **28 U.S.C. § 1441(c)** restricts (albeit in the negative) this right to those cases containing nonremovable claims joined with a "separate and independent" removable claim.

This distinction is consistent with the language of **28 U.S.C. § 1441(a)** granting to defendants the right to remove a case "[e]xcept as otherwise expressly provided by Act of Congress." FleetBoston Financial Corporation of Delaware admits in its Notice of Removal that the Plaintiffs' state law claims "are so related to his federal claim that they form part of the same case or controversy." A reading of the Plaintiffs' Complaint confirms this view.

Because the Plaintiffs' federal claims are not "separate and independent" and are "joined with one or more otherwise nonremovable claims," removal is not authorized under **28 U.S.C. § 1441**. According to the forgoing given this Court lacks removal jurisdiction. Therefore it lacks subject matter jurisdiction as a matter of law. See, *Cogdell v. Wyeth*, 366 F.3d 1245, 1247 (**11th, Cir 2004**). This Court must deny any relief to FleetBoston Financial Corporation of Delaware a non-party defendant and dismiss and remand this action back to the Superior Court of Fulton County.

### (E) NOTICE OF REMOVAL IS MOOT AND THE COURT LACKS SUBJECT MATTER JURISDICTION ON MOOT QUESTIONS

The Court lacks subject matter jurisdiction over this civil matter because the Notice of Appeal to the Supreme Court of Georgia effectively made the Notice of Removal by a non-party defendant FleetBoston of Delaware moot as a matter of law.

The Plaintiff, Tony L. Ware, is appealing the final judgment and all orders issued in this action to the Georgia Supreme Court. This appeal was subject to review by the Georgia Supreme Court. FleetBoston Financial Corporation of Delaware knew that such appeal was pending before the Georgia Supreme Court prior to its improper removal attempt. Because FleetBoston Financial Corporation of

Delaware was not name as a co-party defendant with Defendant FleetBoston Corporation f/k/a/ BankBoston of Rhode Island it had no right to remove this action.

Therefore the question of whether FleetBoston Financial Corporation of Delaware can remove this action to federal court became a moot issue and this Court lacks subject matter jurisdiction to remove appellate jurisdiction from the Georgia Supreme Court while Plaintiff Tony L. Ware was on appeal.

The Untied States Supreme Court has [Held]:

> **"It has been long settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."**

See, ***Church of Scientology of California v. United States,*** 506 **U.S.** 9, 113 **S.Ct.** 447, 121 **L.Ed.2d** 313 (**1992**); ***Mills v. Green***, 159 **U.S.** 651,653, 16 **S.Ct.** 132, 132, 40 **L.Ed.** 293 (**1895**).

The Eleventh Circuit Court of Appeal has said in ***Westmoreland v. National Transportation Safety Board,*** 833 **F.2d** 1461,1462 (**11**[th], Cir **1987**) the following:

> **"Federal courts do no have jurisdiction under the Article III 'Case or Controversy' provision of the United States Constitution to decide questions rendered moot by reason of intervening events. When effective relief cannot be granted because of later events, the (petition for removal) must be dismiss as moot."**

### (F) FLEETBOSTON OF DELAWARE CANNOT REMOVE THIS ACTION WITHOUT A CERTIFICATE OF AUTHOURTY FROM THE GEORGIA SECRETARY OF STATE

Both FleetBoston Financial Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware are barred from bringing and maintaining any removal proceeding without having first obtained new Certificates of Authority from the Georgia Secretary of State pursuant to **O.C.G.A. § 14-2-1502(a).**

Under Georgia Law no foreign corporation may maintain any proceeding in any Court of in this State without first obtaining a Certificate of Authority. Thus FleetBoston Financial Corporation of Delaware and not FleetBoston Financial

Corporation f/k/a BankBoston Corporation of Rhode Island improperly removed this action without a Certificate of Authority from the Georgia Secretary of State. It is too late to apply for a Certificate of Authority because FleetBoston Financial Corporation of Delaware is now deemed a dissolved corporation according to "SECOND AFFIDAVIT OF MARTHA R. FRANCIS" which reads as follows:

> **"6. FBC(Del) was legally dissolved in the state of Delaware on July 13, 2004. A true and correct copy of the certified Certificate of Dissolution is attached hereto as Exhibit 1."**

Therefore, without a legal Certificate of Authority from the Georgia Secretary of State, a foreign corporation may not "maintain any proceeding" in this State. This will include maintaining a removal proceeding in Federal Court. A removal of an action from State Court to Federal Court must be deemed a new proceeding in the Federal District Court. Thus FleetBoston Financial Corporation of Delaware cannot maintain this proceeding as a matter of law. See, **O.C.G.A. § 14-2-1502(a)** which reads as follows:

> **"A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."**

FleetBoston Financial Corporation of Delaware would now have to re-incorporate, obtain a new Certificate of Authority from the Georgia Secretary of State, file an Answer to the Complaint and properly Intervene in order to maintain this removal proceeding.

## IV. CONCLUSION

The Court is required to remand this civil matter because the Notice of Removal is legally insufficient as it is untimely under **28 U.S.C. §1446(b)** filed 34 days late after it was served of the initial Summons and Complaint on December 10th, 2004. Therefore, the Court must remand this case back to the Superior Court of Fulton County because the Notice of Removal is untimely.

This civil action is against FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation and not FleetBoston Financial Corporation a Delaware corporation which such corporation is a "Shell or Dummy" corporation used by the above named Defendant to mislead the Plaintiff, the Court and the general public. Therefore, the Plaintiffs were under the impression that both corporations were deemed one corporation due to use of the same corporate name and merger.

Both corporations were properly served with Summons and Complaint because both corporations had withdrawn from doing business in this State and had legally appointed the Georgia Secretary of State to be their agent for all service of process. It was only Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation which had the right to remove this case as a matter of law. Thus, if FleetBoston Financial Corporation of Delaware had wished to intervene in this action, it should have done so in the trial Court below. It is now too late to intervene as this case had been improperly removed. Furthermore, FleetBoston Financial Corporation of Delaware Corporation needed FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island consent prior to removal of this case under the unanimity rule set by the Court of Appeals for the Eleventh Circuit. See, *In re Bethsda Mem'l Hosp., Inc*., 123 **F.3d** 1407, 1410 n.2 (11th, **Cir 1997**) ("The failure to join all defendants in the petition is a defect in the removal procedure").

The Court lacks subject matter jurisdiction over this civil matter because it lacks removal jurisdiction. Because the States Court enjoy concurrent jurisdiction with the District Courts over Federal RICO claims, this Court did not have original jurisdiction over Federal RICO claims under **28 U.S.C. § 1331** (federal question). See, *Cogdell v. Wyeth*, 366 **F.3d** 1245, 1247 (11th, **Cir 2004**).[3]

The Court lacks subject matter jurisdiction over this civil matter because the Notice of Appeal to the Supreme Court of Georgia made the Notice of Removal moot

---

[3] Thus *Cogdell* Supra held that ("Thus, one prerequisite for removal jurisdiction is that the case originated in the state court. Another is that the defendant remove the case to the proper federal district court. A third is that the federal district court have original jurisdiction to entertain the law suit. If any one of these prerequisites is lacking, the district court can be said to lack removal jurisdiction").

as a matter of law.  Plaintiff, Tony L. Ware, is appealing the final judgment and all orders issued in this action and his appeal was subject to review by the Georgia Supreme Court.  FleetBoston Financial Corporation of Delaware knew that such appeal was pending before the Georgia Supreme Court prior to removal.

Therefore, this Court lacks subject matter jurisdiction to remove appellate jurisdiction from the Georgia Supreme Court.

Furthermore, both FleetBoston Financial Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware are barred from bringing and maintaining any removal proceeding because they have not obtained Certificates of Authority from the Georgia Secretary of State pursuant to **O.C.G.A. § 14-2-1502(a)**.

**WHEREFORE,** The Plaintiffs hereby pray that this Court enter an FINAL ORDER dismissing and remanding this case for lack of subject matter jurisdiction and defects in the removal process to the Superior Court of Fulton County or the Georgia Supreme Court so that the Plaintiffs in this matter can protect their legal rights as a matter of law.  The Plaintiffs request any further relief deemed proper and just by the Court:  Plaintiff's Attorney requests all attorney fees and Costs.

**This** _____15th_____ **, day of** _____March_____ **, 2005.**

**Respectfully Submitted By:**                    **Respectfully Submitted By:**

_____                          _____
**Michael R. Johnson, Sr.**                       **Tony L. Ware, JD, Plaintiff**
**Attorney for the Plaintiff**                    **Chairman & CEO**
**Georgia Bar No. 395056**                        **P. O. Box 150524-Dept. 0227**
**Johnson & Associates, P. C.**                   **Atlanta, Georgia 30315-0188**
**340 West Peachtree Street, N.E.**               **(404) 945-0342**
**Suite 200**
**Atlanta, Georgia 30308**
**(404) 688-7100**

# PLAINTIFFS'

# EXHIBIT

# "A"

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

```
FILED IN OFFICE
JAN 1 4 2005
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA
```

| | |
|---|---|
| **TONY L. WARE, CEO and** ) | |
| **T. L. WARE BOTTLING CO., INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **vs.** ) | **CIVIL ACTION** |
| ) | **FILE NUMBER: 2004CV94553** |
| **FLEETBOSTON FINANCIAL CORP.** ) | |
| **F/K/A BANKBOSTON CORP.** ) | **RETURN OF SERVICE OF PROCESS** |
| ) | |
| **Defendant.** ) | |

## RETURN OF SERVICE OF PROCESS

**COMES NOW, HARRY J. MATHIS,** Court Appointed Process Server in the above-styled civil action and files this RETURN OF SERVICE OF PROCESS on the above-named Defendant **FLEETBOSTON FINANCIAL CORPORTION** f/k/a **BANKBOSTON CORPORATION** within the statute of limitation and pursuant to the law of this State under O.C.G.A. § 14-2-1520(c) by stating the following under oath to wit:

1. That I am **HARRY J. MATHIS** and that I do certify under oath that I have personally served the above-named Defendant on **December 10TH, 2004** with the Summons, Complaint and Plaintiffs' Request for Admissions by serving the Georgia Secretary of State at the following address to wit:

FLEETBOSTON FINANCIAL CORPORTION f/k/a
BANKBOSTON CORPORATION
c/o Cathy Cox, Georgia Secretary of State
2 Martin Luther King Jr., Drive, N.E., Suite 315
ATLANTA, GEORGIA 30334

**IN WITNESS AND TESTIMONY HEREOF,** This RETRUN OF SERVICE is made under oath and is true and correct and is further made upon my personal knowledge, information and belief. Further Affiant say Not.

**Page 1**

On this _29th_, day of _December_, 2004.

Respectfully Submitted,

_Harry J Mathis_

**Harry J. Mathis, Process Server**

**Process Server's Address:**

**HARRY J. MATHIS
5490 Hunters Forest Lane
COLLEGE PARK, GEORIGA 30349**

**Sworn to and Subscribed before Me,
This** _29th_ **day of** _December_ **, 2004.**

_Sylvia R. Harrison_

**STATE NOTARY PUBLIC OFFICER**

SYLVIA R. HARRISON
Notary Public, Clayton County, Georgia
My Commission Expires March 16, 2007

**My Commission Expire On.**

PLAINTIFFS'

# EXHIBIT

# "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| TONY L. WARE, CEO and<br>T. L. WARE BOTTLING CO., INC., | )<br>)<br>)<br>) |
| **Plaintiffs,** | ) |
| vs. | ) **CIVIL ACTION FILE NUMBER:**<br>) **1 : 0 5 – C V – 0 4 2 6 – M H S** |
| FLEETBOSTON FINANCIAL CORP.<br>F/K/A BANKBOSTON CORP. | )<br>) **AMENDED RETURN OF SERVICE** |
| **Defendant.** | )<br>) |

## AMENDED RETURN OF SERVICE OF PROCESS

**COMES NOW, HARRY J. MATHIS,** Court Appointed Process Server in the above-styled civil action and files this RETURN OF SERVICE OF PROCESS on the above-named Defendant **FLEETBOSTON FINANCIAL CORPORTION** f/k/a **BANKBOSTON CORPORATION** pursuant to the law of this State under O.C.G.A. § § 14-2-1510, 14-2-1520(c) by stating the following:

1. That I am **HARRY J. MATHIS** and that I do certify under oath that I have personally served the above-named Defendant on **December 10TH, 2004** with the Summons, Complaint and Plaintiffs' Request for Admissions by serving the Georgia Secretary of State at the following address to wit:

FLEETBOSTON FINANCIAL CORPORTION f/k/a<br>
BANKBOSTON CORPORATION<br>
c/o Cathy Cox, Georgia Secretary of State<br>
2 Martin Luther King Jr., Drive, N.E., Suite 315<br>
ATLANTA, GEORGIA 30334

2. That at the time of service of the Summons, Complaint and Request for Admissions, the Defendant was listed as a Rhode Island corporation withdrawn from doing business in this State. See my Exhibit "A" attached hereto.

3. I further served the FleetBoston Financial Corporation a Rhode Island corporation having a legal Federal Tax ID Number of: 05-0341324   See my, Exhibits "B" , "C" and "D" attached hereto.

4. I have further certify that I have also made personal service of process on **FLEET BOSTON FINANCIAL CORPORATION** a Delaware Corporation on **December 10th, 2004** thorough the Georgia Secretary of State at the above-stated address as required by O.C.G.A.  § 14-2-1520(c) and O.C.G.A. § 14-2-1510 which is the law of this State.

5. I am not related to the Plaintiff Tony L. Ware, or employed by Plaintiff T.L. Ware Bottling Company, Inc.  Nor do I have any legal interest in the out come of this civil action.

**IN WITNESS AND TESTIMONY HEREOF,** This AMENDED RETRUN OF SERVICE is made under oath and is true and correct and is further made upon my personal knowledge, information and belief.

Further Affiant say Not.

**On this** _12th_ **, day of** _March_ **, 2005.**

**Respectfully Submitted,**

_Harry J. Mathis_

**Harry J. Mathis, Process Server**

**Process Server's Address:**

**HARRY J. MATHIS**
**5490 Hunters Forest Lane**
**COLLEGE PARK, GEORIGA 30349**

**Sworn to and Subscribed before Me,**
**This** _12th_ **day of** _March_ **, 2005.**

_S. R. Harrison Remy_

**STATE NOTARY PUBLIC OFFICER**

_March 22, 2007_

**My Commission Expire On.**

PLAINTIFFS'

# EXHIBIT

# "C"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| TONY L. WARE, CEO and | ) |
| T. L. WARE BOTTLING CO., INC., | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION FILE NUMBER: |
| | ) 1:05-CV-0426-MHS |
| FLEETBOSTON FINANCIAL CORP. | ) |
| F/K/A BANKBOSTON CORP. | ) AMENDED AFFIDAVIT OF SERVICE |
| | ) |
| Defendant. | ) FILED IN SUPPORT MOTION TO DISMSS |

## AMENDED AFFIDAVIT OF SERVICE OF PROCESS

**COMES NOW, TONY L. WARE, Plaintiff** in the above-styled civil action and files this AFFIDAVIT OF SERVICE OF PROCESS on behalf of the Plaintiffs concerning the Defendant **FLEETBOSTON FINANCIAL CORPORTION** f/k/a **BANKBOSTON CORPORATION** pursuant O.C.G.A. § 14-2-1510(b) and O.C.G.A. § 14-2-1520(c) by stating the following under oath to wit:

1. That I am **TONY L. WARE, CEO,** Plaintiff of the Plaintiff **T.L. WARE BOTTLING COMPANY, INC.,** and that I do certify under oath that I have personally served the above-named Defendant on **December 10TH, 2004** with a copy of the Summons, Complaint and Plaintiffs' Request for Admissions by serving Defendant's last known CEO at the following address to wit:

### M. A. FERRUCCI, President & CEO
### FLEETBOSTION FINANCIAL CORPORATION f/k/a BAKBOSTON
### also f/k/a INDUSTRIAL FINANCIAL CORPORATION
### 50 Kennedy Plaza, 16th, Floor
### Providence, RI 02903
### and FLEEBOSTON FINANCIAL CORPORATION of Delaware

Page 1

2. That at the time I mail copies of the Summons, Complaint and Request for Admission I knew Defendant to be FleetBoston Financial Corporation f/k/a BankBoston Corporation. See, **Exhibits "A" and "B"** attached hereto.

3. That at the time of service I assumed but was mislead to beleive that FleetBoston Financial Corporation f/k/a BankBoston Corporation had merged with FleetBoston FleetBoston Financial Corporation of Delaware because of the use of the same corporate name in Georgia.

4. Both FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island and FleetBoston FleetBoston Financial Corporation of Delaware filed Certificates of withdrawal from doing business in this State pursuant to **O.C.G.A. § 14-2-1520(b)** which legally appoints the Georgia Secretary of State to be their legal agent for all service of process in this action pursuant to **O.C.G.A. § 14-2-1520(c).**

5. However, to make sure that service was sent I mail to copies of the Summons, Complaint and Request for Admissions by regular mail and U.S. Certified Mail Return Receipt Requested. See, **Exhibit "A"** attached. For some reasons unknown to me they were return to me as undeliverable.

6. I cannot be held responsible for complying with Georgia Law. Even if these documents were return to me I did what I was required to do under the law.

7. I complied with **O.C.G.A. § 14-2-1510(b)** and FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island and FleetBoston FleetBoston Financial Corporation of Delaware was properly served as a matter of law. Because this corporation was trying to evade process by using the same corporate name in Georgia any fault and negligent was cause by their illegal action and fraud. As Mr. Johnson has said in his affidavit to the Court, this corporation cannot now come into this Court and request equity with unclean hands as a matter of law.

8. Service of process was also perfected on these corporation five days (5) after I deposited the Summons, Complaint and Request for Admission in the United States Mail. See, **O.C.G.A. § 14-2-1510(c)(3).** There no evidence which contradicts my original Affidavit of Service. Both corporations was legally and properly served.

1   **IN WITNESS AND TESTIMONY HEREOF,** This AFFIDAVIT OF

2   SERVICE is made under oath and is true and correct and is further made upon my

3   personal knowledge, information and belief.  Further Affiant says Not.

     **On this** _15th_ **, day of** _March_ **, 2005.**

4

5

6                                        **Respectfully Submitted,**

7

8                                        **Tony L. Ware, CEO & Plaintiff**

9   **Plaintiff's Address:**

10  **TONY L. WARE, Chairman & CEO**

11  **T.L. WARE BOTTLING COMPANY, INC.**
    **P.O. BOX 150524-DEPT. 0227**

12  **ATLANTA, GEORGIA 30315-0188**
    **(404) 945-0342**

13

14

15  **Sworn to and Subscribed before Me,**
    **This** _15th_ **day of** _MARCH_ **, 2005.**

16

17  **STATE NOTARY PUBLIC OFFICER**

18  MICHAEL
    Notary Public
    My Commission

19  **My Commission Expire On.**

20

21

22

23

24

25

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

FILED IN OFFICE

JAN 1 4 2005

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| TONY L. WARE, CEO and | ) |
| T. L. WARE BOTTLING CO., INC., | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION |
| | ) FILE NUMBER: <u>2004CV94553</u> |
| FLEETBOSTON FINANCIAL CORP. | ) |
| F/K/A BANKBOSTON CORP. | ) AFFIDAIVT OF SERVICE OF PROCESS |
| | ) |
| Defendant. | ) |

## <u>AFFIDAVIT OF SERVICE OF PROCESS</u>

**COMES NOW, TONY L. WARE, Plaintiff** in the above-styled civil action and files this AFFIDAVIT OF SERVICE OF PROCESS on behalf of the Plaintiffs concerning the Defendant **FLEETBOSTON FINANCIAL CORPORTION** f/k/a **BANKBOSTON CORPORATION** pursuant O.C.G.A. § 14-2-1520(c) by stating the following under oath to wit:

1. That I am **TONY L. WARE, CEO,** Plaintiff of the Plaintiff **T.L. WARE BOTTLING COMPANY, INC.,** and that I do certify under oath that I have personally served the above-named Defendant on **December 10TH, 2004** with a copy of the Summons, Complaint and Plaintiffs' Request for Admissions by serving Defendant's last known CEO at the following address to wit:

**M. A. FERRUCCI, President & CEO**
**FLEETBOSTION FINANCIAL CORPORATION**
**50 Kennedy Plaza, 16th, Floor**
**Providence, RI 02903**

See, Exhibit "A" attached hereto

**IN WITNESS AND TESTIMONY HEREOF,** This AFFIDAVIT OF SERVICE is made under oath and is true and correct and is further made upon my personal knowledge, information and belief. Further Affiant say Not.

On this __2 3 rd__ , day of __Dec__ , 2004.

Respectfully Submitted,

**Tony L. Ware, CEO & Plaintiff**

**Plaintiff's Address:**

**TONY L. WARE, Chairman & CEO
T.L. WARE BOTTLING COMPANY, INC.
P.O. BOX 150524-DEPT. 0227
ATLANTA, GEORGIA 30315-0188
(404) 945-0342**

**Sworn to and Subscribed before Me,
This __23rd__ day of __Dec__ , 2004.**

**STATE NOTARY PUBLIC OFFICER**

MICHAEL R. JOHNSON, SR.
Notary Public DeKalb County, Georgia
My Commission Expires April 29, 2006

**My Commission Expire On.**

# Exhibit "A"



U.S. Postal Service
**CERTIFIED MAIL   RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $3.85 |
| Certified Fee | | $2.30 |
| Return Receipt Fee (Endorsement Required) | | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | | $3.50 |
| Total Postage & Fees | $ | $11.40 |

Sent To Mr. M.A. Ferrucci, CEO
Street, Apt. No.; or PO Box No. 50 Kennedy Plaza, 16th Fl
City, State, Zip Providence, RI 02903

PS Form 1800, June 2002                See Reverse for Instructions

7003 1680 0007 0643 0975



U.S. POSTAL SERVICE   **CERTIFICATE OF MAILING**
MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT
PROVIDE FOR INSURANCE—POSTMASTER

Received From:
TONY L. WARE
P.O. BOX 150524
ATL, GA 30315

One piece of ordinary mail addressed to:
MT. M.A. Ferruccie, CEO
50 Kennedy Plaza, 16th
Providence, RI 02903

PS Form 3817, Mar. 1989



# T. L. WARE BOTTLING COMPANY, INC.

## VIA – U.S. CERTIFIED MAIL

December 10th, 2004

Mr. M. A. Ferrucci, CEO
FleetBoston Financial Corporation
50 Kennedy Plaza, 16th, Floor
Providence, RI 02903

**Reference: Summons and Complaint.**

Dear Mr. Ferrucci:

This letter is also in reference to our legal claims we have against your company.   Enclosed you will find copies of the Summons, Complaint and Request for Admission concerning a lawsuit we filed against your Company in the Superior Court of Fulton County in the State of Georgia which require an answers by FleetBoston Financial Corporation.

Thank you for your time concerning our claims.

*Respectfully yours,*
*T. L. Ware Bottling Company, Inc.*

*Dr. Tony L. Ware, PhD,JD*
*Chairman and CEO*

TLW/iw

cc:    Michael R. Johnson, Esq.

Enclosure

PLAINTIFFS'

# EXHIBIT



# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )

       **Plaintiffs,** )

    **vs.** ) **CIVIL ACTION**
) **FILE NUMBER: 2004CV94553**

FLEETBOSTON FINANCIAL CORP. )
F/K/A BANKBOSTON CORP. ) **FINAL JUDGMENT AND DECREE**
)
    **Defendant.** )   **PRESIDING JUDGE BROGDON**

> FILED IN OFFICE
>
> JAN 2 8 2005
>
> DEPUTY CLERK SUPERIOR COURT
> FULTON COUNTY, GA

---

## FINAL JUDGMENT AND DECREE

    This civil matter having come before this Court on a final hearing on the Plaintiffs' Joint Motion for Default Judgment pursuant to **O.C.G.A. § 9-11-55(a)** and their Joint Motion for Summary Judgment on the issue of damages pursuant to **O.C.G.A. § 9-11-56(a)** with the consent of the Plaintiffs in this action. Based upon the record in this action, the evidence presented to the Court by the parties and applicable State law the Court finds that as a matter of law sufficient grounds exist for the granting thereof. The Court hereby GRANT the Plaintiffs' Joint Motion for Default Judgment and Summary Judgment and enters final judgment as follows:

### I. FINDINGS OF FACT

    The Court makes the following findings of fact:

    The Plaintiffs Tony L. Ware, CEO and T.L. Ware Bottling Company, Inc., brought this civil action on December 7th, 2004 based upon their ten count Complaint for Damages, Injunction, RICO violations, Fraud, Gross Negligence and other violations of both Federal and State laws and further requesting injunctive and other equitable relief concerning all other claims and disputes against the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation.