**1**
**2**
**3**
**4**
Defendant FleetBostion is a foreign corporation having withdrawn from doing business in this State pursuant to O.C.G.A. § 14-2-1520(b).  After proper service of process of the Summons and Complaint on December 10th, 2004 on the Defendant by a Court Appointed Process Server, the Defendant failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005.

**5**
**6**
**7**
**8**
**9**
**10**
**11**
The Court finds that fifteen **(15)** days having elapsed from the date of this default and the default not having been opened as a matter of right or by an order of this Court and hence the Plaintiffs are clearly entitled to a judgment by default against the Defendant as a matter of law.  The Plaintiffs has submitted to the Court their joint Motion for Default Judgment and Summary Judgment on the issue of damages with stipulations filed by the parties Plaintiffs.  The Court finds that there are no just reasons for delay of the entry of this final judgment and therefore enters final judgment for the Plaintiffs as to all claims pursuant to O.C.G.A. § 9-11-54(b).

**12**

### II. DISCUSSION

**13**
**14**
**15**
**16**
**17**
**18**
**19**
**20**
There is no dispute that Defendant FleetBostion is a foreign corporation withdrawn from doing business in this State pursuant to O.C.G.A. § 14-2-1520(b).  See, (Plaintiffs' Complaint Exhibit "A") and that proper service of process was made on the Defendant by a Court Appointed Process Server by serving the Georgia Secretary of State pursuant to O.C.G.A. § 14-2-1520(c).  See, Return of Service at Docket No. E4.  Defendant failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005.  The Plaintiffs having filed their joint Motion for Default and Summary Judgment on the issue of Damages, such motion can be heard by the Court.  Therefore, the Court holds that since Defendant is in default liability is establish by the operation of law.  See, O.C.G.A. § 9-11-55(a).

**21**

### III. HEARING ON THE ISSUE OF DAMAGES

**22**
**23**
**24**
**25**
The only issue that remain in this civil action are the issue of damages.  With the consent of the Plaintiffs, the Court will entertain their joint Motion for Default Judgment and Summary Judgment on the issue of damages.  Defendant has legally waived all further notices in this action pursuant to O.C.G.A. § 9-11-5(a).  Defendant is not entitled to any notice of the final hearing on the Plaintiffs' joint motion.

There has been a long line of cases rendered by our Georgia Supreme Court which holds that the failure of a Defendant to file pleadings in an action is deemed a waiver by that Defendant of all further notices to that Defendant in the civil action. This includes all notices of time and place of trial and the issuing of any final decree in the action.  See, **_Lucas v. Lucas_**, 273 **Ga.** 240, 539 **SE2d** 807 (2000); **_Harris v. Harris_**, 258 **Ga.** 496, 371 **SE2d** 399 (1988); **_Hardwick v. Hardwick_**, 245 **Ga.** 570, 266 **SE2d** 184 (1980); **_Brooks v. Brooks_**, 242 **Ga.** 444, 249 **SE2d** 244 (1978).

Thus, this waiver of further notices of a hearing and the time and place of trial provided by **O.C.G.A.** § 9-11-5(a) would control over any conflicting Court Rules. See, **_Hulsey Pool Co. v. Troutman_**, 167 **Ga. App.** 192, 306 **SE2d** 83 (1983).

Therefore, the Court holds that Defendant in this action has waived all notices of the entry of this final judgment as a matter of law and that the Court will turn its attention to the Plaintiffs' Motion for Default Judgment, Summary Judgment on the issue of damages and the record in this civil proceeding.

### (a) DEFENDANT FLEETBOSTION'S ADMISSIONS

When the Plaintiffs served the Defendant with their Complaint for Damages they also served the Defendant with a copy of "Plaintiffs' Request for Admissions." See, Docket No. E4.  Defendant also failed to answer the Plaintiffs' request for admissions in this action.  See, Docket No. E3.  Under O.C.G.A. § 9-11-36(a) all matters which are not denied or objected to by a Defendant shall be deemed admitted if not denied by a Defendant within the time permitted for answering a request for admissions.  Because Defendant FleetBostion did not answer, object or deny the Plaintiffs' request for admissions, the Court holds that the Defendant FleetBostion made the following judicial admissions to wit:

> "2.   The Defendant FLEETBOSTION FINANCIAL CORP., admits that it has committed all acts stated in the Plaintiffs' Complaint and that all exhibits attached thereto are also admitted as true."

> "4.   The Defendant FLEETBOSTION FINANCIAL CORP., admits to the Court or the Jury that the Plaintiffs are entitled to statutory property damages in the Complaint not ~~less than the amount of $75,507,000.00~~ [Seventy-five Million

> **"(b) Effect of admission.   Any matter admitted under this Code Section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission."**

### (b) TRIAL COURT'S DISCRETION

This Court will only have discretion under **O.C.G.A. § 9-11-36(b)** when a party moves to determine the sufficiency of the answers or objections filed in response to a request for admissions.  See, ***Mountain View Enters, Inc. v. Diversified Systems***, 133 **Ga. App.** 249, 211 **SE2d** 186 (1974).  Defendant should have moved to amend or withdraw its admissions in order for this Court to use its discretion.  However, without such a timely motion made by the Defendant FleetBoston to withdraw or amend its admissions this Court as a matter of law is without discretion, authority or jurisdiction to set aside or amend Defendant's admissions on its own motion.

### (c) GEORGIA'S SUPREME COURT RULE ON ADMISSION

This Court is also bound by the holding made by our Georgia Supreme Court in ***G.H. Bass & Co. v. Fulton County Bd. Of Tax Assessors***, 268 **Ga.** 327, 486 **SE2d** 810 (1997) holding that a Defendant's un-withdrawn admissions are deemed admitted when not denied.  The Georgia Supreme Court held in part that:

> **"The [Defendant] did not move the trial court to allow the withdrawal or amendment of its admissions either before or after [the Plaintiffs] raised the legal effect of the [Defendant's] failure to respond to its requests and did not offer any justification for its failure to respond which would have authorized the trial court to exercise its discretion under O.C.G.A. § 9-11-36(b) to relieve the [Defendant] from the consequence of its admissions. Because the [Defendant] did not avail itself of any of the variety of the responses available under O.C.G.A. § 9-11-36 and chose not to seek the liberal remedies afforded to parties under the statute to avoid the consequences of a failure to respond, we hold that the subject matter of [Plaintiffs'] requests for admission stood admitted."**

> **"The language in O.C.G.A. § 9-11-36(a) is clear, unambiguous, and unequivocal and means just what it says.  One must comply strictly and literally with the**

terms of the statute upon the peril of having his response construed to be an admission."

"While we recognize that the result on the [Defendant] may be criticized as harsh or draconian, our holding benefits both bench and bar in that it promotes constancy and stability in the law by clarifying that the plain language of a civil practice statute will be applied consistently to all parties; hence, all practitioners will be able to govern their behavior accordingly."

"Because the admissions were not withdrawn or amended, the Court of Appeals erred by holding that the [Defendant's] failure to respond was a matter of no consequence."

"Judgment reversed."

With emphases supplied and citations omitted. Thus our Georgia Court of Appeals has echoed the Georgia Supreme Court holding in its opinions in *Mays v. Ed Voyles Chrysler-Plymouth, Inc.*, 255 **Ga. App.** 357, 565 **SE2d** 515 (2002); *Solis v. Lamb*, 244 **Ga. App.** 8, 534 **SE2d** 582 (2000).  The Georgia Court of Appeals has ruled in *Mays v. Ed Voyles Chrysler-Plymouth, Inc.*, Supra, that:

"A matter admitted in response to requests for admission under O.C.G.A. § 9-11-36 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission.... Such a solemn admission in judicio is conclusive as a matter of law on the matter stated and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion."

Because this Court has already found that the Defendant has admitted that the Plaintiffs are entitled to not less than $75,507.000.00 in property damages, $95,000,000.00 in punitive damages and pre judgment interest from June 4th, 1994 until the date final judgment is entered in this civil action.

The Court holds that there are no genuine issue as to any material fact concerning the amount of damages and that the Plaintiffs are entitled to Summary Judgment on the issue of damages as a matter of law.  See, *Mays v. Ed Voyles Chrysler-Plymouth, Inc.*, 255 **Ga. App.** 357, 565 **SE2d** 515 (2002).

# IV. CONCLUSIONS OF LAW

The Court conclude that the Plaintiffs made proper service of process on Defendant FleetBoston Financial Corporation with the Summons, Complaint and Request for Admissions by serving the Georgia Secretary of State pursuant to **O.C.G.A. § 14-2-1520(c)** the law of this State. See, Docket No. E3.

The Court further conclude that the Defendant is in default as a matter of law and that Defendant FleetBostion has legally waived all further notices in this action pursuant to **O.C.G.A. § 9-11-5(a)**. This also includes notice of time and place of trial and the issuing of any final judgment and decree in this civil action.

The Court further conclude that the admissions made by the Defendant FleetBoston Financial Corporation as to the amount of damages are deemed judicial admissions and cannot be overlooked by this Court and is therefore binding on this Court. See, **O.C.G.A. § 9-11-36(b)**. Because of Defendant's solemn admissions in judicio are binding, they are conclusive on the issue of damages and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion.

Therefore, the Plaintiffs are entitled to relief sought and that this Court has jurisdiction to grant the Plaintiffs' request for relief concerning their joint Motion for Default Judgment and Summary Judgment on the issue of damages in this civil action. See, **Georgia Constitution, Article VI Section IV Paragraph I, O.C.G.A. § 9-11-55(a)** and **O.C.G.A. § 9-11-56(a)**.

Therefore, it is hereby:

**ORDERED, ADJUDGED, AND DECREED,** That final judgment is entered in favor of the Plaintiffs Tony L. Ware, CEO and T.L. Ware Bottling Company, Inc., against the Defendant FleetBoston Financial Corporation in the amount of $75,507,000.00 in property damages which damages are tripled pursuant to O.C.G.A. § 16-14-6(c) the (Georgia RICO Act) and 18 U.S.C. § 1964(c) the (Federal RICO Act) resulting in a total amount of **$226,521,000.00** in favor of the Plaintiffs against Defendant FleetBoston Financial Corporation.

**IT IS FURTHER ORDERED,** That the Plaintiffs shall have punitive damages against the Defendant for its illegal actions, frauds, willful misconduct,

wanton, illegal thefts and RICO violations in the amount of $95,000,000.00 in punitive damages which damages are tripled pursuant to O.C.G.A. § 16-14-6(c) the Georgia RICO Act and 18 U.S.C. § 1964(c) the Federal RICO Act resulting in a total amount of **$285,000,000.00** in favor of the Plaintiffs against Defendant FleetBostion.

**IT IS FURTHER ORDERED,** That the Plaintiffs shall have pre judgment interest against the Defendant FleetBoston Financial Corporation concerning the Plaintiffs' property damage claims from June 4th, 1994 upon entry of this judgment in the amount of **$410,746,265.24** pursuant to O.C.G.A. § 51-12-14(c). See, Affidavit at Docket No. E6. Thus, the Plaintiffs shall have a total final judgment against Defendant FleetBoston Financial Corporation in the principle amount of **$511,521,000.00** and pre judgment interest in the amount of **$410,746,265.24.**

**IT IS FURTHER ORDERED,** That the Defendant shall pay any and all post judgment interest that accrues on this final judgment after the entry of this final judgment pursuant to **O.C.G.A. § 7-4-12.**

**IT IS FURTHER ORDERED,** That the Clerk of this Court shall issue a Writ of Execution (Fi Fa) in the principle amount of **$511,521,000.00** with interest in the amount of **$410,746,265.24** and the Court cost of this action. Upon the Clerk issuing the Writ of Execution (Fi Fa), Defendant FleetBoston Financial Corporation formerly known as BanKBoston Corporation shall immediately pay and satisfy the final judgment of this Court as stated in such Writ of Execution (Fi Fa) and upon Defendant receiving a certified copy of this final judgment and the Writ of Execution.

**IT IS FURTHER ORDERED,** By this Court that unless the Defendant show good cause to this Court why it cannot pay or satisfy the final judgment of this Court with pre judgment interest, or if the Defendant fails or refuses to make payment of the final judgment including pre judgment interest to the Plaintiffs within 7 days upon receipt of a copy this order; then the Court hereby adjudges the Defendant in civil contempt of this Court. See, ***Griggers v. Bryant,*** 239 **Ga.** 244, 236 **SE2d** 599 (1977); ***Wagner v. Commercial, Inc.,*** 203 **Ga.** 1, 45 SE2d 205 (1945).

**IT IS FURTHER ORDERED,** By this Court that the Defendant shall be subject to pay the Plaintiff in addition to the final judgment and post judgment interest, a civil penalty of **$25,000.00** per day until the Defendant purges itself of such contempt by complying with the terms of this final judgment.  See, ***In re Harvy***, 219 **Ga. App.** 76, 464 **SE2d** 34 (**1995**).  This civil penalty will only apply if the Defendant fails to comply with the terms of this order within (7) days upon receiving notice of this order by the Court or by the Plaintiffs.  The Defendant, its subsidiaries that are operating in this State, their officers and agents will be subject to further civil and criminal penalties and a writ of injunction that will enjoin them from operating in this State until Defendant has complied with the terms of this final judgment.

**IT IS FURTHER ORDERED,** That the Sheriffs of this State and their lawful Deputies are hereby ordered to take all actions needed to seize all monies, property and assets which is not exempt by law held by any persons, corporations, partnerships, banks or holding companies held on behalf of the Defendant or that is in the possession of the Defendant located within the jurisdiction of this State.

**IT IS FURTHER ORDERED,** By this Court that the Defendant shall post supersede bonds in the amount of **$511,521,000.00** representing the principal and **$410,746,265.24** representing the pre judgment interest before the Defendant can file any pleadings, motions or appeals in this action.  The Clerk of this Court is hereby directed not to file any motions, appeal or any other documents into this Court on behalf of the Defendant except an affidavit by the Defendant's CEO explaining why the Defendant cannot post the supersede bonds stated in this decree.  Nor shall the Clerk of this Court set any hearings on any other matter before any other Judge of this Court until said Defendant has posted a total of **$922,267,265.24** in supersede bonds with the Clerk of this Court.

**IT IS FURTHER ORDERED,** By this Court that the Clerk of this Court is also directed to served a certified copy of the Writ of Execution (Fi Fa) and this final judgment entered on the Defendant FleetBoston Financial Corporation by U.S. Certified Mail pursuant to O.C.G.A. § 14-2-1520(c) addressed to:

**M. A. FERRUCCI, President & CEO**
**FLEETBOSTION FINANCIAL CORPORATION**
**c/o Cathy Cox, Secretary of State**
**2 Martin Luther King Jr., Drive, Suite 315**
**Atlanta, Georgia 30334-1530**

**IT IS FURTHER ORDERED,** By this Court that the Plaintiffs shall also be authorized to prefect service of a copy of this final judgment and the Writ of Execution (Fi Fa) on the Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation by U.S. Certified Mail at any of the other addresses of the Defendant listed in the office of the North Carolina's Secretary of State. Any service made by the Clerk of this Court or the Plaintiffs in this action pursuant to this order shall be deemed perfected on the Defendant pursuant to **O.C.G.A. § 14-2-1520(c).**

## V. BILL OF PEACE AND INJUNCTION

**IT IS HEREBY ORDERED,** By this Court that the Defendant, its officers, agents, its servants, its assigns and its successors (such as Bank of America) or any other person, corporation, insurance company, bank or partnership acting under the authority of the Defendant FleetBoston Financial Corporation are hereby permanently enjoined and restrained from the following:

(a) The Defendant is hereby permanently enjoined and restrained from assisting or aid and aiding its subsidiaries, its officers, agents and servants in performing any illegal acts averred by the Plaintiffs and deemed by the Court to be illegal and a fraud against the Plaintiffs and other consumers in the State of Georgia;

(b) The Defendant is hereby permanently enjoined and restrained from operating in this State without a Certificate of Authority from the Georgia Secretary of State;

(c) The Defendant, its officers, agents and its attorneys are permanently enjoined and restrained committing any further torts against the Plaintiffs as stated in their Complaint;

(d) The Defendant, its officers, agents and its attorneys are hereby permanently enjoined and restrained from filling any

**Page 10**

motions, pleadings or appeals for the purpose of delaying any rights adjudicated by this Court in favor of the Plaintiffs in this civil action. Nor shall the Defendant or its attorneys acting on behalf of the Defendant file any motions, pleadings or appeals for the purpose of harassing the Plaintiffs of any rights adjudicated by the Court and

(e) Defendant its officers, agents and its attorneys are hereby permanently enjoined and restrained from harassing the Plaintiffs in any discovery or post judgment discovery matters by asking questions in a matter which is deemed irrelevant to the case so adjudicated by this Court or that such questions has no legal value to the Plaintiffs' claims at issue.   Nor shall Defendant's attorneys file any motions or pleadings in any other Court having jurisdiction on matters already admitted to by the Defendant and matters adjudicated by this Court in this civil action.

## VI. ENFOCEMENT PROVISIONS OF FINAL JUDGMENT

**IT IS FURTHER ORDERED,** By this Court that it shall be the duty of the Sheriffs of this State located within their legal jurisdiction where all provisions of this final judgment can be enforced against the Defendant FleetBoston and that said officer or officers shall take all actions and proper steps needed when requested to do so by the Plaintiffs in enforcing this final judgment by performing the following:

a. Arrest anyone who may resisting or interfering with the enforcement of this final judgment in the present of such officer(s) as legal contempt of this Court;

b. Make any Police report and document all claims in such report when requested by the Plaintiffs or their authorized agents concerning any violations of the laws of this State;

c. Take possession of Defendant's assets which may be in the legal possession of any banks, holding company, corporation, partnership or insurance company and;

d. Perform any other act which may ad in the enforcement of ~~this final judgment provided however that such act may not~~ conflict with the laws of this State.

**IT IS FURTHER ORDERED,** That when assistance is requested by the Plaintiffs for the enforcement of any provisions of this final judgment said officer or officers shall assist the Plaintiffs and enforce the provisions of this final judgment.

**IT IS FURTHER ORDERED,** That the Plaintiffs has consented to the total payment and satisfaction of this judgment to be made payable to the Plaintiff T.L. Ware Bottling Company, Inc., by the Defendant.  Furthermore, this consent final judgment shall not be amended, modified or set aside by the parties or the Court without the consent of the parties Plaintiffs or without a notice of a hearing to the Plaintiffs by the Clerk of this Court at the Plaintiffs' address of record in this action.

**IT IS FURTHER ORDERED,** That this final judgment shall be a standing order of this Court in the above-styled civil matter and is entered as final judgment pursuant to **O.C.G.A. § 9-11-54(b)** unless reversed, modified or set aside by any of the appellate Courts in this State.

**IT IS SO ORDERED, This** _28th_ **day of** _JAN_ , **2005.**

**Hon. M. GINO BROGDON, Presiding Judge**
**SUPERIOR COURT OF FULTON COUNTY**

**IT IS HEREBY AGREED TO BY THE PARTIES,**

**Agreed and Consented to By:**

**Michael R. Johnson, Sr.**
**Attorney for the Plaintiff**
**Georgia Bar No. 395056**
**Johnson & Associates, P. C.**
**340 West Peachtree Street, N.E.**
**Suite 200**
**Atlanta, Georgia 30308**
**(404) 688-7100**

**Agreed and Consented to By:**

**Dr. Tony L. Ware, JD, Plaintiff**
**Chairman & CEO**
**P.O. Box 150524-Dept. 0227**
**Atlanta, Georgia 30315-0188**
**(404) 945-0342**

# PLAINTIFFS'

# EXHIBIT

# "E"

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

**FILED IN OFFICE**

**FEB 0 2 2005**

DEPUTY CLERK SL.. RIOR COURT
FULTON CO¬ ::TY, GA

TONY L. WARE, CEO, and
T.L. WARE BOTTLING CO., INC.,

        Plaintiff,

Vs.

                            Civil Action 2004 CV 94553
                            Judge Bensonetta Tipton Lane

FLEETBOSTON FINANCIAL CORP.,
f/k/a BANKBOSTON CORP.,

        Defendant.

## ORDER VACATING JUDGMENT AND SETTING HEARING

    The Final Judgment and Decree entered January 28, 2005, by the Presiding Judge is

hereby **VACATED**. The Court will hear argument regarding the plaintiff's motion for default

judgment and the scope of any appropriate relief on **Wednesday, February 16, 2005 at 10:00**

**A.M.** in Courtroom 1-D, 185 Central Avenue SW, Atlanta, GA 30303. This hearing is specially

set. No continuances will be granted except upon written motion and for legal cause.

    SO ORDERED, this **2** day of February, 2005.

                            BENSONETTA TIPTON LANE, JUDGE
                            Fulton Superior Court
                            Atlanta Judicial Circuit

Please serve:

Mr. Michael Robert Johnson
Johnson & Associates, P.C.
340 W. Peachtree Street., Suite 200
Atlanta, GA 30308-3517
Phone: 404-688-7100
Fax: 404-230-2858

Dr. Tony L. Ware
P.O. Box 150524-Dept. 0227

1

# PLAINTIFFS'

# EXHIBIT

# "F"

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

TONY L. WARE, CEO and
T. L. WARE BOTTLING CO., INC.,

        Plaintiffs,

vs.

FLEETBOSTON FINANCIAL CORP.
F/K/A BANKBOSTON CORP.,

        Defendant.

**FILED IN OFFICE**

FEB - 7 2005

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

CIVIL ACTION
FILE NUMBER: <u>2004CV94553</u>

**ORDER ON MOTION**

PRESIDING JUDGE BAXTER

## <u>ORDER</u>

The Plaintiffs in this civil matter having come before this Court for a hearing on their Motion to Set Aside an Order pursuant to **O.C.G.A. § 9-11-60(a)** and **(d)(1)** with their consent in this action. Based upon the record in this action, the evidence presented to the Court by the parties and applicable State law the Court finds that as a matter of law sufficient grounds exist for the granting thereof. The Court hereby GRANT the Plaintiffs' joint Motion to Set Aside this Court's Order entered on February 2nd, 2005 vacating this Court's final judgment on January 28th, 2005 as follows:

### I. FINDINGS OF FACT

The Court makes the following findings of fact:

The Plaintiffs Tony L. Ware, CEO and T.L. Ware Bottling Company, Inc., brought this civil action on December 7th, 2004 based upon their ten count Complaint for Damages, Injunction, RICO violations, Fraud, Gross Negligence and other violations of both Federal and State laws and further requesting injunctive and other equitable relief concerning all other claims and disputes against the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation.

After proper service of process of the Summons and Complaint on the Defendant on December 10th, 2004 by a Court Appointed Process Server, the Defendant failed to file its answer to the Summons and Complaint and became in default on January 11th, 2005.

On January 28th, 2005 this Court entered a Final Judgment and Decree in favor of the Plaintiffs. See, Docket No. 10. Before any party could appeal such final judgment this Court entered a order vacating said final judgment on its own motion without a showing of any meritorious reason. See, Docket No. 11.

Contrary to the final judgment of this Court the Order vacating the final judgment did not state whether or not said final judgment was void or whether there were any nonamendable defects which may appear on the face of the record. The Court further finds that the final judgment entered in this action was not void for lack of jurisdiction over the parties or the subject matter in this case. Nor are there any nonamedable defects which would authorized this Court to set aside or vacate the final judgment entered by this Court.

Thus the final judgment entered on January 28th, 2005 limited this Court's own inherent power and jurisdiction to amend, modify or set aside the final judgment as it relates to this case without first giving the Plaintiffs a notice of a hearing and a right to be heard by the Court prior to vacating and setting aside the final judgment of this Court. See, Docket No. 10 Final Judgment at Page 12.

Therefore this Court finds that as a matter of law, there are no meritorious reasons to vacate the final judgment entered on January 28th, 2005 and the Order vacating such final judgment is void on its face for lack of jurisdiction.

## II. DISCUSSION

Notwithstanding this Court's inherent authority over judgments within the same term of Court the final judgment entered in this action was rendered in chambers pursuant to **O.C.G.A. § 9-11-55(a)**. This Court never exercised any legal discretion to vacate its final judgment nor did the Court give the Plaintiffs any meritorious reasons for vacating the final judgment. See, Docket No. 11 Order vacating judgment. Our Georgia Supreme Court has made it clear in **Pope v. Pope**, 277 **Ga.** 333, 588 **SE2d** 736 (2003) by stating the following:

> "A trial court's discretion in setting aside a judgment will not be disturbed unless manifestly abused. However, trial Court's discretion to set aside a judgment during the term it was entered is not without limits, and should be exercised for some meritorious reason."

Thus the Order attempting to vacate the final judgment in this manner did not show that the Court exercised any legal discretion by showing a meritorious reason. The Georgia Supreme Court has also held in **_Hurt Bldg., Inc. v. Atlanta Trust Co._**, 181 **Ga.** 274, 182 **SE** 187 (1935) that:

> "While a motion to set aside a judgment a judgment is addressed to the sound discretion of the judge, it should not, although made during the term at which the judgment was rendered, be granted unless some meritorious reason is given thereof. The rule appears to have been generally adopted in almost all jurisdictions, that the power of control even during the term should be exercised only upon sufficient cause shown, and where the matter appeals to an exercise of sound legal discretion."

As stated herein the final judgment entered on January 28th, 2005 limited this Court's own power and jurisdiction to amend, modify or set aside the final judgment by first giving the Plaintiffs the right to a notice of a hearing and a right to be heard prior to the Court vacating or setting aside the final judgment of this Court. See, Docket No. 10 Final Judgment at Page 12 which reads in part that:

> "**IT IS FURTHER ORDERED,** That the Plaintiffs has consented to the total payment and satisfaction of this judgment to be made payable to the Plaintiff T.L. Ware Bottling Company, Inc., by the Defendant. **Furthermore, this consent final judgment shall not be amended, modified or set aside by the parties or the Court without the consent of the parties Plaintiffs or without a notice of a hearing to the Plaintiffs by the Clerk of this Court at the Plaintiffs' address of record in this action.**"

## III. CONCLUSION OF LAW

This provision of the final judgment was binding on this Court. Therefore, the Court concludes that there are no meritorious reasons to vacate the final judgment entered on January 28th, 2005 and the Order vacating such final judgment without notice to the Plaintiffs and without their consent pursuant to the above stated provision of the final judgment is deemed void on its face for lack of jurisdiction. The Georgia Supreme Court has further held that:

> **"A void judgment is no judgment. By it no rights are divested; from it no rights can be obtained. Being worthless in itself, all proceeding founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void."**

See, **_Steward vs. Golden_**, 98 **Ga.** 479, 25 **SE** 538 (1896) and also see **_Shotgun vs. State_**, 73 Ga. App. 136, 35 SE2d 556 (1945) cert. denied, 329 **U.S.** 740, 67 **S.Ct.** 56, 91 **L.Ed** 638 (1946). See, **O.C.G.A.** § 9-11-60(a) and **O.C.G.A.** § 9-12-16. The Georgia Supreme Court has made it clear by stating:

> **"When a party has been afforded an opportunity to be heard, the court cannot suspend or vacate its judgment merely to let in a defense which should have been offered before the judgment was entered."**

See, **_Hurt Bldg., Inc. v. Atlanta Trust Co._**, Supra. This Court further concludes that the Order vacating the final judgment without having a meritorious reason and without notice to the Plaintiffs prior to vacating the final judgment violates the Plaintiffs Federal Constitutional rights to due process under law.

**ORDERED, ADJUDGED, AND DECREED,** That the Order vacating the final judgment entered on February 2nd, 2005 is hereby set aside and vacated and said order is deemed null and void on its face for lack of jurisdiction and because of a nonamendable defect which appears on the face of the record such as lack of notice of a hearing to the Plaintiffs concerning the Court's own motion to vacate the final judgment without having a meritorious reason.

**IT IS FURTHER ORDERED,** By this Court that the final judgment entered on January 28th, 2005 by the Honorable M. Gino Brogdon is effective and binding on this Court and all parties and is therefore the law of this case.

**IT IS FURTHER ORDERED,** By this Court that the Defendant and the Clerk of this Court is further directed to comply with all of the terms of the final judgment entered on January 28th, 2005 by the Honorable M. Gino Brogdon, Presiding Judge and that any further orders or judgments (except any orders of the Georgia Supreme Court or the Georgia Court of Appeals) which is entered in violation of the final judgment shall be deemed null and void as a matter of law.

**IT IS FURTHER ORDERED,** By this Court that this order shall be made part of the final judgment of this Court and shall not be vacated or set aside by the Court without prior notice of a hearing to the Plaintiffs. The Plaintiffs shall have a right to file a motion for contempt for any persons violating this Order and the final judgment entered on January 28th, 2005 by this Court

**IT IS SO ORDERED, This** _____ **day of** _____ **, 2005.**

_____
**Hon. JERRY W. BAXTER, Presiding Judge**
**SUPERIOR COURT OF FULTON COUNTY**

**IT IS HEREBY CONSENTED TO BY THE PARTIES,**

Consented to By:

_____
**Michael R. Johnson, Sr.**
**Attorney for the Plaintiff**
**Georgia Bar No. 395056**
**Johnson & Associates, P. C.**
**340 West Peachtree Street, N.E.**
**Suite 200**
**Atlanta, Georgia 30308**
**(404) 688-7100**

Consented to By:

_____
**Dr. Tony L. Ware, JD, Plaintiff**
**Chairman & CEO**
**P.O. Box 150524-Dept. 0227**
**Atlanta, Georgia 30315-0188**
**(404) 945-0342**

PLAINTIFFS'

# EXHIBIT

# "G"

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

```
FILED IN OFFICE
FEB - 8 2005
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA
```

TONY L. WARE, CEO and            )
T. L. WARE BOTTLING CO., INC.,   )
                                 )
            Plaintiffs,          )
                                 )
vs.                              ) CIVIL ACTION
                                 ) FILE NUMBER: <u>2004CV94553</u>
FLEETBOSTON FINANCIAL CORP.      )
F/K/A BANKBOSTON CORP.           )          NOTICE OF APPEAL
                                 )
            Defendant.           )

---

## <u>NOTICE OF APPEAL</u>

**COMES NOW, TONY L. WARE, CEO,** Plaintiff proceeding by his attorneys in the above-styled civil action matter and hereby files his Notice of Appeal pursuant to **O.C.G.A. § 5-6-34(b)** which the Plaintiff hereby appeals to the Georgia Supreme Court from final judgment entered on January 28th, 2005 and any other orders as it relates to the final judgment in this civil action.

Therefore, the Clerk of this court shall please omit nothing in the record pertaining to Plaintiff's appeal. Furthermore, Appellant states that there are no transcripts of evidence of the proceedings to be filed for the inclusion of the record on Plaintiff's appeal.

You are required to prepare transmit the entire record on Plaintiff's appeal to the Georgia Supreme Court within (20) days from the date of filing this notice of appeal. The Georgia Supreme Court has jurisdiction of this appeal rather then Georgia Court of Appeal as it involves an action concerning an injunction and equitable relief and some errors of law pursuant to **O.C.G.A. § 5-6-34(a)**. A copy of said final judgment is attached hereto as **Exhibit "A"**.

**This** _____8th_____ **, day of** _____Feb_____ **, 2005.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Respectfully Submitted,**

**Dr. Tony L. Ware, Appellant**

**P.O. Box 150524-Dept. 0227**
**Atlanta, Georgia 30315-0188**
**(404) 945-0342**

PLAINTIFFS'

# EXHIBIT

# "H"

**PLAINTIFFS'**

# EXHIBIT

 " J "

# Secretary of State
## Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

```
DOCKET NUMBER        : 050691166
CONTROL NUMBER       : J150296
DATE INC/AUTH/FILED: 02/27/1981
JURISDICTION         : RHODE ISLAND
PRINT DATE           : 03/10/2005
FORM NUMBER          : 215
```

```
TONY L. WARE
POB 150524
ATLANTA, GA 30315
```

### CERTIFIED COPY

I, Cathy Cox, the Secretary of State of the State of Georgia, do hereby certify under the seal of my office that the attached documents are true and correct copies of documents filed under the name of

### FLEET FINANCIAL CORPORATION OF RHODE ISLAND
### A FOREIGN PROFIT CORPORATION

Said entity was formed in the jurisdiction set forth above and has filed in the Office of Secretary of State on the date set forth above its certificate of limited partnership, articles of incorporation, articles of association, articles of organization or application for certificate of authority to transact business in Georgia.

This certificate is issued pursuant to Title 14 of the Official Code of Georgia Annotated and is prima-facie evidence of the existence or nonexistence of the facts stated herein.



Cathy Cox
Secretary of State

# DUPLICATE

J150896

**STATE OF GEORGIA**
**SECRETARY OF STATE EX-OFFICIO**
**CORPORATION COMMISSIONER**
**November 22, 1983**

```
C T CORPORATION SYSTEM
2 Oliver St.
Boston, MA      02109
attn:  R. B. Ford
```

Dear Sir:

The STATEMENT OF WITHDRAWAL of

"FLEET FINANCIAL CORPORATION OF RHODE ISLAND"

together with the filing fee of $15.00 has been received; and, the Secretary of State having found that the statement complies with the requirements of law, it has this day been filed, and the authority of said corporation to transact business in Georgia is hereby terminated.

Respectfully,

*Max Clelamp*

SECRETARY OF STATE, EX-OFFICIO CORPORATION
COMMISSIONER OF THE STATE OF GEORGIA

171
7/83

FILE IN DUPLICATE

TO:  Secretary of State                                    Fee -- $10.00
     Ex-Officio Corporations Commissioner
     State of Georgia


# APPLICATION AND STATEMENT
## OF
## WITHDRAWAL


Pursuant to Section 22-1414 or Section 22-3214 of the Georgia Business Corporation Code.

The name of the corporation is

FLEET FINANCIAL CORPORATION

State of incorporation.  Rhode Island

The corporation is not transacting business in Georgia and hereby surrenders its authority to transact business in Georgia. It hereby revokes the authority of its registered agent in Georgia to accept service of process and consents that service of process in any action, suit or proceeding based upon any cause of action arising in the State of Georgia during the time the corporation was authorized to transact business therein may hereafter be made on the corporation by service thereof on the Secretary of State or his Agent.

The address to which the Secretary of State may mail a copy of any process against the corporation that may be served on him is

| 55 | Kennedy Plaza |
| (Number) | (Street) |

| Providence | Providence | Rhode Island | 02903 |
| (Post Office) | (City) | (State) | (Zip) |

The undersigned president (or vice-president) and secretary (or assistant secretary) of the corporation declare under the penalties of perjury that the facts herein stated are true.

FLEET FINANCIAL CORPORATION
(Name of corporation)

by _____
(President XXXXXXXXXXXX
John W. Flynn

and attested _____
(Secretary or XXXXXXXXXXXX
Edward W. Dence, Jr.

Received:

Filed:

NOV 2 - 1983

Rev.  4 - 1 - 72  (GA. - 2057 - 12/22/81)



MARCUS E. COLLINS
W. E. STRICKLAND
Commissioner

**STATE OF GEORGIA**

# DEPARTMENT OF REVENUE
### INCOME TAX DIVISION
**TRINITY—WASHINGTON BUILDING
ATLANTA, GEORGIA 30334**

JOHN G. CARTER
Director

October 28, 1983

Telephone Number:
(404)  656-4191

Person to Contact:
Doris Langley

TO WHOM IT MAY CONCERN:

   Fleet Finance, Inc. Rhode Island Corporation a qualified foreign corporation, has executed and filed with this department an assumption of tax liability on behalf of  Fleet Financial Corporation      and does guarantee to file all Georgia tax returns required of the above named corporation and pay all taxes accrued and owing to the State of Georgia.

Sincerely yours,

Emily D. Pettit
Emily D. Pettit
Section Supervisor
Corporate Operations

This  28th  day of  October  ,  1983

Executed in the presence of

Doris Langley
Notary Public, Georgia, State At Large
My Commission Expires May 29, 1986
EDP/dl



# DUPLICATE

## State of Georgia

### OFFICE OF THE SECRETARY OF STATE

## To all to whom these Presents Shall Come, Greeting:

**Whereas,**   "FLEET FINANCIAL CORPORATION OF RHODE ISLAND"

incorporated under the laws of the State of _____RHODE ISLAND_____ has filed in the Office of the Secretary of State duly authenticated evidence of its incorporation and an application for amended Certificate of Authority to transact business in this State, as provided by **"THE GEORGIA CORPORATION CODE"** of Georgia, in force April 1, A.D. 1969.

Now Therefore, I, **MAX CLELAND**, Secretary of State of the State of Georgia, by virtue of the powers and duties vested in me by law, do hereby issue this amended Certificate of Authority and attach thereto a copy of the application of the aforesaid corporation.

**In Testimony Whereof,** I have hereunto set my hand and affixed the seal of my office, at the Capitol, in the City of Atlanta, this _____24th_____ day of _____October_____ in the year of our Lord one Thousand Nine Hundred and Eighty _____Three_____ and of the Independence of the United States of America the Two Hundred and _____Eight_____.

_Max Cleland_

SECRETARY OF STATE, EX-OFFICIO CORPORATION
COMMISSIONER OF THE STATE OF GEORGIA

187

FILE IN DUPLICATE

Filing Fee — $20.00

## APPLICATION FOR
## AMENDED CERTIFICATE OF AUTHORITY
## OF

Fleet Financial Corporation

A Corporation Of: Rhode Island

TO:  Secretary of State
Ex-Officio Corporations Commissioner
State of Georgia

Pursuant to the provisions of Section 22-1413 or Section 22-3213 of the Georgia Business Corporation Code, the undersigned corporation hereby applies for an Amended Certificate of Authority to transact business in your State, and for that purpose submits the following statement:

I. A Certificate of Authority was issued to the corporation by your office on Feb. 27, 19 81 authorizing it to transact business in your State under the name of Industrial Financial Corporation

II. The corporate name of the corporation has been changed in its jurisdiction of incorporation to

Fleet Financial Corporation (Note 1).

III. The name which it elects to use hereafter in your State is Fleet Financial Corporation Of Rhode Island

IV. The corporation is authorized to do such other or additional business in its jurisdiction than those set forth in its prior application for Certificate of Authority as follows:

No change

(Note 2).

Dated August 15, 19 83.

FILED AND ACCEPTED

In the office of

SECRETARY OF STATE

Atlanta, Georgia on

OCT 2 4 1983

By John W. Flynn
Its President or Vice President
Or
Its Secretary or Assistant Secretary

Notes:  1. If the corporate name has not been changed, insert "NO Change".
2. If no other or additional purposes are proposed, insert "NO Change".
3. Furnish with application one copy of amendment with $10.00 in addition to application fee.

(GA. - 2048 - 12/22/81)

SECRETARY OF STATE
OCT 24 9 52 AM '83



### State of Rhode Island and Providence Plantations
OFFICE OF THE SECRETARY OF STATE
STATE HOUSE
PROVIDENCE
02903

Susan L. Farmer
*Secretary of State*

Date ___July 21, 1983___

___Fleet Financial Corporation___
*Document*

*A TRUE COPY WITNESSED UNDER THE SEAL OF THE*

*STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.*

*Secretary of State*

By _____
*Deputy Secretary of State*

Form CER. 5 1M 4/83



**STATE OF RHODE ISLAND**
**AND PROVIDENCE PLANTATIONS**
*Office of the Secretary of State*

*Edward S. Inman, III, Secretary of State*
*Corporations Division*
*100 North Main Street, Providence, RI 02903-1335*
*401.222.3040*

# PROFIT CORPORATION ANNUAL REPORT FOR THE YEAR 2003

*Filing Period: January 1 – March 1* ● *Filing Fee: $50.00*

*(FORM MUST BE TYPED IN BLACK)*

| 1. Corporate ID No. | 2. Name of Corporation | | | |
|---|---|---|---|---|
| 6486 | FleetBoston Financial Corporation | | | |

| 3. Street Address Principal Business Office | City | State | Zip |
|---|---|---|---|
| 100 Federal Street | Boston | MA | 02110 |

| 4. Business Phone No. | 5. State of Incorporation | 6. SIC Code |
|---|---|---|
| (617) 292-2000 | Rhode Island | 0000 |

7. Brief Description of the Character of Business Conducted in Rhode Island
Holding Company

**8. NAMES AND ADDRESSES OF THE OFFICERS** *("X" BOX FOR ATTACHMENT)* ☑ FILL IN SPACES BEFORE USING ATTACHMENTS

| President Name | | | Vice President Name | | |
|---|---|---|---|---|---|
| Eugene McQuade | | | Gary A. Spiess | | |
| *Street Address* | | | *Street Address* | | |
| 100 Federal Street | | | 100 Federal Street | | |

| City | State | Zip | City | State | Zip |
|---|---|---|---|---|---|
| Boston | MA | 02110 | Boston | MA | 02110 |

| Secretary Name | | | Treasurer Name | | |
|---|---|---|---|---|---|
| Gary A. Spiess | | | Douglas L. Jacobs | | |
| *Street Address* | | | *Street Address* | | |
| 100 Federal Street | | | 100 Federal Street | | |

| City | State | Zip | City | State | Zip |
|---|---|---|---|---|---|
| Boston | MA | 02110 | Boston | MA | 02110 |

**9. NAMES AND ADDRESSES OF THE DIRECTORS** *("X" BOX FOR ATTACHMENT)* ☑ FILL IN SPACES BEFORE USING ATTACHMENTS

| Director Name | | | Director Name | | |
|---|---|---|---|---|---|
| Joel B. Alvord | | | Daniel P. Burnham | | |
| *Street Address* | | | *Street Address* | | |
| 75 Federal Street | | | c/o Raytheon Co., 141 Spring Street | | |

| City | State | Zip | City | State | Zip |
|---|---|---|---|---|---|
| Boston | MA | 02110 | Lexington | MA | 02421 |

| Director Name | | | Director Name | | |
|---|---|---|---|---|---|
| William Barnet, III | | | Paul J. Choquette, Jr. | | |
| *Street Address* | | | *Street Address* | | |
| 507 E. John Street | | | c/o Gilbane Building Co., 7 Jackson Walkway | | |

| City | State | Zip | City | State | Zip |
|---|---|---|---|---|---|
| Spartanburg | SC | 29302 | Providence | RI | 02903 |

**10. SHARES AUTHORIZED** *("X" BOX FOR ATTACHMENT)* ☐
AUTHORIZED SHARES

**11. SHARES ISSUED** *("X" BOX FOR ATTACHMENT)* ☑
ISSUED SHARES

| Number of Shares | Class/Series | Par Value | Number of Shares | Class/Series | Par Value |
|---|---|---|---|---|---|
| 2,000,000,000 | COMM | $0.01 PAR VALUE | See Attachment | | |
| 16,000,000 | PREF | $1.00 PAR VALUE | | | |

*This report must be **signed in ink** by either the President, Vice President, Secretary, Assistant Secretary, Treasurer, Receiver or Trustee*



6 4 8 6

| File Date | 2|12|03 |
|---|---|
| Check No. | 2512509 |
| By: | OA |

FOR SECRETARY OF STATE USE ONLY

Under penalty of perjury, I declare and affirm that I have examined this report, including any accompanying schedules and statements, and that all statements contained herein are true and correct.

*Signature of Officer* _____ 02-04-0__  *Date*

Gary A. Spiess
*Print or Type Name of Officer*

Secretary
*Title of Officer*

Form 630 12/01