FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

APR - 1 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and<br>T. L. WARE BOTTLING<br>COMPANY, INC.<br><br>      Plaintiffs,<br><br>v.<br><br>FLEETBOSTON FINANCIAL<br>CORP.,<br>f/k/a BANKBOSTON CORP.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File No.<br>File No. 1:05-CV-0426MHS |

### NOTICE OF FILING ORIGINAL
### THIRD AFFIDAVIT OF MARTHA R. FRANCIS

Defendant FleetBoston Financial Corporation hereby gives notice of filing the original of the March 28, 2005 third affidavit of Martha R. Francis. FleetBoston Financial Corporation files this notice by special appearance while preserving all defenses and objections, including but not limited to, lack of personal jurisdiction and insufficient service of process.

Respectfully submitted,

**PARKER, HUDSON, RAINER & DOBBS LLP**

By: _____
William J. Holley, II
Georgia Bar No. 362310
Nancy H. Baughan
Georgia Bar No. 042575
Michael D. Grider
Georgia Bar No. 310473

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404)523-5300 (telephone)
(404)420-5549 (facsimile)      Attorneys for FleetBoston Financial Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY L. WARE, CEO and )
T. L. WARE BOTTLING COMPANY, )
INC. )
 )
   Plaintiffs, )
 )
v. ) Civil Action
 ) File No. 1:05-CV-0426MHS
 )
FLEETBOSTON FINANCIAL CORP., )
f/k/a BANKBOSTON CORP., )
 )
   Defendant. )
 )

### THIRD AFFIDAVIT OF MARTHA R. FRANCIS

Martha R. Francis, after being duly sworn, states and deposes:

**1.**

I am over 18 years of age and am otherwise competent to give this affidavit which I make on personal knowledge unless otherwise specifically stated herein.

**2.**

I am an Assistant Corporate Secretary in Bank of America Corporation's Legal Department and, as set forth below, from my personal review of corporate records in the custody of Bank of America Corporation and my personal actions, I have personal knowledge of the facts stated herein.

**3.**

On February 9, 2005, I first saw a copy of Plaintiffs' Complaint in this action. The entity that appeared to be

identified as Defendant in the Complaint and that is identified in many of the documents contained as Exhibit A to the Complaint is a corporation that was organized and existed under the laws of the State of Delaware under the name FleetBoston Financial Corporation (hereinafter referred to as "FBC(Del)") until it was dissolved on July 13, 2004.    I have set forth factual information regarding FBC(Del) in affidavits filed with this Court on February 15, 2005 and February 22, 2005.

**4.**

On March 21, 2005, I first saw a copy of Plaintiffs' Amended Return of Service of Process (the "Amended Return") in this action.    I am familiar with the corporate entities identified in the Amended Return and its exhibits.

**5.**

The documents at Exhibits B and C to the Amended Return refer to a corporation that was organized and existed under the laws of the State of Rhode Island under the name of FleetBoston Financial Corporation (hereinafter referred to as "FBC(RI)"). FBC(RI) was a bank holding company and operated until April 1, 2004, when it merged into Bank of America Corporation.    For several years prior to and until its merger with Bank of America Corporation, FBC(RI) had its principal place of business at 100 Federal Street, Boston, Massachusetts.    Attached hereto as Exhibit A are true and correct copies of the Certificate of

2

Merger and Articles of Merger evidencing the April 1, 2004 merger of FBC(RI) into Bank of America Corporation.

**6.**

In accordance with Section 1(f) of the Articles of Merger for FBC(RI)'s merger into Bank of America Corporation, service of process on FBC(RI) after April 1, 2004 was to be made upon Bank of America Corporation.  Bank of America Corporation was registered to do business in the State of Georgia and did maintain an agent for service of process, CT Corporation System, as of December 10, 2004.  Attached hereto as Exhibit B is a document from the Georgia Secretary of State evidencing Bank of America Corporation's registered status and registered agent.

**7.**

FBC(Del), the entity that Plaintiffs identified in Exhibit A to their Complaint, has always been a separate corporation from FBC(RI).  Moreover, Mr. M. A. Ferrucci, who was identified in the initial Return of Service and Amended Return, has never been an officer of FBC(RI).

**8.**

I am familiar with the Rhode Island corporation, Fleet Financial Corporation (hereinafter referred to as "Fleet(RI)") that I believe is referenced at Exhibit A to Plaintiffs' Amended Return.  As correctly set forth in the Georgia Secretary of State Certificate of Fact, Fleet(Rl) was formerly known as

3

Industrial Financial Corporation and Industrial Financial Corporation registered to do business in Georgia by filing a Certificate of Authority in the State of Georgia in 1981. Further, the Georgia Secretary of State Certificate of Fact correctly reports that Fleet(RI) filed an Application and Statement of Withdrawal of Registration in the State of Georgia in November 1983, and identified its legal service address as **55** Kennedy Plaza, Providence, Rhode Island, 02903. I know the building and address at 50 Kennedy Plaza to be separate and distinct from the building and address at 55 Kennedy Plaza. In fact, at the time Fleet(RI) filed its Application and Statement of Withdrawal with the Georgia Secretary of State, the building at 50 Kennedy Plaza was under construction and not yet occupied.

**9.**

Directly contrary to Plaintiffs' assertions, Fleet(RI) did not become FBC(RI). To the contrary, Fleet(RI) continues to exist today as a Rhode Island corporation.

**10.**

Thus, as of December 10, 2004 if Plaintiffs, in fact, wished to have served FBC(RI), they would have done so by serving its successor, Bank of America Corporation, through its registered agent in Georgia, CT Corporation System. Further, given that Fleet(RI) still exists as a separate corporation, Plaintiffs could not have served FBC(RI) by serving Fleet(RI).

4

Finally, given the information reported by the United States Postal Service and a diligent search of FBC(Del)'s records, Plaintiffs never delivered service of their Complaint to any entity they allege is the Defendant.

### 11.

For approximately 12 years prior to my employment by Bank of America, I was employed in the legal department of Fleet Services Corporation or Fleet National Bank.  My duties and responsibilities caused me to have knowledge of the activities of FBC(Del) and FBC(RI).   I know that FBC(Del) was a "placeholder corporation" that never acted as an active corporation.  I know that FBC(RI) was a "bank holding company" that held the shares of various entities that engaged in various banking activities.  FBC(RI) did not transact banking business in its own name.  Therefore, neither FBC(Del) nor FBC(RI) ever actively engaged in transacting business in the Sate of Georgia. Further, upon information and belief and after review of company records, neither of these entities operated in their own names to derive revenue from goods used or consumed or services rendered in the State of Georgia.

**FURTHER AFFIANT SAYETH NOT.**

_Martha R. Francis_
Martha R. Francis

Sworn to and subscribed
before me this _28th_ day
of _March_ , 2005.

5

_Anita Maruffi_
Notary Public

My Commission Expires:
7-20-08

(AFFIX NOTARIAL SEAL)

**ANITA MARUFFI**
**NOTARY PUBLIC**
**MY COMMISSION EXPIRES JULY 20, 2008**

399981_2.DOC