FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

MAY 11 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and T. L. WARE BOTTLING CO., INC., <br><br> Plaintiffs, <br><br> vs. <br><br> FLEETBOSTON FINANCIAL CORP. F/K/A BANKBOSTON CORP. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE NUMBER: <br> ) **1:05-CV-0426-MHS** <br> ) <br> ) **REVISED MOTION TO REMAND** <br> ) <br> ) MEMORANDUM OF LAW IN SUPPORT |

## REVISED MOTION TO DISMISS AND REMAND CASE

**COMES NOW, TONY L. WARE, CEO** and **T.L. WARE BOTTLING COMPANY, INC.,** the Plaintiffs and files their Revised Motion to Remand Case pursuant to the **Federal Rules of Civil Procedures, Rule 12(h)(3)** against the above-named Defendant **FLEETBOSTON FINANCIAL CORPORATION.** The Court must remand on Plaintiffs' motion pursuant to **28 U.S.C. § 1447(c)** this civil action back to the Superior Court of Fulton County on the following grounds to wit:

### I. DEFECTS IN THE REMOVAL PROCESS

1. The Court is required to remand this civil matter because the Notice of Removal is legally insufficient as it is untimely under 28 U.S.C. §1446(b) filed 34 days late after both FleetBostons corporations were served with the initial Summons and Complaint on December 10th, 2004. The Court must remand this case back to the Superior Court of Fulton County because the Notice of Removal is untimely.

2. That FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation was the only named Defendant in this action and not FleetBoston Financial Corporation a Delaware corporation. There are two

FleetBoston Financial Corporation. One corporation is a "Place Holder Corporation" or "Shell or Dummy" corporation used by the above named Defendant to mislead the Plaintiff, the Court and the general public and the other is a holding company merged with Bank of America. However, both corporations were properly served with Summons and Complaint through the Georgia Secretary of State on December 10th, 2004 because both corporations had withdrawn from doing business in this State which legally appointed the Georgia Secretary of State to be their agent for all service of process. Only Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation had the right to remove this case as a matter of law. FleetBoston Financial Corporation of Delaware needed FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island's consent prior to the removal of the Plaintiffs' case under the unanimity rule set by the Court of Appeals for the Eleventh Circuit. See, *In re Bethsda Mem'l Hosp., Inc.,* 123 **F.3d** 1407, 1410 n.2 (**11th, Cir 1997**) ("The failure to join all defendants in the petition is a defect in the removal procedure").

3. FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware both waived their legal rights to remove this action when they appointed the Georgia Secretary of State to be their agent for service of process and submitted to the jurisdiction of the State Court.

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION

4. The Court lacks subject matter jurisdiction over this civil matter because it lacks original jurisdiction over Federal RICO. Although Federal RICO claims may be within the Court's jurisdiction. All state Courts have RICO statutes which incorporates the Federal RICO statute. The State Courts in this manner enjoys concurrent jurisdiction with District Courts over Federal RICO claims. This Court does not have removal subject matter jurisdiction over Federal RICO claims under 18 U.S.C. 1961 even though Federal RICO may raise a federal question under 28 U.S.C. § 1331. See, *Cogdell v. Wyeth*, 366 F.3d 1245, 1247 (**11th, Cir 2004**).[1]

---

[1] Thus *Cogdell* Supra held that ("Thus, one prerequisite for removal jurisdiction is that the case originated in the state court. Another is that the defendant remove the case to the proper federal

5. The Court lacks subject matter jurisdiction over this civil matter under 28 U.S.C. § 1332(a)(1) because the Plaintiffs, Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation and FleetBoston Financial Corporation of Delaware are not diverse in this action and all are citizens of the State of Georgia. The FleetBostons are both deemed citizens of this State pursuant to 28 U.S.C. § 1332(c)(1) which reads as follows:

> **"(c) For the purposes of this section and section 1441 of this title – (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."**

Its clear from the holding in **Louisville & NRR v. Meredith**, 66 **Ga. App.** 488, 18 **SE2d** 51 (1941) that FleetBoston of Rhode Island and FleetBoston of Delaware by filing their applications for a Certificate of Authority with the Georgia Secretary of State's they had a "principal place of business" in Georgia before it withdrew from doing business in this State. Therefore, the FleetBostons were legal citizens of Georgia pursuant to 28 U.S.C. § 1332(c)(1) and are not diverse in this civil action. The Court lack diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

6. The Court lacks subject matter jurisdiction over this civil matter because the Notice of Appeal to the Supreme Court of Georgia made the Notice of Removal moot as a matter of law. Plaintiff Tony L. Ware was appealing the final judgment and all orders issued in this action. Mr. Ware's appeal was subject to review by the Georgia Supreme Court. Thus, the right of remove this action was no longer a live issue. Because FleetBoston Financial Corporation of Delaware is a dissolved corporation it lacks a legally cognizable interest in the outcome of this civil action. FleetBoston's attorneys knew that such Notice of Appeal vests the Georgia Supreme Court with subject matter jurisdiction over Plaintiff's appeal pursuant to O.C.G.A. § 5-6-47(a) prior to its improper removal. Therefore this Court lacks subject matter jurisdiction on moot questions and to remove appellate jurisdiction from the Georgia Supreme

---

district court. A third is that the federal district court have original jurisdiction to entertain the law suit. If any one of these prerequisites is lacking, the district court can be said to lack removal jurisdiction").

Court.  See, *Westmoreland v. National Transportation Safety Board*, 833 **F.2d** 1461, 1462 (**11**[th], **Cir 1987**).  Furthermore, FleetBoston of Delaware also lacks standing to remove Plaintiffs' civil action under O.C.G.A. § 14-2-1401.

7. That FleetBoston Financial Corporation of Delaware lacks legal standing as a dissolved corporation and is barred under Georgia Law from bringing or maintaining any removal proceeding as a dissolved corporation without having first obtained new a Certificate of Authority from the Georgia Secretary of State pursuant to O.C.G.A. § 14-2-1502(a).  Thus, the right to remove this action was no longer a live issue because FleetBoston Financial Corporation of Delaware is a dissolved corporation and lacks a legally cognizable interest in the outcome of Plaintiffs' case and removal is moot.

**WHEREFORE,** The Plaintiffs hereby prays and demands that this Court enter a FINAL ORDER dismissing Defendant's claims for lack of subject matter jurisdiction [2] and remand this civil action back to the Superior Court of Fulton County and the Georgia Supreme Court so that the Plaintiffs in this matter can protect their legal rights as a matter of law.  The Plaintiffs request any further relief deemed proper and just by the Court:  Plaintiff's Attorney request all attorney fees and Costs.

This __11 MAY__, day of __MAY__, 2005.

**Respectfully Submitted By:**            **Respectfully Submitted By:**

*/s/ Michael R. Johnson*                  */s/ Tony L. Ware*

Michael R. Johnson, Sr.                   Tony L. Ware, JD, Plaintiff
**Attorney for the Plaintiff**            **Chairman & CEO**
Georgia Bar No. 395056                    P. O. Box 150524-Dept. 0227
Johnson & Associates, P. C.               Atlanta, Georgia 30315-0188
340 West Peachtree Street, N.E.           (404) 945-0342
Suite 200
Atlanta, Georgia 30308
(404) 688-7100

---

[2] In *Westmoreland v. National Transportation Safety Board*, 833 F.2d 1461,1462 (11th, Cir 1987) district courts lacks subject matter jurisdiction on moot issues.  Mootness is jurisdictional.  See also *Murphy v. Hunt*, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).