FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

MAY 11 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY L. WARE, CEO and )
T. L. WARE BOTTLING CO., INC., )
    )
    Plaintiffs, )
vs. ) CIVIL ACTION FILE NUMBER:
    ) 1:05-CV-0426-MHS
FLEETBOSTON FINANCIAL CORP. )
F/K/A BANKBOSTON CORP. ) BRIEF AND MENORADUM OF LAW
    )
    Defendant. ) FILED IN SUPPORT MOTION TO DISMSS

## REVISED BREIF AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND REMAND CASE

**COMES NOW, TONY L. WARE, CEO** and **T.L. WARE BOTTLING COMPANY, INC.,** the Plaintiffs and files their BRIEF AND MEMORANDUM OF LAW in support of the Plaintiffs' joint Motion to Dismiss and Remand Case pursuant to the **Federal Rules of Civil Procedures, Rule 12(h)(3)** against the above-named Defendant **FLEETBOSTON FINANCIAL CORPORATION.** The Court must remand on Plaintiffs' motion pursuant to **28 U.S.C. § 1447(c)** this civil action back to the Superior Court of Fulton County because of the following:

### I. INTRODUCTION

The Plaintiffs' hereby incorporates all statement of facts averred in their prior brief and memorandum of law filed with the Court on March 15th, 2005. FleetBoston's attorneys attempts to mislead the Court because they know that this Court lacks subject matter jurisdiction because FleetBoston of Delaware is not the real party Defendant. FleetBoston Financial Corp., of Delaware lacks legal standing remove this action from the Fulton Superior Court as a dissolved corporation.

There are two FleetBoston Financial Corporations. One corporation is a "Place Holder Corporation" or "Shell or Dummy" corporation used by the above named Defendant to mislead the Plaintiffs, the Court, the general public and the other corporation is a holding company merged with Bank of America. However, both corporations were properly served with Summons and Complaint through the Georgia Secretary of State on December 10th, 2004 because both corporations had withdrawn from doing business in this State which legally appointed the Georgia Secretary of State to be their agent for all service of process.

Only Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation had the right to remove this case as a matter of law. FleetBoston Financial Corporation of Delaware needed FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island's consent prior to the removal of the Plaintiffs' case under the unanimity rule set by the Court of Appeals for the Eleventh Circuit. See, *In re Bethsda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th, Cir 1997) ("The failure to join all defendants in the petition is a defect in the removal procedure"). It should also be clear to the Court under the facts of this case and the evidence presented to the Court that FleetBoston Financial Corporation of Delaware a "Place Holder Corporation" is noting more then a "Dummy Corporation."

The Plaintiffs further avers that since FleetBoston Financial Corporation of Delaware attempted to take the "Place" of Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island. FleetBoston Financial Corporation of Delaware needed the legal consent of Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island to remove this civil action. Thus Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation could not legally give its consent to FleetBoston Financial Corporation of Delaware as a dissolved corporation which has no legal existent. Thus in order to have standing to remove this action FleetBostion Financial Corporation of Delaware

must have a capacity to remove this action and further show injury by the Plaintiffs. There can be no legal injury to a corporation which has been dissolved.[1]

Therefore, FleetBostion Financial Corporation of Delaware is not the proper party to remove this action and thus lacks legal standing to remove Plaintiffs' action. Not only do FleetBsotion Financial Corporation of Delaware lacks legal standing to remove Plaintiffs' civil action from State Court, the removal process itself became moot once Plaintiff Tony L.. Ware filed his Notice of Appeal in the State Court. The case was no longer a live case under O.C.G.A. § 5-6-34(a). The removal was also moot because FleetBoston Financial Corporation of Delaware lacked a legally cognizable interest in the outcome of this case as dissolved corporation. See, *Murphy v. Hunt*, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).

## II. DICUSSION

The Defendant FleetBoston Financial Corporation of Rhode Island used its dummy corporation namely FleetBoston Financial Corporation of Delaware to evade process and legal liability. This was a fraud on the Plaintiffs in this action and the general public. In attempting to mislead the Plaintiffs, the Court and the general public, FleetBoston Financial Corporation of Delaware was unlawfully using the corporate name of FleetBoston Financial Corporation f/k/a BankBoston of Rhode Island. FleetBoston of Delaware failed to file a required Affidavit of Consent from FleetBoston Financial Corporation of Rhode Island with the Georgia Secretary of State when it filed its application for Certificate of Authority.

Georgia Law **O.C.G.A. § 14-4-22** must be read to apply to all corporation doing business in Georgia both domestic and foreign corporations. Thus the FleetBostons ware both barred from using the same name without an affidavit of consent from the owner of the real corporate name. See, **O.C.G.A. § 14-4-22** which reads as follows:

---

[1] The right to remove this action by FleetBoston Financial Corporation of Delaware was moot because FleetBoston was a dissolved corporation and lacked a legally cognizable interest in the outcome of the Plaintiffs' case. See, *Westmoreland v. National Transportation Safety Board*, 833 F.2d 1461,1462 (11th, Cir 1987) district courts lacks subject matter jurisdiction on moot issues. Mootness is jurisdictional that cannot be waived by the parties. See also *Murphy v. Hunt*, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).

> "Whenever application is made to the Secretary of State to obtain a charter or authorization of articles of incorporation for any purpose, it shall be unlawful for the applicant either to use the name of any person, order, lodge, or corporation as a corporate name or to mention any such name in connection with the purpose of such proposed organization without furnishing at the time of application an affidavit of consent executed by such person, order, lodge, society or corporation."

No such Affidavit of Consent was ever filed with the Georgia Secretary of State when FleetBoston Financial Corporation of Delaware filed its application for Certificate of Authority. (See, Complaint). Since the Plaintiffs were mislead and were under the impression that both corporations were the same corporate entity both corporations are deemed properly served with Summons and Complaint through the Georgia Secretary of State. Service was proper since both corporations had withdrawn from doing business in this State and had appointed the Georgia Secretary of State to be their agent for all service of process. See, Amended Return of Service of Process.

### III. ARGUMENT AND CITATION OF AUTHORITY

Under **Fed.R.Civ.P., Rule 12(h)(3)** if at any stage of the proceeding any party can properly show the Court that it lacks subject matter jurisdiction, the Court must dismiss the action. See, **Rule 12(h)(3)** which read as follows:

> "(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

### (A) THE NOTICE OF REMOVAL IS UNTIMELY

The Notice of Removal is untimely as it was filed more then 34 days late (on February 15th, 2005 by the wrong party and without the consent of Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island) after receipt of the initial Summons, Complaint and Request for Admissions on December 10th, 2004 by the Georgia Secretary of State as Defendant's legal agent. Under **28 U.S.C. § 1446(b)** said notice must be filed within 30 days.

Section 1446(b) reads as follows:

> "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The United States Supreme Court has held in **_Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc._**, 526 **U.S.** 344, 119 **S.Ct.** 1322, 143 **L.Ed.2d** 448 (**1999**) the following to wit:

> "**First, if the summons and complaint are served together, the 30 day period for removal runs at once.**"

As averred herein both Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation and FleetBoston Financial Corporation a Delaware Corporation filed Certificates of withdrawal from doing business in this State pursuant to **O.C.G.A. § 14-2-1520(b)** which legally appoints the Georgia Secretary of State to be their legal agent for all service of process in this action pursuant to **O.C.G.A. § 14-2-1520(c)**. A Court Appointed Process Server, Mr. Harry J. Mathis served both corporations by serving the Georgia Secretary of State on **December 10th, 2004**. See, filed Return of Service and Amended Return of Service. Therefore, service of process was perfected on Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware Corporation when the Georgia Secretary of State received a copy of the Summons, Complaint and Request for Admissions on **December 10th, 2005**. The Georgia Secretary of State has legally Acknowledged Receipt of this Service of Process. See, **Exhibit "J"** attached hereto. Under Georgia Law any legal service of process on the Georgia Secretary of State is deemed legal service of process on any withdrawn foreign corporation pursuant to **O.C.G. A. § 14-2-1520(c)** which reads as follows:

> **"(c) After the withdrawal of the corporation is effective, service of process on the Secretary of State under this Code section is service on the foreign corporation.**

Under Georgia Law it is only when the Georgia Secretary of State receives the Summon, Complaint and Request for Admissions that service is perfected and not when a Defendant receives its copy by mail which starts the 30 day response time to which a named party can remove a civil case to a Federal District Court.

Both the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware both corporations had (30) days or until (**January 10th, 2005**) after receipt by the Georgia Secretary of State of the Summons, Complaint and Request for Admissions to file their Notice of Removal with this Court pursuant to **28 U.S.C. § 1446(b)** with the consent of all party Defendants pursuant to **28 U.S.C. § 1441(a).**

Therefore, the January 28th, 2005 Final Judgment's findings of fact and conclusions of law, holding that proper and legal service of process was made on the Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation of Rhode Island through the Georgia Secretary of State, must be deemed final by this Court as a matter of law. As averred by the Plaintiffs, this civil action, is against FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation and not FleetBoston Financial Corporation a Delaware corporation which is only a "Shell or Dummy" corporation used by Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation of Rhode Island to mislead the Plaintiff, the Court and the general public. They also tried to evade service of process.

### (B) DEFENDANT FLEETBOSTON FINANCIAL CORPORATION F/K/A BANKBOSTON CORPORATION HAS NOT CONSENTED TO THE REMOVAL IN THIS ACTION

Additionally, the unanimity rule requires that all named defendants consent to the removal. See, **Russell Corp., v. Am Home Assurance Co**., 264 **F.3d** 1040 (11th, Cir 2001); **Holder v. City of Atlanta**, 925 F.Supp. 783 (**N.D. Ga. 1996**).

In this civil action only Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation a Rhode Island corporation had the right to remove this

case to the proper Federal District Court as a matter of law. Thus, if FleetBoston Financial Corporation of Delaware had wished to intervene in this action, and be properly named as a party Defendant, it should have done so in the trial Court below. It's now too late to intervene in this action after this case had been improperly removed. It is clear that FleetBoston Financial Corporation of Delaware needed FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island consent prior to removal of this case under the unanimity rule set by the Court of Appeals for the Eleventh Circuit. in **Russell Corp., v. Am Home Assurance Co.**, Supra, the Eleventh Circuit concluded the following:

> "**...The law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court. Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction.**"

Thus, the lack of this consent constitute a legal defect in the removal process. See, **In re Bethsda Mem'l Hosp., Inc.**, 123 **F.3d** 1407, 1410 n.2 (**11th, Cir 1997**) ("The failure to join all defendants in the petition is a defect in the removal procedure"). The record in this civil action shows no such consent by FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island.[2]

### (C) THE COURT LACKS SUBJECT MATTER JURISDICTION

The Court lacks subject matter jurisdiction over this civil matter because it lacks original jurisdiction over Federal RICO. Although Federal RICO claims may be within the Court's jurisdiction. All state Courts have RICO statutes which incorporates the Federal RICO statute. The State Courts in this manner enjoys concurrent jurisdiction with District Courts over Federal RICO claims. This Court does not have removal subject matter jurisdiction over Federal RICO claims under 18

---

[2] Thus, FleetBoston Financial Corporation of Delaware and its attorneys are trying to mislead this Court with its untimely attempt to remove this case from the Superior Court of Fulton Count and by having illegal ex parte communications and secrete meetings with the judges of that Court. The Plaintiffs intents to move this court later for the appropriate sanctions under Rule 11.

U.S.C. 1961 even though Federal RICO may raise a federal question under 28 U.S.C. § 1331. See, <u>Cogdell v. Wyeth</u>, 366 **F.3d** 1245, 1247 (**11th, Cir 2004**).

A clear reading of the Complaint clearly shows that most of all of Plaintiffs" claims arises under State laws such as Fraud, Theft, Continuing Torts, Trespass, Damage to Property, Conversion and State RICO claims which joins the Federal RICO claims in this action. The removal statute should be construed narrowly.

This Court must take judicial notice of Plaintiffs' State Law claims and further note that the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." See, <u>Diaz v. Sheppard</u>, 85 **F.3d** 1502 at 1505 (**11th Cir 1996**) quoting <u>Merrell Dow Pharmaceuticals, Inc., v. Thompson</u>, 478 **U.S.** 804, 106 **S.Ct.** 3229, 92 **L.Ed.2d** 650 (**1986**). Thus, there is no substantial question of federal law must be answered to determine the Plaintiffs' claims in this matter and federal jurisdiction is lacking. See also <u>Ray v. Tennessee Valley Authority</u>, 677 **F.2d** 818 at 825-826 (**11th, Cir 1982**). The Plaintiffs' Federal RICO claims are connected with Plaintiff's State RICO claims. The United States Supreme Court has made this determination very clear in <u>Tafflin v. Levitt</u>, 493 **U.S.** 455, 110 **S.Ct.** 792, 107 **L.Ed.2d** 887 (**1990**) by holding that:

> "Under this system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." "As we noted in <u>Claflin v. House</u>, 93 U.S. 130 (1876), if exclusive jurisdiction be neither express nor implied, the State Courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it." "For all of the above reasons, we hold that state courts have concurrent jurisdiction to consider civil claims arising under RICO. Nothing in the language, structure, legislative history, or underlying policies of RICO suggests that Congress intended otherwise. The judgment of the Court of Appeal is accordingly Affirmed."

Since Plaintiffs' RICO claims are not one which comes within this Court's original jurisdiction, this Court clearly lacks removal jurisdiction. See, <u>Cogdell v. Wyeth</u>, 366 **F.3d** 1245, 1247 (**11th, Cir 2004**) the Eleventh Circuit has held:

> "Thus, one prerequisite for removal jurisdiction is that the case originated in the state court. Another is that the defendant removes the case to the proper federal district court. A third is that the federal district court have original jurisdiction to entertain the law suit. If any one of these prerequisites is lacking, the district court can be said to lack removal jurisdiction."
>
> "Finally a district court could lack removal jurisdiction under § 1441 if the case is not one over which the court has original jurisdiction. Only in this final example would a lack of removal jurisdiction coincide with a lack of subject matter jurisdiction...."

The U.S. Supreme Court has noted that "[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." See, __Younger v. Harris__, 401 U.S. 37, 43 (1971). While **28 U.S.C. § 1441(a)** authorizes the removal of any case that could have originally been brought in federal Court, **28 U.S.C. § 1441(c)** restricts (albeit in the negative) this right to those cases containing nonremovable claims joined with a "separate and independent" removable claim.

This distinction is consistent with the language of **28 U.S.C. § 1441(a)** granting to defendants the right to remove a case "[e]xcept as otherwise expressly provided by Act of Congress." FleetBoston Financial Corporation of Delaware admits in its Notice of Removal that the Plaintiffs' state law claims "are so related to his federal claim that they form part of the same case or controversy." A reading of the Plaintiffs' Complaint confirms this view. Because the Plaintiffs' federal claims are not "separate and independent" and are "joined with one or more otherwise nonremovable claims," removal is not authorized under **28 U.S.C. § 1441**. According to the forgoing given this Court lacks removal jurisdiction. Therefore it lacks subject matter jurisdiction as a matter of law. See, __Cogdell v. Wyeth__, 366 F.3d 1245, 1247 (11th, Cir 2004).

### (D) THE COUIRT LACKS DIVERSITY JURISDICTION

The Court lacks subject matter jurisdiction over this civil matter under 28 U.S.C. § 1332(a)(1) because the Plaintiffs, Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation and FleetBoston Financial Corporation of Delaware are not diverse in this action and all are citizens of the State of Georgia.

The FleetBostons are both deemed citizens of this State pursuant to 28 U.S.C. § 1332(c)(1) which reads as follows:

> "(c) For the purposes of this section and section 1441 of this title – (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."

Its clear from the holding in **Louisville & NRR v. Meredith**, 66 Ga. App. 488, 18 **SE2d** 51 (1941) that FleetBoston of Rhode Island and FleetBoston of Delaware by filing their applications for a Certificate of Authority with the Georgia Secretary of State's they had a "principal place of business" in Georgia before it withdrew from doing business in this State. Therefore, the FleetBostons were legal citizens of Georgia pursuant to 28 U.S.C. § 1332(c)(1) and are not diverse in this civil action. The Court lack diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

This Court must deny any relief to FleetBoston Financial Corporation of Delaware a non-party defendant and dismiss and remand this action back to the Superior Court of Fulton County.

### (E) FLEETBOSTON OF DELAWARE LACKS STANDING TO REMOVE CASE

Any party invoking federal jurisdiction bears the burden to establish standing. See, **Bennett v. Spear**, 520 **U.S.** 154, 167-68 (1997). FleetBoston's attorneys initially argue that this District Court has subject matter jurisdiction in an attempt to evade the mootness and standing issues. FleetBoston's arguments are misplaced. Rule 12(h)(3) does not require the Court to make the inferences necessary to establish that there is federal subject matter jurisdiction. Federal courts are confined by Article III of the United States Constitution to deciding only actual cases or controversies. **Allen v. Wright**, 468 **U.S.** 737, 750 (1984). Federal courts can only decide a "live grievance." See, **Am. Postal Workers Union v. Frank**, 968 F.2d 1373, 1374 (1st Cir. 1992) (quoting **Golden v. Zwickler**, 394 **U.S.** 103, 110 (1969) Standing is thus a threshold question in every case, requiring the Court to determine "whether the [party] has 'alleged such a personal stake in the outcome of the controversy' as to warrant invocation of federal-court jurisdiction." See **Warth**, 422

U.S. at 498-99 (quoting **Baker v. Carr**, 369 U.S. 186, 204 (1962). The constitutional standing inquiry has three elements. A litigant bears the burden of showing "that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." See, **Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.**, 454 U.S. 464, 472 (1982) (internal quotations omitted). The standing inquiry "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise. See, **Barrows v. Jackson**, 346 U.S. 249, 255-56 (1953) describing:

> "Federal courts have identified a number of prudential concerns regarding the proper exercise of federal jurisdiction. Three of these areas are well-established: (1) the complaint must "fall within the zone of interests protected by the law invoked; (2) the [defendant] "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"; and (3) the suit must present more than "abstract questions of wide public significance which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative branches"

Since Defendant FleetBoston Financial Corporation f/k/a/ BankBoston Corporation has not legally removed this action nor gave its consent to the removal of this action to FleetBoston Financial Corporation of Delaware. Under the second prolong of **Barrows v. Jackson**, Supra, the Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation "must assert [its] own legal rights and interests, and cannot rest [its] claim to relief on the legal rights or interests of third parties" (i.e. FleetBoston Financial Corporation of Delaware its "Place Holder Corporation'). Perhaps one of the most important of the Article III doctrines grounded in the case-or-controversy requirement is that of standing. See **Allen**, 468 U.S. at 750, 104 S.Ct. at 3324 . "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." **Warth v. Seldin**, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). FleetBostion Financial Corporation of Delaware seeking to invoke a federal court's

jurisdiction must demonstrate three things to establish standing under Article III. It must first show that it has suffered an "injury-in-fact." See, **Lujan v. Defenders of Wildlife**, 504 **U.S.** 555, 560, 112 **S.Ct.** 2130, 2136, 119 **L.Ed.2d** 351 (1992). Specifically, the asserted injury must arise out of the invasion of a legally protected interest that is sufficiently concrete and particularized rather than abstract and indefinite. See *Lujan*, 504 **U.S.** at 560, 112 **S.Ct.** at 2136; see also **FEC v. Akins**, 524 **U.S.** 11, 22-24, 118 **S.Ct.** 1777, 1785-86, 141 **L.Ed.2d** 10 (1998). Second FleetBoston Financial Corporation of Delaware must show a causal connection between the asserted injury-in-fact and the challenged action of the Plaintiffs. This causal connection cannot be too attenuated. Third a FleetBoston Financial Corporation of Delaware must show that it is likely rather than speculative that "the injury will be redressed by a favorable decision." See also **Miccosukee Tribe of Indians v. Florida State Athletic Comm'n**, 226 **F.3d** 1226, 1228 (11th Cir.2000) (setting forth the three-part test for constitutional standing). See also **Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.**, 454 **U.S.** 464, 472, 102 **S.Ct.** 752, 758, 70 **L.Ed.2d** 700 (1982).

> **"In determining whether a plaintiff has established standing, we keep in mind the Article III notion that federal courts may exercise power only in the last resort, and as a necessity, and when the dispute is one traditionally thought to be capable of resolution through the judicial process."** *Cox*, 183 F.3d at 1262-63 (internal quotation marks omitted) (citing *Allen*, 468 U.S. at 752, 104 S.Ct. at 3325). **As an initial matter, we emphasize that the district court correctly reached out and considered the question of standing <u>sua sponte</u>.**

The Untied States Supreme Court made clear in **United States v. Hays**, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995),

> **"the question of standing is not subject to waiver...' The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines."**

See also *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) (noting that "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"); *Cuban American Bar Ass'n, Inc. v. Christopher,* 43 F.3d 1412, 1422 (11th Cir. 1995) holding that

> "before rendering a decision... every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based; and this obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issue and both parties are prepared to concede it'."

Quoting *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale,* 922 F.2d 756, 759 (11th Cir. 1991)); *Alabama v. United States Envtl. Protection Agency,* 871 F.2d 1548, 1554 (11th Cir. 1989) (noting that "[s]tanding is a jurisdictional prerequisite to suit in federal court") (citing *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 475-76, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Thus, since FleetBoston Financial Corporation of Delaware is a dissolved corporation and was not named as a party-defendant in this action it lacks legal standing in this civil action as a matter of law.

### (F) MOOTNESS OF NOTICE OF REMOVAL AND THE COURT LACKS SUBJECT MATTER JURISDICTION ON MOOT QUESTIONS

The Court lacks subject matter jurisdiction over this civil matter because the Notice of Appeal to the Supreme Court of Georgia made the Notice of Removal moot as a matter of law. Plaintiff Tony L. Ware was appealing the final judgment and all orders issued in this action. Mr. Ware's appeal was subject to review by the Georgia Supreme Court. Thus, the right of remove this action was no longer a live issue. Because FleetBoston Financial Corporation of Delaware is a dissolved corporation it lacks a legally cognizable interest in the outcome of this civil action.

FleetBoston's attorneys knew that such Notice of Appeal vests the Georgia Supreme Court with subject matter jurisdiction over Plaintiff's appeal pursuant to

O.C.G.A. § 5-6-47(a) prior to its improper removal. Therefore this Court lacks subject matter jurisdiction on moot questions and to remove appellate jurisdiction from the Georgia Supreme Court. See, **Westmoreland v. National Transportation Safety Board**, 833 **F.2d** 1461, 1462 (**11th, Cir 1987**).

FleetBoston Financial Corporation of Delaware also lacks standing to remove Plaintiffs' civil action under O.C.G.A. § 14-2-1401. Therefore the question of whether FleetBoston Financial Corporation of Delaware can remove this action to federal court became a moot issue and this Court lacks subject matter jurisdiction to remove appellate jurisdiction from the Georgia Supreme Court while Plaintiff Tony L. Ware was on appeal. The Untied States Supreme Court has in **Mills v. Green**, 159 **U.S.** 651,653, 16 **S.Ct.** 132, 132, 40 **L.Ed.** 293 (**1895**) that :

> "It has been long settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

See also, **Church of Scientology of California v. United States**, 506 U.S. 9, 113 **S.Ct.** 447, 121 **L.Ed.2d** 313 (**1992**); The Eleventh Circuit Court of Appeal has said in **Westmoreland v. National Transportation Safety Board**, 833 F.2d 1461,1462 (**11th, Cir 1987**) the following:

> "Federal courts do no have jurisdiction under the Article III 'Case or Controversy' provision of the United States Constitution to decide questions rendered moot by reason of intervening events. When effective relief cannot be granted because of later events, the (petition for removal) must be dismiss as moot."

As stated herein not only did FleetBsotion Financial Corporation of Delaware lacked legal standing to remove this civil action from Fulton Superior Court, the removal process itself became moot once Plaintiff Tony L.. Ware filed his Notice of Appeal in the State Court. The case was no longer a live case under O.C.G.A. § 5-6-34(a). The removal was also moot because FleetBoston Financial Corporation of Delaware lacked a legally cognizable interest in the outcome of this case as

dissolved corporation.   See, **Murphy v. Hunt**, 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).

### (G) FLEETBOSTON OF DELAWARE CANNOT REMOVE THIS ACTION WITHOUT A CERTIFICATE OF AUTHOURTY FROM THE GEORGIA SECRETARY OF STATE

Both FleetBoston Financial Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware are barred from bringing and maintaining any removal proceeding without having first obtained new Certificates of Authority from the Georgia Secretary of State pursuant to **O.C.G.A. § 14-2-1502(a)**.

Under Georgia Law no foreign corporation may maintain any proceeding in any Court of in this State without first obtaining a Certificate of Authority. Thus FleetBoston Financial Corporation of Delaware and not FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island improperly removed this action without a Certificate of Authority from the Georgia Secretary of State. It is too late to apply for a Certificate of Authority because FleetBoston Financial Corporation of Delaware is now deemed a dissolved corporation according to "SECOND AFFIDAVIT OF MARTHA R. FRANCIS" which reads as follows:

> **"6. FBC(Del) was legally dissolved in the state of Delaware on July 13, 2004. A true and correct copy of the certified Certificate of Dissolution is attached hereto as Exhibit 1."**

Therefore, without a legal Certificate of Authority from the Georgia Secretary of State, a foreign corporation may not "maintain any proceeding" in this State. This will include maintaining a removal proceeding in Federal Court. A removal of an action from State Court to Federal Court must be deemed a new proceeding in the Federal District Court. Thus FleetBoston Financial Corporation of Delaware cannot maintain this proceeding as a matter of law. See, **O.C.G.A. § 14-2-1502(a)** which reads as follows:

> **"A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."**

FleetBoston Financial Corporation of Delaware would now have to re-incorporate, obtain a new Certificate of Authority from the Georgia Secretary of State, file an Answer to the Complaint and properly Intervene in order to maintain this removal proceeding.

## IV. CONCLUSION

The Court is required to remand this civil matter because the Notice of Removal is legally insufficient as it is untimely under **28 U.S.C. §1446(b)** filed 34 days late and lack of consent to the removal process by the true Defendant in this action after it was served of the initial Summons and Complaint on December 10th, 2004. The Court also lacks subject matter jurisdiction on the issues of mootness of this action and the standing to remove this action by FleetBoston Financial Corporation of Delaware. Therefore, the Court must remand this case back to the Superior Court of Fulton County as required by 28 U.S.C. § 1447(c).

**WHEREFORE,** The Plaintiffs hereby pray that this Court enter an FINAL ORDER dismissing and remanding this case for lack of subject matter jurisdiction and defects in the removal process to the Superior Court of Fulton County or the Georgia Supreme Court so that the Plaintiffs in this matter can protect their legal rights as a matter of law. The Plaintiffs request any further relief deemed proper and just by the Court: Plaintiff's Attorney requests all attorney fees and Costs.

This ___11th___, day of ___MAY_____, 2005.

**Respectfully Submitted By:**

*/s/ Michael R. Johnson*

Michael R. Johnson, Sr.
**Attorney for the Plaintiff**
Georgia Bar No. 395056
Johnson & Associates, P. C.
340 West Peachtree Street, N.E.
Suite 200
Atlanta, Georgia 30308
(404) 688-7100

**Respectfully Submitted By:**

*/s/ Tony L. Ware*

Tony L. Ware, JD, Plaintiff
**Chairman & CEO**
P. O. Box 150524-Dept. 0227
Atlanta, Georgia 30315-0188
(404) 945-0342

# Secretary of State
## Corporations Division
### Suite 315, West Tower
2 Martin Luther King Jr. Dr.
Atlanta, Georgia 30334-1530

DATE FILED       : DECEMBER 9, 2004
DOCKET NUMBER : 043490783
LOCATION         : FULTON COUNTY SUPERIOR COURT
FEE              : $10.00

**FILING PERSON:**

MICHAEL R. JOHNSON. SR.. ESQ
JOHNSON & ASSOCIATES
340 W. PEACHTREE STREET
SUITE 200
ATLANTA, GA  30308

## ACKNOWLEDGEMENT OF RECEIPT

I, **Cathy Cox**, the Secretary Of State of the State of Georgia, do hereby acknowledge the receipt of copies of legal documents relating to service of process upon the following:

**FLEETBOSTON FINANCIAL CORP.
FULTON COUNTY SUPERIOR COURT
CA# 2004CV94553**

Said documents are filed with the Secretary Of State under the docket number referred to above. If certified copies are requested, the request must be made by docket number.

Exhibit "J"



Secretary of State
Cathy Cox