FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

MAY 2 6 2005

LUTHER D. THOMAS, Clerk
By _____
        Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY L. WARE, CEO, and          :
T.L. WARE BOTTLING CO., INC.,
                                :
        Plaintiffs,
                                :       CIVIL ACTION NO.
v.
                                :       1:05-CV-426-MHS
FLEETBOSTON FINANCIAL
CORPORATION f/k/a BankBoston    :
Corporation,
                                :
        Defendant.

## ORDER

This action is before the Court on defendant's Rule 12(b) motion to dismiss complaint; Rule 60(b) motion to set aside orders; and motion for protective order or, alternatively, to deem admissions withdrawn. Also before the Court is plaintiffs' motion to dismiss and remand case.[1] For the following reasons, the Court denies plaintiff's motion; grants defendant's motions to dismiss complaint and to set aside orders; denies as moot defendant's motion

---

[1] On May 11, 2005, plaintiffs filed a "revised" motion to dismiss and remand case. Defendant moves to strike the revised motion on the grounds that it raises arguments regarding defects in removal that are time-barred under 28 U.S.C. § 1447(c) and otherwise consists of a rehash of plaintiffs' previous arguments. The Court agrees. Accordingly, the Court grants defendant's motion to strike the revised motion and its supporting papers.

AO 72A
(Rev.8/82)

for protective order or, alternatively, to deem admissions withdrawn; dismisses this action with prejudice; and orders plaintiff Tony L. Ware and his attorney, Michael R. Johnson, Sr., to show cause why the Court should not impose sanctions on them for filing a frivolous lawsuit and engaging in fraudulent and abusive litigation tactics.

Background

In 1994, plaintiff Tony L. Ware sued Fidelity Acceptance Corporation, Fidelity Financial Services, Inc., Admiral Life Insurance Company, and Martin L. Lane in the Superior Court of Fulton County for damages stemming from the defendants' alleged illegal repossession of Ware's automobile. Following the presentation of Ware's evidence at trial, the trial court directed a verdict in favor of the first three defendants and dismissed defendant Lane for insufficient service of process. Ware appealed, and the Georgia Court of Appeals affirmed. See Ware v. Fidelity Acceptance Corp., 225 Ga. App. 41 (1997).

2

On December 7, 2004, more than ten years after filing the first suit, Tony L. Ware, along with T.L Ware Bottling Co., Inc.,[2] filed this action in the Superior Court of Fulton County against defendant FleetBoston Financial Corporation (FleetBoston), alleged successor to BankBoston Corporation, asserting claims arising out of the same allegedly illegal repossession of Ware's automobile. In this case, plaintiffs allege that the entities responsible for the repossession were subsidiaries and/or agents of FleetBoston, which is therefore liable for their allegedly wrongful acts.[3]

---

[2] According to records of the Georgia Secretary of State, T.L. Ware Bottling Co., Inc., was administratively dissolved effective November 9, 2002, more than two years before this action was filed. (Def.'s First Supplemental App., Ex. U.) Therefore, T.L. Ware Bottling Co., Inc., lacks capacity to prosecute this action, and all claims brought in its name must be dismissed. See Gas Pump, Inc. v. General Cinema Beverages of N. Fla., Inc., 12 F.3d 181, 182 (11th Cir. 1994)(under Georgia law, two years after administrative dissolution of corporation, its demise is complete and it may no longer initiate any activity, including the bringing of lawsuits).

[3] Evidence submitted by FleetBoston shows that, in fact, it never had any relationship with any of the other entities identified in plaintiffs' complaint. To the contrary, the evidence shows that defendant was organized under Delaware law in 1999 as a mere "placeholder corporation"; that it was registered to do business in a number of states, including Georgia, but never transacted any business and never held assets of any significant value; and that in July 2004 it was dissolved and its registration to do business in Georgia was withdrawn. (Francis Aff. ¶¶ 4-5.)

3

On December 10, 2004, plaintiff Ware attempted to send FleetBoston a summons, a copy of the complaint, and plaintiffs' requests for admissions via certified mail.  However, the package was incorrectly addressed.[4]  As a result, the package was returned to plaintiff Ware on December 20, 2004, marked "Addressee Unknown."[5]  Notwithstanding the fact that the service package had been returned to him as undeliverable, just three days later, on December 23, 2004, plaintiff Ware executed an Affidavit of Service of Process in which he certified, under oath, that he had personally served defendant on December 10, 2004.

On January 14, 2005, plaintiffs filed Ware's Affidavit of Service of Process with the superior court.  On the same day, plaintiffs filed a Return

---

[4] Plaintiff addressed the package to "Mr. M. A. Ferucci, CEO, 50 Kennedy Plaza, 16th Floor, Providence, RI 02903."  Mr. Ferucci, however, was no longer FleetBoston's CEO. (Second Francis Aff. ¶ 5.)  More significantly, corporate records attached to plaintiffs' complaint showed that Mr. Ferucci's address was 1209 N. Orange Street, Wilmington, Delaware. (Compl., Ex. A.)  The same records also listed FleetBoston's legal service address as "Rebecca Francis, Bank of America, 50 Kennedy Plaza, 16th Floor, Providence, RI 02903." (Id.)  Despite having this information in his possession, plaintiff Ware addressed the service package to Mr. Ferucci instead of Ms. Francis and did not include either Bank of America's name or FleetBoston's name in the address.

[5] This fact is established by U.S. Postal Service records submitted by defendant, which show that plaintiff Ware signed for the returned package at 1:55 p.m. on December 20, 2004. (Sanabria Aff., Ex. 2 & 3.)

4

of Service of Process executed by a process server.   The process server attested that he had served defendant on December 10, 2004, by delivering a copy of the summons, complaint, and requests for admissions to the Georgia Secretary of State.   On January 27, 2005, plaintiffs filed a "Certificate of Default" in which plaintiff Ware stated, under oath, that defendant had been served on December 10, 2004, by a court-appointed process server and was in default.

The following day, January 28, 2005, plaintiffs obtained the signature of Judge Gino M. Brogdon, presiding judge for the week, on a proposed Final Judgment and Decree (the Brogdon Order).  The Brogdon Order purported on its face to have been "agreed to by the parties," although it was signed only by plaintiff Ware and his attorney, Michael R. Johnson, Sr.  Among other things, the Brogdon Order awarded plaintiffs a default judgment against FleetBoston in the total amount of $922,267,265.24.

On February 2, 2005, Judge Bensonetta Tipton Lane, to whom this case was assigned, entered an Order sua sponte vacating the Brogdon Order and specially setting a hearing on plaintiffs' motion for default judgment for

AO 72A
(Rev.8/82)

February 16, 2005 (the Lane Order).   However, on February 7, 2005, plaintiffs obtained the signature of then-presiding Judge Jerry W. Baxter on another purported consent Order, which vacated the Lane Order and reinstated the Brogdon Order (the Baxter Order).

Like the Brogdon Order, the Baxter Order recited that it had been "consented to by the parties," although it was signed only by plaintiff Ware and his attorney.  According to Judge Baxter, he was told by the presenters of the Order that it had been agreed to by all parties, plaintiffs and defendant.  For that reason, Judge Baxter did not review the Order before signing it.  Had he known the Order was not consented to by defendant, Judge Baxter would not have signed it.[6]  (Baxter Aff. ¶¶ 4, 7-8.)

---

[6] Plaintiffs' counsel claims that neither he nor plaintiff Ware personally spoke with Judge Baxter or told him that defendant had consented to the Order. (Johnson Aff. ¶ 3.) Regardless, the Order prominently stated just below the judge's signature line that it had been consented to by "the parties," not just plaintiffs. Moreover, it is absurd to suggest that Judge Baxter would have knowingly entered such an Order unless he believed it was by consent.  It is also absurd to argue, as does plaintiffs' counsel, that Judge Baxter's affidavit was obtained through an improper ex parte communication. (Id. ¶ 6.) Judge Baxter is not the judge assigned to this case. Therefore, it was not improper for defendant to contact Judge Baxter to obtain an affidavit confirming plaintiffs' fraudulent procurement of the Baxter Order.

6

On February 8, 2005, plaintiffs filed a Notice of Appeal from the reinstated Brogdon Order. This was apparently done in order to divest Judge Lane of jurisdiction over the case, since there appears to be no other reason for plaintiffs to appeal from a Final Judgment and Decree that they themselves drafted and that afforded them all the relief they were seeking. Plaintiffs, however, failed to perfect the appeal by paying the appellate costs set by the superior court.

Meanwhile, defendant finally learned of the pendency of this action when it received copies of the Brogdon Order and the Lane Order that had been mailed from Judge Lane's chambers on February 3, 2005. On February 8, 2005, defendant retained counsel, who reviewed the Orders and then obtained copies of the pleadings on file in this case from the Clerk of the Superior Court of Fulton County. On February 15, 2005, defendant removed the case to this Court.

Discussion

Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(5), and 12(b)(2) for failure to state a claim on which relief can

7

be granted, insufficiency of service of process, and lack of personal jurisdiction. First, defendant argues that the complaint fails to state a claim on which relief can be granted because plaintiffs' claims arose in 1994 and were the subject of a previously adjudicated action and are therefore barred by collateral estoppel, res judicata, and the applicable statutes of limitations. Second, defendant argues that the complaint should be dismissed because it has never been properly served with process. Third, defendant contends that this Court lacks personal jurisdiction over it because it has never conducted or solicited business in Georgia.

Defendant also moves pursuant to Fed. R. Civ. P. 60(b)(3) and 60(b)(4) to set aside the Brogdon Order and the Baxter Order. Defendant contends that these Orders should be vacated because the evidence establishes that they were procured by fraud, misrepresentation, and other misconduct of plaintiffs and were entered without due process.

In addition, defendant moves for a protective order relieving it from having to respond to plaintiffs' requests for admissions or, in the alternative, deeming any admissions withdrawn. Defendant argues that the Court should

stay any obligation to respond to the requests because they were never properly served and, under this Court's rules, were premature. If the Court deems the requests already admitted, defendant argues, then such admissions should now be deemed withdrawn because the requests were improper, and withdrawing them will allow the case to be decided on the merits and will not unfairly prejudice plaintiffs.

Finally, in connection with its motions to dismiss and to set aside Orders, defendant asks the Court to impose sanctions on plaintiffs and their attorney. Defendant argues that plaintiffs filed a frivolous complaint that is patently devoid of any legal merit, then used fraud and misrepresentations to obtain an illegal default judgment, and then compounded their wrongdoing by fraudulently obtaining an Order setting aside an Order vacating that illegal judgment. Without specifying any particular sanction, defendant asks the Court to "apply the strongest sanctions available to Plaintiffs and their counsel." (Br. in Supp. of Def.'s Rule 12(b) Mot. to Dismiss Compl. at 25; Br. in Supp. of Def.'s Rule 60(b) Mot. to Set Aside Orders at 20.)

9

In response, plaintiffs have filed a motion to remand this case to state court.[7] In support of their motion, plaintiffs contend that the real defendant in this action is a Rhode Island corporation known as FleetBoston Financial Corporation, not the Delaware corporation of the same name that removed this case. Based on this theory, plaintiffs have filed an Amended Affidavit of Service of Process and an Amended Return of Service of Process purporting to show that both the Rhode Island and Delaware corporations were properly served on December 10, 2004, by certified mail – notwithstanding the fact that the service package was returned as undeliverable – and by delivery of the summons and complaint to the Georgia Secretary of State. Based on this alleged service, plaintiffs argue that defendant's notice of removal was untimely.

Plaintiffs also argue that only the Rhode Island corporation, the intended defendant, had the right to remove this action and that the Delaware corporation's removal was therefore improper. In addition, plaintiffs contend that this Court lacks removal jurisdiction because neither

---

[7] Although styled as a "Motion to Dismiss and Remand," the only relief sought by plaintiffs is a remand to the Superior Court of Fulton County.

10

a federal question nor diversity of citizenship is present.  Also, plaintiffs argue that the notice of appeal filed in the state court divested that court of jurisdiction before the notice of removal was filed, thus preventing removal. Finally, plaintiffs argue that defendant was barred from removing this action without first obtaining a new certificate of  authority from the Georgia Secretary of State.  Other than their motion to remand, plaintiffs have filed no response to defendant's motions.

The Court concludes that plaintiffs' arguments are frivolous and that defendant's motions to dismiss the complaint and to set aside the Brogdon and Baxter Orders should be granted.  First, plaintiffs' new service allegation – that they meant to serve and did serve a completely different defendant – is totally without merit.  The Delaware corporation known as FleetBoston Financial Corporation (FleetBoston of Delaware) is the entity that plaintiffs specifically alleged in their complaint was the defendant, as evidenced by the Georgia and Delaware Secretary of State records attached to the complaint, which specifically identify the Delaware corporation.  (Compl., Ex. A.)

11

The evidence shows that the Rhode Island corporation also known as FleetBoston Financial Corporation (FleetBoston of Rhode Island), which plaintiffs now claim was the intended defendant in this action, was a bank holding company that had its principal place of business in Boston, Massachusetts, before it was merged into Bank of America Corporation in April 2004. FleetBoston of Rhode Island was never registered to do business in Georgia and thus does not fit plaintiffs' description of defendant in this action "as a foreign corporation withdrawn from doing business in this state."[8] (Compl. ¶ 4.) Since the complaint clearly named only FleetBoston of Delaware as defendant, no action by or consent of FleetBoston of Rhode Island was required to permit removal.

Plaintiffs' argument that defendant's use of the same name as the Rhode Island corporation misled them and violated O.C.G.A. § 14-4-22 is also without merit. First, as evidenced by the ample public documents obtained

_____

[8] Plaintiffs apparently theorize that the Rhode Island corporation is the successor of another corporation named Fleet Financial Corporation of Rhode Island, which withdrew its registration to do business in Georgia in 1983. The evidence, however, shows that there is no connection between these two corporations, and that, in fact, Fleet Financial Corporation of Rhode Island continues to exist as a separate Rhode Island corporation today. (Third Francis Aff. ¶¶ 8-9.)

by plaintiffs regarding both the Delaware and the Rhode Island corporations, the separate and distinct identities of these two corporations were not concealed from anyone. Second, O.C.G.A. § 14-4-22, which prohibits the use of the name of another corporation without consent, applies only to corporations chartered by the Secretary of State. See O.C.G.A. § 14-4-1.

Regardless of the identity of defendant, it is indisputable that plaintiffs never properly served any defendant. Plaintiffs contend that they perfected service pursuant to O.C.G.A. § 14-2-1520 by delivering a copy of the initial pleadings to the Georgia Secretary of State. This argument is without merit because, in addition to delivering the documents to the Secretary of State, plaintiffs were required to mail a copy of their papers to a person of authority at the address identified in defendant's certificate of withdrawal. O.C.G.A. § 14-2-1520(c). This they failed to do, instead mailing a misaddressed package to defendant's former CEO, which was returned as undeliverable. Plaintiffs' failure to strictly comply with the statutory requirements for service on a corporation rendered the attempted service defective. See Howard v. Technosystems Consol. Corp., 244 Ga. App. 767, 769 (2000).

13

Furthermore, after return of the package, plaintiffs took no further steps to ascertain defendant's correct address or to have process delivered. Under these circumstances, the attempted service was insufficient as a matter of law. See Howard v. Jenny's Country Kitchen, Inc., 223 F.R.D. 559, 565 (D. Kan. 2004). Even more importantly, the dictates of due process do not permit service to be perfected merely by delivering pleadings to a Secretary of State where, as here, the statute does not require the Secretary of State to mail notice to the defendant. Wuchter v. Puzzutti, 276 U.S. 13, 18-20 (1928)(holding that state statute allowing defendant to be served by serving Secretary of State, without more, violates due process); see also Delta Int'l Mach. Corp. v. Plunk, 190 Ga. App. 269, 270-71 (1989)(holding that service under a similar statute is not complete until Secretary of State sends a copy to defendant).

Even if service on the Secretary of State had been effective, defendant's removal of this action would still have been timely. A notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). The critical date is the date of "receipt." Thus, where service may be effected by

14

delivery of the initial pleading to the Secretary of State, "the time for removal does not run as of the date of the statutory service on the Secretary of State of Georgia, but as of the time when the defendant actually receives a copy of the initial pleading." Barber v. Willis, 246 F. Supp. 814, 815 (N.D. Ga. 1965). In this case, defendant's time for removal did not begin to run until February 8, 2005, the date it first received a copy of the complaint. On February 15, 2005, well within the thirty-day statutory period, defendant removed the action to this Court. Such removal was therefore timely.

The Court also clearly has subject matter jurisdiction over this case. As alleged in the complaint, this action involves a controversy between citizens of different states and the amount in controversy well exceeds $75,000. (Compl. ¶¶ 2-4, Prayer for Relief.) Consequently, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. In addition, because plaintiffs' complaint asserts claims arising under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq. (Compl. ¶¶ 27-35), and the Trade Secrets Act, 18 U.S.C. § 1832 (id. ¶ 38), this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, removal was proper pursuant to 28 U.S.C. § 1441(a) and (b).

15

Plaintiffs' contention that defendant's removal of this action was improper because the state court action is on appeal to the Georgia Supreme Court is without any factual or legal support. First, affidavits from the Office of the Clerk of Court for the Fulton County Superior Court, Appeals Division, and the Clerk of the Georgia Supreme Court confirm that the state court action is not on appeal and was not on appeal at the time of removal. (Def.'s First Supplemental App., Exs. S & T.) Second, defendant could have removed the state court action to this Court even if an appeal had been pending. See Jackson v. American Savings Mortgage Corp., 924 F.2d 195, 197-98 (11th Cir. 1991)(removal filed same day as notice of appeal); see also In re Savers Fed. Sav. & Loan Assoc., 872 F.2d 963, 965-66 (11th Cir. 1989)(removal filed after entry of final judgment in state court and before period for appeal had elapsed).

Finally, plaintiffs' argument based on O.C.G.A. § 14-2-1502 that defendant cannot defend this action without first obtaining a certificate of authority is frivolous. First, the statute only applies to foreign corporations transacting business in Georgia, O.C.G.A. § 14-2-1502(a), and the evidence shows that defendant has never transacted business in Georgia. Second, the

16

statute itself directly contradicts plaintiffs' argument, expressly providing that "the failure of a foreign corporation to obtain a certificate of authority does not impair the validity of its corporate acts <u>or prevent it from defending any proceeding in this state</u>."  O.C.G.A. § 14-2-1502(d)(emphasis supplied).

The Court now turns to defendant's motions, to which plaintiffs have filed no response.  With regard to defendant's motion to dismiss, the Court concludes that plaintiffs' complaint should be dismissed with prejudice for failure to state a claim on which relief can be granted.  All of the claims asserted in plaintiffs' complaint were or could have been litigated in the previously adjudicated action brought by plaintiff Ware.  Furthermore, all of plaintiffs' claims against defendant in this action are premised upon alleged privity between defendant and the defendants in the prior action.  Consequently, plaintiffs' claims are all barred by the doctrines of res judicata and collateral estoppel.  <u>See</u> <u>Waldroup v. Greene County Hosp. Auth.</u>, 265 Ga. 864, 865-67 (1995).

In addition, all of plaintiffs' claims arise from an automobile lease financing agreement consummated in March 1993 and terminated by

17

repossession of the automobile in June 1994. Consequently, all of plaintiffs' claims are barred by the applicable statutes of limitations. Plaintiffs' Georgia and federal RICO claims are barred, respectively, by five-year and four-year statutes of limitations. O.C.G.A. § 16-14-8; Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987). Plaintiffs' claims for fraud, misrepresentation, trespass, negligence, conspiracy, and theft by deception are all barred by four-year statutes of limitations. O.C.G.A. §§ 9-3-31 and 9-3-32. Plaintiffs' claims for violation of Georgia's Fair Business Practices Act are barred by a two-year statute of limitations. O.C.G.A. § 10-1-401. Consequently, even apart from the bar arising from the adjudication of the previous lawsuit, all of plaintiffs' claims are absolutely time-barred.[9]

As for defendant's motion to set aside the Brogdon and Baxter Orders, this Court clearly has jurisdiction to reconsider and set aside those Orders if appropriate. See Maseda v. Honda Motor Co., 861 F.2d 1248, 1252 (11th Cir.

---

[9] Since this action is clearly barred by res judicata, collateral estoppel, and the applicable statutes of limitations, the Court need not address defendant's additional contentions that dismissal is appropriate on the grounds of insufficiency of service of process and lack of personal jurisdiction. However, the Court notes that the record conclusively establishes that defendant was never properly served with process and lacks the minimum contacts with this forum required to support personal jurisdiction.

1988)("[A] federal district court may dissolve or modify injunction, orders, and all other proceedings which have taken place in state court prior to removal"). The Court may set aside a judgment or order due to "fraud . . ., misrepresentation, or other misconduct of an adverse party," or if "the judgment is void." Fed. R. Civ. P. 60(b)(3) and (4).

The evidence presented by defendant clearly establishes that both the Brogdon Order and the Baxter Order were procured by plaintiffs and their counsel through fraud and misrepresentation. First, plaintiffs misrepresented to the state court that defendant had been properly served and was in default. Second, plaintiffs misrepresented to both Judge Brogdon and Judge Baxter that the Orders had been consented to by all parties. The evidence further establishes that the default judgment entered by the Brogdon Order and reinstated by the Baxter Order is void because defendant was not properly served and thus had no notice of the proceedings, and because the Court lacks personal jurisdiction over defendant. Accordingly, the Court grants defendant's motion to set aside the Brogdon and Baxter Orders.

19

With respect to defendant's motion for a protective order relieving it of the obligation of responding to plaintiffs' requests for admissions or, alternatively, deeming any admissions withdrawn, the Court concludes that the motion has been rendered moot by its rulings on defendant's other motions. In any event, the Court finds that the requests were improper in that they sought admissions that would have prevented defendant from presenting meritorious defenses to plaintiffs' claims, including the defenses of insufficiency of service of process and lack of personal jurisdiction. In addition, defendant was never under any obligation to respond to the requests because they were never properly served; therefore, none of the matters that were the subject of the requests was ever admitted by defendant.

Finally, the Court turns to the question of sanctions. The Court finds that the conduct of plaintiff Ware and his attorney, Michael R. Johnson, Sr., warrants the imposition of sanctions. First, the evidence shows that Ware and Johnson filed this lawsuit,[10] which is without any legal merit whatsoever

---

[10] Both Ware and Johnson signed the complaint. Johnson is an attorney admitted to practice in Georgia. Although Ware identifies himself as the holder of
(continued...)

and is patently frivolous on its face.  Second, Ware and Johnson falsely represented to the Court that defendant had been properly served and was in default.  Third, Ware and Johnson falsely represented to two judges of the Fulton County Superior Court that Orders submitted to them had been consented to by all parties.

Through this egregious course of misconduct, Ware and Johnson fraudulently obtained a default judgment against defendant in excess of $900 million.  Once defendant became aware of this lawsuit and the entry of the default judgment, it was put to significant trouble and expense in responding to plaintiffs' frivolous claims and in seeking to have the fraudulently obtained default judgment set aside.  In addition, this Court and its staff have been required to expend considerable time and resources on an action that should never have been filed.

Particularly disturbing to the Court, apart from Ware's and Johnson's misconduct in this case, is a pattern of such conduct by Ware over a period of

---

[10](...continued)
a J.D. degree, his name does not appear in the directory of attorneys admitted to practice in Georgia.

AO 72A
(Rev.8/82)

many years.[11] Beginning at least as early as the previously adjudicated case underlying this action, Ware has demonstrated a predilection for frivolous and abusive litigation. In the previous case, Ware, proceeding pro se, raised a number of frivolous arguments on appeal, each of which the court of appeals found to be totally without merit. See Ware v. Fidelity Acceptance Corp., 225 Ga. App. 41, 42-44 (1997).

In an appeal in another case brought by Ware, the Georgia Court of Appeals found the "appeal and the entire appeal procedures used by Ware to be wholly and egregiously frivolous and abusive," and found "that the appeal has been litigiously pursued for the purpose of harassment." Ware v. Vaughn, 225 Ga. App. 303, 306 (1997). In addition to imposing a monetary penalty on Ware, the court directed "that the matters and proceedings and actions stated herein be considered cumulative and aggravating circumstances to any further and future action by Tony L. Ware which this Court deems to be improper, frivolous, abusive, or excessive litigation." Id.

---

[11] Equally, if not more, disturbing is Ware's invocation of divine authority for his frivolous and abusive litigation tactics and his veiled threats of divine retribution against anyone who stands in his way. See "Statements by Tony L. Ware from the Holy Ghost," filed March 15, 2005.

22

In other cases brought by Ware, he has employed abusive litigation tactics very similar to those employed in this case.  In <u>Ware v. Handy Storage</u>, 222 Ga. App. 339 (1996), Ware, once again proceeding <u>pro se</u>, sought to obtain a $14,000,000 default judgment against the defendant after serving process on the Georgia Secretary of State. In <u>Ware v. Bonner</u>, 585 S.E.2d 621 (Ga. 2003), Ware, represented this time by Johnson, sued Superior Court Judge Alice D. Bonner after she refused to grant motions for default judgment in an action Ware brought against Microsoft Corporation seeking in excess of $1 billion in damages.

This Court cannot and will not tolerate the type of abusive litigation tactics employed by plaintiff Ware and his attorney in this action.  The fact that Ware has frequently engaged in similar misconduct in the past underscores the need to impose appropriate sanctions in this case.  If such conduct is allowed to go unpunished and undeterred, it is all the more likely to be repeated in the future.

Therefore, pursuant to the authority granted under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and this Court's inherent

AO 72A
(Rev.8/82)

authority to impose sanctions for bad faith conduct, the Court orders plaintiff Ware and his attorney, Michael R. Johnson, Sr., to show cause in writing within thirty (30) days of the date of entry of this order why sanctions should not be imposed on them.  Defendant shall have ten (10) days after service of Ware's and Johnson's answer to file a response.

One sanction the Court will consider is an order requiring payment of some or all of defendant's expenses incurred in responding to this lawsuit, including its reasonable attorneys' fees.  Therefore, the Court directs defendant to submit within (30) days of the date of entry of this order a sworn statement of the total amount of expenses it has incurred in connection with this lawsuit, including its reasonable attorneys' fees.  Plaintiffs shall have ten (10) days from the date of service of defendant's statement to file a response.

Before fixing the appropriate amount of any sanctions, it is necessary for the Court to consider Ware's and Johnson's ability to pay.  Therefore, the Court orders plaintiff Ware and attorney Johnson each to submit to the Court within thirty (30) days of the date of entry of this order a sworn statement of their current financial condition, including a complete listing of their current

24

income, assets, and liabilities.  Defendant shall have ten (10) days from the date of service of Ware's and Johnson's statements to file a response.  If necessary, the Court will allow defendant to conduct discovery on this issue.

Summary

For the foregoing reasons, the Court DENIES plaintiffs' motion to dismiss and remand case [#11-1, #11-2]; GRANTS defendant's motion to strike revised motion to dismiss and remand case [#22-1]; STRIKES plaintiffs' revised motion to dismiss and remand case [#21-1, #21-2]; GRANTS defendant's Rule 12(b) motion to dismiss complaint [#2-1]; GRANTS defendant's Rule 60(b) motion to set aside orders [#8-1]; DENIES AS MOOT defendant's motion for protective order or, alternatively, to deem admissions withdrawn [#10-1, #10-2]; VACATES the Orders entered in this action on January 28, 2005, by Fulton County Superior Court Judge Gino M. Brogdon, and on February 7, 2005, by Fulton County Superior Court Judge Jerry W. Baxter; and DISMISSES WITH PREJUDICE plaintiffs' complaint.

Within thirty (30) days of the date of entry of this order, the Court ORDERS plaintiff Ware and his attorney, Michael R. Johnson, Sr., to show

cause in writing why the Court should not impose sanctions on them;

DIRECTS defendant to submit a sworn statement of the amount of expenses

incurred in connection with this matter, including its reasonable attorneys'

fees; and ORDERS plaintiff Ware and attorney Johnson each to submit a

sworn statement of their financial condition, including a complete listing of

their current income, assets, and liabilities.  Plaintiffs and defendant shall

each have ten (10) days after service of each of the foregoing to file a

response.   The Court DIRECTS the Clerk to resubmit this case after

expiration of the foregoing time periods.

IT IS SO ORDERED, this 26th day of May, 2005.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)