FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 2 6 2005

LUTHER D. THOMAS, Clerk
By: *signature* Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY L. WARE, CEO, and
T.L. WARE BOTTLING CO., INC.,

    Plaintiffs,

v.

FLEETBOSTON FINANCIAL
CORPORATION f/k/a BankBoston
Corporation,

    Defendant.

CIVIL ACTION NO.

1:05-CV-426-MHS

## ORDER

This action is before the Court on defendant FleetBoston Financial Corporation's (FleetBoston) emergency motion for injunctive relief.[1] Defendant seeks to enjoin plaintiffs from proceeding with any other action raising the claims or issues presented in this case, specifically including but not limited to an action filed by plaintiffs in the Superior Court of DeKalb County on April 26, 2005. For good cause shown, the Court grants the motion.

---

[1] For a description of the background of this case, see Order entered this date denying plaintiffs' motion to remand and granting defendant's motions to dismiss complaint and to vacate Orders.

AO 72A
(Rev.8/82)

A certified copy of the proceedings in the DeKalb County action are attached to defendant's motion. They show that on April 26, 2005, plaintiff Tony L. Ware filed a "Petition for Declaratory Judgment and Equitable Relief" in the Superior Court of DeKalb County seeking, among other things, a declaration that the Final Judgement and Decree entered in this case on January 28, 2005, by Fulton County Superior Court Judge Gino M. Brogdon is "final, effective and binding on all parties" in this action; that Judge Brogdon and Fulton County Superior Court Judge Jerry W. Baxter had "the power, authority and jurisdiction to enter the final judgment of January 28th, 2005 and the order of February 7th, 2005"; and that defendant in this action cannot "maintain a Federal Removal proceeding." (Pet. at 3.)

Although the DeKalb County suit seeks relief against defendant in this action, plaintiff Ware named as sole respondent in the DeKalb County action his co-plaintiff in this action, T.L. Ware Bottling Co., Inc. On April 27, 2005, plaintiffs' attorney in this action, Michael R. Johnson, Sr., acknowledged service of the petition on behalf of T.L. Ware Bottling Co., Inc., purporting to act as its general counsel and agent for service of process. On the same date, Johnson filed an answer to the petition admitting all the allegations and

2

joining in petitioner's prayer for relief. Ware and Johnson then filed a joint motion for declaratory judgment and presented the court with a proposed final consent order. None of these pleadings was served on FleetBoston, nor did plaintiffs notify this Court of their actions.

Fortunately, rather than simply signing plaintiffs' bogus consent order, DeKalb County Superior Judge Mark Anthony Scott reviewed the pleadings and determined that he lacked jurisdiction over the case. On May 19, 2005, Judge Scott entered an Order transferring the case to the Fulton County Superior Court and mailed a copy of the Order to defendant's counsel, thus notifying FleetBoston for the first time of the existence of the DeKalb County action. After obtaining copies of the pleadings from the Clerk of the DeKalb County Superior Court, defendant promptly filed the emergency motion for injunctive relief currently before the Court.

Although plaintiffs have not yet had an opportunity to respond to defendant's motion, the Court finds it unnecessary to await such a response or to conduct a hearing before ruling. Plaintiffs' actions are so far beyond the pale, and so in keeping with the fraudulent and abusive litigation tactics they

and their attorney have utilized in this and previous actions,[2] it would be contrary to the interests of justice to delay a ruling on defendant's motion.

Title 28 U.S.C. § 1446(d) provides that upon removal of an action, "the State court shall proceed no further unless and until the case is remanded." Under this provision, it is well settled that "where a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized . . . in enjoining the proceedings in the state court." Frith v. Blazon-Flexible Flyer, Inc., 512 F.2d 899, 901 (5th Cir. 1975); see also Myers v. Hertz Penske Truck Leasing, Inc., 572 F. Supp. 500, 502 (N.D. Ga. 1983); Brown v. Seaboard Coast Line R.R. Co., 309 F. Supp. 48, 49 (N.D. Ga. 1969).

Plaintiffs' DeKalb County suit is a clear and blatant, as well as fraudulent, attempt to subvert this Court's removal jurisdiction over this case. Accordingly, the Court grants defendant's emergency motion for injunctive relief and enjoins plaintiffs, their officers, agents, servants,

---

[2] See Order entered this date at 20-24 (reviewing plaintiffs' and their attorney's fraudulent and abusive litigation tactics and ordering them to show cause why the Court should not impose sanctions on them).

employees, and attorneys, and all persons in active concert or participation with them from proceeding with Civil Action No. 05-CV-5798-9 filed in the Superior Court of DeKalb County, or with any other action raising the same claims or issues presented in this case.

Finally, defendant requests the imposition of sanctions on plaintiffs and their counsel, including a requirement that they reimburse defendant for its reasonable expenses incurred in bringing this motion. As noted above, in another Order entered this date, the Court has ordered plaintiff Ware and his attorney to show cause within thirty (30) days why sanctions should not be imposed on them for their previous conduct in this case. It is hereby further ordered that in their response to that Order, Ware and Johnson shall also show cause why sanctions should not be imposed on them for filing the DeKalb County lawsuit. Defendant shall include in its statement of fees and expenses to be filed pursuant to that Order a statement of its reasonable expenses, including attorneys' fees, incurred in bringing this motion. Based upon these submissions, the Court will consider what sanctions may be appropriate.

In summary, the Court GRANTS defendant's emergency motion for injunctive relief [#23-1] and ENJOINS plaintiffs, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them from proceeding with Civil Action No. 05-CV-5798-9 filed in the Superior Court of DeKalb County, or with any other action raising the same claims or issues presented in this case.

IT IS SO ORDERED, this 26th day of May, 2005.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)