FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHEN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JUN 2 3 2005

LUTHER D. THOMAS, Clerk
By: _____
         Deputy Clerk

| | |
|---|---|
| TONY L. WARE, CEO and | ) |
| T. L. WARE BOTTLING CO., INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION FILE NUMBER: |
| | ) **1:05-CV-0426-MHS** |
| FLEETBOSTON FINANCIAL CORP. | ) |
| F/K/A BANKBOSTON CORP. | ) MOTION TO SET ASIDE VOID ORDERS |
| | ) |
| Defendant. | ) MEMORANDUM OF LAW FILED |

## MOTION TO SET ASIDE VOID ORDERS AND REMAND CASE FOR LACK OF SUBJECT MATTER JURIDICTION

**COMES NOW, TONY L. WARE, CEO** and **T.L. WARE BOTTLING COMPANY, INC.,** the Plaintiffs and files their joint Motion to Set Aside Void Orders and Remand Case by for lack of subject matter jurisdiction pursuant to the **Federal Rules of Civil Procedure, Rule 12(h)(3), Rule 60(b)(4)(6)** and pursuant to **28 U.S.C. § 1447(d)** in the above-styled civil action to remand this case back to the Superior Court of Fulton County on the following grounds to wit:

### DISTRICT COURT LACKS APPELLATE REVIEW JURISDITION OVER STATE COURT'S FIANL JUDGMENTS

1. According to the *Rooker-Feldman* doctrine the U.S. Supreme Court has said in **_Rooker v. Fidelity Trust Co_.**, 263 **U.S.** 413, 44 **S.Ct.** 149, 68 **L2d** 362 (1923) and in **_District of Columbia Court of Appeals v. Feldman_**, 460 **U.S.** 462, 482, 103 **S.Ct.** 1303, 1315, 75 **L.Ed2d** 206 (1983)  that a United State District Court has no authority to review final judgments of a state court in judicial proceedings.   Review of such judgments may be had only in the United States Supreme Court.

## FBC (Del) LACKS ARTICE III STANDING

2. FleetBoston Financial Corporation FBC (Del) does not have Article III standing to remove this action because: (a) FBC (Del) has no legal existence as dissolved corporation; (b) FBC (Del) has not and cannot suffer an injury in fact by the Plaintiffs because it is a dissolved corporation; (c) FBC (Del) is not the real party at interest in this action such as Defendant FleetBoston Financial Corporation f/k/a BankBoston a Rhode Island Corporation and (d) FBC (Del) a foreign corporation lacks standing under Georgia Law to maintain any proceeding in any Court of this State without a Certificate of Authority from the Georgia Secretary of State pursuant to O.C.G.A. § 14-2-1502(a).

## THE REMOVAL OF THIS ACTION FROM STATE COURT IS MOOT

3. The removal of this civil action by FBC (Del) is moot because: (a) the case was no longer a live case under Georgia Law when Plaintiff Tony L. Ware filed his Notice of Appeal which vested subject matter jurisdiction in the Georgia Supreme Court pursuant to the Georgia Law O.C.G.A. § 5-6-47(a); (b) the removal was moot because the issues of service of process and other issues under Georgia Law presented by FBC (Del) were no longer 'live' issues; (c) FBC (Del) lacked a legally cognizable interest in the outcome of this case as a dissolved corporation because any "meaningful relief" cannot be granted to a corporation which has been legally dissolved and (d) The removal process in this case was also mooted by the fact that FBC (Del) had legally consented to the jurisdiction of the State Courts of Georgia when it appointed the Georgia Secretary of State to be its agent for all service of process in this State.

## JUDGE BRODON'S FINAL JUDGMENT IS STILL VALID AND BINDING UNDER 28 U.S.C. § 1450(b)  AND THE DEFENDANT WAS ENJOINED FROM FILING ANY MOTIONS OR PLEADINGS IN ANY OTHER COURT HAVING JURISDICTION ON MATTERS ALREADY AJUDICATED BY THE SUPERIOR COURT OF FULTON COUNTY UNDER THE FINAL JUDGMENT [1]

---

[1] No District Court Judge can legally overrule Judge Brogdon's Final Judgment.

4. Under the terms of the Final Judgment this Court lacks subject matter jurisdiction to hear any motions filed by the Defendant on matters already adjudicated by Judge Brogdon. The Final Judgment bars the Defendant from filing any motions attacking the final judgment on any issue that was admitted to by the Defendant under Georgia Law including the issue of service of process which the Fulton Superior Court found that service of process to be proper on the Defendant under Georgia Law. This issue was already adjudicated. See, Final Judgment at Pages 2 & 7.

**WHEREFORE,** Because this Court lacks subject matter jurisdiction and there are defects in the removal process, the Plaintiffs hereby prays that this Court enter an FINAL ORDER setting aside the void orders entered on May 26th, 2005 and remand this case back to the Superior Court of Fulton County or the Georgia Supreme Court. The Plaintiffs request any further relief deemed proper and just by the Court. Plaintiff's Attorney requests all attorney fees and Costs.[2]

**This** _23rd_ **, day of** _June_ **, 2005.**

**Respectfully Submitted By:**

Michael R. Johnson, Sr.
Attorney for the Plaintiff
Georgia Bar No. 395056
Johnson & Associates, P. C.
340 West Peachtree Street, N.E.
Suite 200
Atlanta, Georgia 30308
(404) 688-7100

**Respectfully Submitted By:**

Tony L. Ware, JD, Plaintiff
Chairman & CEO
P. O. Box 150524 Dept. 0227
Atlanta, Georgia 30315-0188
(404) 945-0342

---

[2] The Plaintiffs and counsel for the Plaintiff T.L. Ware Bottling Company, Inc., do hereby reserves their rights to file a Motion for Sanctions with attorneys fees for violation of the Final Judgments of the trial Court which is still binding on the parties in this action pursuant to 28 U.S.C. § 1450 and to file a Motion for Contempt of Court against FBC (Del) and its Counsel. We are aware that there may be ex parte communications by opposing counsels and back door dealings having secret meeting with the judges and their law clerks in an effort to derail Judge Brogdon's jurisdiction. Counsel and the Plaintiffs intend to inform State Bar of Georgia, U.S. Court of Appeals and the U.S. Department of Justice.

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 2 3 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and <br> T. L. WARE BOTTLING CO., INC., <br><br> Plaintiffs, <br><br> vs. <br><br> FLEETBOSTON FINANCIAL CORP. <br> F/K/A BANKBOSTON CORP. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **CIVIL ACTION FILE NUMBER:** <br> ) **1 : 0 5 – C V – 0 4 2 6 – M H S** <br> ) <br> )   **BRIEF AND MENORADUM OF LAW** <br> ) <br> )FILED IN SUPPORT MOTION TO SET ASIDE |

---

## BREIF AND MEMORANDUM OF LAW IN SUPPORT O MOTION TO SET ASIDE VOID ORDERS FOR LACK OF SUBJECT MATTER JURIDICTION

**COMES NOW, TONY L. WARE, CEO** and **T.L. WARE BOTTLING COMPANY, INC.,** the Plaintiffs and files their BRIEF AND MEMORANDUM OF LAW in support of the Plaintiffs' joint Motion to Set Aside Void Orders and Remand Case by for lack of subject matter jurisdiction pursuant to the **Federal Rules of Civil Procedure, Rule 12(h)(3)** and **Rule 60(b)(4)(6)** in the above-styled civil action. The Court must remand pursuant to **28 U.S.C. § 1447(d)** this civil action back to the Superior Court of Fulton County because of the following:

### I. INTRODUCTION

The Plaintiffs' hereby incorporates all facts, issues and arguments averred in their prior revised brief and memorandum of law filed with the Court on May 11th, 2005. According to the *Rooker-Feldman* doctrine the U.S. Supreme Court has said in **Rooker v. Fidelity Trust Co.**, 263 **U.S.** 413, 44 **S.Ct.** 149, 68 **L2d** 362 (1923) and in **District of Columbia Court of Appeals v. Feldman**, 460 **U.S.** 462, 482, 103 **S.Ct.** 1303, 1315, 75 **L.Ed2d** 206 (1983) that a United State District Court has no authority

to review final judgments of a state court in judicial proceedings.   Review of such judgments may be had only in the United States Supreme Court..   FleetBostons' attorneys continue with their actions despite Judge Brogdon's Injunction against them and to further mislead this Court.   Judge Brogdon's Injunction against the Defendant and its attorneys are still binding on the Defendant, FBC (Del) and its attorneys.  See, 28 U.S.C. § 1450.  The statute reads in part that:

> **"All injunction, orders, and other proceeding had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."**

The Final Judgment is still in force and effect under 28 U.S.C. § 1450.  This Final Judgment also grants the Plaintiffs a Bill of Peace and a Permanent Injunction against the Defendant, its officers and its agents in this action on matters raised by the Defendant in its Motions to this Court.  Both the Defendant FleetBoston Financial Corporation f/k/a BankBoston and FleetBoston FBC (Del) are required under the terms of the Final Judgment at Page 9 to post supersedes bonds in the amount of the judgment or an affidavit from their CEO before they can file any pleadings or motions in any Court.  See, Final Judgment at Page 9 which reads in part that:

> **"IT IS FURTHER ORDERED,** By this Court that the Defendant shall post supersede bonds in the amount of **$511,521,000.00** representing the principal and **$410,746,265.24** representing the pre judgment interest before the Defendant can file any pleadings, motions or appeals in this action.  The Clerk of this Court is hereby directed not to file any motions, appeal or any other documents into this Court on behalf of the Defendant except an affidavit by the Defendant's CEO explaining why the Defendant cannot post the supersede bonds stated in this decree.  Nor shall the Clerk of this Court set any hearings on any other matter before any other Judge of this Court until said Defendant has posted a total of **$922,267,265.24** in supersede bonds with the Clerk of this Court."

The issue proper of service of process was also adjudicated by the Superior Court of Fulton County.  Under Rooker-Feldman this Court cannot go back review the issue of service of process after Judge Brogdon made his final ruling on this issue.

See, Final Judgment at Pages 2 which reads in part that:

## I. FINDINGS OF FACT

"Defendant FleetBostion is a foreign corporation having withdrawn from doing business in this State pursuant to O.C.G.A. § 14-2-1520(b). <u>After proper service of process of the Summons, Complaint and Request for Admissions on the Defendant by a Court Appointed Process Server</u>, the Defendant failed to file its answer to the Summons and Complaint and became in default on January 11[th], 2005."

## II. DISCUSSION

"There is no dispute that Defendant FleetBostion is a foreign corporation withdrawn from doing business in this State pursuant to O.C.G.A. § 14-2-1520(b). See, (Plaintiffs' Complaint Exhibit "A") <u>and that proper service of process was made on the Defendant by a Court Appointed Process Server by serving the Georgia Secretary of State pursuant to O.C.G.A. § 14-2-1520(c)</u>."

## IV. CONCLUSIONS OF LAW

"<u>The Court conclude that the Plaintiffs made proper service of process on Defendant FleetBoston Financial Corporation with the Summons, Complaint and Request for Admissions by serving the Georgia Secretary of State pursuant to O.C.G.A. § 14-2-1520(c) the law of this State. See, Docket No. 13</u>."

Therefore, Judge Brogdon's order is still binding on both FleetBostons and is still in effect under 28 U.S.C. § 1450. The Defendant or FBC (Del) was required to file supersedes bonds either in this Court or the Fulton Superior Court either before filing any pleadings or motions prior to its untimely removal of this case to this Court.

This Court cannot legally hear FBC (Del)'s motions until the real Defendant FleetBoston Financial Corporation f/k/a BankBoston Corporation or FBC(Del) complies with the Final Judgment by posting the bonds required by the Final Judgment. FBC (Del) cannot legally show the Court that it has suffered an injury in fact because it is a dissolved corporation.

Thus without such injury in fact, FBC (Del) lacks standing as a matter of law. The Plaintiffs also maintain in this unlawful and untimely removal, that this case is moot because FleetBoston Financial Corporation of Delaware was a dissolved

corporation and no longer had a legal existence. FleetBoston Financial Corporation of Delaware thus lacks a legally cognizable interest in the outcome of a case because it is a dissolved corporation. Plaintiff Ware's Notice of Appeal also made the removal moot. This case was no longer a live case when the Defendant, who never appealed the final judgment of the State Court nor has it consented to the removal with FBC (Del). Thus the removal process in this case was also mooted by the fact that Defendant and FBC (Del) had legally consented to the jurisdiction of the State Courts of Georgia when it appointed the Georgia Secretary of State to be its agent for all service of process in this State.[1]

## II. DISCUSSION

The Plaintiffs will continue to maintain that this untimely removal process by FBC (Del) was moot because Plaintiffs' case was no longer live and the fact that FBC (Del) lacks a legal interest in the outcome of this case as a dissolved corporation which has no legal existence. Thus Defendant's and FBC (Del) filing of their bogus "Emergency Motion for Injunctive Relief" violates that Final Judgment because there is no emergency in this case. The Court lacks subject matter jurisdiction to rule on any of FBC (Del)'s frivolous motions. In order for this Court to grant any relief to FBC (Del) a dissolved corporation, it must first make a ruling on Plaintiffs' Motion to Dismiss and Remand this case. This Court cannot enjoin the Plaintiffs under *Younger v. Harris*, 401 **U.S.** 37, 43 (1971).

Abstention Under *Younger v. Harris*

The Defendant and FBC (Del) bogus "Emergency Motion" raises the issue of federal court interference with pending state litigation. The Court lacks subject matter jurisdiction under 28 U.S.C. § 2282 and under Younger Supra. The U.S. Supreme Court has noted that:

---

[1] In ***Lee v. Acme Freight Lines, Inc.***, 54 **F.Supp.** 397, 398 (1944) the Court held: "A foreign corporation which appoints a statutory agent [e.g. Georgia Secretary of State] under a law [e.g. O.C.G.A. § 14-2-1520(c)] requiring it as a condition of doing business in a state will be presumed to consent to suit in the local courts, state and federal, and to service upon that agent to bring it before the court, in matters relating to the business done in that State."

1
2
3

>"[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."

4

See, *Younger v. Harris*, 401 **U.S.** 37, 43 (1971). Federalism requires comity, which Justice Black defined as:

5
6
7
8
9

>"a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as 'Our Federalism'..."

10

See, Id. at 44.  Therefore, "the normal thing to do when federal courts are

11

asked to enjoin pending proceedings in state courts is not to issue such injunctions."

12

*Id.* at 45.  Although *Younger*, Supra addressed the federal actions to enjoin state

13

criminal proceedings, the same principals of comity mandate extreme caution before

14

enjoining certain kinds of state civil proceedings as well. See, e.g., *Huffman v. Pursue*, Ltd., 420 **U.S.** 592, 604 (1975); *Middlesex Ethics Comm. v. Garden State*

15

*Bar Ass'n*, 457 **U.S.** 423, 432 (1982).  Abstention under *Younger* is appropriate

16

when: "1) there is an ongoing state proceeding; 2) an important state interest is

17

implicated; and 3) the Plaintiffs have an avenue open for review of constitutional

18

claims in the state court."  See, *Hansel v. Town Court for Town of Springfield*, 56

19

**F.3d** 391, 393 (2d Cir. 1995).  When these conditions are met, abstention is

20

obligatory on a Federal Court. See, *Colorado River Water Cons. Dist. v. U.S.*, 424

21

**U.S.** 800, 816 n.22 (1976).  The typical scenario, as in *Younger*, is that the state

22

action came first.  However, the U.S. Supreme Court has held that *Younger* also

23

applies in cases where the federal or State action was filed preemptively. *Hicks v. Miranda*, 422 **U.S.** 332 (1975).  Thus any relief sought by the Defendant and FBC

24

(Del)'s counsels must be denied under *Younger v. Harris*, 401 **U.S.** 37, 43 (1971).[2]

25

---

[2] This Court has no subject matter jurisdiction under the *Rooker-Feldman* doctrine.

**Page 5**

## III. ARGUMENT AND CITATION OF AUTHORITY

Under **Fed.R.Civ.P., Rule 12(h)(3)** if at any stage of the proceeding any party can properly show the Court that it lacks subject matter jurisdiction, the Court must dismiss the action.  See, **Rule 12(h)(3)** which read as follows:

> **"(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."**

## (a) THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER THE ROOKER-FELDMAN DOCTRINE

According to the *Rooker-Feldman* doctrine the U.S. Supreme Court has held in **Rooker v. Fidelity Trust Co**., 263 **U.S.** 413, 44 **S.Ct.** 149, 68 **L2d** 362 (1923) and **District of Columbia Court of Appeals v. Feldman**, 460 **U.S.** 462, 482, 103 **S.Ct.** 1303, 1315, 75 **L.Ed2d** 206 (1983)  that a United State District Court has no authority to review final judgments of a state court in judicial proceedings.  Review of such judgments may be had only in the United States Supreme Court.  The Court held in part that:

> **"A United State District Court has no authority to review final judgments of a state court in judicial proceedings.  Review of such judgments may be had only in the United States Supreme Court."**

The Eleventh Circuit Court of Appeals has also made it clear in **Powell v. Powell**, 80 **F.3d** 464 **(11th Cir 1996)** by holding that:

> **"The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in state court but are inextricably intertwined with the state court's judgment."**

In order to grant relief posted by the Defendant and FBC (Del) this Court must first review the State Court's judgments and orders.  Judge Brogdon's and Judge Baxter's orders are grounded in Georgia Law.  State Courts are the final authority as to the proper interpretation of State Law.  Thus Judge Brogdon found that service of process was proper under Georgia Law concerning the Defendant in this action.

1
2
3
4

This Court has no authority to go back and review Judge Brogdon's Final Judgment.   Nor do this Court have appellate subject matter jurisdiction to review any State Court judgments under ***Rooker v. Fidelity Trust Co.***, 263 **U.S.** 413, 44 **S.Ct.** 149, 68 **L2d** 362 (1923) and ***District of Columbia Court of Appeals v. Feldman***, 460 **U.S.** 462, 482, 103 **S.Ct.** 1303, 1315, 75 **L.Ed2d** 206 (1983) Supra.

5
6
7
8

The Defendant and FBC (Del) both seek appellate review from this Court concerning the Final judgments.   It doesn't matter if Judge Brogdon's or Judge Baxter's orders are right or wrong, this Court is without subject matter jurisdiction to review them.   See, ***Rooker v. Fidelity Trust Co.***, Supra.   Also see ***Goodman v. Goodman***, 259 **F.3d** 1327 (**11th Cir 2001**) holding that:

9
10
11

> **"The Rooker-Feldman doctrine places limits on subject matter jurisdiction of federal district courts and courts of appeals over certain matters related to previous state court litigation.  We have described the Rooker-Feldman doctrine as follows:**

12
13
14
15
16
17

> **"The Rooker-Feldman doctrine provides that federal courts, other then the Untied States Supreme Court, have no authority to review the final judgments of state courts.  The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it."** Citations omitted.

18
19
20
21
22
23
24
25

In order for this Court to vacate the Judge Brogdon's and Judge Baxter's Final Judgments, this Court was forced to review the State Court's judgments and orders acting as an Appellate Court.  Since the State Court's judgments were final and were rendered on purely Georgia Law, this Court lacks federal jurisdiction concerning the review of these State Court final judgments.   Thus this Court must vacate its void Orders entered on May 26th, 2005 by attempting to review Judge Brogdon's and Judge Baxter's Final Judgments and remand this case under 28 U.S.C. § 1447(d) for lack of jurisdiction over the subject matter.  The Eleventh Circuit has further held in ***Powell v. Powell***, 80 **F.3d** 464 (**11th Cir 1996**) that :

1
2
3
4
5
6
7
8
9
10

"Neither this Court nor the Supreme Court has limited the scope of the *Rooker-Feldman* doctrine to state court judgments based solely on state law. Even if the federal court collateral attack on the state court judgment is premised on the unconstitutionality of a federal statute, the *Rooker-Feldman* doctrine still applies. It still applies for the reasons that go to the heart of our system of federalism-the dual dignity of state and federal court decisions interpreting federal law. In our federal system, a state trial court's interpretation of federal law is no less authoritative than that of the federal court of appeals in whose circuit the trial court is located. Moreover, the doctrine is not limited to state appellate court judgments. A litigant may not escape application of the doctrine by merely electing not to appeal an adverse state trial court judgment." Citation omitted.

11

### (b) FBC (Del) LACKS ARTICLE III STANDING TO REMOVE CASE

12
13
14
15
16
17
18
19
20
21

Typically, standing requires that: 1 FleetBoston FBF (Del) must have suffered an "injury in fact;" 2 that there be a "causal connection" between the injury and the conduct complained of such that the injury is fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and 3 it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." See, ***Bischoff v. Osceola County, Fla.***, 222 **F.3d** 874, 883 (11th Cir. 2000).[3] Nonetheless, it still remains that a third party [i.e. FBC (Del)] must legally establish that it has suffered some "injury in fact" as a result of the Plaintiff's actions. See, ***Bischoff***, 222 **F.3d** at 884 (citing ***Virginia v. Amer. Booksellers Assoc., Inc.***, 484 **U.S.** 383, 392, 98 **L.Ed.** 2d 782, 108 **S.Ct.** 636 (1988); ***Munson,*** 467 **U.S.** at 958; ***National Council for Improved Health v. Shalala***, 122 **F.3d** 878, 883 (10th Cir. 1997); ***Bordell v. General Electric Co.***, 922

22
23
24
25

[3] It is clear from FBF (Del)'s by its frivolous motions are acting in bad faith to mislead this Court by knowing that FBF (Del) do not have legal standing to remove this action from the Superior Court of Fulton County. A dissolved corporation and cannot legally maintain any proceedings [e.g. Removal Proceeding under 28 U.S.C. § 1441] without first having a legal Certificate of Authority from the Secretary of State as required by Georgia Law O.C.G.A. § 14-2-1503(a). Thus, subject matter jurisdiction is lacking in this case and the Court is required to remand this case without further delay under 28 U.S.C. § 1447(d).

1  F.2d 1057, 1061 (2nd Cir. 1991). Article III, § 2 of the United States Constitution

2  requires that there be a "case" or "controversy" before a federal court may decide a

3  case. United State Constitution, Art. III, § 2. See, e.g., **Lujan v. Defenders of**

   **Wildlife**, 504 **U.S.** 555, 559-60, 112 **S.Ct.** 2130, 2136, 119 **L.Ed.2d** 351 (1992).

4      The constitutional requirements for a federal court to adjudicate a case are

5  accompanied by prudential requirements. See, e.g., **Bennett v. Spear**, 520 **U.S.**

6  154, 162, 117 S.Ct. 1154, 1161, 137 **L.Ed.2d** 281 (1997); **Lujan**, 504 **U.S.** at 560,

7  112 **S.Ct.** at 2136. Together, these constitutional and prudential requirements form

   the doctrine of standing. See, e.g., **Bennett**, 520 **U.S.** at 162, 117 **S.Ct.** at 1161;

8  **Lujan**, 504 **U.S.** at 560, 112 **S.Ct.** at 2136. Again the U.S. Supreme Court has

9  identified these three constitutional requirements for standing, all of which must be

10 satisfied: (1) an injury in fact, meaning an injury that is concrete and *particularized*,

11 and actual or imminent, (2) a causal connection between the injury and the causal

   conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.

12 See, e.g., **Bennett**, 520 **U.S.** at 167, 117 **S.Ct.** at 1163. Also see, e.g., **Allen v.**

13 **Wright**, 468 **U.S.** 737, 751, 104 **S.Ct.** 3315, 3324, 82 **L.Ed.** 2d 556 (1984).

14     Relevant in this case is the principle that FleetBoston Financial Corporation of

15 Delaware may generally assert only its own rights and it cannot raise the claims of

16 third parties not before the Court. See, [e.g. Defendant FleetBoston Financial

   Corporation f/k/a BankBoston of Rhode Island] the real party at interest in this case.

17 Thus, since FleetBoston Financial Corporation of Delaware is a foreign dissolved

18 corporation it has no rights to remove this case because it cannot suffer any injury in

19 fact under the law of the State of Georgia.

20             **(b) THE REMOVAL BY FBC (Del) IS MOOT**

21     Like the requirement of standing, mootness is a justiciability doctrine that must

   be satisfied before this Court may decide a case. See, e.g., **United States Parole**

22 **Comm'n v. Geraghty**, 445 **U.S.** 388, 396-97, 100 **S.Ct.** 1202, 1208-09, 63 **L.Ed.2d**

23 479 (1980). District Court lack jurisdiction because of mootness. "When the issues

24 presented are no longer 'live' or the parties lack a legally cognizable interest in the

25 outcome." See, **Powell v. McCormack**, 395 **U.S.** 486, 496, 89 **S.Ct.** 1944, 1951, 23

**Page 9**

L.Ed.2d 491 (1969). The 11th Circuit Court of Appeals has concluded that a case must be dismissed as moot if the court can no longer provide "meaningful relief." Before this Court can address the merits of this case, the Court must determine whether it can give meaningful relief to FleetBoston Financial Corporation of Delaware a dissolved corporation that is no longer in legal existence. As stated in the Plaintiffs' Revised Motion to Dismiss and Remand Case filed with the Court on May 11th, 2005 "meaningful relief" cannot be granted to a corporation which has been legally dissolved. FleetBoston Financial Corporation of Delaware lacks a legally cognizable interest in the outcome of a case because it is a dissolved corporation.

Thus the removal in this manner was clearly moot and this Court clearly lacks subject matter jurisdiction over this case and must dismiss and remand this case as required by 28 U.S.C. § 1447(d). Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" or "Controversies." U.S. Const. Art. III, § 2. The "case or controversy" requirement imposes justiciability limitations on federal courts, and these limitations include mootness. See, *Soliman v. United States ex. rel. INS*, 296 **F.3d** 1237, 1242 (11th Cir. 2002). The doctrine of mootness is derived from Article III's "case or controversy" requirement because "an action that is moot cannot be characterized as an active case or controversy." See, *Adler v. Duval County Sch. Bd.*, 112 **F.3d** 1475, 1477 (11th Cir. 1997). The question of mootness is a threshold inquiry in every case; as the Supreme Court has noted:

> **"The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction."**

See, *North Carolina v. Rice*, 404 **U.S.** 244, 246, 92 **S.Ct.** 402, 404, 30 **L.Ed.** 2d 413 (1971). If the district court is presented with a moot case, the case must be dismissed because any decision on the merits would constitute an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 **F.3d** 1330, 1336 (11th Cir. 2001); *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 **F.3d** 1208, 1217 (11th Cir. 2000). A district court lacks the power, on mootness grounds, to decide a case if its decision cannot affect the rights of the litigants in the case.

*Rice*, 404 U.S. at 246, 92 **S.Ct.** at 404; see also *Powell v. McCormack*, 395 **U.S.** 486, 496, 89 **S.Ct.** 1944, 1951, 23 **L.Ed.2d** 491 (1969)

> "[A] case is moot when . . . the parties lack a legally cognizable interest in the outcome."

FleetBoston Financial Corporation of Delaware also lacks standing to remove Plaintiffs' civil action under O.C.G.A. § 14-2-1401. Therefore the question of whether FleetBoston Financial Corporation of Delaware can remove this action to federal court became a moot issue and this Court lacks subject matter jurisdiction to remove appellate jurisdiction from the Georgia Supreme Court while Plaintiff Tony L. Ware was on appeal. The Untied States Supreme Court has in *Mills v. Green*, 159 **U.S.** 651,653, 16 **S.Ct.** 132, 132, 40 **L.Ed.** 293 (**1895**) that :

> "It has been long settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

See also, *Church of Scientology of California v. United States*, 506 **U.S.** 9, 113 **S.Ct.** 447, 121 **L.Ed.2d** 313 (**1992**);  The Eleventh Circuit Court of Appeal has said in *Westmoreland v. National Transportation Safety Board*, 833 **F.2d** 1461,1462 (**11**[th], **Cir 1987**) the following:

> "Federal courts do no have jurisdiction under the Article III 'Case or Controversy' provision of the United States Constitution to decide questions rendered moot by reason of intervening events.  When effective relief cannot be granted because of later events, the (petition for removal) must be dismiss as moot."

As stated herein not only did FleetBsotion Financial Corporation of Delaware lack legal standing to remove this civil action from Fulton Superior Court, the removal process itself became moot once Plaintiff Tony L.. Ware filed his Notice of Appeal in the State Court.  The case was no longer a live case under O.C.G.A. § 5-6-34(a). Both FleetBoston Financial Corporation of Rhode Island and FleetBoston Financial Corporation of Delaware are barred from bringing and maintaining any removal proceeding without having first obtained a new Certificates of Authority from the

Georgia Secretary of State pursuant to **O.C.G.A. § 14-2-1502(a).** Under Georgia Law no foreign corporation may maintain any proceeding in any Court of in this State without first obtaining a Certificate of Authority. Thus FleetBoston Financial Corporation of Delaware and not FleetBoston Financial Corporation f/k/a BankBoston Corporation of Rhode Island improperly removed this action without a Certificate of Authority from the Georgia Secretary of State. It is too late for FBC (Del) to apply for a Certificate of Authority because FleetBoston Financial Corporation of Delaware is now deemed a dissolved corporation according to "SECOND AFFIDAVIT OF MARTHA R. FRANCIS" which reads as follows:

> **"6. FBC(Del) was legally dissolved in the state of Delaware on July 13, 2004. A true and correct copy of the certified Certificate of Dissolution is attached hereto as Exhibit 1."[4]**

Therefore, without a legal Certificate of Authority from the Georgia Secretary of State, a foreign corporation may not "maintain any proceeding" in this State. This will include maintaining a removal proceeding in Federal Court. A removal of an action from State Court to Federal Court must be deemed a new proceeding in the Federal District Court. Thus FleetBoston Financial Corporation of Delaware cannot maintain this proceeding as a matter of law. See, **O.C.G.A. § 14-2-1502(a)** which reads as follows:

> **"A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."**

FleetBoston Financial Corporation of Delaware would now have to re-incorporate itself and obtain a new Certificate of Authority from the Georgia Secretary of State and then file an Answer to the Complaint and properly Intervene in order to maintain this removal proceeding. However, the Plaintiffs contends that it is too late for FBC (Del) obtain a new Certificate of Authority.

---

[4] A further reading of Ms. Francis Affidavit at Par. 4 indicates that FBC (Del) was nothing more then a so called "placeholder corporation" used as a dummy corporation in an attempt to deflect legal liability and to evade service of process.

**(e) JUDGE BRODON'S FINAL JUDGMENT ARE STILL VALID AND BINDING UNDER 28 U.S.C. § 1450 AND THE DEFENDANT WAS ENJOINED FROM FILING ANY MOTIONS OR PLEADINGS IN ANY OTHER COURT HAVING JURISDICTION ON MATTERS ALREADY AJUDICATED BY THE SUPERIOR COURT OF FULTON COUNTY UNDER THE FINAL JUDGMENT**

Under the terms of the Final Judgment this Court lacks subject matter jurisdiction to hear any motions filed by the Defendant on matters already adjudicated by Judge Brogdon. The Final Judgment bars the Defendant from filing any motions attacking the final judgment on any issue that was admitted to by the Defendant under Georgia Law including the issue of service of process. The Fulton Superior Court found that service of process to be proper on the Defendant under Georgia Law. Thus as averred above the Final Judgment clearly enjoins and bars the Defendant and its attorneys from filing any motions attacking the final judgment on any issue that was admitted to by the Defendant and adjudicated by the Court under Georgia Law. See, Final Judgment at Page 11 which reads in part:

> **"(e) Defendant its officers, agents and its attorneys are hereby permanently enjoined and restrained from harassing the Plaintiffs in any discovery or post judgment discovery matters by asking questions in a matter which is deemed irrelevant to the case so adjudicated by this Court or that such questions has no legal value to the Plaintiffs' claims at issue. <u>Nor shall Defendant's attorneys file any motions or pleadings in any other Court having jurisdiction on matters already admitted to by the Defendant and matters adjudicated by this Court in this civil action.</u>"**

## IV. CONCLUSION

In view of the forgoing the Final Judgment of Judge Brogdon and the Order by Judge Baxter are still binding on the parties and this Court under 28 U.S.C. § 1450. Defendant, FBC (Del) and their attorneys are in violation of the injunction set out in the Final Order. The Order entered by this Court are void.

The Court is required to set aside and vacate the orders entered on May 26th, 2005 for lack of subject matter jurisdiction and remand this civil matter because the Notice of Removal is legally insufficient as it is untimely under 28 U.S.C. §1446(b) as

1  it is filed 34 days late.  FBC (Del) lacked the consent of the Defendant FBF (RI) to

2  remove this action after they was served of the initial Summons and Complaint on

3  December 10th, 2004.  FBC (Del) also lacks Article III Standing to remove this case
   and that the case is also moot for the reasons stated herein.

4      Therefore, the Court must remand this case back to the Superior Court of

5  Fulton County as required by 28 U.S.C. § 1447(d).

6      **WHEREFORE,** Because this Court lacks subject matter jurisdiction and there

7  are defects in the removal process, the Plaintiffs hereby prays that this Court enter an

8  FINAL ORDER setting aside the Orders entered on May 26th, 2005 and remand this

9  case back to the Superior Court of Fulton County or the Georgia Supreme Court. The
   Plaintiffs request any further relief deemed proper and just by the Court. Plaintiff T.L.

10  Ware Bottling Company, Inc., requests all attorney fees and Costs.

11      **This** _23rd_ **, day of** _June_ **, 2005.**

12  **Respectfully Submitted By:**          **Respectfully Submitted By:**

13

14  **Michael R. Johnson, Sr.**            **Tony L. Ware, JD, Plaintiff**

15  **Attorney for the Plaintiff**          **Chairman & CEO**
    **Georgia Bar No. 395056**            **P. O. Box 150524-Dept. 0227**

16  **Johnson & Associates, P. C.**        **Atlanta, Georgia 30315-0188**

17  **340 West Peachtree Street, N.E.**     **(404) 945-0342**
    **Suite 200**

18  **Atlanta, Georgia 30308**
    **(404) 688-7100**

19

20

21

22

23

24

25