FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 23 2005

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and T. L. WARE BOTTLING CO., INC., Plaintiffs, vs. FLEETBOSTON FINANCIAL CORP. F/K/A BANKBOSTON CORP. Defendant. | CIVIL ACTION FILE NUMBER: 1:05-CV-0426-MHS DELARATION OF: TONY L. WARE, CEO |

## DECLARATION OF PLAINTIFF TONY L. WARE, CEO

I **MICHAEL R. JOHNSON, Sr.,** Attorney for the Plaintiff **T.L. WARE BOTTLING COMPANY, INC.,** in the above-styled action in deposes, states and make the declarations pursuant to **28 U.S.C. § 1746** as follows:

1. That my name is **TONY L. WARE** and that I am over the age of the legal majority and is competent to make these declarations. I further state that all statements made in this declaration are made on my personal knowledge, information and belief. I am qualified as the Plaintiff to give this testimony to support all the Plaintiffs and attorneys in this civil action.

2. I am further giving this declaration under duress and by force of this Court having no jurisdiction over the subject matter of this case under the *Rocker-Feldmen* doctrine. In response to the Orders entered by this Court on May 26th, 2005 I object and protest any unlawful sanctions against me or against Mr. Johnson's law firm.

3. My past lawsuits has no relevance in this case and Judge Brogdon's final judgment granted me an injunction against the Defendant from bring up matters that has noting to do with matters already adjudicated by him. See, Final Judgment.

4. As stated by Mr. Johnson in his declarations to this Court, I believe that this Court has no authority to review Judge Brogdon's and Judge Baxter's final orders. According to the *Rooker-Feldman* doctrine the U.S. Supreme Court has said in **District of Columbia Court of Appeals v. Feldman**, 460 **U.S.** 462, 482, 103 **S.Ct.** 1303, 1315, 75 **L.Ed2d** 206 (1983) that a United State District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in the United States Supreme Court.

5. I would warn this Court, the FleetBostons and their attorneys that if any of the U.S. Court of Appeals or the United States Supreme Court reverse this Court on appeal what I believe to be Ex parte Orders entered by this Court on May 26th, 2005 or by way of mandamus or in any other legal way available to me or any other law firms assisting me.

6. I have been advised by other attorneys upon hiring them in this case they will take all legal actions needed to redress the wrongs done to me and Mr. Johnson in this case.

7. I further inform this Court that I was never served with a copy of the Orders entered on May 26th, 2005. A copy of these orders was droop on the door step of a Medical Office next to Mr. Johnson's law firm. A office assistant of that Medical Office informed Mr. Johnson and then told me later that some man came by their office and droop a package on their step on or about June 2nd, 2005.

8. I later formed Mr. Johnson that I never receive a copy of these orders at my legal address. Mr. Johnson later gave me a copy of these Orders by the Court. I have a right to be heard and served in this action with all papers in this action because I am appearing pro se.

9. I believe that a miscarriage of justice is being done to me and Mr. Johnson by this Court. As Mr. Johnson averred in his Second Declarations to the Court, please consider the ramifications of a Judge acting without subject matter jurisdiction in this case as stated in the Plaintiffs' Revised Motion to Dismiss and Remand Case. Subject matter jurisdiction can never be waived or consented to by the parties and can be raised at any stage of the proceeding.

10. I hereby object to disclosure of my financial condition as ordered by the Court on May 26th, 2005 as it may exceeds the permissible scope of this Court subject matter jurisdiction. However, subject to such objection by me and without waiving the same, I comply with the Court's void Orders under duress and shows this Court the following:

    A. I have an overdrawn Bank Account at this time with a balance of: -$3.00 and a Saving Account of: $15.00;
    B. I do not own a home or any real estate;
    C. I have a 1994 Doge Spirit valued at about $400.00;
    D. I have more then $3,200.00 in legal debts such as insurance and credit cards etc; and
    E I have $350.00 or more in medical bills.

ASSETS: Valued @ $413.00    LIABILITIES: Valued @ $3,550.00

11. At this time my liabilities far exceeds my assets. Therefore, I would not have any funds to pay any sanctions entered against. I believe that there are no legal bases to enter any sanctions against me or the Mr. Johnson in this action. Any sanctions entered against me would be wrong and an unjust by this Court.

12. That I am proceeding Pro Se in the above-styled civil action and as I have stated in my original affidavit of indigence filed in this case that because of my indigence and my poverty at this time, I am unable to pay any Sanctions by this Court, any filing fees, court cost, copy fees and or any appeal cost in the above-styled civil action. I have not employed from December 7th, 2004 to present.

I TONY L. WARE, CEO the Plaintiff declare under penalty of perjury that the foregoing is true and correct.

This 23rd day of June, 2005.

**Respectfully Submitted,**

_/s/ T. L. W._

**TONY L. WARE, CEO, Plaintiff**

**P.O. BOX 150524-Dept. 0227**
**Atlanta, Georgia 30315-0188**
**(404) 944-9638**