FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 23 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and <br> T. L. WARE BOTTLING CO., INC., <br><br> Plaintiffs, <br><br> vs. <br><br> FLEETBOSTON FINANCIAL CORP. <br> F/K/A BANKBOSTON CORP. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION FILE NUMBER: <br> ) **1: 0 5 – C V – 0 4 2 6 – M H S** <br> ) <br> ) **MICHAEL R. JOHNSON, SR'S** <br> ) **SECOND DELARATION** <br> ) |

## SECOND DECLARATION OF
## MICHAEL R. JOHNSON, SR. ATTORNEY

I **MICHAEL R. JOHNSON, Sr.,** Attorney for the Plaintiff **T.L. WARE BOTTLING COMPANY, INC.,** in the above-styled action in deposes, states and make the declarations pursuant to **28 U.S.C. § 1746** as follows:

1. That my name is **MICHAEL R. JOHNSON, SR.,** and that I am over the age of the legal majority and am competent to make these declarations. I further state that all statements made in this declaration are made on my personal knowledge, information and belief. I am qualified as an attorney at law to give legal advice to the Plaintiff in this civil action.

2. I am further giving this declaration under duress and by force of this Court having no jurisdiction over the subject matter of this case under the *Rocker-Feldmen* doctrine. In response to the Orders entered by this Court on May 26th, 2005 I object and protest any unlawful sanctions against me or my law firm.

3. My past representation of the Plaintiff Tony L. Ware have no relevance in this case and the State Courts has never sanction me for Mr. Ware's past litigation.

4. I hold that this Court has no authority to review Judge Brogdon's and Judge Baxter's final orders. According to the *Rooker-Feldman* doctrine the U.S. Supreme Court has said in **District of Columbia Court of Appeals v. Feldman**, 460 **U.S.** 462, 482, 103 **S.Ct.** 1303, 1315, 75 **L.Ed2d** 206 (1983) that a United State District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in the United States Supreme Court.

5. I would state to this Court and the Defendant through its attorneys that if any of the U.S. Court of Appeals or the United States Supreme Court reverse this Court's Orders entered on May 26th, 2005, this law firm and other will take all legal actions needed to redress the wrongs done to me and our client in this case.

6. I further protest and inform the Court that the Plaintiffs and I were never served with a copy of the Orders entered on May 26th, 2005. A copy of these orders was drooped on the door step of a Medical Office next to my law firm. An office assistant of that Medical Office informed me later that some man came by and droop a package on their step on or about June 2nd, 2005.

7. Plaintiff Ware did informed me later that he never received a copy of these orders at his legal address. I later gave Plaintiff Ware a copy of these Orders by the Court. Mr. Ware has a right to be heard and served with all papers in this action because he represents himself pro se.

8. I believe that a miscarriage of justice is being done to the Plaintiffs and my law firm. I further ask that this Court to consider the ramifications of acting without subject matter jurisdiction in this case as stated in Plaintiffs' Revised Motion to Dismiss and Remand Case.

9. Subject matter jurisdiction can never be waived or consented to by the parties and can be raised at any stage of the proceeding.

9. I hereby object to disclosure of my financial condition as ordered by the Court on May 26th, 2005 as it may exceed the permissible scope of this Court subject matter jurisdiction. However, subject to such objection by me and without waiving the same, I comply with the Court order under duress and show the Court the following:

A. I have an escrow account that holds monies for all of my clients which is required of me by the State Bar of Georgia. These monies are not my own funs and may not mingle with or be used for my own personal use.

B. I own a home to which I do not know to full market valued.

C. I have a 1993 Toyota Camery valued at about $1,150.00.

D. I have more then $250,000.00 in legal debts such as home mortgage, insurance and credit cards etc.

E I share approximately $55,000.00 or more of my wife's medical bills and other credit obligations.

10. At this time my liabilities far exceed my assets. Therefore, I would not have any funds to pay any sanctions entered against me. I believe that there are no legal bases to enter any sanctions against me or the Plaintiffs in this action. Any sanctions entered against me or Plaintiff Ware would be wrong and an unjust by this Court.

I MICHAEL R. JOHNSON, SR., ATTORNEY for the Plaintiff T.L. Ware Bottling Company, Inc., declare under penalty of perjury that the foregoing is true and correct.

This __24th__ day of __June__, 2005.

Respectfully Submitted,

_(signature)_

**MICHAEL R. JOHNSON, SR.**
**Attorney at Law**

**JOHNSON & ASSOCIATES, P.C.**
**340 West Peachtree Street, N.E.**
**Suite 200**
**Atlanta, Georgia 30308**
**(404) 688-7100**

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 23 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TONY L. WARE, CEO and T. L. WARE BOTTLING CO., INC., | ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION FILE NUMBER: ) |
| FLEETBOSTON FINANCIAL CORP. F/K/A BANKBOSTON CORP. | ) 1:05-CV-0426-MHS ) ) ) CERTIFICATE OF SERVICE |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

**COMES NOW, MICHAEL R. JOHNSON, SR.,** Attorney for the Plaintiff T.L. Ware Bottling Company, Inc., with the consent of Plaintiff Tony L. Ware and certify that I have served both FleetBoston Financial Corporations with a copies of Plaintiffs' MOTION TO SET ASIDE VOID ORDERS with Memorandum of Law in support, NOTICE OF APPEAL and other documents filed by the Plaintiffs in this action on the following person:

Mr. William J. Holley, Esq.
285 Peachtree Center Ave, N.E., 1500 Marquis Tower
ATLANTA, GEORGIA 30303

This 23rd, day of June, 2005.

Respectfully Submitted,

_____
Michael R. Johnson, Sr.
Attorneys for the Plaintiff
Georgia Bar No. 395056