IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONY L. WARE, CEO and<br>T. L. WARE BOTTLING COMPANY, INC. | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>)<br>) | Civil Action<br>File No. 1:05-CV-0426MHS |
| FLEETBOSTON FINANCIAL CORP.,<br>f/k/a BANKBOSTON CORP., | )<br>)<br>) | |
| Defendant. | )<br>) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSES
TO ORDER TO SHOW CAUSE AND DEFENDANT'S
REQUEST TO CONDUCT DISCOVERY**

Plaintiffs' response to this Court's May 26, 2005 Orders illustrate exactly why Plaintiffs and their counsel deserve the strongest sanctions available.[1] Plaintiffs and their counsel make no showing as to any legal or moral justification for their conduct and, ignoring this Court's directives, they fail to disclose their financial conditions. Consequently, the Court should impose its strongest sanctions (including, but not limited to, monetary sanctions) after allowing discovery as to the financial conditions of Plaintiffs and their counsel.

---

[1] FBF makes special appearance to file this brief and specifically reserves all defenses and objections, including but to not limited to improper service and lack of personal jurisdiction.

In its two May 26, 2005 Orders granting Defendant FleetBoston Financial Corporation ("FBF")'s motions, the Court ordered Plaintiffs and their counsel to show cause why the Court should not impose sanctions against them.  The Court also specifically directed Ware and his counsel to provide "a complete listing of their current income, assets, and liabilities."  On the day the responses to the Orders to Show Cause were due, Plaintiffs and their counsel filed additional frivolous pleadings in the form of a motion titled "Motion to Set Aside Void Orders and Remand Case for Lack of Subject Matter Jurisdiction," two "Declarations" and a Notice of Appeal.[2]  Rather than show cause why their conduct is not sanctionable, the declarations do little more than confirm the intentions of Plaintiffs and their counsel to continue filing frivolous legal papers (see Declarations at ¶¶ 5,6).  Both declarations are completely deficient in their descriptions of current financial conditions.

For example, in defiance of the Court's order, Mr. Johnson, who appears to be actively engaged in the practice of law (See ¶ 9 of Johnson Declaration; www.accidentattorneys.com) provides

---

[2]  Despite the filing of a Notice of Appeal, a district court can consider the award of sanctions.  See Mahone v. Ray, 326 F.3d 1176, 1180-81 (11th Cir. 2003) (court possessed jurisdiction over Rule 11 motion because sanctions issues are collateral to merits of an appeal).

no information concerning his income.  Mr. Johnson references a home of unspecified value and a car as his only assets and references unsubstantiated alleged liabilities.

Mr. Ware similarly fails to identify his current income (although he claims to have been unemployed since December 7, 2004).[3]  Mr. Ware also states that his only assets are a $400 car and a net total of $13 in two bank accounts.  Needless to say, Ware's statement of claimed assets is quite incredible.

Accordingly, FBF requests that the Court allow it to take discovery aimed at ascertaining the true financial conditions of Plaintiffs and their counsel.  FBF requests to take written discovery and, if necessary, to depose Plaintiffs and their counsel.  In written discovery, FBF will seek the production of the following documents and information:

**From Mr. Johnson:**

FBF intends to seek the following documents:

1)   Federal and state tax returns filed by Mr. Johnson and Johnson and Associates, P.C., including all schedules for tax years 2002, 2003, and 2004.

---

[3] Curiously, this statement of unemployment is directly contrary to the prior sworn testimony of Michael R. Johnson, Sr. stating that Mr. Ware is his law clerk.  (March 15, 2005 Affidavit of Michael R. Johnson, Sr. Attorney for Plaintiff T.L. Ware Bottling Co., Inc. at ¶ 2.)

3

2) All K-1s, W-2s, or other similar documents showing compensation paid to Mr. Johnson during the years 2002, 2003, and 2004.

3) Documents evidencing Mr. Johnson's ownership interest in Johnson & Associates, P.C.

4) For the time period from January 1, 2002 to present, all financial statements identifying the assets or liabilities for Johnson & Associates, P.C. or for Michael R. Johnson, Sr.

5) For the last 12 months (June 2004 through June 2005), statements of account for accounts at any financial institution in which Mr. Johnson maintained any interest (including, but not limited to, joint accounts with Mr. Johnson's wife).

6) All documents listing any appraised value of Mr. Johnson's home, including, but not limited to, all documents associated with financing or refinancing said home.

7) Documents sufficient to identify with particularity Mr. Johnson's alleged current liabilities.

8) Documents evidencing Tony L. Ware's dates of employment with Johnson & Associates, P.C. and all compensation paid to Mr. Ware at any time from January 1, 2002 to present.

FBF intends to seek the following information:

1) Identification of all accounts with any financial institution in which Mr. Johnson has had any interest at any

time during the last 12 months (June 2004-June 2005), including the account number for each account.

 2) The address, including county name, year of purchase and purchase price for Mr. Johnson's residence.

 3) Mr. Johnson's income for 2002, 2003, 2004, and 2005 year-to-date.

 4) For the last 12 months (June 2004-June 2005), an identification of any assets (including, but not limited to automobiles) with a value of over $1,000 transferred, sold, or conveyed by Mr. Johnson to any other person or entity.

 5) A complete listing of Mr. Johnson's current assets and liabilities.

**From Mr. Ware:**

FBF intends to seek the following documents:

 1) Federal and state tax returns, including, but not limited to, all schedules for tax years 2002, 2003, and 2004.

 2) All K-1s, W-2s, or other similar documents showing compensation paid to Mr. Ware during the years 2002, 2003, and 2004.

 3) All tax returns filed by T. L. Ware Bottling Company, Inc. for tax years 2002, 2003 and 2004.

4) For the time period from January 1, 2002 to present, all financial statements showing assets and/or liabilities of Tony L. Ware and/or T. L. Ware Bottling Company, Inc.

5) For the last 12 months (June 2004 through June 2005), statements of account for accounts at any financial institution in which Mr. Ware maintained any interest (individual, joint or otherwise).

6) Documents sufficient to identify with particularity Mr. Ware's assets and alleged current liabilities.

FBF intends to seek the following information from Mr. Ware:

1) The address of Plaintiff's current residence and the amount of funds paid by Plaintiff to reside at such residence.

2) All current sources of income, including unemployment compensation.

3) All income earned or received in 2005.

4) For the last 12 months (June 2004-June 2005), all sources of income.

5) For the last 12 months (June 2004-June 2005), an identification of any assets (including, but not limited to automobiles) with a value of over $1,000 transferred, sold, or conveyed by Mr. Ware to any other person or entity.

6

6) A complete listing of Mr. Johnson's current assets and liabilities.

## Conclusion

The Court should award the strongest available sanctions, including monetary sanctions, against Plaintiffs and their counsel. Prior to making the sanctions award, the Court should allow FBF to serve written discovery and, if necessary, take the depositions of Plaintiffs and their counsel regarding financial condition.

This 11th day of July, 2005.

        Respectfully submitted,

        **PARKER, HUDSON, RAINER & DOBBS LLP**

        By:  s/ Nancy H. Baughan
             William J. Holley, II
             Georgia Bar No. 362310
             Nancy H. Baughan
             Georgia Bar No.  042575
             Michael D. Grider
             Georgia Bar No. 310473

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404)523-5300 (telephone)
(404)420-5549 (facsimile)    Attorneys for FleetBoston
                                              Financial Corporation

**CERTIFICATE OF FONT AND FONT SIZE**

I hereby certify that the within and foregoing **DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSES TO ORDER TO SHOW CAUSE AND DEFENDANT'S REQUEST TO CONDUCT DISCOVERY** was typed using font: Courier New and font size: 12, pursuant to Local Rule 5.1.

This 11th day of July, 2005.

s/ Nancy H. Baughan<br>
Nancy H. Baughan

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSES TO ORDER TO SHOW CAUSE AND DEFENDANT'S REQUEST TO CONDUCT DISCOVERY** upon all parties to this matter by causing a true and correct copy of the same to be deposited in the United State Mail, proper postage pre-paid, addressed as follows:

        Michael R. Johnson, Sr.
        Johnson & Associates, P.C.
        340 West Peachtree Street, N.E.
        Suite 200
        Atlanta, Georgia 30308

        Dr. Tony L. Ware, PhD, JD
        Post Office Box 150524 - Dept. 0227
        Atlanta, Georgia 30315

and with the Clerk of Court using the CM/ECF system which automatically sent e-mail notification of such filing to the following attorney of record, who is a registered participant in the Court's electronic notice and filing system:

        Attorney for Plaintiff is not a registered participant in the Court's electronic notice and filing system.

    This 11th day of July, 2005.

                        s/ Nancy H. Baughan
                        Nancy H. Baughan