FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

JUL 1 5 2005

LUTHER D. THOMAS, Clerk
By: J. Reel Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY L. WARE, CEO, and
T.L. WARE BOTTLING CO., INC.,

    Plaintiffs,

v.

FLEETBOSTON FINANCIAL
CORPORATION f/k/a BankBoston
Corporation,

    Defendant.

CIVIL ACTION NO.

1:05-CV-426-MHS

## ORDER

On May 26, 2005, the Court ordered plaintiff Ware and his attorney, Michael R. Johnson, Sr., to show cause in writing within 30 days why the Court should not impose sanctions on them for their fraudulent and abusive litigation tactics. In addition, in anticipation of the possible imposition of monetary sanctions, the Court ordered plaintiff Ware and Mr. Johnson to submit sworn statements of their current financial condition, including a complete listing of their current income, assets, and liabilities. Now before the Court are plaintiff Ware's and Mr. Johnson's responses to the Court's May 26 Orders.

AO 72A
(Rev.8/82)

In their responses, plaintiff Ware and Mr. Johnson fail to provide any explanation whatsoever for their egregious course of misconduct in this case. Instead, they have compounded their wrongdoing by filing yet another frivolous motion, this time seeking to have the Court's May 26 Orders set aside and this case remanded to state court. Most of the arguments asserted by plaintiffs are the same frivolous arguments this Court has already considered and rejected. In addition, plaintiffs contend for the first time that this Court lacks jurisdiction under the Rooker-Feldman doctrine. This argument is also frivolous.

As the Supreme Court recently explained, the Rooker-Feldman doctrine is strictly limited to cases where a federal district court is asked to exercise appellate jurisdiction over a state-court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. ___, 125 S. Ct. 1517, 1526 (2005). The doctrine has no application in cases like this one, where a party invokes a district court's original jurisdiction by timely removing the case to that court. See In re Meyerland Co., 960 F.2d 512, 516 n.6 (5th Cir. 1992)(removal "does not constitute the appeal of a state court judgment to federal court").

Plaintiff Ware's and Mr. Johnson's responses are also completely deficient in disclosing their current financial conditions. Plaintiff Ware has failed to provide any statement of his current income. He claims that his sole assets are an automobile worth $400 and bank accounts totaling $13, and that he has unspecified debts totaling $3,200 and medical bills totaling $350. Mr. Johnson also fails to provide any statement of his current income or of the value of the house he owns. He claims unspecified debts, including debts shared with his wife, totaling more than $300,000.

Defendant requests an opportunity to conduct discovery aimed at ascertaining plaintiffs' and Mr. Johnson's true financial condition. In light of their refusal to provide complete information in response to the Court's Order, the Court concludes that such discovery is warranted. Defendant shall have sixty (60) days from the date of entry of this order to conduct discovery regarding plaintiffs' and Mr. Johnson's financial condition, including both written discovery and depositions. Defendant may request additional time to complete such discovery, if necessary. Defendant should promptly bring to the Court's attention any failure or refusal by plaintiff Ware or Mr. Johnson to cooperate in discovery. Within twenty (20) days after

the close of the discovery period, defendant shall submit to the Court its assessment of the ability of plaintiffs and Mr. Johnson to pay sanctions. Plaintiffs and Mr. Johnson shall have ten (10) days thereafter to file a response.

In summary, the Court DENIES plaintiffs' motion to set aside orders and remand case [#27-1] and GRANTS defendant's request to conduct discovery [#30-1]. Defendant shall have sixty (60) days from the date of entry of this order to conduct discovery regarding plaintiffs' and Mr. Johnson's financial condition and shall submit its assessment of plaintiffs' and Mr. Johnson's ability to pay sanctions within twenty (20) days thereafter. Plaintiffs and Mr. Johnson shall have ten (10) days to file a response to defendant's submission. The Court DIRECTS the Clerk to resubmit this case after expiration of the above time period.

IT IS SO ORDERED, this 15th day of July, 2005.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

4