UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY L. WARE, CEO, and
T.L. WARE BOTTLING CO., INC.,

    Plaintiffs,

v.

FLEETBOSTON FINANCIAL
CORPORATION f/k/a BankBoston
Corporation,

    Defendant.

:
:
:
:
:
:
:
:

CIVIL ACTION NO.

1:05-CV-426-MHS

## ORDER

This action is before the Court for determination of the appropriate amount of sanctions to be imposed on plaintiff Tony L. Ware and his attorney, Michael R. Johnson, Sr., for their fraudulent and abusive litigation tactics.[1]

---

[1] Ware's and Johnson's misconduct is described in detail in the Court's two Orders filed on May 26, 2005. In short, the record establishes that Ware and Johnson filed a frivolous complaint against defendant in state court and then used fraud and misrepresentation to obtain an illegal default judgment against defendant in excess of $900 million. When the state court entered an Order vacating the default judgment, Ware and Johnson compounded their wrongdoing by fraudulently obtaining an Order setting aside that Order. In addition, following defendant's removal of this action, Ware and Johnson fraudulently sought to subvert this Court's removal jurisdiction by filing a collusive action in another state court without providing notice either to defendant or to this Court.

In response to the Court's show cause Order of May 26, 2005, Ware and Johnson failed to provide any explanation whatsoever for their egregious course of misconduct in this case but instead filed yet another frivolous motion. In addition, Ware and Johnson failed to disclose their current financial condition, as ordered by the Court to assess their ability to pay monetary sanctions. Consequently, on July 15, 2005, the Court granted defendant an opportunity to conduct discovery regarding Ware's and Johnson's financial condition. Now before the Court are defendant's report on this discovery and Ware's and Johnson's response.

Defendant's report shows that Ware and Johnson continue to deliberately conceal their financial condition. In response to defendant's interrogatories, Ware refused to provide his current address or Social Security number, denied any source of income whatsoever, and claimed his sole current asset is a 1994 automobile. In response to defendant's requests for production of documents, Ware denied the existence of any tax returns for the last three years for himself or for T.L. Ware Bottling Co., as well as any documents reflecting compensation paid to him or assets owned by him or his company. Ware failed to respond at all to requests for bank statements and

2

documents identifying his current assets and liabilities.[2] Finally, in response to each and every one of defendant's discovery requests, Ware asserted frivolous objections based on purported ex parte communications with the Court and alleged lack of subject matter jurisdiction.

Similarly, in response to defendant's interrogatories, Johnson refused to disclose his current address or Social Security number, claimed that he had no taxable income for the last four years, stated that information regarding his bank accounts was "unavailable," and identified a 1993 automobile as his sole asset. In response to defendant's document requests, Johnson stated that he had no financial statements or any documents identifying the value of his residence, listed some but not all of his liabilities, and stated that Ware was not an employee of his law firm despite a contrary statement in an earlier affidavit. See Johnson Aff. ¶ 2, filed March 15, 2005. Johnson refused to respond at all to most of defendant's requests on the grounds that a motion to stay had been filed in the court of appeals. Johnson also asserted the same frivolous objections to all of defendant's discovery requests as Ware.

---

[2] In one of his responses, Ware purports to submit a "confidential record attached hereto as Exhibit A," but no such exhibit was attached.

3

In response to defendant's report, Ware and Johnson offer no justification for their refusal to provide defendant and the Court with relevant information regarding their financial condition. Instead, they continue to assert the same frivolous arguments as before. Specifically, Ware and Johnson continue to argue that this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, an argument the Court has already rejected as frivolous. See Order of July 15, 2005, at 2.

In sum, Ware and Johnson have stonewalled all efforts to ascertain their true current financial condition while attempting to portray themselves as homeless paupers. Such a contention is not supported by the facts. Johnson maintains an internet web site that advertises an active legal practice. According to Johnson's affidavit filed with the Court on March 15, 2005, Ware is employed as his law clerk. (Johnson Aff. ¶ 2.) Also, according to plaintiffs' complaint, Ware holds both a "PhD" and a "JD" and is Chairman and Chief Executive Officer of T.L. Ware Bottling Co. (Compl. ¶¶ 1, 7 & p. 16.) Thus, despite their attempts to conceal all meaningful information regarding the specifics of their financial condition, both circumstantial

4

evidence and common sense point to Ware's and Johnson's ability to pay monetary sanctions.

In accordance with the Court's direction, counsel for defendant has submitted an affidavit of litigation expenses incurred in defending this action. Although given the opportunity to respond to the affidavit, Ware and Johnson have failed to do so. The affidavit shows that through May 27, 2005, defendant incurred attorney's fees in the amount of $97,322.30 and expenses in the amount of $1,710.25.[3] The Court has reviewed the hourly rates charged by the attorneys representing defendant and the time sheets reflecting the work performed. The Court finds both the hourly rates and the time expended to be fair and reasonable. Taking into consideration their ability to pay, the Court further finds that an appropriate sanction in this case is an order requiring Ware and Johnson to reimburse defendant for its full litigation expenses incurred as a result of their fraudulent and abusive litigation tactics in this case.

---

[3] These amounts include fees and expenses incurred both in defending this action and in successfully seeking an injunction against Ware's and Johnson's proceeding with the action they filed in the Superior Court of DeKalb County.

5

Accordingly, the Court GRANTS defendant's request for sanctions and ORDERS plaintiff Tony L. Ware and his attorney, Michael R. Johnson, Sr., to pay defendant $99,032.55. The Court DIRECTS the Clerk to enter a judgment in that amount in favor of defendant Fleet Boston Financial Corp. and against plaintiff Tony L. Ware and his attorney, Michael R. Johnson, Sr., jointly and severally.

IT IS SO ORDERED, this ___ day of December, 2005.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia