FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

# United States Court of Appeals

JUN 0 2 2006

### For the Eleventh Circuit

LUTHER D. THOMAS, Clerk

By: _____ Deputy Clerk

No. 05-13565

District Court Docket No.
05-00426-CV-MHS-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 2, 2006

THOMAS K. KAHN
CLERK

TONY L. WARE, CEO,
T.L. WARE BOTTLING COMPANY, INC.,

Plaintiffs-Appellants,

versus

FLEETBOSTON FINANCIAL CORP.,
f.k.a. Bankboston Corp.,

Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

----------------------------------------------------------------

## J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUN 0 1 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:     May 2, 2006
For the Court:  Thomas K. Kahn, Clerk
By:   Jackson, Jarvis

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 0 2 2006

[DO NOT PUBLISH]

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2006
THOMAS K. KAHN
CLERK

No. 05-13565
Non-Argument Calendar

D. C. Docket No. 05-00426-CV-MHS-1

TONY L. WARE, CEO,
T.L. WARE BOTTLING COMPANY, INC.,

Plaintiffs-Appellants,

versus

FLEETBOSTON FINANCIAL CORP.,
f.k.a. Bankboston Corp.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

(May 2, 2006)

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Tony L. Ware, proceeding pro se, and T.L. Ware Bottling Co., Inc.[1] ("Ware Bottling"), through counsel, (collectively referred to as "Ware") appeal from the district court's orders granting FleetBoston Financial Corporation's ("FleetBoston") Federal Rule of Civil Procedure 12(b) motion to dismiss and Federal Rule of Civil Procedure 60(b) motion to set aside orders, and denying Ware's motion to remand.[2]  On appeal, Ware argues that the district court did not have jurisdiction under the *Rooker-Feldman* doctrine, the state action was not removable because it was pending appeal in the state's highest court, FleetBoston did not have the capacity to remove the action because it was a dissolved corporation and as such could not suffer any injury in fact, and FleetBoston did not timely remove the action.

Upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error.

---

[1] Ware Bottling concedes that it was administratively dissolved at one time, but argues that according to Ga. Code Ann. § 14-2-1409(c), its corporate status was returned to active or good standing with the Georgia Secretary of State because it was reinstated on April 22, 2005, before the district court entered the final orders at issue.  Nevertheless, it is not necessary to address this issue here because, even if Ware Bottling was improperly dismissed in accordance with § 14-2-1409(c), we affirm the district court, for reasons set forth, infra.

[2] FleetBoston  moved to dismiss under Rule 12(b)(6), but attached documents outside the pleadings in support thereof, which the district court considered in its order. Although this might have triggered the conversion provision of Rule 12(b)(6) and the Rule 56 requirements for notice and special attention to pro se litigants, we find that the district court's reliance upon facts outside of Ware's complaint was harmless. *See Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003) (per curiam).

# I.

We review whether the district court had removal jurisdiction de novo.

*Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001) (per curiam),

*aff'd sub nom.*, *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 123 S. Ct.

366, 154 L. Ed. 2d 368 (2002).

Federal law governing removal of actions in pending state courts provides in

relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any
> civil action brought in a State court of which the district courts of the
> United States have original jurisdiction, may be removed by the
> defendant or the defendants, to the district court of the United States
> for the district and division embracing the place where such action is
> pending. For purposes of removal under this chapter, the citizenship
> of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

In *Jackson v. American Sav. Mortgage Corp.*, 924 F.2d 195, 197 (11th Cir.

1991), we reviewed the removal of a case which took place on the same day that

the state court plaintiff filed a notice of appeal in the state supreme court.  We

concluded, without specifically addressing the issue, that the case was removable

under § 1441(a) notwithstanding the notice of appeal.  *Id.*  Further, in *In re Savers*

*Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 965-66 (11th Cir. 1989) (per curiam), we

addressed the issue squarely and confirmed that, depending on the circumstances, a

state action in which a final judgment had been entered could be removed to federal district court.

The record shows that, in fact, there was no pending appeal in the Supreme Court of Georgia. Even if the state action was pending appeal, however, FleetBoston could have removed the state action to this Court. *See Jackson*, 924 F.2d at 197. Furthermore, the fact that a final judgment was entered in state court does not preclude removal in this instance. *See In re Savers Federal Sav. & Loan Ass'n*, 872 F.2d at 965-66. Accordingly, we affirm in this respect.

## II.

As noted above, 28 U.S.C. § 1441(a) permits a defendant to remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction. "The right of removal is statutory; before a party may avail himself of it, he must show that he comes within the provisions of the statute." *Edwards v. E.I. Du Pont De Nemours & Co.*, 183 F.2d 165, 168 (5th Cir. 1950).

In *Groom v. Mortimer Land Co.*, 192 F. 849, 851 (5th Cir. 1912), the court applied a New Jersey statute that perpetuated the existence of a dissolved corporation for the purpose of defending against lawsuits. The Fifth Circuit held that the dissolved corporation could remove the case from state to federal court.

4

*Id.* A similar Georgia statute provides that a foreign, withdrawn corporation may defend itself against any proceeding even without a certificate of authority. Ga. Code Ann. § 14-2-1502(d).

Even though FleetBoston was dissolved and did not have a certificate of authority, it had the power to remove the state action to federal district court. Accordingly, we affirm in this respect.

### III.

According to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." Section 1446(b)(the timeliness requirement), is an express statutory requirement for removal and the failure to comply "can fairly be said to render the removal 'defective' and justify a remand pursuant to § 1447(c)." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999).

The United States Supreme Court has held that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by

5

any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347-48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999).

Georgia law provides that:

> [p]rocess shall be served by the sheriff of the county where the action
> is brought or where the defendant is found, or by such sheriff's
> deputy, or by the marshal or sheriff of the court, or by such official's
> deputy, or by any citizen of the United States specially appointed by
> the court for that purpose, or by someone who is not a party and is not
> younger than 18 years of age and has been appointed as a permanent
> process server by the court in which the action is brought.

Ga. Code Ann. § 9-11-4(c).

Georgia law further provides that: "[a]fter the withdrawal of [a foreign]

corporation is effective, service of process on the Secretary of State . . . is service

on the [foreign] corporation." Ga. Code Ann. § 14-2-1520(c). Further, "[a]ny

party that serves process upon the Secretary of State . . . shall also mail a copy of

the process to the chief executive officer, chief financial officer, the secretary of

the foreign corporation, or a person holding a comparable position at the mailing

address set forth [in the certificate of withdrawal]." *Id.*

The United States Supreme Court, however, has held that a state statute that

allows a defendant to be served by serving the state secretary of state, without

more, violates due process. *Wuchter v. Pizzutti*, 276 U.S. 13, 21, 48 S. Ct. 259,

261, 72 L. Ed. 446 (1928). Further, in the context of serving a foreign corporation

authorized to transact business in the state of Georgia, the failure to comply strictly

with the statutory requirements for service on such corporation renders the

attempted service defective. *Howard v. Technosystems Consol. Corp.*, 536 S.E. 2d

753, 756 (Ga. Ct. App. 2000).

Ware did not properly serve FleetBoston, and therefore, service of process

was defective.  FleetBoston did not have actual notice until it received a copy of

the complaint on February 9, 2005, and therefore, it timely removed on February

15, 2005, which was well within the 30-day statutory period.   Accordingly, we

affirm in this respect.

## IV.

"We review questions of subject matter jurisdiction de novo." *Milan*

*Express, Inc. v. Averitt Express, Inc.*, 208 F.3d 975, 978 (11th Cir. 2000).

Section 1257(a) limits review of final judgments rendered by the highest

court of a state to the United States Supreme Court.  28 U.S.C.A. § 1257(a).  The

*Rooker-Feldman* doctrine explains that federal district courts may only exercise

original jurisdiction and not appellate jurisdiction over state court judgments, as

that is reserved under § 1257 to the United States Supreme Court.  *See Rooker v.*

*Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of*

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed.

2d 206 (1983).

The United States Supreme Court recently revisited the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).  In *Exxon Mobil Corp.*, a defendant was sued in state court, but countersued in federal district court.  544 U.S. at __,  125 S. Ct. at 1525.  After the defendant won at trial in state court, the plaintiff appealed to the state supreme court.  *Id.*  Meanwhile, the plaintiff attempted to dismiss the federal case, but its motion was denied.  *Id.*  The plaintiff took an interlocutory appeal to the Third Circuit Court of Appeals, which on its own motion raised the question of whether subject matter jurisdiction over the case fails under the *Rooker-Feldman* doctrine because the claims had already been litigated in state court.  *Id.*  The United States Supreme Court granted certiorari and answered that federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court.  *Id.* at 1526-27.  Furthermore, the Supreme Court stated that a district court is not without subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.  *Id.* Without more, the Court held that Exxon Mobil had not repaired to federal court to undo the state court judgment, and that *Rooker-Feldman* did not vanquish jurisdiction after Exxon Mobil prevailed in the state court.  *Id.* at 1527-28.

8

Subject-matter jurisdiction in federal court can be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity jurisdiction. To establish federal question jurisdiction, FleetBoston must demonstrate that the complaint alleges a violation of constitutional rights or a right created under a federal law. 28 U.S.C. § 1331.[3] For diversity jurisdiction, FleetBoston must demonstrate that the parties are citizens of different states and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332.

When a case is removed to federal district court under original jurisdiction "the federal court takes it as [though] everything done in the state court had in fact been done in the federal court." *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937). Therefore, "a federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal." *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1252 (11th Cir. 1988).

The *Rooker-Feldman* doctrine does not apply here because FleetBoston was invoking the district court's original jurisdiction over the case and was not

---

[3] FleetBoston argued that to the extent that Ware's allegations of federal law violations were not frivolous, the district court had federal question jurisdiction pursuant to 28 U.S.C. § 1331. The district court ultimately dismissed Ware's federal law claims. Because Ware refers to these claims only once in his initial brief, in the statement of the facts section, and without any citation to legal authority, these claims are waived. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

appealing the state court judgment. *See Exxon Mobil Corp.*, 544 U.S. at __, 125 S. Ct. at 1527.

The district court, however, properly found that it could exercise original jurisdiction. The district court had § 1332 diversity jurisdiction because the controversy existed between citizens of Georgia and Delaware, and the amount in controversy was well above the requisite $75,000. In addition, the district court had § 1331 federal question jurisdiction because Ware asserted violations of federal statutes.

Furthermore, because the state action was properly removed to federal district court under original jurisdiction, the district court had authority to set aside orders of the state court under Rule 60(b). *See Savell*, 93 F.2d at 379; *wwwMaseda*, 861 F.2d at 1252.

In sum, because the district court had subject-matter jurisdiction over the case, and FleetBoston was seeking to defend against the action under original jurisdiction, the *Rooker-Feldman* doctrine does not apply. Accordingly, we affirm in this respect.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By:

Deputy Clerk
Atlanta, Georgia